J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| B&G FOOD NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and NOAM GLICK, acting in the purported public interest of the general public of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **DECLARATION OF DAVID H. KWASNIEWSKI IN SUPPORT OF PLAINTIFF B&G FOODS NORTH AMERICA INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA** <br><br> Date:    May 15, 2020 <br> Time:   10:00 a.m. <br> Judge:  Hon. Kimberly Mueller <br> Courtroom: 3 |

I, David H. Kwasniewski, declare:

1. I am licensed to practice before this Court and am an attorney at BraunHagey & Borden LLP, counsel for Plaintiff B&G Foods North America, Inc. in this action. If called as a witness, I could, and would, testify competently to the facts below.

**A. The Parties' and Their Counsel's Presence in the Northern District of California**

2. My firm's main office is located at 351 California Street, 10th Floor, San Francisco, California. The firm does not have any offices or employees in the Eastern District of California.

3. After filing this lawsuit, Plaintiff's process server located Defendant Kim Embry at a San Francisco, California residential address. A true and correct copy of the Proof of Service on Defendant Embry is on file at Docket No. 8.

4. Defendant Noam Glick maintains offices in San Diego, California, where he was served with process in this action. A true and correct copy of the Proof of Service on Defendant Glick is on file at Docket No. 9.

5. Defendants are represented in this action by Nicholas & Tomasevic LLP, based in San Diego. Defendants' filings in this case disclose that Defendants' counsel is based in San Diego. (See Docket No. 6.)

6. Defendants Embry and Glick regularly file Proposition 65 lawsuits in California state courts located within the Northern District of California. Since January 1, 2019, Defendant Glick has filed at least sixteen (16) Proposition 65 lawsuits in Alameda County Superior Court with Nicholas & Tomasevic LLP appearing as co-counsel. These include the following actions, the caption pages of which are appended as **Exhibit 1**:

   a. *Environmental Health Advocates, Inc. v. Nothing Bundt Franchising, LLC*, Case No. RG20052139 (Alameda County Sup. Ct., Jan. 27, 2020)

   b. *Kim Embry v. Better Living Brands, LLC., et al.*, Case No. RG19046826 (Alameda County Sup. Ct., December 13, 2019)

   c. *Environmental Health Advocates, Inc., v. Lily's Sweets, LLC.,* Case No. HG19048521 (Alameda County Sup. Ct., December 27, 2019)

d. *Kim Embry v. Sprouts*, Case No. HG19044723 (Alameda County Sup. Ct., November 25, 2019)

e. *Kim Embry v. Dick's Sporting Goods, Inc., et al.*, Case No. HG19044772 (Alameda County Sup. Ct., November 26, 2019)

f. *Kim Embry v. Oh! Nuts, Inc., et al.*, Case No. RG20054271 (Alameda County Sup. Ct., February 13, 2020)

g. *Kim Embry v. It's Delish*, Case No. RG19032426 (Alameda County Sup. Ct., August 23, 2019)

h. *Kim Embry v. Lucerne Foods, Inc.*, Case No. HG19030680 (Alameda County Sup. Ct., August 9, 2019)

i. *Kim Embry v. B&G Foods North American, Inc., et al.*, Case No. RG20057491 (Alameda County Sup. Ct., March 6, 2020)

j. *Kim Embry v. Original Gourmet Food Company, LLC*, Case No. HG19032455 (Alameda County Sup. Ct., August 23, 2019)

k. *Kim Embry v. Divan Lounge DBA Mina Lounge*, Case No. RG19010129 (Alameda County Sup. Ct., March 8, 2019)

l. *Kim Embry v. Walmart Stores, Inc.*, Case No. RG19035610 (Alameda County Sup. Ct., September 18, 2019)

m. *Kim Embry v. Living Room Lounge*, Case No. HG19010137 (Alameda County Sup. Ct., March 8, 2019)

n. *Kim Embry v. Prym*, Case No. HG19032760 (Alameda County Sup. Ct., August 27, 2019)

o. *Kim Embry v. The Wonderful Company, LLC.*, Case No. RG19012133 (Alameda County Sup. Ct., May 1, 2019)

p. *Kim Embry v. A. Loacker USA, Inc.*, Case No. RG19001295 (Alameda County Sup. Ct., January 4, 2019)

**B.    The Ease of Travel to and from the Northern District of California for Parties and Counsel**

7.    It is significantly easier to access the Northern District of California from B&G Foods's headquarters in Parsippany, New Jersey as compared to this District.  Attached as **Exhibit 2** is a true and correct copy of a screenshot from Google Flights showing that there are no daily direct flights from Newark, New Jersey to Sacramento.

8.    By contrast, there are 15+ direct flights between Newark and San Francisco, Oakland, and San Jose, the three major airports within the Northern District, as demonstrated by the Google Flights screenshot attached as **Exhibit 3**.

9.    Likewise, there are significantly more flights between San Diego and the Northern District of California than this District.  Attached as **Exhibit 4** is a screenshot from Google Flights demonstrating that there are 50+ daily direct flights between San Diego and San Francisco, Oakland, and San Jose.

10.    By contrast, there are just 15 direct flights between San Diego and Sacramento, as demonstrated by the Google Flights screenshot appended as **Exhibit 5**.

**C.    The Difference in Docket Congestion Between the Northern District of California and this District**

11.    As of December 31, 2019, the Judicial Caseload Profile for the Eastern District court showed that there were 1,234 pending cases per judgeship.  Attached as **Exhibit 6** is a true and correct copy of the Judicial Caseload Profile for the Eastern District of California.

12.    In the Northern District, as of December 31, 2019, there were 854 pending cases per judgeship.  Attached as **Exhibit 7** is a true and correct copy of the Judicial Caseload Profile for the Northern District of California.

**D.    Plaintiff's Meet and Confer Efforts**

13.    Prior to bringing this motion, my firm sought to meet and confer with Defendants and their counsel.  On March 13, 2020, we convened a telephonic meet-and-confer call with Defendants' counsel.  Defendant Glick was also present on the call.

14.     On the call, we explained that Plaintiff intended to file a motion to transfer venue to the Northern District of California, explained the reasons for this motion, and asked Defendants to stipulate to such relief.  Defendants categorically refused.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  April 6, 2020                                      By: _____
                                                                         David H. Kwasniewski