J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| B&G FOOD NORTH AMERICA, INC., | Case No. 2:20-cv-00526-KJM-DB |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO ENLARGE BRIEFING ON MOTION TO DISMISS** |
| v. | |
| KIM EMBRY and NOAM GLICK, acting in the purported public interest of the general public of the State of California, | Judge:   Hon. Kimberly Mueller |
| | Courtroom:   3 |
| Defendants. | |

Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully submits this Opposition to Defendants' Ex Parte Application for an Order Permitting Filing of Brief in support of their Motion to Dismiss Exceeding 20 Pages (Dkt. No. 14).

## INTRODUCTION

In this Section 1983 action, Plaintiff B&G Foods seeks to protect its constitutional right not to be extorted into placing a false cancer warning on its delicious cookie cake products. In response, Defendants have applied *ex parte* to submit an enlarged and complicated brief hoping to dismiss the action. That request should be denied because this case is likely to be transferred to the Northern District of California where lead defendant resides. (*See* Dkt No. 10, B&G Foods's Motion to Transfer). That motion is to be heard in a few weeks, on May 15, 2020, more than *two months* before any motion to dismiss would be submitted for argument. Judicial and party economy thus would be served by delaying any briefing on a motion to dismiss, much less enlarging that briefing, until after transfer is resolved.

Defendants' Ex Parte Application also fails on the merits because there is no good cause to submit an overly long brief. (*See* Dkt. No. 3-1 at 3 ("Only in rare instances and for good cause will the court grant an application to extend page limitations.")) The entirety of Defendants' intended arguments was easily distilled into a nine-minute meet and confer call (Kwasniewski Decl. ¶ 2) and a single paragraph in their Ex Parte Application (Dkt. No. 14 at 3). Perhaps Defendants intend to raise new or different arguments requiring greater elocution, but that is not good reason to expend additional judicial or party resources. The Application should be denied.

## BACKGROUND

The Complaint in this matter was filed on March 6, 2020 seeking economic damages under Section 1983 for Defendants' abuse of their supposed police powers under Proposition 65 to force B&G Foods to falsely tell consumers that their cookie cake products cause cancer.

### A.   B&G Foods' Pending Transfer Motion

On or about March 11, 2020, B&G Foods was notified that lead defendant Kim Embry resides in San Francisco. B&G Foods' undersigned counsel promptly contacted Defendants and requested consent to transfer this matter to the Northern District of California. (Dkt. No. 10 at 3.)

None of the other parties or likely witnesses are based in this District. B&G Foods is based in New Jersey and represented by San Francisco based counsel; Ms. Embry's co-defendant and her counsel are based in San Diego; and Ms. Embry has separately sued B&G Foods in Alameda County Superior Court.

Defendants nonetheless objected to transfer, even though none of them or their counsel reside or have a place of business in this jurisdiction. (*Id.*)

On April 6, 2020, B&G Foods filed its pending Transfer Motion (Dkt. No. 10), which is set to be heard on May 15, 2020.

### B. Defendants' Contemplated Motion to Dismiss

Defendants meanwhile have sought to proceed with their motion to dismiss.

On April 13, 2020, Defendants met and conferred with B&G Foods regarding their contemplated motion to dismiss. Defendants summarized all the arguments they intend to raise in their motion in just nine minutes. (Kwasniewski Decl. ¶ 2.)

Pursuant to the Court's order, Defendants' motion to dismiss is to be filed on May 1, 2020 and will be heard on July 24, 2020. (Dkt. No. 7.)

## ARGUMENT

The Court need not waste judicial resources considering overly long briefs on a motion to dismiss that will almost certainly be decided in another forum. Briefing on the motion to dismiss can easily be delayed without disturbing the hearing date. And Defendants have not demonstrated they need additional pages to brief the straightforward issues they intend to raise in their motion.

### I. THE COURT SHOULD RULE ON PLAINTIFF'S MOTION TO TRANSFER VENUE BEFORE CONSIDERING ANY MOTION TO DISMISS (OR ENLARGING THE BRIEFING ON SUCH MOTION)

Courts are encouraged – if not directed – to "avoid a difficult jurisdictional issue … by deciding some other, non-merits threshold issue" such as venue. *Bibiano v. Lynch*, 834 F.3d 966, 971 n.4 (9th Cir. 2016) (citing *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 n.2 (9th Cir. 2010) (avoiding jurisdictional question by transferring the case)); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) ("[W]here subject-matter or personal jurisdiction is

1  difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of
2  dismissal, the court properly takes the less burdensome course.").

