1  CRAIG M. NICHOLAS (Bar No. 178444)
   cnicholas@nicholaslaw.org
2  SHAUN MARKLEY (Bar No. 291785)
   smarkley@nicholaslaw.org
3  JAKE W. SCHULTE (Bar. No. 293777)
   jschulte@nicholaslaw.org
4  **NICHOLAS & TOMASEVIC, LLP**
   225 Broadway, 19th Floor
5  San Diego, California 92101
   (619) 325-0492 (Tel)
6  (619) 325-0496 (Fax)

7  NOAM GLICK (Bar No. 251582)
   noam@glicklawgroup.com
8  **GLICK LAW GROUP, P.C.**
   225 Broadway, Suite 2100
9  San Diego, CA 92101
   Tel: (619) 382-3400
10 Fax: (619) 615-2193

11 Attorneys for Defendants
   KIM EMBRY and NOAM GLICK

12
                    **UNITED STATES DISTRICT COURT**
13
                    **EASTERN DISTRICT OF CALIFORNIA**
14

15
   B&G FOODS NORTH AMERICA, INC.,        CASE NO. 2:20-CV-00526-KJM-DB
16
                                         **DEFENDANTS KIM EMBRY AND NOAM**
17              Plaintiff,               **GLICK'S OPPOSITION TO PLAINTIFF**
                                         **B&G FOODS NORTH AMERICA INC.'S**
18       v.                              **MOTION TO TRANSFER VENUE TO**
                                         **THE NORTHERN DISTRICT OF**
19 KIM EMBRY and NOAM GLICK, acting as   **CALIFORNIA**
   enforcement representatives under California
20 Proposition 65 on behalf of the State of   Date:         May 15, 2020
   California,
21                                       Time:         10:00 a.m.
                                         District Judge:  Kimberly J. Mueller
22              Defendants.              Courtroom:    3, 15th Floor

23
                                         Magistrate Judge:  Deborah Barnes
24                                       Courtroom:     27, 8th Floor

25                                       Complaint Filed: March 6, 2020
                                         Trial Date:  None set
26

27

28

---

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTUAL BACKGROUND............................................................................................ 2

A.   B&G Foods Files the Complaint in This District with Notice of Embry's Action Against It in State Court. ............................................................................................................ 2

    i.   Embry Provides Notice To B&G Foods That It Is Violating Proposition 65 .................... 2

    ii.  Embry Files A Proposition 65 Case Against B&G Foods in State Court. ........................ 2

    iii. B&G Foods Files This Action After Receiving Notice of Embry's State Court Action.... 2

    iv.  After Receiving the Judge Assignment and Stipulating to A Briefing Schedule on A Motion to Dismiss, B&G Foods Moves to Transfer to A Different District Where It Does Not Reside. ............................................................................................................................ 4

B.   The Nearly Identical *Cal. Chamber of Commerce* Case Pending Before This Court............ 4

    i.   Cal Chamber Sues the Attorney General Claiming Proposition 65 Warnings Regarding Acrylamide Are Unconstitutional............................................................................... 4

    ii.  This Court Grants the Attorney General and CERT's Motions to Dismiss in *Cal. Chamber.* ...................................................................................................................... 5

III. THE TRANSFER REQUEST IS OBVIOUS FORUM-SHOPPING AND UNSUPPORTED BY THE APPLICABLE LAW. ........................................................................................ 6

A.   B&G Foods Presents No Relevant Change of Circumstances Justifying Transfer After Choosing This Forum (Element Four) ........................................................................ 6

B.   B&G Foods Effectively Argues Against the First Element, That Venue is Proper in this District ............................................................................................................................ 8

C.   B&G Foods Fails to Meet Its Burden to Demonstrate that Transfer Will Serve the Convenience of the Parties and Promote the Interest of Justice (Element Three). ........ 10

    i.   B&G Foods' forum preference cannot support transfer.................................................. 10

    ii.  Transfer will not materially convenience parties and witnesses. ..................................... 10

    iii. Keeping this matter here would serve the interests of judicial economy. ........................ 11

    iv.  There is no feasible consolidation in the Northern District............................................. 12

    v.   Transfer will not ease access to evidence ...................................................................... 13

    vi.  This District's relative congestion does not tip the scales in favor of transfer................ 13

IV. CONCLUSION ............................................................................................................. 13

TABLE OF CONTENTS

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*
503 F.2d 384, 386–87 (9th Cir. 1974) ...................................................... 12

*Ajindi v. Northcentral Univ.*
2018 WL 1071202 (E.D. Cal. Feb. 23, 2018) ..................................... 6, 10

*Allen v. Scribner*
812 F.2d 426, 436-37 (9th Cir. 1987) .............................................. 11, 12

*Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.*
364 F.3d 884, 887 (7th Cir. 2004) (Posner, J.). ....................................... 9

*Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers*
398 U.S. 281, 286-87 (1970) ................................................................... 5

*Bobosky v. Adidas AG*
2010 WL 4853295 (D. Or. Oct. 8, 2010) .................................................. 7

*Cal. Chamber of Commerce v. Becerra*
2020 WL 1030980 (E.D. Cal., March 2, 2020) ................................. 3, 4, 5

*Callaway Golf Co. v. Corp. Trade, Inc.*
2010 WL 743829 (S.D. Cal. Mar. 1, 2010) ............................................. 12

*CERT v. Starbucks* .................................................................................. 5

*Commodity Futures Trading Comm'n v. Savage*
611 F.2d 270, 279 (9th Cir. 1979) ........................................................... 6

*Cox v. Ashcroft*
2008 WL 802314 (E.D. Cal. Mar. 25, 2008) ........................................ 6, 7

*Drake v. Niello Co.*
2018 WL 1256762 (E.D. Cal. Mar. 12, 2018) .......................................... 6

*Franklen v. Esper*
2018 WL 4787021 (E.D. Cal. Oct. 3, 2018) ........................................... 13

*Glaxo Grp. Ltd. v. Genentech, Inc.*
2010 WL 1445666 (N.D. Cal Apr. 12, 2010) ......................................... 10

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*
820 F.Supp. 503, 506 (C.D. Cal. 1992) .................................................... 6

*Harris v. LSP Prod. Grp., Inc.*
2018 WL 6264993 (C.D. Cal., Nov. 13, 2018).................................... 8, 10

*Hernandez v. Baxter Healthcare Corp.*
2015 WL 13756017 (C.D. Cal. Sept. 10, 2015) ..................................... 11

1

*Horseshoe Ent.*
337 F.3d 429, 434 (5th Cir. 2003) ................................................................ 11

2

*Manley v. Engram*
755 F.2d 1463, 1468-69 (11th Cir. 1985) ........................................................ 9

3

*Martin v. Global Tel\*Link Corp.*
2015 WL 2124379 (N.D. Cal. May 6, 2015) .................................................. 10

4

5

*Metz v. U.S. Life Ins. Co. in the City of New York*
674 F.Supp.2d 1141, 1148 (C.D. Cal. 2009) ................................................. 13

6

*Negrete v. Allianz Life Ins. Co. of No. Am.*
523 F. 3d 1091, 1100-01 (9th Cir. 2008) ......................................................... 5

7

8

*Nicholas v. G.D. Searle & Co.*
991 F.2d 1195, 1201 (4th Cir. 1993) .............................................................. 10

9

*Panchias v. Bullock*, 2012 WL 5425293
(E.D. Cal. Nov. 5, 2012) ................................................................................ 10

10

11

*Pit River Tribe v. Bureau of Land Mgmt.*
2019 WL 6341566 (N.D. Cal. Nov. 27, 2019) ............................................... 13

12

**Statutes**

13

Fed. R. Civ. P. § 11(b)(2)-(3) ........................................................................... 9

14

28 U.S.C. § 1406(a) ......................................................................................... 9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I.    **INTRODUCTION**

2         Plaintiff B&G Foods North America, Inc.'s ("B&G Foods" or "Plaintiff") Motion to Transfer

3    Venue is an audacious, transparent attempt at forum-shopping in order to avoid an inevitable dismissal

4    of this baseless lawsuit. To be clear, there is only one reason for the transfer request:  Plaintiff wishes

5    to avoid a ruling by this Court on Defendants' pending Motion to Dismiss, since this Court recently

6    granted a similar motion under virtually identical facts. (*See* Order, *California Chamber of Commerce*

7    *v. Becerra et al.*, Case No. 2:19-CV-0219-KJM-EFB, ECF No. 56.). In short, Plaintiff forum-shopped

8    its case to the Eastern District, then when it learned of the department assignment, now seeks

9    permission to forum shop yet again. This is a gross abuse of the judicial system.

10        Plaintiff chose to file this case in the Eastern District, despite its acknowledged lack of a nexus

11   to the parties and their counsel. The only purported new "fact" offered to support transfer is Plaintiff's

12   discovery that defendant Kim Embry resides in San Francisco. This is hardly grounds for transferring,

13   since Embry has no objection to this venue, and, in any event, her testimony is wholly irrelevant to

14   the first amendment / constitutional issues presented in Plaintiff's complaint. Furthermore, the other

15   defendant in this case—Noam Glick, who is Embry's attorney, and who Plaintiff named for purely

16   harassment purposes—resides in San Diego. Plaintiff's offices are in New Jersey. Plaintiff knew these

17   facts all along, yet chose to file in Eastern District, apparently hoping to draw a different judge. Now

18   it regrets its failed gambit and desperately seeks to avoid a ruling by this Court on the pending Motion

19   to Dismiss.

