UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., | No. 2:20-cv-00526-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| KIM EMBRY, NOAM GLICK, acting as enforcement representatives under California Proposition 65 on behalf of the State of California, | |
| Defendants. | |

In this action for declaratory and injunctive relief addressing allegations of purported violation of California's Proposition 65 by plaintiff B&G Foods North America, Inc. ("B&G"), B&G moves under 28 U.S.C. § 1404(a) to transfer venue to the Northern District of California. Mot., ECF No. 10-1. Defendants Kim Embry and Noam Glick, acting as private enforcement representatives on behalf of the State of California (collectively "defendants"), oppose transfer. Opp'n, ECF No. 19. B&G filed a reply. Reply, ECF No. 21. Having considered the briefing and the applicable law, B&G's motion to transfer venue is DENIED.

I.    LEGAL STANDARD

"For the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.

1

§ 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In evaluating a motion to transfer venue, the court will often consider the following public and private factors: "(1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016) (citing 15 Charles A. Wright, Arthur R. Miller, *Federal Practice and Procedure*, §§ 3841-55 (2007)).

In the Ninth Circuit, courts will also consider the following factors:

> (1) the location where relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (citing *Stewart Org.*, 487 U.S. at 29).[1]  The moving party bears the burden of showing transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)), *opinion modified*, 828 F.2d 1445 (9th Cir.1987).

II.     DISCUSSION

Of the factors mentioned above, B&G argues transfer is appropriate based on a narrow few.  First, B&G says transfer is warranted because the Northern District of California

---

[1] In addition to the above considerations, for transfer of venue to occur, "the transferee court must have subject matter jurisdiction and . . . defendants must be subject to personal jurisdiction in the district, and be amenable to service of process there." *Rubio*, 181 F. Supp. 3d at 760 (citing *A.J. Industries, Inc. v. U.S. District Court for Central Dist. of Cal.*, 503 F.2d 384, 386–88 (9th Cir. 1974)).  Here, personal and subject matter jurisdiction are not in dispute; therefore, the court need only consider relevant public and private factors to resolve the motion. *See* Mot. at 3 (arguing it is "indisputable that this case could have been brought in the Northern District"); *see also* Opp'n (making no contention the Northern District lacks personal and subject matter jurisdiction over defendants).

offers the most convenient forum for both the parties and the witnesses. Mot. at 4–6. Most notably, it asserts the Northern District is most convenient because defendant Embry resides in that district, and B&G did not discover her location until its process server located her residence after the initiation of this action. *Id.* at 4. Second, B&G argues the "public interest factors" favor transfer because this action is still in its infancy—no substantive briefing, motion practice,[2] court involvement or Rule 16 or 26 conferences have occurred—and the Northern District's relative caseload is far less impacted than that of the Eastern District. *Id.* at 6–7.

In opposition, defendants characterize B&G's transfer request as nothing more than "blatant forum shopping" compelled by this court's recent decision in *California Chamber of Commerce v. Becerra*, No. 2:19-CV-02019-KJM-EFB, 2020 WL 1030980, at *1 (E.D. Cal. Mar. 3, 2020), a decision defendants argue undermines the strength of B&G's case here before the trial court. Opp'n at 6. Moreover, defendants assert that where the plaintiff seeks to transfer venue, as here, it must show a change in circumstances since the inception of the case to justify transfer. *Id.* (citing *Ajindi v. Northcentral Univ.*, No. 2:17-CV-01990-JAM-KJN PS, 2018 WL 1071202, at *2 (E.D. Cal. Feb. 23, 2018)).

B&G fails to meet its burden of showing transfer of venue is warranted. For one, although no single factor is dispositive, *Cung Le v. Zuffa*, LLC, 108 F. Supp. 3d 768, 774 (N.D. Cal. 2015) (citation omitted), and not all factors are necessarily relevant, B&G justifies transfer based almost exclusively on convenience and the respective caseloads of the Northern and Eastern Districts. Mot. at 4–7. While convenience to parties and witnesses is often deemed the most important factor, *see Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007), any inconvenience imposed by conducting this action in the Eastern District is negligible given the relative geographic proximity of the two districts. Moreover, B&G's contention the Northern District is more convenient for both defendants is undermined by defendants' opposition to transfer. *See* Opp'n at 6 ("B&G Foods asks permission to . . . transfer[] the case to a district that is marginally more convenient for Embry, <u>who opposes transfer</u>, and no

---

[2] Since the filing of the instant motion, defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 18.

more convenient for any other party." (emphasis in original)).  While B&G is correct that the Eastern District of California continues to operate under an extremely heavy caseload, Mot. at 6–7, the Northern District's caseload is not de minimis.[3]  The relative caseload burdens of the two districts weighs slightly in favor of transfer, but relying on caseload weights alone is overly simplistic and does not provide a fair resolution of the questions properly raised regarding transfer of venue.

  With respect to defendants' arguments, B&G has not shown any significant change in circumstances since it filed the complaint to justify transferring this matter to the Northern District.  B&G argues the "change in circumstances" requirement has no basis in law, and even if it did, B&G's late discovery that Embry resides in San Francisco "is more than sufficient" to meet this requirement.  Reply at 7–8.  The Ninth Circuit has not conclusively stated that a plaintiff seeking venue transfer must demonstrate a change in circumstances, *see Howard v. CVS Caremark Corp.*, No. CV 13-04748 SJO (PJWx), 2013 WL 12164627, at *2 n.4 (C.D. Cal. Aug. 22, 2013) (noting Ninth Circuit has not squarely addressed issue); nonetheless, district courts routinely apply such a standard where a plaintiff attempts a transfer away from its initial venue selection.  *See, e.g.*, *Cox v. Ashcroft*, No. CV-F-05-149 OWW/GSA, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008); *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010); *Aljindi v. Northcentral Univ.*, No. 2:17-CV-01990-JAM-KJN PS, 2018 WL 1071202, at *2 (E.D. Cal. Feb. 23, 2018), *reconsideration denied*, No. 2:17-CV-01990-JAM-KJN PS, 2018 WL 1876242 (E.D. Cal. Apr. 19, 2018); *but see Howard*, 2013 WL 12164627, at *2 (noting cases where courts declined to impose such a burden).

  This court finds the court's discussion in *Bobosky v. Adidas AG*, 2010 WL 4853295, at *6, persuasive.  There, the court explained, "courts generally agree" that the "change of circumstances" standard applies because "although a plaintif's first choice of venue is strongly favored, subsequent venue choices are not given the same deference [], if they were, a motion to

---

[3] The Administrative Office of the U.S. Courts provides data regarding the relative caseload of district courts throughout the county.  *See United States District Courts – National Judicial Caseload Profile*, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf.

4

transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges." *Id.* (internal quotation marks and citation omitted); *see also Qurio Holdings, Inc. v. DISH Network Corp.*, No. 15-CV-00930-HSG, 2015 WL 4148962, at *3 (N.D. Cal. July 9, 2015) (finding "change of circumstances" standard applicable as articulated in *Bobosky*).

        B&G's argument regarding changed circumstances is unavailing, resting as it does on the bare assertion that it was not until after filing suit that it "obtained information from its process server that Ms. Embry was a resident of San Francisco." Mot. at 2. But as defendants point out, Ms. Embry has litigated many Prop 65 cases in a state trial court within the Northern District of California, making her location a matter of public record well-established before B&G initiated this action. *See* Kwasniewski Decl. ¶ 6, Ex. 1, ECF No. 10-4 (listing sixteen Proposition 65-related cases in which Kim Embry was involved).

        Moreover, inconsistencies in B&G's representations to the court raise a red flag about the true basis of its motion. For example, the complaint alleges that "a substantial part of the events . . . occurred in this district," Compl. ¶ 12, ECF No. 1; yet, the motion to transfer venue argues "there is no connection to this District," and "[n]one of Defendants' constitutional violations against B&G Foods took place here." Mot. at 1–2. B&G's advancing of such paradoxical assertions cut strongly against granting its motion. *See, e.g.*, *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *3 (N.D. Cal. Dec. 14, 2007) (inferring forum shopping based on "plaintiffs' apparent eagerness to have their case tried in the Northern District rather than in the Eastern District or in Arkansas, where the lead plaintiffs reside"). And these assertions do not hold up under the court's examination of plaintiff's venue choice with a critical eye. *See Bobosky*, 2010 WL 4853295, at *5 ("[C]ourts hold plaintiffs to a different standard than defendants who move for transfer."). B&G presents no "change in circumstances" that supports transfer to the Northern District.

        Regarding B&G's suggestion that public interest factors other than weighted caseloads favor transfer, these factors are at best neutral and therefore do not tip the scale in favor of transfer. Mot. at 6–7. Although this case is in its infancy, motion practice is nonetheless underway, *see* ECF Nos. 18 (defendants' motion to dismiss), 23 (opposition to motion to

dismiss), 24 (reply to plaintiff's opposition), and a pretrial scheduling conference has been set, *see* ECF No. 22 (scheduling conference set for July 24, 2020).  The public interest factors do not compel transfer to the Northern District.

B&G has not met its burden of showing transfer of venue is warranted.

III. <u>CONCLUSION</u>

For the reasons stated above, plaintiff's motion to transfer venue, ECF No. 10, is DENIED.

IT IS SO ORDERED.

DATED: July 1, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE