1  J. Noah Hagey, Esq. (SBN: 262331)
       hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
       borden@braunhagey.com
3  David H.  Kwasniewski, Esq. (SBN: 281985)
       kwasniewski@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
5  San Francisco, CA 94104
   Telephone: (415) 599-0210
6  Facsimile: (415) 599-0210

7  ATTORNEYS FOR PLAINTIFF
   B&G FOODS NORTH AMERICA, INC.

Craig M. Nicholas (SBN: 178444)
    cnicholas@nicholaslaw.org
Shaun Markley (SBN: 291785)
    smarkley@nicholaslaw.org
Jake W. Schulte (SBN: 293777)
    jschulte@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

Noam Glick (SBN: 251582)
    noam@glicklawgroup.com
GLICK LAW GROUP, P.C.
225 Broadway, Suite 2100
San Diego, CA 92101
Telephone: (619) 382-3400
Facsimile: (619) 615-2193

ATTORNEYS FOR DEFENDANTS
KIM EMBRY AND NOAM GLICK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIM EMBRY and NOAM GLICK, acting in the purported public interest of the general public of the State of California,<br><br>Defendants. | **Case No.  2:20-cv-00526-KJM-DB**<br><br>**JOINT STATUS REPORT**<br><br>Date:        July 8, 2022<br>Time:       10:00 a.m.<br>Judge:      Hon. Kimberly Mueller<br>Courtroom:  3<br>Action Filed:  March 6, 2020 |

Plaintiff B&G Foods North America, Inc. ("B&G Foods"), Defendant Kim Embry, and Defendant Noam Glick ("Defendants") hereby submit the following Joint Status Report pursuant to the Court's Minute Order issued on May 10, 2022. (ECF No. 42.)

### A.    Summary of Claims and Legal Theories

*B&G Foods*: B&G Foods distributes Snackwell's Devil's Food Cookie Cakes, a chocolate cookie with a marshmallow and chocolate topping, and Snackwell's Chocolate Crème Sandwich Cookies, a cookie sandwich made from two chocolate cookies and a chocolate filling.  Defendants, acting on behalf of the State of California, seek to force B&G Foods to place a false Proposition 65 cancer warning on its Cookie Cakes and Sandwich Cookies.  Such warning would be false because there is no evidence that dietary acrylamide, which is present in virtually every cooked food, poses any risk of cancer – a fact which has been confirmed by the FDA, EPA, the International Agency for Research on Cancer, and every other scientific or regulatory body that has researched this matter.  Even the State of California has admitted it does not "know" that acrylamide in food poses any danger.  Requiring B&G Foods to place an acrylamide warning on its Cookie Cakes would be falsely compelled speech, and thus violates the First Amendment under *Central Hudson Gas & Electric Corp v. Public Services Commission*, 447 U.S. 557 (1980) and *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985).  Further, as applied to B&G Foods's backed goods, Proposition 65 is impermissibly vague.  Specifically, its "cooking exemption" and "No Significant Risk Level" provisions and related regulations do not provide B&G Foods with sufficient notice of whether their conduct is illegal.

As a result of Defendants' unconstitutional conduct, B&G Foods has incurred significant legal fees and related costs to defend against Defendants' unconstitutional conduct.  B&G Foods accordingly brings this action for damages under 42 U.S.C. § 1983.

On October 7, 2020, the Court granted Defendants' motion to dismiss.  B&G Foods timely appealed, and the Ninth Circuit held that "[t]he district court properly concluded that B&G's § 1983 suit is barred by the *Noerr-Pennington* doctrine, given the allegations in the complaint. But the district court erred in denying leave to amend because it is unclear whether amendment would be futile.  We therefore reverse the dismissal of B&G 's complaint and remand to allow B&G an

JOINT STATUS REPORT

1  opportunity to amend." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 542 (9th Cir. 2022).  The

2  Ninth Circuit's Mandate issued on May 4, 2022.  B&G Foods will file its Amended Complaint

3  prior to the case management conference scheduled for July 8, 2022.

4        ***Defendants:*** B&G Foods filed this retaliatory federal action – hoping to obtain a perceived

5  more favorable forum to litigate its constitutional defenses – in response to an earlier-filed

6  California state court action by Defendant Kim Embry, through her counsel, Defendant Noam

7  Glick.  The first-in-time state court action concerns Embry's allegation, acting as a private enforcer

8  of Proposition 65, that B&G Foods failed to sufficiently warn consumers in California about the

9  exposure to acrylamide in its Cookie Cakes.

10        On May 1, 2020, Embry and Glick moved to dismiss B&G Foods' complaint, pursuant to

11  Federal Rule of Civil Procedure 12(b)(6), on the following grounds: (1) absence of state action; (2)

12  the Anti-Injunction Act; and (3) immunity under the *Noerr-Pennington* doctrine.

13        On October 7, 2020, the Court dismissed B&G Foods' complaint based on the *Noerr-*

14  *Pennington* doctrine and denied leave to amend based on futility.

15        On October 8, 2020, B&G Foods filed a Notice of Appeal.

16        On March 17, 2022, the Ninth Circuit affirmed this Court's ruling that B&G Foods' § 1983

17  suit is barred by the *Noerr-Pennington* doctrine, but reversed this Court's dismissal to permit

18  amendment "[b]ecause it was unclear whether B&G could allege the application of the sham

19  exception to *Noerr-Pennington* doctrine in an amended complaint."

20        On April 26, 2022, the Ninth Circuit denied B&G Foods' petition for a rehearing en banc.

21        On May 4, 2022, the Ninth Circuit's Mandate issued.

22        Defendants will file another motion to dismiss B&G Foods' Amended Complaint.   Given

23  the futility of any further amendment, Defendants also anticipate filing a motion for sanctions

24  under Rule 11.

25        **B.      Status of Service upon all Defendants and Cross-Defendants**

26        B&G Foods has served all defendants, and there are no cross-defendants.

27        **C.      Possible Joinder of Additional Parties**

28        The parties do not currently anticipate joinder of any additional parties.

**D.      Proposed Amendments**

B&G Foods has amended its complaint.

**E.      Statutory Bases for Jurisdiction and Venue**

The Court has jurisdiction over this action under 28 U.S.C. § 1331, which confers original jurisdiction on federal district courts over actions arising under the Constitution or laws of the United States.  B&G Foods's motion to transfer the venue of this matter to the Northern District of California has been denied.  (ECF No. 25.)

**F.      Anticipated Discovery and the Scheduling of Discovery**

***B&G Foods:***  There is no reason to delay discovery in this case.  These issues are straightforward and clearly defined.  Defendants are presently seeking discovery from B&G Foods in a state court action they commenced.  Defendants should not be permitted to use the filing of a motion to dismiss to evade their discovery obligations in this court while simultaneously seeking discovery from B&G Foods on other issues by virtue of their state-court filing.  Accordingly, B&G Foods proposes the discovery plan set forth below.

***Defendants:***  Defendants contend that discovery should be stayed until the Court decides its *second* Motion to Dismiss under Rule 12(b)(6).  If B&G Foods serves discovery prior to the Court ruling on this Motion to Dismiss, Defendants intend to file a Motion to Stay Discovery.  A modest stay of discovery would conserve significant party and judicial resources, avoiding the possibility of Defendants spending large sums on discovery in a case with no legal basis.  Moreover, a stay of discovery would be warranted because the Motion to Dismiss involves threshold issues such as jurisdiction and standing, and their resolution in Defendants' favor would result in this case being dismissed in its entirety.

**1.      Initial Disclosures**

***B&G Foods:***  B&G Foods is prepared to exchange its initial disclosures on or before July 5, 2022.

***Defendants:***  Defendants request a deadline set for three weeks after the Court's ruling on their second Motion to Dismiss**.**

**2.      Subjects on Which Discovery May Be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases**

*B&G Foods:*  B&G Foods anticipates seeking discovery of information in the possession of Defendants relating to whether acrylamide in Cookie Cakes or Sandwich Cookies poses any risk of harm, what the State of California knows about this subject, and Defendants' conduct related to the constitutional violations alleged in the complaint.  There is no need to phase discovery.  As set forth below, B&G Foods believes discovery should be completed in approximately nine months.

*Defendants:*  In the unlikely event this case is not dismissed again, Defendants anticipate seeking discovery from B&G Foods regarding its claims, including its contention that acrylamide poses no risk of harm to consumers.  Like B&G Foods, Defendants agree that phased discovery is unnecessary.  Defendants believe that discovery should be completed one (1) year following the Court's ruling on its second Motion to Dismiss.

**3.      Proposed Changes to FRCP Discovery**

*B&G Foods:*  B&G Foods does not propose any changes to the limits on discovery set forth in the Federal Rules of Civil Procedure.

*Defendants:*  Defendants propose that discovery be stayed until the Court decides its second Motion to Dismiss.  Otherwise, Defendants concur with B&G Foods that no changes are necessary to the limits on discovery set forth in the Federal Rules of Civil Procedure.

**4.      Expert Witness Disclosures**

*B&G Foods:*  B&G Foods proposes that affirmative expert disclosures be made by December 7, 2022, and rebuttal expert disclosures be made by January 4, 2023.

*Defendants:*  In the unlikely event this case is not dismissed again, Defendants propose that expert disclosures be set three (3) months after the Court issues a ruling on its second Motion to Dismiss.

**5.      Discovery Cutoff**

*B&G Foods:*  B&G Foods proposes that non-expert discovery conclude by October 28, 2022.

*Defendants:*  To the extent this case is not dismissed again, Defendants propose that the discovery cutoff be one (1) year following the Court's ruling on its second Motion to Dismiss.

**G.     Dispositive and Non-Dispositive Motions**

*B&G Foods:*  B&G Foods anticipates filing a motion for summary judgment.  B&G Foods proposes that its motion be heard on or about February 28, 2023.

*Defendants:* In the unlikely event this case is not dismissed again, Defendants anticipate filing a motion for summary judgment or other dispositive motion.  Defendants propose that dispositive motion hearings occur one (1) year following the Court's ruling on its second Motion to Dismiss.

**H.     Unnecessary Proof/Cumulative Evidence and Expert Limitations**

The parties will endeavor to stipulate to undisputed facts in order to limit unnecessary or cumulative discovery.  The parties do not currently anticipate any limitations or restrictions on the use of testimony under Federal Rule of Evidence 702.

**I.     Final Pretrial Conference**

*B&G Foods:*  B&G Foods proposes that the final pretrial conference be held 14 days before the trial date.

*Defendants:*  In the unlikely event this case is not dismissed again, Defendants propose that the final pretrial conference be held eighteen (18) months following the Court's ruling on its second Motion to Dismiss.

**J.     Trial**

*B&G Foods:*  B&G Foods estimates that a 2 to 3 day bench trial will be necessary.  B&G Foods proposes that this trial be scheduled to commence on the week of March 27, 2023, pending the availability of the Court.

*Defendants:*  In the unlikely event this case is not dismissed again, Defendants estimate a 5-day bench trial and propose that trial be held twenty (20) months following the Court's ruling on its second Motion to Dismiss.

**K.     Magistrate Judge**

The parties have not consented to the jurisdiction of a U.S. Magistrate Judge.

**L.     Pretrial Procedures**

The parties do not currently propose any changes to the standard pretrial procedures.

**M.     Related Cases Pending In This District**

***B&G Foods:***  B&G Foods is not aware of any related matter pending in this Court or any other Court, including any Bankruptcy Court.  As addressed in its opposition to the motion to dismiss, B&G Foods disputes Defendants' contention that this case is duplicative of any state court proceeding.  B&G Foods also disputes that this case is related to the *CalChamber* case cited by the Defendants, as that case involves prospective claims for relief brought by an association representing numerous businesses.  To the extent pending cases in this district are relevant, Defendants neglect to mention Judge Shubb recently enjoined the State from enforcing a similarly unconstitutional Proposition 65 regulation that would have mandated a false cancer warning for the herbicide glyphosate.  *National Association of Wheat Growers v. Becerra*, 2:17-cv-2401 WBS EFB, Dkt. No. 155 (E.D. Cal. June 22, 2020).

***Defendants:*** *California Chamber of Commerce v. Becerra,* 2:19-CV-02019-KJM-EFB, (E.D.C.A., filed Oct. 7, 2019).  In this related case, the California Chamber of Commerce seeks to enjoin private enforcers of Proposition 65 from suing its members for failing to provide warnings for exposures to acrylamide from food and beverage products.

**N.     Settlement**

The parties do not believe that this case is conducive to settlement and agree that this case does not warrant referral to Voluntary Dispute Resolution or a court-convened settlement conference.

1    Dated:  June 24, 2022                             Respectfully Submitted,

2                                               BRAUNHAGEY & BORDEN LLP

3

4                                               By: *s/ J. Noah Hagey*
                                                      J. Noah Hagey

5                                               Attorneys for Plaintiff
6                                               B&G FOODS NORTH AMERICA, INC.

7    Dated:  June 24, 2022                             Respectfully Submitted,
8

9                                               NICHOLAS & TOMASEVIC, LLP

10                                               By: *s/ Jake Schulte*
11                                                       Jake Schulte

12    Dated:  June 24, 2022                             Respectfully Submitted,

13                                               GLICK LAW GROUP, P.C.

14                                               By: *s/ Noam Glick*
15                                                       Noam Glick

16                                               Attorneys for Defendants
                                              KIM EMBRY AND NOAM GLICK

17

18

19

20

21

22

23

24

25

26

27

28