| | |
|---|---|
| J. Noah Hagey, Esq. (SBN: 262331) <br> hagey@braunhagey.com <br> Matthew Borden, Esq. (SBN: 214323) <br> borden@braunhagey.com <br> Forrest Hainline, Esq. (SBN 64166) <br> hainline@braunhagey.com <br> David H. Kwasniewski, Esq. (SBN: 281985) <br> kwasniewski@braunhagey.com <br> Robert Petraglia, Esq. (SBN: 264849) <br> petraglia@braunhagey.com <br> BRAUNHAGEY & BORDEN LLP <br> 351 California Street, 10th Floor <br> San Francisco, CA 94104 <br> Telephone: (415) 599-0210 <br> Facsimile: (415) 599-0210 <br><br> ATTORNEYS FOR PLAINTIFF <br> B&G FOODS NORTH AMERICA, INC. | Craig M. Nicholas (SBN: 178444) <br> cnicholas@nicholaslaw.org <br> Shaun Markley (SBN: 291785) <br> smarkley@nicholaslaw.org <br> Jake W. Schulte (SBN: 293777) <br> jschulte@nicholaslaw.org <br> NICHOLAS & TOMASEVIC, LLP <br> 225 Broadway, 19th Floor <br> San Diego, CA 92101 <br> Telephone: (619) 325-0492 <br> Facsimile: (619) 325-0496 <br><br> Noam Glick (SBN: 251582) <br> noam@glicklawgroup.com <br> GLICK LAW GROUP, P.C. <br> 225 Broadway, Suite 2100 <br> San Diego, CA 92101 <br> Telephone: (619) 382-3400 <br> Facsimile: (619) 615-2193 <br><br> ATTORNEYS FOR DEFENDANTS <br> KIM EMBRY AND ENVIRONMENTAL <br> HEALTH ADVOCATES, INC. |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | Case No. 2:20-cv-00526-KJM-DB <br><br> **SUPERSEDING JOINT STATUS REPORT** |

Plaintiff B&G Foods North America, Inc. ("B&G Foods"), Defendant Kim Embry, and Defendant Environmental Health Advocates, Inc. ("Defendants") hereby submit the following Superseding Joint Status Report pursuant to the Court's Minute Order issued on July 8, 2022. (ECF No. 47.)

## PARTIES' POSITIONS REGARDING MOTION TO DISMISS BRIEFING AND RELATED DISCOVERY

***B&G Foods***:  The Ninth Circuit remanded this matter to allow B&G Foods the opportunity to plead the "sham exception" to the *Noerr-Penington* doctrine.  This exception applies in the litigation context in three circumstances:  (1) where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful; (2) where the conduct involves a series of lawsuits brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose; and (3) if the allegedly unlawful conduct consists of making intentional misrepresentations to the court, the party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.  *B&G Foods North America, Inc. v. Embry*, 29 F.4th 527, 537-38 (9th Cir. 2022).

Each of these inquiries is fact intensive.  Accordingly, B&G Foods respectfully submits that expedited discovery should be permitted into the following areas prior to the submission of any motion to dismiss by the Defendants:

- Defendants' investigation of their claims prior to issuing Notices of Violation to B&G Foods.
- Defendants' settlement demands.
- Defendants' pre-notice investigation in other matters where they issued Notices of Violation of Proposition 65.
- Defendants' history of demanding "nuisance value" settlement payments after issuing Notices of Violation.
- Defendants' history of serving Notices of Violation without having a reasonable expectation of success on the merits.

- Defendants' history of misrepresentations to the Court regarding the dangers associated with consumer products, the applicability of Proposition 65, and attorneys' fees incurred.
- Defendants' receipt of payments in exchange for withdrawing Notices of Violation.
- Defendants' collection of penalties, attorneys' fees, and alternative settlement payments and the use or disbursement of those funds.
- Defendants' use of penalty or alternative settlement payments for the enrichment of Noam Glick, Kim Embry, or their associates.
- Defendants' representations to the Attorney General regarding the merits of their cases.
- Defendant Environmental Health Advocates, Inc.'s representations to the California Registry of Charitable Trusts.
- Defendants' representations to the California Franchise Tax Board.
- Defendants' representations to the United States Internal Revenue Service.

This discovery goes to whether Defendants' lawsuits are objectively meritless and were part of a series of meritless cases, whether Defendants have filed meritless cases with the intent of extorting settlements that are not in the public interest, whether Defendants have traded away benefits to the state or the public in exchange for settlement payments, whether Defendants have made misrepresentations to the Court about the dangers of consumer products or the applicability of Proposition 65 to consumer products, and whether Defendants' use or distribution of penalties, attorneys' fees, or any other alternative settlement payments.

B&G Foods is prepared to proceed with this discovery immediately and believes it can be completed within 90 days. B&G Foods accordingly proposes the following briefing schedule:

- Motion to Dismiss due: July 29, 2022.
- Expedited Discovery Cut-Off: October 27, 2022.
- Opposition to Motion to Dismiss due: November 28, 2022.
- Reply in support of Motion to Dismiss due: December 5, 2022.

- Hearing on Motion to Dismiss: December 11, 2022, or as soon thereafter as is practicable.

B&G Foods should be permitted to proceed with discovery pursuant to the Federal Rules of Civil Procedure, which do not require a party to delay its prosecution of a case simply because the defendant files a motion. *See* Fed. R. Civ. P. 26(d). Defendants request a stay, but that is not appropriate here, where the Ninth Circuit has outlined the allegations that are sufficient to set forth a claim against Defendants, and B&G Foods has been able to plead specific facts in support of those allegations.

Defendants state below that they intend to bring the "same arguments" in their planned motion to dismiss that they raised in their first motion to dismiss. Those arguments will necessarily raise disputes of fact; and Defendants cite to numerous cases that acknowledge that discovery is appropriate where there are factual issues raised by a Rule 12(b)(6) Motion. *See Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987); *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Chatman v. Johnson,* No. CIV S-06-0578 MCE EFB P., 2007 WL 4212648, at *1 (E.D. Cal. Nov. 27, 2007). Defendants' Motion to Dismiss was predicated on their assertions that (1) "[t]hose pursuing Proposition 65 acrylamide in food cases have had enormous success over the last several years" (MPA iso MTD 19:7-8); (2) "Plaintiff does not allege any fraud or intentional misrepresentations" (MPA iso MTD 19:18-19); and "Plaintiff has not met the heightened pleading standard for alleging that the lawsuits were brought with an unlawful motive" (MPA iso MTD 19:19-20.) The First Amended Complaint explains, however, that Defendants serve hundreds of notices of violation, knowing that most of them are baseless, and ultimately only received any sort of settlement payment in a small minority of cases, *i.e.* they are not the successes they claim to be. (FAC ¶¶ 166-178.) Also, the First Amended Complaint alleges that Defendants have knowingly misrepresented to the Court that acrylamide found in food causes cancer, that the State of California "knows" this acrylamide causes cancer; that B&G Foods's products require labels; and that they conducted the requisite pre-suit investigation of their claims. (FAC ¶¶ 129-141, 151-163, 182-185.) Further, the First Amended Complaint alleges that Defendants brought lawsuits for the purpose of extorting

1  settlement payments from Defendants without any meaningful consideration of whether their

2  targets violated Proposition 65 and seek to compel false speech on behalf of the government in

3  violation of the First and Fourteenth Amendment.  (FAC ¶¶ 43-66, 129-181.)

***Defendants Kim Embry and Environmental Health Advocates:***

Defendants intend to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  In addition to *Noerr-Pennington,* Defendants will assert additional defenses including lack of state action and federal abstention principles.  These defenses were briefed but never reached by the Court when it granted the last motion to dismiss on *Noerr-Pennington* grounds.

12(b)(6) motions are to be filed on the pleadings and/or on judicially noticeable information and documents.  (See Fed. Rule Civ. Proc.12(d) ["If, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . "].)  Defendants are prepared to file their motion accordingly. [1] They do not need discovery and will rely entirely on the pleadings in the FAC and judicially-noticeable documents.  Defendants will show that the case is inherently and incurably defective.

Plaintiff's proposed plan above appears to be a tacit acknowledgement that Plaintiff lacked the requisite basis to support the frivolous allegations in its FAC.  Plaintiff now seeks discovery to support its specious allegations. Worse, its proposed scheduling order has Defendants filing their Motion to Dismiss in two weeks *without* the benefit of any discovery, then allows Plaintiff four months to take its own discovery and file its opposition.  This is absurdly prejudicial.

It is well-settled that discovery at the pleadings stage of a lawsuit is premature and improper. *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987) (the idea that a party may conduct discovery at the pleadings stage is "unsupported and defies common sense."). As the Ninth Circuit explained in *Rutman Wine*, defendants must be able "to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* This is precisely

---

[1] To be sure, if this case proceeds past the pleading stage, Defendants intend to file a summary judgment motion that will expose Plaintiff's bad faith in bringing and maintaining this ill-conceived lawsuit. Such a motion will almost certainly be accompanied by a motion for sanctions under Rule 11, citing the numerous demonstrably false allegations in the FAC.  But Defendants do not anticipate reaching this stage, as Plaintiffs allegations in the FAC do not support allowing this case to continue past the pleading stage.

what Defendants here will do by way of their pending Motion to Dismiss. The law is clear that Defendants should not be forced "to undergo the expense of discovery" unless and until the Court first determines that there is a "reasonable likelihood that [P]laintiffs can construct a claim." *Id.* This is particularly so where this Court, in dismissing Plaintiffs' Complaint, already has concluded that Plaintiffs failed to construct such a claim. (Docket No. 33, Dec. 7, 2020 order granting Motion to Dismiss). Moreover, the FAC suffers from many of the exact same pleading defects as the original complaint, and the same arguments that led this Court to dismiss the complaint apply with equal force here. *See* Motion to Dismiss.

For this reason, courts routinely exercise their authority to stay discovery where, as here, it appears that a pending dispositive motion may obviate discovery. *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion); *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984); *B.R.S. Land Investors v. United States,* 596 F.2d 353, 356 (9th Cir. 1979) (court may deny discovery where it believes plaintiff will not be able to state a claim for relief); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990); *Chatman v. Johnson,* No. CIV S-06-0578 MCE EFB P., 2007 WL 4212648, at *1 (E.D. Cal. Nov. 27, 2007) (staying discovery until the court resolved pending motions to dismiss and stating "[i]f the pending motions to dismiss are granted, there will be no need to respond to the discovery requests. The court has reviewed defendants' motions to dismiss and finds that they have merit."). This is particularly true where Rule 12(b)(6) motions are involved. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (citing *Rutman Wine*); *Martinez v. Wells Fargo Bank, N.A.,* No. C-06-03327 RMW, 2007 WL 2019591, *2 (N.D. Cal. Jul. 10, 2007) (denying plaintiffs' request for discovery to oppose motion to dismiss); *Maljack Productions, Inc. v. Motion Picture Ass'n of America,* Civ. A. No. 90-1121, 1990 WL 157900 (D.D.C. Oct. 3, 1990) (staying discovery pending defendant's motion to dismiss).

In sum, Defendants request a reasonable briefing schedule on a motion to dismiss, with a stay of discovery until that motion is decided. Defendants would propose the following briefing schedule:

Opening Brief: September 16, 2022

Opposition Brief: September 30, 2022

Reply: October 7, 2022

Hearing: On or after October 14, 2022

Dated: July 15, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: s/ David Kwasniewski
    David Kwasniewski

*Attorneys for Plaintiff*
*B&G FOODS NORTH AMERICA, INC.*

Dated: July 15, 2022

GLICK LAW GROUP, P.C.

By: s/ Noam Glick
    Noam Glick

*Attorneys for Defendants*
*KIM EMBRY AND ENVIRONMENTAL*
*HEALTH ADVOCATES*