UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G Foods North America, Inc., | No. 2:20-cv-00526-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Kim Embry, et al., | |
| Defendants. | |

The court dismissed plaintiff B&G Foods' § 1983 lawsuit against defendants Kim Embry and Noam Glick, finding the *Noerr-Pennington* doctrine barred its complaint. *See* Order at 5, ECF No. 33. The court denied leave to amend. *Id.* On appeal, the Ninth Circuit held the court erred in dismissing the complaint without leave to amend "[b]ecause it is unclear whether B&G could allege the application of a sham exception to the *Noerr-Pennington* doctrine in an amended complaint." Ninth Cir. Op. at 26, ECF No. 41. The Ninth Circuit therefore remanded to allow B&G an opportunity to amend. *Id.* B&G has now filed its first amended complaint. *See* ECF No. 45.

Following remand, this court held a status conference to discuss case scheduling, and it directed the parties to file a joint status report proposing a briefing schedule for defendants' motion to dismiss plaintiff's first amended complaint "and any other related motions." *See* Mins., ECF No. 47. In the joint status report, B&G requests expedited discovery on numerous issues prior to

/////

1

defendants' filing a motion to dismiss.  *See* JSR at 2–3, ECF No. 50 (listing thirteen bullet points). Defendants request a stay of discovery until the court rules on its motion to dismiss.  *See id.* at 6.

Both requests are premature for the same reason: Defendants have not filed their motion to dismiss.  B&G may be entitled to expedited discovery if its purportedly "sham" allegations raise factual issues requiring discovery.  *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (noting district court did not abuse its discretion by denying discovery during pendency of motion to dismiss when plaintiff's claims did not raise factual issues that "required discovery for their resolution") (citation omitted).  On the other hand, defendants may be entitled to a stay of discovery if the court is "convinced" their impending motion to dismiss will dispose of the case.  *See, e.g.*, *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (noting court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted" (citation omitted)); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam) (affirming district court's stay of discovery in light of a pending motion to dismiss where "there was a real question" whether plaintiff's claim had merit).  Because both analyses presuppose defendants' having filed their dispositive motion, and because there is no dispositive motion pending in this case, the court **denies** both requests as premature.

Defendants shall file their motion to dismiss within twenty-one days of this order.  If in its response to the motion plaintiff wishes to seek expedited discovery, it may do so through the filing of an appropriate request or counter-motion.  *See* Local Rule 230(e).

IT IS SO ORDERED.

DATED: August 1, 2022.

CHIEF UNITED STATES DISTRICT JUDGE