J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
Forrest A. Hainline III, Esq. (SBN 64166)
    hainline@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
Robert Travis Petraglia, Esq. (SBN: 264849)
    petraglia@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF OF DEFENDANTS KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC., TO SHORTEN TIME FOR A HEARING ON MOTION FOR SANCTIONS UNDER RULE 11** <br><br> Judge:    Hon. Kimberly J. Mueller <br> Courtroom:  3 |

Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully submits this opposition to Defendants Kim Embry and Environmental Health Advocates, Inc.'s (collectively "Defendants") Motion for Administrative Relief of Defendants Kim Embry and Environmental Health Advocates, Inc., to Shorten Time for a Hearing on Motion for Sanctions Under Rule 11 (the "Administrative Motion") (ECF No. 62).

## INTRODUCTION

Defendants' Administrative Motion should be denied because Defendants failed to properly serve their supposed motion for sanctions, and in fact still have not served it, rendering their request for an extension of time to file futile. Defendants' attempt at service consisted of emailing a brief to B&G Foods's counsel on December 23, without first obtaining B&G Foods's agreement to accept service by electronic means. Service was both untimely, as it occurred exactly 21 days before Defendants' deadline to file their motion, and ineffective. Fed. R. Civ. P. 5(b); 11(c)(2).

B&G Foods welcomes the opportunity to address Defendants' infirm Rule 11 motion and to demonstrate that not only must it be denied, but that Defendants' conduct in connection with that motion is, itself, sanctionable. *See* Fed. R. Civ. Proc. 11(c)(2) (providing that the Court may award attorneys' fees to the prevailing party); *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001). Before Defendants filed the within application, B&G Foods offered to waive service and set a reasonable briefing schedule. Defendants refused those overtures and filed their motion to shorten time anyway. Accordingly, B&G Foods respectfully requests the Court respect B&G Foods's procedural right to be properly pre-served with Defendants' motion and deny their request for additional time to file a motion that was never properly served.

## FACTS

On November 23, 2022, B&G Foods filed its Second Amended Complaint ("SAC"). Consistent with this Court's guidance, the SAC contains detailed allegations – including record citations to evidence and testimony from Defendants' witness – setting forth why their state court claims against B&G Foods are shams.

In response, Defendants requested a 44-day extension of time to respond to the SAC so that they could satisfy the safe-harbor provision of Rule 11 prior to filing a motion for sanctions and a

motion to dismiss.  Ex Parte App. (ECF No. 59) (requesting an extension from December 7, 2022, to January 20, 2023).  Defendants claimed that their Rule 11 motion would prove that allegations in the SAC regarding Defendants' failure to comply with Proposition 65 regulations were false.  (*Id.*)  The Court Ordered Defendants to file their motion to dismiss and any Rule 11 motion by January 13, 2023.  Order Granting Ex Parte App. (ECF No. 61).

On December 23, 2022, Defendants emailed an untimely copy of their supposed Rule 11 motion to counsel for B&G Foods.  No attempt was made to serve the motion in compliance with Rule 5.  Contrary to their representations to the Court, Defendants' Rule 11 motion fails to show the SAC contains any false or frivolous allegations, while at the same time apparently conceding Defendants failed to comply with Proposition 65 regulations and spoliated evidence in connection with their state court lawsuits against B&G Foods.

Having realized they failed to timely serve the motion, on December 30, 2022, Defendants belatedly asked counsel for B&G Foods to stipulate to a *second* extension of time to file their Rule 11 motion.  Declaration of Jake Schulte, Ex. A (December 20, 2022 email) (ECF No. 62-1).  Counsel for Defendants stated that he believed "at the time" he emailed the Rule 11 motion that Defendants had complied with the 21-day safe harbor period but "[s]ubsequently, Defendants learned of contradictory authority regarding when a Rule 11 motion for sanctions should be pre-served[.]" *Id.*

In response, B&G Foods informed Defendants they had failed to serve B&G Foods as required by Rule 11, but nonetheless offered to meet and confer and suggested an alternative briefing schedule.  *Id.* (January 4, 2023 email).  Defendants refused to accept this proposal, refused to meet and confer, and filed their motion.

## **ARGUMENT**

Defendants' Motion requests an extension of time to file a sanctions motion because Defendants failed to timely serve their motion on B&G Foods as required by Rule 11.  "Rule 11 provides that when sanctions are initiated by motion, the motion 'must be served under Rule 5, but it must not be filed or presented to the court if the challenged per, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]'" *Corner Edge*

*Interactive LLC v. Johnson*, No. CV-19-05404-PHX-SRB, 2021 WL 2517956, at *3 (D. Ariz. Mar. 15, 2021) (quoting Fed. R. Civ. P. 11(c)(2)). "This safe-harbor provision requiring service prior to filing is mandatory and strictly enforced in the Ninth Circuit." *Id.* (citing *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (noting sanctions not allowed unless "strict compliance with Rule 11's safe harbor provision"); *Holgate v. Baldwin*, 425 F.3d 671, 677–78 (9th Cir. 2005) ("The 1993 Amendments to Rule 11 . . . place stringent notice and filing requirements on parties seeking sanctions. . . . We enforce this safe harbor provision strictly."); *Truesdell v. S. Cal. Permanent Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002) (calling compliance with the safe-harbor provision "mandatory").)

Therefore, to file their motion on January 13, 2023, Defendants were required to serve it no later than December 22, 2022. Otherwise, Plaintiff would not have a full "21 days after service" "within" which to correct or withdraw any challenged allegations. *See* Fed. R. Civ. P. 11(c)(2); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001) (Defendant was "required to serve its Rule 11 motion on the plaintiffs with a demand for retraction of the allegedly offending allegations, and then to allow the plaintiffs at least twenty-one days to retract the pleading before filing the motion with the court."); Rule 11, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 17-B ("Rule 11 sanctions cannot be imposed under a motion filed within 21 days after the motion was served[.]"). Defendants, however, emailed a copy of the motion to Plaintiffs on the day before Christmas Eve, December 23, 2022, which is both (1) too late to provide 21 days to pass prior to the Court-ordered filing deadline of January 13, 2023; and (2) not a method of service permitted under Rule 5 unless the parties agree otherwise in writing, which the parties have not done here. *See* Fed. R. Civ. P. 5(b)(E). As a result, the statutorily mandated safe-harbor period has still not begun. *See* Fed. R. Civ. P. 11.; *see also Radcliffe,* 254 F.3d at 788-89 (Because party "did not follow the mandatory service procedure of Rule 11(c)(1)(A), we reverse the award of sanctions.").

Defendants waited the day before Christmas Eve to file their motion rendering it untimely. They now request an additional extension of four days to file their (still unserved) sanctions motion. Defendants' motion offers no explanation for their failure to timely or properly serve their

motion *at any period of time*.  Because the motion was never served, extending the time for filing would be futile and should be denied. *See e.g. Relman Colfax PLLC v. Fair Hous. Council of San Fernando Valley*, No. CV 19-8612 PSG (JCX), 2020 WL 9460650, at *1 (C.D. Cal. June 30, 2020) (extension of discovery deadline would be futile when defendant stated they would not comply with their discovery obligations even if granted the extension); *Ortiz v. Safeway Inc.*, No. 2:19-CV-00984-RAJ, 2020 WL 1468369, at *2 (W.D. Wash. Mar. 26, 2020) (finding extension of time to serve complaint would be futile because the claim would still be time barred).

## CONCLUSION

For the foregoing reasons, B&G Foods respectfully request that the Court deny Defendants' administrative motion.

Dated:  January 9, 2023

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ *David H. Kwasniewski*
  David H. Kwasniewski

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*