J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
Forrest Hainline, Esq. (SBN: 64166)
    hainline@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
    kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOOD NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **DECLARATION OF MATTHEW BORDEN IN SUPPORT OF PLAINTIFF B&G FOODS'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** <br><br> Date: March 10, 2023 <br> Time: 10:00 a.m <br> Judge: Hon. Kimberly J. Mueller <br> Courtroom: 3 <br><br> SAC Filed: November 23, 2022 <br> Trial Date: None Set |

Case No. 2:20-cv-00526-KJM-DB
BORDEN DECL. ISO OPP. TO SANCTIONS MOTION

I, Matthew Borden, declare as follows:

1. I am a partner at the law firm of BraunHagey & Borden LLP, and a member in good standing of the bar of the state of California. I am counsel of record for Defendant B&G Foods North America, Inc. in this action. All of the matters set forth below are true based on my personal knowledge. If called upon as a witness in this case, I could and would testify competently and truthfully to the matters set forth herein.

2. Attached as **Exhibit 1** is a redline comparison of B&G Foods's First Amended Complaint and B&G Foods's Second Amended Complaint.

3. Attached as **Exhibit 2** is a true and correct copy of correspondence my office sent to counsel for Defendants on January 30, 2023; and Defendants response sent on February 2, 2023.

4. Attached as **Exhibit 3** is a true and correct copy of the consent judgment entered in *Kim Embry v. Western Bagel Baking Corp., et al.*, Case No. RG17884528 (Supr. Ct. Alameda) (filed Mar. 15, 2018).

5. Attached as **Exhibit 4** are true and correct excerpts of the transcript of the November 13, 2020, deposition of Defendant Embry, *Kim Embry v. B&G Foods North America, Inc.*, Case No. RG20057491 (Supr. Ct. Alameda).

6. Attached as **Exhibit 5** is a true and correct copy of the consent judgment entered in *Kim Embry v. Elevation Brands, LLC., et al.*, Case No. RG19015472 (Supr. Ct. Alameda) (filed July 25, 2019).

7. Attached as **Exhibit 6** are Defendant EHA's Responses to Requests for Admission.

8. Attached as **Exhibit 7** is a true and correct copy of the consent judgment entered in *Environmental Health Advocates, Inc. v. Dare Foods Limited, et al.,* Case No. RG21092929 (Sup. Ct. Alameda) (filed Feb. 4, 2022).

9. Attached as **Exhibit 8** is a true and correct copy of correspondence my office sent to counsel for Defendants on February 6, 2023, Defendant's response sent February 7, 2023, and further correspondence my office sent to Defendants on February 7, 2023. Defendants did not respond to this correspondence.

10. Attached as **Exhibit 9** is a true and correct copy of correspondence from IEH

Analytical Laboratories.

11. Attached as **Exhibit 10** is a true and correct copy of IEH Analytical Laboratories standard "Chain of Custody Form."

12. Attached as **Exhibit 11** is a true and correct copy of EHA's Responses to Form Interrogatories (Set One).

13. Attached as **Exhibit 12** are true and correct copies of Defendants' "amended" notices of violation.

14. Attached as **Exhibit 13** is a true and correct copy of Defendant EHA's Responses to Requests for Production.

15. Attached as **Exhibit 14** is a true and correct copy of Defendant EHA's Responses to Requests for Admission.

16. Attached as **Exhibit 15** is a true and correct copy of Defendant Embry's Supplemental Response to Requests for Admission, served in *Kim Embry v. B&G Foods North America, Inc.*, Case No. RG20057491 (Supr. Ct. Alameda).

17. Attached as **Exhibit 16** is a true and correct copy of excerpts of the deposition of Martha Sandy.

18. Attached as **Exhibit 17** is a true and correct copy of OEHHA's Final Statement of Reasons, Adoption of New Section 25704 Exposures to Listed Chemicals in Coffee Posing No Significant Risk (June 17, 2019).

19. Attached as **Exhibit 18** is a true and correct copy of correspondence sent to Defendants' counsel on March 20, 2020, which attaches **Exhibit 16, Exhibit 17** and (1) A review of relevant epidemiologic studies showing there was no consistent evidence that dietary acrylamide exposure increases the risk of cancer in humans, (2) three consent judgments, (3) test results showing the Cookie Cakes contain 47.5, 65.2, and 73.1 parts per billion of acrylamide.

### BHB'S QUALIFICATIONS AND RATES

20. BHB is a leading boutique firm based in San Francisco and New York that routinely handles high-profile, complex litigation involving antitrust, unfair competition, and other commercial matters. BHB regularly appears before state and federal courts throughout the country

to prosecute and defend claims involving a variety of business issues. Our clients run from Fortune 500 Companies to small businesses and encompass many different types of industries. We have successfully litigated and arbitrated disputes exceeding many billions of dollars. In addition to complex commercial litigation, we also handle significant pro bono and impact litigation assignments, such as litigation to protect the poorest and neediest nursing home residents from being dumped into the streets, litigation to facilitate the shutdown of coal power plants, litigation to contest the government's "watchlist," which is based on race, ethnicity and religion, and litigation to challenge the ongoing dictatorship in Cambodia, to name a few. Every time we have petitioned a court for our fees in such matters, they have been approved. U.S. District Court Judge Edward J. Davila recently approved our firm's rates in the related matter *Optronic Technologies, Inc., v. Ningbo Sunny Electronic Co., Ltd., et al.*, No. 5:16-cv-06370 (N.D. Cal.), Dkt. No. 657. Our firm's past rates have been approved in decisions issued by numerous courts, including the Ninth Circuit in *Walker v. B&G Foods, Inc., et al.*, No. 16-15349 (9th Cir., Jul. 20, 2017), *Hill v. Robert's Am. Gourmet Food, Inc.*, No. C 13-80166 EDL (N.D. Cal.), *Hunt v. Sunny Delight Beverages Co.*, No. 18-cv-00557-JLS-DFM (C.D. Cal.), *Davis v. AG Seal Beach, LLC, et al.*, No. BC468346 (Los Angeles Super. Ct.), and *State of California ex rel. Todd Dominguez v. En Pointe Techs. Inc., et al.*, No. 37-2011-00100936-CU-BTL (San Diego Super. Ct.).

21. I have personal knowledge of the rates charged and used in client pitches by other law firms in the Bay Area. Although our base pay for associates exceeds the "Cravath Scale" (i.e., the standard lockstep salaries paid by big firms), the rates that BHB charges its clients, and the rates paid by commercial clients, are substantially lower than the rates charged by the big firms and boutiques where our lawyers previously practiced, e.g., Morrison & Foerster, LLP, Quinn Emanuel Urquhart & Sullivan LLP, Latham & Watkins, LLP, Keker & Van Nest LLP, and Munger, Tolles & Olson, LLP to name a few.

22. Pursuant to the standard practice of my firm, all the time spent by our attorneys was recorded on an hourly basis in 6-minute intervals using our firm's billing software. I have reviewed the time records in this case. In accordance with our firm's standard practice, I have written off any time that I believed was not efficiently spent, including time I believe was spent unnecessarily or

duplicative. I also wrote off time spent by lawyers on tasks that might be considered administrative. Other attorneys assisted in the preparation of B&G Foods Opposition. At this point, B&G Foods is not seeking fees on behalf of several other timekeepers who expended significant time and resources drafting and preparing this opposition, in amounts that I estimated to exceed $20,000.

23. **Matthew Borden**. I am a founding partner of BHB. After law school, I clerked for the Honorable William Alsup in the United States District Court for the Northern District of California. I practiced at Morrison & Foerster LLP before co-founding BHB. I have successfully tried cases in state and federal court and successfully argued appeals before the Ninth Circuit, the Federal Circuit and the California Courts of Appeal. I have successfully represented Fortune 500 companies, private equity funds, financial institutions, and foreign governments in billion-dollar lawsuits and other high-stakes litigation (some of my former clients include Bank of America, Kyocera Corp., Wells Fargo Bank, and the Government of Egypt). I have also successfully prosecuted high-stakes litigation against similar entities, such as BNY Mellon, Deloitte & Touche, Mizuho Bank, Shinsei Bank, Citibank, National City Bank, and the Government of Japan. My standard 2023 billing rate is $1,050/hour. This is the rate I have used in 2023 client pitches and the rate that clients currently pay for my services.

24. I spent at least 17 efficient billable hours reviewing, drafting, and revising portions of the Opposition to Defendant's Motion for Sanctions, and conferring with the attorneys primarily responsible for its initial drafting. In total, I have expended time on these issues totaling at least $17,850.00 in fees.

25. **David H. Kwasniewski** is a Partner at BHB who has ten years of litigation experience. He graduated from Cornell Law School and clerked for the Honorable Curtis V. Gomez, Chief Judge of the District Court of the United States Virgin Islands. In private practice, he has first chaired federal and state jury trials. His standard 2023 billing rate is $900/hour.

26. Mr. Kwasniewski spent at least 44 efficient billable hours reviewing, drafting, and revising portions of the Opposition to Defendant's Motion for Sanctions, and conferring with the attorneys primarily responsible for its initial drafting. In total, He has expended time on these issues totaling at least $39,600.00 in fees.

27. **Forrest Hainline** is Senior Counsel at BHB who has nearly 50 years of litigation experience. He has tried more than 100 cases before courts, juries, and arbitration panels throughout the United States, and administrative agencies in California and Washington D.C. He has argued before California Courts of Appeals, and eight United States Courts of Appeals. Forrest has been lead counsel in matters involving intellectual property, trade secrets, antitrust, class actions, unfair competition, major product liability (including California's Proposition 65), and disputes between hotel management companies and hotel owners. His standard 2023 billing rate is $795.00/hour.

28. Mr. Hainline spent at least 8.5 efficient billable hours reviewing, drafting, and revising portions of the Opposition to Defendant's Motion for Sanctions, and conferring with the attorneys primarily responsible for its initial drafting. In total, this amounts to at least $6,757.00 in fees.

| Timekeeper | Summary of Work Performed | Hours | Rate | Cost |
|---|---|---|---|---|
| Matthew Borden | Review and revise correspondence regarding information that could support Rule 11 motion; review and revise opposition to motion | 17.0 | $1050 | $17,850 |
| Forrest Hainline | Review and comment on opposition to Rule 11 motion | 8.5 | $795 | $6757 |
| David Kwasniewski | Legal research and draft opposition to Rule 11 motion; draft correspondence to Defendants regarding same | 44.0 | $900 | $39,600 |
| Total | | 69.5 | | $64,207 |

29. B&G Foods has expended $64,000 in attorney's fees and costs to date for having to oppose Plaintiff's Motion for Sanctions.

I certify and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: February 22, 2023         /s/ Matthew Borden
                                 Matthew Borden