# EXHIBIT 5

FILED
ALAMEDA COUNTY

JUL 25 2019

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| KIM EMBRY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELEVATION BRANDS, LLC, a Delaware corporation; RALPHS, an Ohio corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: RG19015472<br>Reservation No.: R-2072858<br><br>[~~PROPOSED~~] JUDGMENT PURSUANT TO TERMS OF PROPOSITION 65 SETTLEMENT AND CONSENT JUDGMENT<br><br>Date:   June 21, 2019<br>Time:  10:00 a.m.<br>Dept.: 21<br>Judge: Hon. Winifred Smith<br><br>Case Filed:   April 17, 2019<br>Trial Date:   None set |

1    Plaintiff Kim Embry and Defendant Elevation Brands, LLC., agreed through their
2 respective counsel to enter judgment pursuant to the terms of their settlement in the form of a
3 stipulated judgment ("Consent Judgment"). This Court issued an Order approving the Proposition
4 65 Settlement and Consent Judgment on June 21, 2019.

5    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to Health and
6 Safety Code, section 25249.7(f)(4) and Code of Civil Procedure, section 664.6, judgment is
7 hereby entered in accordance with the terms of the Consent Judgment attached hereto as **Exhibit**
8 **A**. By stipulation of the parties, the Court will retain jurisdiction to enforce the settlement under
9 Code of Civil Procedure, section 664.6.

11   **IT IS SO ORDERED.**

14   Dated: July 25, 2019

_____
JUDGE OF THE SUPERIOR COURT

2
[PROPOSED] JUDGMENT PURSUANT TO TERMS OF
PROPOSITION 65 SETTLEMENT AND CONSENT JUDGMENT

EXHIBIT A

# EXHIBIT A

**GLICK LAW GROUP, PC**
   Noam Glick (SBN 251582)
225 Broadway, Suite 2100
San Diego, California 92101
Tel: (619) 382-3400
Fax: (619) 615-2193

Attorneys for Plaintiff
Kim Embry

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| KIM EMBRY, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Elevation Brand, LLC, a Delaware corporation, and DOES 1 through 100, inclusive<br><br>　　　　Defendants. | Case No. RG19015472<br><br>**[PROPOSED] CONSENT JUDGMENT**<br><br>(Health & Safety Code § 25249.6 *et seq.* and Code Civ. Proc. § 664.6 ) |

1. **INTRODUCTION**

    1.1 **Parties**

    This Consent Judgment is entered into by and between Kim Embry ("Embry") on one hand, and Elevation Brands, LLC ("Defendant") on the other hand (collectively the "Parties"). Defendant manufactures products under the brand name Ian's, among others.

    1.2 **Plaintiff**

    Embry is an individual residing in California and acting in the interest of the general public. She seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products.

    1.3 **Defendant**

    Defendant employs ten or more individuals and is a "person in the course of doing business" for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health and Safety Code section 25249.6 *et seq.* ("Proposition 65").

    1.4 **General Allegations**

    Embry alleges that Defendant manufactures, imports, sells, and distributes for sale in California alphabet shaped tater tots that contain Acrylamide. Embry further alleges that Defendant does so without providing a sufficient health hazard warning as required by Proposition 65 and related regulations. Pursuant to Proposition 65, Acrylamide is listed as a chemical known to cause cancer and reproductive harm.

    1.5 **Product Description**

    For purposes of this Consent Judgment, the "Product" or "Products" are defined as Defendant's "Alphatots", whether they be sold individually or as a part of a meal package, that allegedly contain Acrylamide that are manufactured, imported, sold, or distributed for sale in California by Defendant and Releasees, defined *infra*.

    1.6 **Notices of Violation**

    On June 28, 2017, Embry served Defendant, Elevation Brands, LLC, the California Attorney General, and all other required public enforcement agencies with a 60-Day Notice of Violation of California Health and Safety Code section 25249.6 *et seq.* ("Notice"). The Notice alleged that

Defendant violated Proposition 65 by failing to sufficiently warn consumers in California of the health hazards associated with exposures to Acrylamide contained in the Products.

No public enforcer has commenced or is otherwise prosecuting an action to enforce the violations alleged in the Notice.

**1.7   Complaint**

On April 17, 2019, Embry filed a Complaint against Defendant for the alleged violations of Health and Safety Code section 25249.6 that are the subject of the Notice ("Complaint").

**1.8   No Admission**

Defendant denies the material, factual, and legal allegations in the Notices and Complaint, and maintains that all of the products it has manufactured, imported, sold, and/or distributed for sale in California, including the Products, have been, and are, in compliance with all laws. Nothing in this Consent Judgment shall be construed as an admission of any fact, finding, conclusion of law, issue of law, or violation of law, nor shall compliance with this Consent Judgment be construed as an admission of any fact, finding, conclusion of law, issue of law, or violation of law. This Section shall not, however, diminish or otherwise affect Defendant's obligations, responsibilities, and duties under this Consent Judgment, subject to subsequent modifications thereof or Court orders regarding any such obligation, responsibility, and/or duty.

**1.9   Jurisdiction**

For purposes of this Consent Judgment and the Complaint only, the Parties stipulate that this Court has jurisdiction over Defendant as to the allegations in the Complaint, that venue is proper in the County of Alameda, and that the Court has jurisdiction to enter and enforce the provisions of this Consent Judgment pursuant to Proposition 65 and Code of Civil Procedure section 664.6.

**1.10   Effective Date**

For purposes of this Consent Judgment, the term "Effective Date" means the date on which the Court grants the motion for approval of this Consent Judgment, as discussed in Section 5.

**2.   INJUNCTIVE RELIEF**

**2.1   Reformulation and Warnings**

1  Commencing ninety (90) days after the Effective Date, and continuing thereafter, Defendant agrees to manufacture and distribute for sale in California only (a) "Reformulated Products" pursuant to Section 2.2, or (b) Products that are labeled with a clear and reasonable warning pursuant to Section 2.3. Defendant and its downstream retailers shall have no obligation to reformulate or label Product that has been manufactured, distributed, offered for sale, or has otherwise entered the stream of commerce prior to ninety (90) days after the Effective Date.

**2.2    Reformulation Standard**

"Reformulated Product" shall mean Product that is below the following acrylamide concentration levels, as determined by use of a test performed by an accredited laboratory using either GC/MS (Gas Chromatograph/Mass Spectrometry), LC-MS/MS (Liquid Chromatograph-Mass Spectrometry), or any other testing method agreed upon by the Parties, after being cooked in the middle rack of a conventional oven, on an ungreased non-stick pan layered with aluminum foil, at 450 degrees Fahrenheit for 18 minutes: The average acrylamide concentration shall not exceed three hundred fifty (350) parts per billion by weight. The average acrylamide concentration is determined by randomly selecting and testing at least three different units of the Product from different lots (if different lots are available). No individual Product unit shall have acrylamide levels exceeding 490 ppb by weight.

**2.3    Clear and Reasonable Warnings**

Except as set forth in Section 2.1, commencing ninety (90) days after the Effective Date, Defendant shall provide a clear and reasonable warning for any Product that it manufactures, distributes, or offers for sale in California that is not a Reformulated Product. Defendant shall provide the warning affixed to the packaging or labeling using language similar to the warning(s) below ("Warning"):

(a)    **WARNING**: Consuming this product can expose you to chemicals including Acrylamide, which is known to the State of California to cause cancer[, birth defects or other reproductive harm]. For more information go to www.P65Warnings.ca.gov/food. OR

(b)    the text, "**WARNING** Cancer [and Reproductive Harm] - www.P65Warnings.ca.gov" accompanied by and placed to the right of a symbol consisting of a black exclamation point in a yellow equilateral triangle with a bold

black outline sized to be no smaller than the word, "WARNING" as provided by regulations adopted on or about August 30, 2018.

Defendant is only required to use the phrase "birth defects or other reproductive harm" in the first option, or the phrase "and Reproductive Harm" in the second option, if Defendant has reason to believe that the acrylamide concentration level exceeds two thousand five hundred (2,500) parts per billion, or if Defendant has reason to believe that another Proposition 65 chemical is present which may require a reproductive harm warning. The warning shall be prominently placed with such conspicuousness as compared with other words, statements, designs, or devices as to render it likely to be read and understood by an ordinary individual under customary conditions before purchase or use. The selected warning shall be provided in a manner such that the consumer or user is reasonably likely to understand to which specific Product the warning applies, so as to minimize the risk of consumer confusion.

In the event that the Office of Environmental Health Hazard Assessment promulgates one or more regulations requiring or permitting warning text and/or methods of transmission different than those set forth above, Defendant shall be entitled to use, at its discretion, such other warning text and/or method of transmission without being deemed in breach of this Agreement.

3.  **MONETARY SETTLEMENT TERMS**

    3.1  **Settlement Amount**

    Defendant shall pay $40,000 in settlement and total satisfaction of all the claims referred to in the Notice, the Complaint, and this Consent Judgment. This includes civil penalties in the amount of $4,000 pursuant to Health and Safety Code section 25249.7(b) and attorney's fees and costs in the amount of $36,000 pursuant to Code of Civil Procedure section 1021.5 and Health and Safety Code section 25249 et seq.

    3.2  **Civil Penalty**

    The portion of the settlement attributable to civil penalties shall be allocated according to Health and Safety Code section 25249.12(c)(1) and (d), with seventy-five percent (75%) of the penalty paid to the California Office of Environmental Health Hazard Assessment ("OEHHA"), and the remaining twenty-five percent (25%) of the penalty paid to Embry.

All payments owed to Embry or OEHHA shall be delivered to the following payment address:

> Noam Glick
> Glick Law Group
> 225 Broadway, Suite 2100
> San Diego, CA 92101

The penalty will be forwarded to OEHHA by Embry's counsel.

The Parties, including Embry, will exchange completed IRS 1099, W-9, or other forms as required. Relevant information for Glick Law Group, N&T, and Embry are set out below:

- "Kim Embry" whose address and tax identification number shall be provided within five (5) days after this Settlement Agreement is fully executed by the Parties;
- "Glick Law Group" (EIN: 47-1838518) at the address provided in Section 3.2(a)(i);
- "Nicholas & Tomasevic" (EIN: 46-3474065) at the address provided in Section 3.2(a)(i); and
- "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

**3.3    Attorney's Fees and Costs**

The portion of the settlement attributable to attorneys' fees and costs shall be paid to Embry's counsel, who are entitled to attorney's fees and costs incurred by her in this action, including but not limited to investigating potential violations, bringing this matter to Defendant's attention, as well as litigating and negotiating a settlement in the public interest.

**3.4    Attorney's Fees and Costs**

The $36,000 in Attorneys' Fees and Costs and the $4,000 penalty shall be paid in payments as follows:

- An initial payment of $5,000, payable within fourteen (14) days of the Effective Date.
- Seventy (70) consecutive weekly checks of $500 payable on Mondays, beginning the first Monday following the twenty-first (21st) day after the Effective Date. The Parties agree that Defendant is entitled to make up-front monthly or quarterly payments, or payment in full, at its discretion.

**3.4    Cure of any Late Payments.**

6
CONSENT JUDGMENT

Embry's counsel shall provide written notice, by email or U.S. Mail, of any missed payment for attorneys' fees by Defendant. Defendant shall have five days (5)) business days from its receipt of the notice to cure any late payment of attorneys' fees provided in this agreement.

### 3.5   Attorneys' Fees in Event of Breach

In the event of an action for breach of this agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs. In such an action, Plaintiff expressly reserves the right to pursue an alter ego claim against Defendant's owner.

### 4.   CLAIMS COVERED AND RELEASED

#### 4.1   Embry's Public Release of Proposition 65 Claims

For any claim or violation arising under Proposition 65 alleging a failure to warn about exposures to Acrylamide from Products or related products manufactured, imported, sold, or distributed by Defendant prior to the Effective Date, Embry, acting on her own behalf and in the public interest, releases Defendant of any and all liability. This includes Defendant's owners, parents, subsidiaries, affiliated entities under common ownership, its directors, officers, agents, employees, attorneys, and each entity to whom Defendant directly or indirectly distributes or sells the Products, including but not limited to, downstream distributors, wholesalers, customers, retailers, franchisees, cooperative members and licensees, including but not limited to The Kroger Company, dba Ralph's (collectively, the "Releasees"). Releasees include Elevation Brands, LLC, its parent, and all subsidiaries and affiliates thereof and their respective employees, agents, and assigns that sell Defendant's Products. Compliance with the terms of this Consent Judgment constitutes compliance with Proposition 65 with respect to the alleged or actual failure to warn about exposures to Acrylamide from Products manufactured, imported, sold, or distributed by Defendant after the Effective Date. This Consent Judgment is a full, final and binding resolution of all claims that were or could have been asserted against Defendant and/or Releasees for failure to provide warnings for alleged exposures to Acrylamide contained in Products.

#### 4.2   Embry's Individual Release of Claims

Embry, in her individual capacity, also provides a release to Defendant and/or Releasees, which shall be a full and final accord and satisfaction of as well as a bar to all actions, causes of action,

obligations, costs, expenses, attorney's fees, damages, losses, claims, liabilities, and demands by Embry of any nature, character, or kind, whether known or unknown, suspected or unsuspected, arising out of alleged or actual exposures to Acrylamide in Products manufactured, imported, sold, or distributed by Defendant before the Effective Date.

### 4.3  Defendant's Release of Embry

Defendant, on its own behalf, and on behalf of Releasees as well as its past and current agents, representatives, attorneys, successors, and assignees, hereby waives any and all claims against Embry and her attorneys and other representatives, for any and all actions taken or statements made by Embry and her attorneys and other representatives, whether in the course of investigating claims, otherwise seeking to enforce Proposition 65 against it, in this matter or with respect to the Products.

## 5. COURT APPROVAL

This Consent Judgment is not effective until it is approved and entered by the Court and shall be null and void if it is not approved and entered by the Court within one year after it has been fully executed by the Parties, or by such additional time as the Parties may agree to in writing.

## 6. SEVERABILITY

Subsequent to the Court's approval and entry of this Consent Judgment, if any provision is held by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected.

## 7. GOVERNING LAW

The terms of this Consent Judgment shall be governed by the laws of the state of California and apply within the state of California. In the event that Proposition 65 is repealed, or is otherwise rendered inapplicable for reasons, including but not limited to changes in the law, then Defendant may provide written notice to Embry of any asserted change, and shall have no further injunctive obligations pursuant to this Consent Judgment with respect to, and to the extent that, the Products are so affected.

## 8. NOTICE

Unless specified herein, all correspondence and notice required by this Consent Judgment shall be in writing and sent by: (i) personal delivery; (ii) first-class, registered, or certified mail, return receipt requested; or (iii) a recognized overnight courier to the following addresses:

| | |
|---|---|
| For Defendant: | For Embry: |
| Will Wagner<br>Greenberg Traurig, LLP<br>1201 K St., Suite 1100<br>Sacramento, CA 95814 | Noam Glick<br>Glick Law Group, PC<br>225 Broadway, 21st Floor<br>San Diego, CA 92101 |

Any Party may, from time to time, specify in writing to the other, a change of address to which all notices and other communications shall be sent.

**9.   COUNTERPARTS; FACSIMILE SIGNATURES**

This Consent Judgment may be executed in counterparts and by facsimile signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

**10.   POST EXECUTION ACTIVITIES**

Embry agrees to comply with the reporting form requirements referenced in Health and Safety Code section 25249.7(f). The Parties further acknowledge that, pursuant to Health and Safety Code section 25249.7(f), a noticed motion is required to obtain judicial approval of the settlement, which motion Embry shall draft and file. In furtherance of obtaining such approval, the Parties agree to mutually employ their best efforts, including those of their counsel, to support the entry of this agreement as judgment, and to obtain judicial approval of their settlement in a timely manner. For purposes of this Section, "best efforts" shall include, at a minimum, supporting the motion for approval, responding to any objection that any third-party may make, and appearing at the hearing before the Court if so requested.

**11.   MODIFICATION**

This Consent Judgment may be modified only by: (i) a written agreement of the Parties and entry of a modified consent judgment thereon by the Court; or (ii) a successful motion or application of any Party, and the entry of a modified consent judgment thereon by the Court.

**12.   AUTHORIZATION**

The undersigned are authorized to execute this Consent Judgment and acknowledge that they have read, understand, and agree to all of the terms and conditions contained herein.

**13.   GOOD FAITH ATTEMPT TO RESOLVE DISPUTES**

If a dispute arises with respect to either Party's compliance with the terms of this Consent Judgment entered by the Court, the Parties shall meet and confer in person, by telephone, and/or in writing and endeavor to resolve the dispute in an amicable manner. No action or motion may be filed in the absence of such a good faith attempt to resolve the dispute beforehand.

14. **ENTIRE AGREEMENT**

This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter herein, and any and all prior discussions, negotiations, commitments, and understandings related hereto. No representations, oral or otherwise, express or implied, other than those contained herein have been made by any Party. No other agreements, oral or otherwise, unless specifically referred to herein, shall be deemed to exist or to bind any Party.

| AGREED TO: | AGREED TO BY ELEVATION BRANDS, LLC: |
|---|---|
| Date: April 22, 2019 | Date: 2019-04-17 |
| By: _____ | By: _____ |
| KIM EMBRY | Michael Detlefsen, Board Chair |