# EXHIBIT 7

FILED
ALAMEDA COUNTY
FEB 0 4 2022
CLERK OF THE SUPERIOR COURT
By_____ Deputy

**GLICK LAW GROUP, P.C.**
Noam Glick (SBN 251582)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 382-3400
Fax: (619) 393-0154
Email: noam@glicklawgroup.com

**NICHOLAS & TOMASEVIC, LLP.**
Craig M. Nicholas (SBN 178444)
Jake Schulte (SBN 293777)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for Plaintiff
Environmental Health Advocates, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARE FOODS LIMITED, a Canadian corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. RG21092929 <br><br> [~~PROPOSED~~] CONSENT JUDGMENT <br><br> (Health & Safety Code § 25249.6 *et seq.* and Code Civ. Proc. § 664.6) |

## 1. INTRODUCTION

### 1.1 Parties

This Consent Judgment is entered into by and between Environmental Health Advocates, Inc., ("EHA" or "Plaintiff") and Dare Foods Limited ("Defendant" or "Dare Foods") with EHA and Dare Foods each individually referred to as a "Party" and collectively referred to as the "Parties."

### 1.2 Plaintiff

EHA is a corporation organized in the state of California, acting in the interest of the general public. It seeks to promote awareness of exposures to toxic chemicals and to improve human health by reducing or eliminating hazardous substances contained in consumer products.

### 1.3 Defendant

Dare Foods employs ten or more individuals and is a "person in the course of doing business" for purposes of the Safe Drinking Water and Toxic Enforcement Act of 1986, Health and Safety Code section 25249.6 *et seq.* ("Proposition 65").

### 1.4 General Allegations

EHA alleges that Dare Foods manufactures, imports, sells, and distributes for sale Lesley Stowe Raincoast Crisps Gingerbread and Spiced Pear Crackers that contain acrylamide. EHA further alleges that Dare Foods does so without providing a sufficient health hazard warning as required by Proposition 65 and related Regulations. Pursuant to Proposition 65, acrylamide is listed as a chemical known to cause cancer, birth defects and other reproductive harm.

### 1.5 Notice of Violation

On or around December 31, 2020, EHA served Dare Foods, Whole Foods Market California, Inc., the California Attorney General, and all other required public enforcement agencies with a 60-Day Notice of Violation of Proposition 65 ("Notice"). The Notice alleged that Dare Foods had violated Proposition 65 by failing to sufficiently warn consumers in California of the health hazards associated with exposures to acrylamide contained in Lesley Stowe Raincoast Crisps Gingerbread and Spiced Pear Crackers.

No public enforcer has commenced or is otherwise prosecuting an action to enforce the violation alleged in the Notice.

**1.6 Product Description**

The products covered by this Consent Judgment are Lesley Stowe crisps including but not limited to Lesley Stowe Raincoast Crisps Gingerbread and Spiced Pear Crackers manufactured or processed by Dare Foods that allegedly contain acrylamide and are imported, sold, shipped, delivered, or distributed for sale to consumers in California by Releasees (as defined in section 4.1) ("Covered Products").

**1.7 State of the Pleadings**

On or around March 24, 2021, EHA filed a Complaint against Dare Foods for the alleged violation of Proposition 65 that are the subject of the Notice. ("Complaint").

**1.8 No Admission**

Dare Foods denies the material factual and legal allegations of the Notice and Complaint and maintains that all of the Covered Products it has manufactured, imported, sold, and/or distributed for sale in California, including Covered Products, have been, and are, in compliance with all laws. Nothing in this Consent Judgment shall be construed as an admission of any fact, finding, conclusion of law, issue of law, or violation of law, nor shall compliance with this Consent Judgment be construed as an admission of any fact, finding, conclusion of law, issue of law, or violation of law. This Section shall not, however, diminish or otherwise affect Dare Foods' obligations, responsibilities, and duties under this Consent Judgment.

**1.9 Jurisdiction**

For purposes of this Consent Judgment and the Complaint only, the Parties stipulate that this Court has jurisdiction over Dare Foods as to the allegations in the Complaint, that venue is proper in the County of Alameda, and that the Court has jurisdiction to enter and enforce the provisions of this Consent Judgment pursuant to Proposition 65 and Code of Civil Procedure section 664.6.

**1.10 Effective Date and Compliance Date**

For purposes of this Consent Judgment, the term "Effective Date" means the date on which the Court grants the motion for approval of this Consent Judgment, as discussed in Section 5. The "Compliance Date" is the date that is six (6) months after the Effective Date,

provided that the Compliance Date may be extended up to an additional four (4) months by Dare Foods notifying EHA at least thirty (30) days before the Compliance Date that good cause exists for such extension. If EHA believes in good faith that such extension is without basis, EHA shall notify Dare Foods of such determination and the parties shall meet and confer to resolve the dispute.

2. **INJUNCTIVE RELIEF**

2.1 **Reformulation of Covered Products**

Except as otherwise provided herein, any Covered Products that are manufactured by Dare Foods on and after the Compliance Date that Dare Foods sells in California or distributes for sale in California shall not exceed 350 parts per billion ("ppb") for acrylamide on average of 3 units, and not exceed 490 ppb for any one unit, using tests performed by a laboratory accredited by the State of California, a federal agency, or a nationally recognized accrediting organization, using LC-MS/MS (Liquid Chromatograph-Mass Spectrometry), unless such Covered Products comply with the warning requirements of Section 2.2. As used in this Section 2, "distributed for sale in California" means to directly ship Covered Products into California or to sell Covered Products to a distributor Dare Foods knows will sell Covered Products in California.

2.2 **Clear and Reasonable Warnings**

For Covered Products that contain acrylamide in a concentration exceeding the 350 ppb level set forth in section 2.1 above, and which are manufactured and packaged for distribution for authorized sale or use in California on or after the Effective Date, Dare Foods shall provide one of the following warning statements.

**Option 1:**

> **WARNING:** This product can expose you to chemicals including Acrylamide, which is known to the State of California to cause cancer, birth defects or other reproductive harm. For more information go to www.P65Warnings.ca.gov.

**Option 2:**

> **WARNING:** Cancer and Reproductive Harm – www.P65Warnings.cs.gov

This warning statement shall be prominently displayed on the Covered Products, on the packing of the Covered Products, or on a placard, shelf tag, or sign provided that the statement is displayed with

such conspicuousness, as compared with other words, statements, or designs as to render it likely to be read and understood by an ordinary individual prior to sale. If the warning statement is displayed on the Covered Products' label, it must be set off from other surrounding information. The same warning shall be posted on any websites under the exclusive control of Dare Foods where Covered Products are sold into California.

### 2.3 Sell-Through Period

Notwithstanding anything else in this Consent Judgment, the Covered Products that are manufactured on or prior to the Compliance Date shall be subject to release of liability pursuant to this Consent Judgment, without regard to when such Covered Products were, or are in the future, distributed or sold to customers. As a result, the obligation of Dare Foods, or any Releasees (if applicable), do not apply to these Covered Products manufactured on or prior to the Compliance Date.

## 3. MONETARY SETTLEMENT TERMS

### 3.1 Settlement Amount

Dare Foods shall pay fifty thousand dollars ($50,000.00) in settlement and total satisfaction of all the claims referred to in the Notice, the Complaint, and this Consent Judgment. This includes civil penalties in the amount of five thousand dollars ($5,000.00) pursuant to Health and Safety Code section 25249.7(b) and attorneys' fees and costs in the amount of forty-five thousand dollars ($45,000.00) pursuant to Code of Civil Procedure section 1021.5.

### 3.2 Civil Penalty

The portion of the settlement attributable to civil penalties shall be allocated according to Health and Safety Code section 25249.12(c)(1) and (d), with seventy-five percent (75%) of the penalty. Three thousand seven hundred and fifty dollars ($3,750.00), paid to the California Office of Environmental Health Hazard Assessment ("OEHHA"), and the remaining twenty-five percent (25%) of the penalty, one thousand two hundred and fifty dollars ($1,250.00), paid to EHA individually. These payments will be sent to the below addresses within ten (10) days of the Effective Date.

All payments owed to EHA shall be delivered to the following address:

Environmental Health Advocates
225 Broadway, Suite 1900
San Diego, CA 92101

All payments owed to OEHHA (EIN: 68-0284486) shall be delivered directly to OEHHA (Memo Line "Prop 65 Penalties") at the following addresses:

For United States Postal Service Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
P.O. Box 4010
Sacramento, CA 95812-4010

For Federal Express 2-Day Delivery:

Mike Gyurics
Fiscal Operations Branch Chief
Office of Environmental Health Hazard Assessment
1001 I Street
Sacramento, CA 95814

Dare Foods agrees to provide EHA's counsel with a copy of the check payable to OEHHA, simultaneous with its penalty payments to EHA.

Plaintiff and its counsel will provide completed IRS 1099, W-9, or other tax forms as required. Relevant information is set out below:

- "Glick Law Group" (EIN: 47-1838518) at the address provided in Section 3.2(a)(i);

- "Nicholas & Tomasevic" (EIN: 46-3474065) at the address provided in Section 3.2(a)(i); and

- "Office of Environmental Health Hazard Assessment" 1001 I Street, Sacramento, CA 95814.

### 3.3 Attorneys' Fees and Costs

The portion of the settlement attributable to attorneys' fees and costs, forty-five thousand dollars ($45,000.00), shall be paid to EHA's counsel, who are entitled to attorneys' fees and costs incurred by it in this action, including but not limited to investigating potential violations, bringing this matter to Dare Foods's attention, as well as litigating and negotiating a settlement in the public interest.

Dare Foods shall provide their payment to EHA's counsel in two installments. The first installment shall be in the amount of seventeen thousand five hundred dollars ($17,500.00), payable to

Glick Law Group, PC and seventeen thousand five hundred dollars ($17,500.00), payable to Nicholas & Tomasevic, LLP, respectively. The second installment shall be in the amount of five thousand dollars ($5,000.00), payable to Glick Law Group, PC, and five thousand dollars ($5,000.00), payable to Nicholas & Tomasevic, LLP, respectively. If the first installment of thirty-five thousand dollars ($35,000.00) is paid on time, then the second installment of ten thousand dollars ($10,000.00) shall be deemed waived by EHA and EHA's counsel. The addresses for these two entities are:

> Noam Glick
> Glick Law Group
> 225 Broadway, 19th Floor
> San Diego, CA 92101
>
> Craig Nicholas
> Nicholas & Tomasevic, LLP
> 225 Broadway, 19th Floor
> San Diego, CA 92101

### 3.4   Timing

The civil penalty payment and first installment of the above-mentioned attorney's fee payments shall be sent within sixty (60) days of the Effective Date, but in no event shall the payment be sent after February 1, if the judgment has been entered before that date. If the deadline is on Sunday or holiday, it will be extended until the next day that is not a holiday. Unless waived in accordance with Section 3.3, the second installment shall be sent within thirty (30) days of the first installment payment.

## 4.   CLAIMS COVERED AND RELEASED

### 4.1   EHA's Public Release of Proposition 65 Claims

For any claim or violation arising under Proposition 65 alleging a failure to warn about exposures to acrylamide from Covered Products manufactured, imported, sold, or distributed by Dare Foods prior to the Compliance Date, EHA, acting for the general public, releases Dare Foods of any and all liability arising under Proposition 65. This includes Dare Foods's owners, parents, subsidiaries, affiliated entities under common ownerships, its directors, officers, agents, employees, attorneys, and each entity to whom Dare Foods directly or indirectly distributes or sells Covered Products, including but not limited to downstream distributors,

wholesales, customers, retailers, franchisees, cooperative members and licensees, (collectively, the "Releasees"). Releasees include defendants, their parents, and all subsidiaries and affiliates thereof and their respective employees, agents, and assigns that sell Dare Foods's Covered Products. Compliance with the terms of this Consent Judgment constitutes compliances with Proposition 65 with respect to the alleged or actual failure to warn about exposures to acrylamide from Covered Products manufactured, imported, sold, or distributed by Dare Foods after the Compliance Date. This Consent Judgment is a full, final, and binding resolution of all claims under Proposition 65 that were or could have been asserted against Dare Foods and/or Releasees for failure to provide warnings required under Proposition 65 for alleged exposure to acrylamide contained in Covered Products.

### 4.2 EHA's Individual Release of Claims

EHA, in its individual capacity, also provides a release to Dare Foods and/or Releasees, which shall be a full and final accord and satisfaction of, as well as a bar to, all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of every nature, character, and kind, whether known or unknown, suspected or unsuspected, arising out of alleged or actual exposures to acrylamide in Covered Products manufactured, imported, sold, or distributed by Dare Foods before the Compliance Date.

### 4.3 Dare Foods's Release of EHA

Dare Foods on its own behalf, and on behalf of Releasees as well as its past and current agents, representatives, attorneys, successors, and assignees, hereby waives any and all claims against EHA and its attorneys and other representatives, for any and all actions taken or statements made by EHA and its attorneys and other representatives, whether in the course of investigating claims, otherwise seeking to enforce Proposition 65 against them, in this matter or with respect to the Covered Products.

## 5. COURT APPROVAL

This Consent Judgment is not effective until it is approved by the Court and shall be null and void if it is not approved by the Court within one year after it has been fully executed by the Parties, or by such additional time as the Parties may agree to in writing.

## 6. SEVERABILITY

Subsequent to the Court's approval and entry of this Consent Judgment, if any provision is held

by a court to be unenforceable, the validity of the remaining provisions shall not be adversely affected.

7. **GOVERNING LAW**

The terms of this Consent Judgment shall be governed by the laws of the state of California as applied within the state of California. In the event that Proposition 65 is repealed, or is otherwise rendered inapplicable for reasons, including but not limited to changes in the law, then Dare Foods may provide written notice to EHA of any asserted change, and shall have no further injunctive obligations pursuant to this Consent Judgment with respect to, and to the extent that, the Covered Products are so affected.

In the event the California Office of Health Hazard Assessment adopts a regulation or safe use determination, or issues an interpretive guideline that exempts Covered Products from meeting the requirements of Proposition 65; or if the Ninth Circuit Court of Appeals upholds the District Court decision to grant a preliminary injunction in *California Chamber of Commerce v. Becerra*, No. 2:19-cv-01019-KJM-JDP (E.D. Cal.); or if Proposition 65 is determined to be preempted by federal law or a burden on First Amendment rights with respect to acrylamide in Covered Products or Covered Products substantially similar to Covered Products, then Dare Foods shall be relieved of its obligation to comply with Section 2 herein.

8. **NOTICE**

Unless otherwise specified herein, all correspondence and notice required by this Consent Judgment shall be in writing and sent by: (i) personal delivery; (ii) first-class, registered, or certified mail, return receipt requested; or (iii) a recognized overnight courier to the following addresses:

If to Dare Foods:

William Tarantino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

If to EHA:

Noam Glick
Glick Law Group, PC
225 Broadway, 19th Floor
San Diego, CA 92101

Any Party may, from time to time, specify in writing to the other, a change of address to which notices, and other communications shall be sent.

## 9. COUNTERPARTS; DIGITAL SIGNATURES

This Consent Judgment may be executed in counterparts and by facsimile signature, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

## 10. POST EXECUTION ACTIVITIES

EHA agrees to comply with the reporting form requirements referenced in Health and Safety Code section 25249.7(f). The Parties further acknowledge that, pursuant to Health and Safety Code section 25249.7(f), a noticed motion is required to obtain judicial approval of the settlement, which motion EHA shall draft and file. In furtherance of obtaining such approval, the Parties agree to mutually employ their best efforts, including those of their counsel, to support the entry of this agreement as judgment, and to obtain judicial approval of their settlement in a timely manner. For purposes of this Section, "best efforts" shall include, at a minimum, supporting the motion for approval, responding to any objection that any third-party may make, and appearing at the hearing before the Court if so requested.

## 11. MODIFICATION

This Consent Judgment may be modified by: (i) a written agreement of the Parties and entry of a modified consent judgment thereon by the Court; or (ii) a successful motion or application of any Party, and the entry of a modified consent judgment thereon by the Court.

## 12. AUTHORIZATION

The undersigned are authorized to execute this Consent Judgment and acknowledge that they have read, understand, and agree to all of the terms and conditions contained herein.

## 13. GOOD FAITH ATTEMPT TO RESOLVE DISPUTES

If a dispute arises with respect to either Party's compliance with the terms of this Consent Judgment entered by the Court, the Parties shall meet and confer in person, or by telephone, and/or in writing and endeavor to resolve the dispute in an amicable manner. No action or motion may be filed in the absence of such a good faith attempt to resolve the dispute beforehand.

## 14. ENTIRE AGREEMENT

This Consent Judgment contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter herein, and any and all prior discussions, negotiations, commitments, and understandings related hereto. No representations, oral or otherwise, express or implied, other than those contained herein have been made by any Party. No other agreements, oral or otherwise, unless specifically referred to herein, shall be deemed to exist or to bind any Party.

**AGREED TO:**

Date: September 10, 2021

By: _____
ENVIRONMENTAL HEALTH
ADVOCATES, INC.

**AGREED TO:**

Date: September 9, 2021

By: _____
DARE FOODS LIMITED

**IT IS SO ORDERED.**

Date: 2/4/21

_____
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/07/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>M. Gonzales |
| PLAINTIFF/PETITIONER:<br>Environmental Health Advocates, Inc. | |
| DEFENDANT/RESPONDENT:<br>Dare Foods Limited et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21092929 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Consent Judgment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Hayward, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

James Turner Wells-Blaxter
Blaxter | Blackman LLP
601 California Street
Suite 1505
San Francisco, CA 94108-

Noam Glick
Glick Law Group, PC
225 Broadway, Suite 1900
San Diego, CA 92101-

William F. Tarantino
Morrison & Foerster LLP
425 Market Street, Suite 3300
San Francisco, CA 94105-2482

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/07/2022

By:

Chad Finke, Executive Officer / Clerk of the Court

M. Gonzales, Deputy Clerk

**CERTIFICATE OF MAILING**