3        According to Defendants, their motion to dismiss will raise "complex[] and num[erous]
4  legal issues" warranting at least 25-page long briefs.  (Dkt. No. 14 at 1.)  By contrast, B&G
5  Foods's motion to transfer presents a straightforward question:  whether a case with no connection
6  to this District should be litigated here.  Indeed, *every* pertinent venue consideration weighs in
7  favor of transfer.  (Dkt. No. 10 at 3-7.)  The plaintiff would prefer to litigate in the Northern
8  District, which is reason enough alone to transfer venue.  *L.A. Printex Indus., Inc. v. Le Chateau,*
9  *Inc.*, 2011 WL 2462025 (C.D. Cal. June 20, 2011).  The Northern District is a more convenient
10 forum for all parties and potential witnesses, none of whom reside or work in the Eastern District.
11 *See Lexington Ins. Co. v. Maxum Cas. Ins. Co.*, No. 1:17-CV-0423 LJO-BAM, 2017 WL 2654836
12 *4 (E.D. Cal. June 20, 2017) ("The convenience of witnesses has been called the most powerful
13 factor governing the decision to transfer a case.")  The case remains in its infancy as the complaint
14 was filed just over a month ago and Defendants are not due to respond to the complaint for weeks.
15 *See Printex*, 2011 WL 246025 *4 (transfer favored when case was only six months old).  And the
16 Northern District is much less congested than this court, which is "one of the most congested
17 dockets in the country."  *Brice v. Cal. Faculty Ass'n*, No. 2:18CV03106MCEEFB, 2019 WL
18 2053586 *5 (E.D. Cal. May 9, 2019); *see also* (Dkt. No. 3-2 (congestion in the Eastern District has
19 grown to "a crisis level" with only four active judgeships despite a burgeoning population and an
20 average weighted caseload "twice the national average")).

21       Defendants have not articulated any substantive basis for resisting a transfer of venue.  Nor
22 can they, for all the reasons above and in B&G Foods's motion.  The Court should not expend
23 judicial resources deciding a purportedly complex motion to dismiss when there is a
24 straightforward and meritorious motion to transfer venue already on file and set for hearing in just a
25 few weeks that will likely remove this case from the Court's (congested) docket.

26       At the very least, the Court should delay consideration of Defendants' motion to dismiss
27 until after resolving the motion to transfer venue, currently set for hearing on May 15.  This could
28

easily be done with a minor adjustment to existing briefing schedule without any need to delay the July 24, 2020 hearing on the motion to dismiss.  For example:

| Event | Current Date | Alternative Date |
|---|---|---|
| Hearing on Motion to Transfer Venue | May 15, 2020 | --- |
| Motion to Dismiss | May 1, 2020 | May 20, 2020 |
| Opposition to Motion to Dismiss | June 1, 2020 | June 19, 2020 |
| Reply in support of Motion to Dismiss | June 15, 2020 | July 3, 2020 |
| Hearing on Motion to Dismiss | July 24, 2020 | --- |

Deferring resolution of the motion to dismiss will ensure the issues in this case are considered in an orderly fashion and will avoid unnecessary consumption of judicial resources.  Should the Court be inclined to delay the briefing in this fashion, B&G Foods would be more than willing to work with Defendants to devise a proposed amended schedule.

## II.     DEFENDANTS FAIL TO DEMONSTRATE ANY GOOD CAUSE FOR SUPERSIZED BRIEFING

The Court made plain at the outset of the case that motions are limited to 20 pages, and "[o]nly in rare instances and for good cause shown will the court grant an application to extend these page limitations." (Dkt. No. 3-1.)  Defendants have failed to meet this standard.  To the contrary, Defendants were able to summarize these issues in just nine minutes in a meet and confer (Kwasniewski Decl. ¶ 2) and describe them in just a single paragraph in their Application (Dkt. No. 14 at 3.)

Defendants mostly rely on the fact that in *California Chamber of Commerce v. Becerra*, 2:19-CV-02019-KJM-EFB, 2020 WL 1030980 *2 n.1 (E.D. Cal. Mar. 3, 2020), the Court granted an Application to submit an overly long reply.  That case is very different from this one:  it involved an associational plaintiff representing hundreds of members suing the State of California for prospective injunctive and declaratory relief, which necessarily invites many complex jurisdictional questions.  In this case, B&G Foods has brought suit solely on its own behalf, seeking damages under Section 1983 for violations of its constitutional rights caused by the Defendants.

Nothing in Defendants' Application explains why *this case* is likely to involve complex issues. This is a separate and independent reason to deny their application.

## **CONCLUSION**

    For the foregoing reasons, the Application should be denied.

Dated:  April 21, 2020

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: *s/ J. Noah Hagey*
       J. Noah Hagey

Attorneys for Plaintiff
B&G FOODS NORTH AMERICA, INC.