20        As discussed below, Plaintiff fails to meet its burden to establish that a transfer is warranted.

21   Indeed, it cannot establish three of the four elements needed to justify a transfer: (1) a change in

22   circumstances that warrants transfer; (2) the propriety of venue in the transferor district; and (3) that

23   the requested transfer would serve the convenience of the parties and promote the interest of justice.

24   Because Plaintiff falls woefully short of justifying its request under the applicable law—and given the

25   transparency of its true motives—the Court should deny Plaintiff's motion to transfer venue.

26   / / /

27   / / /

28   / / /

---

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

## II.   **FACTUAL BACKGROUND**

   **A.  B&G Foods Files the Complaint in This District with Notice of Embry's Action Against It in State Court.**

   **i.      Embry Provides Notice To B&G Foods That It Is Violating Proposition 65.**

   On April 22, 2019, Embry, through her attorneys, including Glick, served B&G Foods, the Attorney General, and all other required public enforcement agencies with a 60-day notice of violation of Proposition 65 ("Notice"). (Glick Decl. ¶ 2, Ex. A.) The Notice alleged that B&G Foods violated Proposition 65 when it failed to warn consumers in California that its Snack Well's Devil's Food Fat Free Cookie Cakes ("Cookie Cakes") exposed consumers to acrylamide. *Id*. B&G Foods admits that it received Embry's Notice on April 22, 2019, and that the Attorney General did not object to the Notice or seek to limit it. (Complaint at ¶¶ 65-66.) After Embry served the Notice, she and B&G Foods executed a tolling agreement whereby Embry's claims were tolled from July 31, 2019 to September 30, 2019. (Glick Decl. ¶ 3, Ex. B.)

   **ii.     Embry Files A Proposition 65 Case Against B&G Foods in State Court.**

   On March 6, 2020 at 10:27 a.m., Embry filed an action against B&G in Superior Court for the State of California, Alameda County, *Embry v. B&G Foods of North America, Inc.*, Case No. RG20057491 (the "Alameda Action"). (Glick Decl. ¶ 4, Ex. C.) The Alameda Action alleges that B&G Foods failed to sufficiently warn consumers in California about the exposure to acrylamide in Cookie Cakes. *Id.* Embry seeks, amongst other things, civil penalties and an injunction against B&G Foods from manufacturing, importing, selling, and/or distributing Cookie Cakes in California without providing a clear and reasonable health hazard warning as required by Proposition 65. *Id.*

   About twenty minutes after Embry filed the Alameda Action, her attorney, Glick, e-mailed a courtesy copy of the complaint to counsel for B&G Foods, including Toby Rowe, David Kwasniewski and Noah Hagey. (Glick Decl. ¶ 5, Ex. D.)

   **iii.    B&G Foods Files This Action After Receiving Notice of Embry's State Court Action.**

   Twelve hours after receiving notice of the Alameda Action later, at 10:07 p.m.– far outside of normal business hours - B&G Foods filed a reactionary declaratory action in this Court. (ECF No. 1,

1  Complaint for Declaratory and Injunctive Relief ["Federal Complaint"].). (Glick Decl. ¶ 6; Declaration

2  of Arlene Calles ¶ 2.) The Federal Complaint names Embry and her counsel, Glick, as defendants.

3  (Federal Complaint.)

4       On March 9, 2020, the Court issued an Order setting the initial status conference and advising

5  the Parties the case was assigned to this Court, which is also presiding over *Cal. Chamber v. Becerra*.

6       On March 10, 2020, B&G Foods served Embry, who lives in San Francisco, with the Federal

7  Complaint. (Motion to Transfer at 2:20-21; Glick Decl. ¶ 7.) The same day, March 10, 2020, Glick

8  spoke with counsel for B&G Foods to discuss the case. (Glick Decl. ¶ 8.) Glick informed B&G Foods'

9  counsel that Embry intended to file a motion to dismiss the Federal Complaint, noting that this Court

10 had previously granted a motion to dismiss a virtually identical lawsuit (referring to the *Cal. Chamber*

11 *of Commerce v. Becerra*, Case No. 2:19-cv-02019-KJM-EFB). (*Id.*)

12      On or about March 20, 2020 the parties further met and conferred regarding Embry's and

13 Glick's motion to dismiss. (Glick Decl. ¶ 9, Exh. A.) During that call, Glick requested that B&G Foods

14 stipulate that Embry filed the Alameda Action before B&G Foods filed the Complaint. (*Id.*) The two

15 B&G Foods lawyers on the call, David Kwasniewski and Toby Rowe, refused to do so, claiming they

16 did not know when they filed their own client's complaint. (*Id.*) Kwasniewski claimed he was

17 "traveling" the day of the filing and Rowe claimed to not even know if they filed the Complaint during

18 the day or at night.[1]  (*Id.*) During the March 20, 2020 phone call, the Parties also agreed to file a joint

19 motion to extend Glick and Embry's time to file the motion to dismiss. (*Id.*) Accordingly, on March

20 26, 2020, the Parties filed a joint motion, which was granted, to extend Glick and Embry's time to file

21 the motion to dismiss to May 1, 2020 with B&G Foods' opposition due on June 1, 2020. (ECF No. 6.)

22 The motion to dismiss is set for hearing on July 24, 2020.

23 / / /

24 / / /

25

26 [1] As the filing attorneys, each of B&G Foods' attorneys necessarily received an e-mailed ECF notice
   simultaneously with the filing of the Complaint, which would include a date stamp.  Thus, even if
27 B&G Foods' attorneys honestly did not know or remember when they filed the Complaint, it would
   have been a very simple task to check their e-mails to determine exactly when the Complaint was
28 filed.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

**iv.    After Receiving the Judge Assignment, B&G Foods Moves to Transfer to A Different District Where It Does Not Reside.**

After stipulating to the extended briefing schedule on the pending Motion to Dismiss, on April 6, 2020, B&G Foods filed this Motion to Transfer Venue. B&G Foods reserved May 15, 2020 as the hearing date for its motion—ahead of the July 24, 2020, hearing date on the Motion to Dismiss.

Noticeably absent from B&G Foods' motion to transfer is any explanation as to why B&G Foods filed the Complaint in this District when it resides in New Jersey, its counsel is in San Francisco and neither defendant resides in this District. Additionally, while B&G Foods claims that "[a]fter filing this lawsuit, its process server located" Embry "at a San Francisco, California residence address," it does not claim it did not know where Embry lived before it filed the action, or, if it did not know, why it failed to find out before suing her in the Eastern District.[2] (ECF No. 10-3, Kwasniewski Decl. ¶ 3.) Further, while B&G Foods argues that a transfer away from a district that is only about an hour from Embry's residence is more convenient for Embry, Embry and Glick made it clear to B&G Foods that they oppose transferring the case. In fact, B&G Foods' sole argument for its own convenience and the convenience of witnesses is that there are "more direct flights" from Newark, New Jersey to San Francisco than from Newark to Sacramento.[3] (ECF No. 10-3, Kwasniewski Decl. ¶¶ 7-8.)

**B.  The Nearly Identical *Cal. Chamber of Commerce* Case Pending Before This Court.**

**i.    Cal Chamber Sues the Attorney General Claiming Proposition 65 Warnings Regarding Acrylamide Are Unconstitutional.**

On October 7, 2019, the California Chamber of Commerce filed *Cal. Chamber of Commerce v. Becerra*, Case No. 2:19-cv-02019-KJM-EFB, which is assigned to this Court. In *Cal. Chamber*, the Chamber alleges that Proposition 65 violates the First Amendment "insofar as it requires certain California businesses to post warnings about the presence of acrylamide" on its products. *Cal. Chamber of Commerce v. Becerra*, 2020 WL 1030980, *1 (E.D. Cal., March 3, 2020). The Chamber

---

[2] There is no doubt that B&G knew Embry filed the Alameda Action in Alameda County, which is in the Northern District.
[3] While the availability of non-stop as opposed to other available flights is irrelevant, it is notable that there are dozens of daily flights from Newark to Sacramento with one stop, and JetBlue flies direct to Sacramento from nearby John F. Kennedy Airport in New York City.  (Glick Decl. ¶ 10.)

named the California Attorney General as a defendant, and stipulated to the request of a private entity, the Council for Education and Research on Toxics ("CERT") to intervene as a Defendant. *Id*. at \*2. In a prior and pending State court actions, CERT sued many companies that are members of the Chamber, under Proposition 65. *Id*. at \*2. In one of those state court cases, *CERT v. Starbucks,* CERT obtained a ruling in which the court rejected the defendants' affirmative defense and found that placing a warning label on products due to the presence of acrylamide does not violate the First Amendment. (Ex. B to CERT's Motion to Dismiss, ECF No. 8-2 in *Cal. Chamber v. Becerra*, p. 16-17.)

ii.      **This Court Grants the Attorney General and CERT's Motions to Dismiss in *Cal. Chamber*.**

On March 3, 2020, this Court issued an order granting the Attorney General's and CERT's motion to dismiss the Chamber's complaint. *Cal. Chamber of Commerce v. Becerra*, 2020 WL 1030980 (E.D. Cal., March , 2020).  The order addresses the exact pleading defects Defendants have raised here in their pending Motion to Dismiss.  Among other reasons for declining jurisdiction, the Court held that "the court's interest in discouraging forum shopping and avoiding duplicative litigation weighs in favor of declining to entertain plaintiff's declaratory relief claim." *Id*. at \*8. The court further held that the lawsuit, as pled, was barred by the Anti-Injunction Act, 22 U.S.C. section 2283 which, aside from exceptions that were inapplicable, "is an absolute prohibition against enjoining state court proceedings." *Id*. at \*9 (*quoting Negrete v. Allianz Life Ins. Co. of No. Am.*, 523 F. 3d 1091, 1100-01 (9th Cir. 2008) (*quoting Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286-87 (1970).

On March 16, 2020, the Chamber amended its complaint to include a Section 1983 claim. (Amended Complaint, ECF No. 57. in *Cal. Chamber* ¶¶ 88-95.) On May 15, 2020, this Court will hear the Attorney General's motions to dismiss the Chamber's Amended Complaint on the ground that, among other things, private enforcers of Proposition 65 are not "state actors" whose conduct can be attributed to the Attorney General under Section 1983. (*See Cal. Chamber* Dkt. at ECF No. 60.)

/ / /

/ / /

/ / /

**III.    THE TRANSFER REQUEST IS OBVIOUS FORUM-SHOPPING AND UNSUPPORTED BY THE APPLICABLE LAW.**

The moving party bears the burden of showing transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). To meet this burden, B&G Foods must establish <u>four</u> discrete elements:[4] [1] that venue is proper in the transferor district; [2] that the transferee district is one where the action might have originally been brought; [3] that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice; and  [4] where, as here, the *plaintiff* seeks to transfer venue, a change of circumstances since the suit was filed warrants transfer. See *Drake v. Niello Co.,* No. 2:17-CV-1036-JAM-EFBPS, 2018 WL 1256762, at *3 (E.D. Cal. Mar. 12, 2018) and *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp*. 820 F.Supp. 503, 506 (C.D. Cal. 1992) (as to elements 1-3); *Cox v. Ashcroft*, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008) and *Ajindi v. Northcentral Univ.*, No. 2:17-CV-01990-JAM-KJNPS, 2018 WL 1071202, at *2 (E.D. Cal. Feb. 23, 2018) (as to element 4).

B&G Foods cannot meet this burden as to the first, third and fourth elements. B&G Foods chose to bring its action in this Court even though it is in New Jersey and Embry's pending state court action against B&G Foods is in Alameda County. Now that its case was assigned to a Court that recently granted a motion to dismiss in a very similar case, B&G Foods asks permission to engage in further forum shopping by transferring the case to a district that is marginally more convenient for Embry, <u>who opposes transfer</u>, and no more convenient for any other party. Under applicable law, and especially considering B&G Foods' blatant forum shopping, this Court should deny B&G Foods' motion to transfer.

**A.  B&G Foods Presents No Relevant Change of Circumstances Justifying Transfer After Choosing This Forum (Element Four)**

No fact relevant to B&G's decision to file in this district has changed. Where this is true, courts

---

[4] B&G ignores this well-settled test, and instead applies its own "two-step" analysis in its motion, claiming it need only show: (1) that the transferee forum is one where the case could have been brought and (2) that various factors support transfer. ECF No. 10-1 at 3. This ignores two of the essential elements and is therefore incomplete.

1    recognize that attempt to change venue amounts to forum shopping and deny the plaintiff's request to

2    transfer.

3          "While it is unusual for a plaintiff to move to transfer venue, a plaintiff may seek a transfer

4    pursuant to Section 1404(a)." *Cox v. Ashcroft*, No. CVF05–149OWW/GSA, 2008 WL 802314, at *1

5    (E.D. Cal. Mar. 25, 2008). However, when a plaintiff seeks to transfer venue, it must show that there

6    has been a change in circumstances since the suit that warrants transfer. *Id.*; *Ajindi*, 2018 WL 1071202,

7    at *2. Without this additional requirement, "a motion to transfer venue could become an unchecked

8    tool for the plaintiff to shop among forums and between judges." *See Bobosky v. Adidas AG*, No. CV

9    10-630-PK, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010).

10          B&G filed in the Eastern District "because a substantial part of the events giving rise to

11   Plaintiff's claims occurred in this district." Complaint, ECF No. 1, ¶ 12 (citing Title 28, section

12   1391(b)(2)). B&G made no effort to explain the substantial events or specifically where they occurred.

13   *Id*. In its transfer motion, B&G fails to identify any new fact relevant to where the events giving rise

14   to its claims occurred that would support its change of heart on venue. Rather, the only "new fact"

15   offered by Plaintiff is its purportedly learning, after filing its complaint, that Embry resides in San

16   Francisco. ECF No. 10-1 at 2:20-21. Putting aside the credibility of Plaintiff's claim that it previously

17   lacked knowledge of Embry's residence, [5] this would only advance B&G's position if it filed in this

18   venue based on any party's residence under 28 U.S.C. section 1391(b)(1) (venue is proper where any

19   defendant resides). In short, the only "change" B&G cites has nothing to do with its decision to file

20   the case in this district and cannot support B&G's attempt to forum shop. Without a relevant change

21   in circumstances, B&G's transfer motion amounts to little more than a request to use section 1404(a)

22   as an "unchecked tool . . . to shop among forums and between judges." *See Bobosky*, 2010 WL

23   4853295, at *6

24          Further, to the extent B&G Foods' learning of Embry's residence was a "changed

25

26   [5] B&G Foods' supporting declaration does not claim Embry's residence was "new information," and
     instead simply states that Plaintiff's process server located Embry in San Francisco. *Compare*

27   Kwasniewski Dec., ECF No. 10-3, ¶ 3 and Venue Motion, ECF No. 10-1, 4 (B&G only learned of
     Embry's residence *after* filing). A simple Google search for "Kim Embry" readily reveals she is a real

28   estate agent in San Francisco and B&G was aware that she filed her State Court action in Alameda
     County, which, like San Francisco, is located in the Northern District.  Glick Decl., ¶ 11.

circumstance," it is hardly one that "warrants transfer." First, and significantly, Embry herself does not support the transfer request. Plaintiff's purported concern for Embry's convenience (saving her the approximately one-hour drive from San Francisco to Sacramento to attend trial) should not trump her own desire to remain in this Court. Second, Embry's testimony is wholly irrelevant to the first amendment / constitutional issues presented in Plaintiff's complaint. She would be an unlikely trial witness, in the unlikely event this case proceeds to trial. Finally, defendant Glick, Embry's attorney, resides in San Diego—far from the proposed new venue.

It is plainly obvious that the only real "new" development is that the case was assigned to a court that recently granted a motion to dismiss claims that, like B&G Foods' claims, allege that Proposition 65 is unconstitutional as applied to products containing acrylamide. B&G Foods' motion to transfer its own case as soon as it was assigned to a court that issued an unfavorable ruling in a similar case is further, and strong, evidence that B&G Foods is forum shopping. This failure to satisfy a necessary element is, by itself, fatal to Plaintiff's motion.

## B. B&G Foods Effectively Argues Against the First Element, That Venue is Proper in this District

Under the first element above, the moving party must establish that venue is proper in the transferor district. *See Drake,* 2018 WL 1256762; *see also Harris v. LSP Prod. Grp., Inc.,* No. CV183091FMOAGRX, 2018 WL 6264993, at *2 (C.D. Cal. Nov. 13, 2018) ("The first step in deciding whether a § 1404(a) transfer is appropriate is to determine whether venue is proper in this district. . . ."). Here, B&G Foods fails to analyze this element altogether. *See* ECF No. 10-1. Quite to the contrary, B&G Foods' effectively argues against the propriety of its initial decision to file here:

- "[T]here is no connection to this District and B&G Foods only filed here due to the absence of any other apparent nexus."[6]

- "B&G Foods has no direct contacts with this forum."

---

[6] B&G Foods' assertion that no district had any venue nexus to its Complaint is erroneous. It could have filed in the Southern District, where Defendant Glick resides and maintains an office – a fact known to B&G. 28 U.S. Code § 1391(b)(1). Alternatively, it could have filed in the Northern District given the pending state court action filed by Embry in Alameda. *Id.* at subsection (b)(2).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

- "No one with percipient knowledge or information about this lawsuit resides in this District. Likewise, none of the documents relevant to this matter exist here."
- "B&G Foods' counsel … has no offices or employees in this District."
- "Neither Ms. Embry or Mr. Glick [Defendants] reside or maintain an office in this District."
- "None of Defendants' constitutional violations against B&G Foods took place here."[7]

*Id.* at 1-2.

In this way, while styled as a section 1404(a) motion, B&G Foods' motion to transfer venue reads more like a motion brought under section 1406(a). *See* 28 U.S.C. § 1406(a) (permitting transfer of venue when venue is improper and a transfer is in the interest of justice). However, this remedy is not available to B&G Foods. *See Olberding v. Illinois Central Ry. Co.* 346 U.S. 338, 340 (1953) (by commencing its action in an "improper" judicial district, a plaintiff waives any right to object to venue under section 1406(a)).[8]

In analogous venue transfer contexts, courts routinely rely on principals of waiver, estoppel, and the public interest to deny transfer motions that are cleverly (or not so cleverly) designed to shop forums. As Judge Posner explains, "there is no reason to allow [a party] to lie back, wait until the [other party] has invested resources in preparing for suit in the [party's] chosen forum, wait perhaps to assess [the party's] prospects in that forum, and only then demand that the case start over elsewhere." *Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.,* 364 F.3d 884, 887 (7th Cir. 2004) (Posner, J.). "If the [party] stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel … block the challenge to venue." *Id.* at 887-88. Furthermore, it does not serve the interests of justice to transfer an action that was obviously or deliberately filed in the wrong court. *Nicholas v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir. 1993) ("The interests of justice is not served by allowing a plaintiff whose

---

[7] This directly undercuts B&G Foods' venue allegations in the Complaint (ECF No. 1, ¶ 12) and admits that B&G Foods' allegations relating to venue in the Complaint were made without factual or legal support. *See* Fed. R. Civ. P. § 11(b)(2)-(3).
[8] There is a narrow exception allowing a plaintiff to bring a section 1406(a) motion, only where the defendant *concealed* or *misled* plaintiff as to its "residence," causing the plaintiff to commence the action in the improper court. *Manley v. Engram,* 755 F.2d 1463, 1468-69 (11th Cir. 1985). B&G alleges no such facts here.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

attorney committed an obvious error in filing … in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system."). Because B&G Foods fails to establish that venue is proper in the Eastern District, this Court should deny the motion.

## C. B&G Foods Fails to Meet Its Burden to Demonstrate that Transfer Will Serve the Convenience of the Parties and Promote the Interest of Justice (Element Three).

This District routinely examines some variation of the following factors to determine whether a venue change is in the interest of justice and more convenient to the parties and witnesses: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time of trial in each forum. See *Panchias v. Bullock*, No. 2:12-CV-2082-JAM-CKD. 2012 WL 5425393, at *3 (E.D. Cal. Nov. 5, 2012). "This list is non-exhaustive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Global Tel\*Link Corp.*, No. 15-CV-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015).

### i.      B&G Foods' forum preference cannot support transfer.

B&G Foods argues that, after filing here, its preference for litigating elsewhere deserves great deference. *See* ECF No. 10-1 at 5-6. This is not the law.

Plaintiff's choice of venue gets little deference "when [it] chooses a forum which has no connection to himself or the subject matter of the suit . . . or when it is apparent that plaintiff is engaged in forum shopping." *Ajindi*, 2018 WL 1071202, at *2; *Glaxo Grp. Ltd. v. Genentech, Inc.*, No. C-10-00675 JSW, 2010 WL 1445666, at *4 (N.D. Cal Apr. 12, 2010); *Harris,* 2018 WL 6264993, at *3. B&G Foods is a New Jersey corporation with no connection here and it cannot seriously be disputed it is forum shopping. ECF 10-1 at 2:7-11. Thus, all the circumstances that limit deference to the plaintiff's choice of forum exist here and B&G Foods' preference cannot support transfer.

### ii.      Transfer will not materially convenience parties and witnesses.

B&G Foods primarily argues that the Northern District conveniences Defendants and counsel for the parties. *Id.* at 4-6. But the convenience of the *other* party who is not seeking transfer deserves little weight, and the attorney's convenience is of little importance as well. *See Glaxo Grp. Ltd.*, 2010

WL 1445666, at *4 ("The Court affords little weight to [non-moving party's] argument that it is more convenient for [moving party] to litigate in this District when [the moving party] requested to transfer the case."); and *see Hernandez v. Baxter Healthcare Corp.,* No. SACV1501075CJCDFMX, 2015 WL 13756017, at *2 (C.D. Cal. Sept. 10, 2015) (*citing In re Horseshoe Ent.,* 337 F.3d 429, 434 (5th Cir. 2003)) ("it is well-settled that the location of counsel is irrelevant and improper for consideration in determining the question of transfer of venue."). Defendants oppose transfer here, removing the very support B&G Foods heavily relies upon.

B&G Foods also contends the Northern District is somehow more convenient for it, a New Jersey corporation. However, B&G Foods chose to file a claim across this country and cannot now, with no change in its circumstances, credibly assert it is inconvenienced here. B&G Foods could have filed in the Northern District in the first instance given the underlying state court action situated there. In any event, the existence of non-stop flights from New Jersey, as opposed to flights with a short layover, is hardly grounds for transferring this case to a new venue.

### iii.     Keeping this matter here would serve the interests of judicial economy.

In deciding whether to transfer a case "the interests of justice, including judicial economy 'may be determinative . . . even if the convenience of the parties and witnesses might call for a different result." *Glaxo*, 2010 WL 1445666, at *2; *see also Allen v. Scribner*, 812 F.2d 426, 436-37 (9th Cir. 1987) (plaintiff's motion to transfer properly denied notwithstanding possible inconvenience to parties).

In *Glaxo*, the plaintiff brought a declaratory judgment action regarding the defendant's patent in the Southern District of Florida. 2010 WL 1445666, *1. The defendant moved to dismiss and transfer the case to the Central District of California, which presided over several other cases involving the same patent. *Id.*  The plaintiff dismissed the Florida action and refiled in the Northern District of California, which is where the defendant's headquarters were located. *Id.*  Even though the convenience of the parties and witnesses favored the Northern District and the plaintiff was not a party to the Center District cases, the court held that "judicial economy strongly favored" having the case heard in the Central District because the judge was familiar with the patent. *Id.* at *3. The court reasoned that requiring different courts to conduct an extensive inquiry into common and complex

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

1    issues would be "highly inefficient and could also lead to conflicting claim constructions" on the

2    patent. *Id.*

3          B&G Foods' case is nearly identical to the Chamber of Commerce's case pending against the

4    Attorney General before this Court in *Cal. Chamber of Commerce*.[9]  Moreover, in *Cal. Chamber*, the

5    Court already decided issues that will be raised in Embry's and Glick's motion to dismiss, such as

6    whether B&G Foods' claims should be dismissed under the anti-Injunction Act. On May 15, 2020, in

7    *Cal. Chamber*, the Court will also decide another key issue common to this case, and of statewide

8    importance, which is whether private Proposition 65 enforcers can be considered "state actors" under

9    the Constitution and Section 1983. It would be inefficient for different courts to rule on these nearly

10   identical issues. More significantly, conflicting rulings from different federal courts on these important

11   constitutional issues could interfere with the consistent administration and execution Proposition 65

12   across California.

13         In addition, Glick and Embry were required to file their motion to dismiss the same day as this

14   opposition. It would be inefficient, and unfair, to transfer the case and require Glick and Embry to re-

15   file their motion in a new court when it was B&G Foods' decision to file in this District. Thus, the

16   interests of justice, especially judicially economy and efficiency, weigh strongly against transferring

17   this case to the Northern District.

18         **iv.    There is no feasible consolidation in the Northern District**

19         "An important consideration in determining whether the interests of justice dictate a transfer

20   of venue is the pendency of a related case in the transferee forum." *Callaway Golf Co. v. Corp. Trade,*

21   *Inc.,* No. 09CV384 L(POR), 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010) (internal quotations

22   omitted). "The feasibility of consolidation is a significant factor in a transfer decision, although even

23   the pendency of an action in another district is important because of the positive effects it might have

24   in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v.*

25   *U.S. Dist. Court for Cent. Dist. of Cal.,* 503 F.2d 384, 386–87 (9th Cir. 1974) (citations omitted). Here,

26   B&G Foods cites no other related cases in the Northern District.  This factor weighs against transfer.

27

28   _____

[9] Because of the constitutional issues raised in this case, the Attorney General, located in this District in Sacramento, is a potential intervenor.

### v. Transfer will not ease access to evidence

B&G Foods has no presence in the Northern District. ECF No. 10-2 at ¶¶ 2-5 (Lerner Decl.). The fact that B&G Foods' counsel resides in San Francisco is irrelevant. *Smith,* 2011 WL 3904131, at *2. B&G Foods' Complaint emanates from Embry's Proposition 65 enforcement efforts, and most of the evidence is publicly available on the California Attorney General's website. Transfer to the Northern District, or any other forum for that matter, would not result in easier access to evidence. *See, e.g., Metz v. U.S. Life Ins. Co. in the City of New York,* 674 F.Supp.2d 1141, 1148 (C.D. Cal. 2009) (discussing how this factor is not a predominate concern in deciding venue as "advances in technology have made it easy for documents to be transferred to different locations."). Thus, this factor weighs against transfer.

### vi. This District's relative congestion does not tip the scales in favor of transfer

The Eastern District has one of the highest caseloads per judge in the nation and has an immediate need for a minimum of five new judgeships. *Franklen v. Esper,* No. 2:17-CV-01128-JAM-KJN, 2018 WL 4787021, at *3 (E.D. Cal. Oct. 3, 2018); *see also* Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (Drozd, J). While the Eastern District's caseload and associated congestion may cut against transfer, this factor is not enough to overcome the other factors which, on balance, all weigh heavily against transfer. *See, e.g., Pit River Tribe v. Bureau of Land Mgmt.,* 2019 WL 6341566, at *8 (N.D. Cal. Nov. 27, 2019) (transfer request from the Northern District to the Eastern District granted, notwithstanding disparity in congestion, because other factors weighed in favor of transfer); *see also Franklen,* 2018 WL 4787021, at *3 ("[T]his district's impending judicial emergency does not permit the Court to transfer every case in which there is a tenuous nexus with another judicial district.").

### IV. <u>CONCLUSION</u>

Plaintiff's Motion to Transfer is little more than a thinly veiled attempt to escape a ruling on Defendants' pending Motion to Dismiss. The Court should deny the motion.

/ / /

/ / /

/ / /

DATED:  May 1, 2020                 **NICHOLAS & TOMASEVIC, LLP**

By:  /s/ Craig M. Nicholas
_____
Craig M. Nicholas
Shaun Markley
Jake Schulte

Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE