# EXHIBIT 8

# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Matthew Borden, Esq.**
Partner
borden@braunhagey.com

February 6, 2023

**VIA EMAIL & FIRST CLASS U.S. MAIL**

Craig M. Nicholas, Esq.
Shaun Markley, Esq.
Jake W. Schulte, Esq.
Nicholas & Tomasevic, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Noam Glick, Esq.
Glick Law Group, P.C.
225 Broadway, Suite 2100
San Diego, CA 92101
Email: noam@glicklawgroup.com

> **Re:**  **February 3, 2023 Meet and Confer and Defendants' Ongoing Refusal to Provide Information –** ***B&G Foods North America, Inc. v. Kim Embry, et al.*,** **Case No. 2:20-CV-00526-KJM-DB (E.D. Cal.)**

Dear Mr. Schulte:

Reference is made to our January 30, 2023 letter concerning various evidentiary gaps in Defendants' proposed Rule 11 letter, and requesting prompt production of information that would assist B&G Foods in its evaluation and response to that motion.  Thank you for speaking with my colleagues and me on February 3, 2023, to discuss those issues.  On the call, you said that you were still discussing with your clients whether you would produce the withheld documents and information, including those relating to the submission of the underlying Certificates of Merit and your correspondence with the testing laboratory.  The purpose of this letter is to memorialize our conversation and to encourage Defendants to produce such materials.

***First***, you explained that Certificates of Merit are uploaded to the Attorney General via an online portal. You said that ordinarily, this upload includes the Notice of Violation, the Certificate of Merit, and an expert report. You also explained that when a certificate of merit is uploaded, the Attorney General emails back some type of confirmation.  As noted in B&G Foods' complaint, Defendants and their counsel repeatedly have been forced to withdraw NOVs and admit their failure to file proper documentation with the state – but only after causing

**San Francisco**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel.: (415) 599-0210
Fax: (415) 276-1808

**New York**
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel.: (646) 829-9403
Fax: (646) 403-4089

February 6, 2023
Page 2

businesses like B&G Foods to expend resources defending and responding to such actions. (SAC ¶¶ 168–80)

On our call, you stated that you were unsure if the Attorney General provided any receipt immediately upon the Attorney General receiving the submission. You also indicated that you did not know if there had been any other correspondence between your clients and the Attorney General regarding the underlying Notices of Violation in general or Certificates of Merit in particular.  You also indicated that you were unaware of the actual documentation that may or may not exist regarding Defendants' submissions in this case.

Obviously if Defendants cannot provide documentation supporting the allegations set forth in their Rule 11 motion, they should not file that motion.  If Defendants have such documentation to support their factual assertion that they timely submitted a fully compliant Certificate of Merit in the underlying action, we ask that you please provide us copies of all such communications.

***Second***, as part of requesting materials related to the Certificate of Merit, we reiterated the request in our January 30, 2023 letter that Defendants provide documentation regarding written expert reports that would have had to exist prior to filing any NOV to support their allegation that they had submitted a fully compliant Certificate of Merit. We again request that Defendants promptly provide such materials (including metadata relating to their actual receipt and/or transmission), if it exists, or else withdraw such allegations from Defendants' proposed motion.

***Third***, we discussed the testing that Defendants claimed to have done and their efforts to preserve the underlying samples of B&G Foods' products. In specific, we requested that Defendants produce their laboratory test order forms. You indicated that you were unaware of how testing is requested in these cases, but would ask your client about this. Given that your underlying client in one of the cases, Ms. Embry, also professed not to know how such materials may have been handled or tested or preserved, we are unsure who you would even ask.

We also inquired whether your clients had any correspondence with the laboratory regarding the preservation of samples after testing. You stated that you "did not know."

When we finished the call, you said that you would check with your clients to see if any of the documents we discussed on the call existed and would be produced, along with the other documents listed in our letter. As I also explained on our call, if Defendants do not produce these documents, we intend to raise this issue with Judge Mueller in our opposition/counter-request for sanctions. We ask that, no later than February 7, 2023, Defendants confirm (1) if any of the above-referenced documents exist and are in the possession, custody, or control of your clients and (2) whether your clients will produce any of those documents, even if in redacted form to account for any supposed privilege claim, along with a privilege log.

All rights reserved.

February 6, 2023
Page 3

Very truly yours,

Matthew Borden

# NICHOLAS & TOMASEVIC LLP

### ATTORNEYS AT LAW

Tel: 619-325-0492                                                                    225 Broadway, 19th Floor
Fax: 619-325-0496                                                                    San Diego, CA 92101

February 7, 2023

**VIA E-MAIL ONLY**

Matthew Borden
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
borden@braunhagey.com
hagey@braunhagey.com
kwasniewski@braunhagey.com
hainline@braunhagey.com
petraglia@braunhagey.com

> **Re:**    ***B&G Foods North America, Inc. v. Kim Embry / EHA***
> **Case No. 2:20-cv-00526-KJM-DB (E.D. Cal.)**
> **Defs.' Resp. to Pl.'s M&C Letter dated February 6, 2023**

Mr. Borden:

I write in response to your February 6, 2023, letter where you attempt to memorialize our February 3, 2023, call and repeat many of the same points articulated in Mr. Kwasniewski's January 30, 2023, letter, which Defendants previously responded via email on February 2, 2023. As an initial matter, and despite Defendants' repeated requests, at no time since your colleague's initial correspondence has B&G provided any authority (e.g., case law, FRCP, local rules, standing orders, etc.) suggesting that Defendants are under any obligation to produce the requested documents after pre-serving their Rule 11 papers. Hence, Defendants interpret B&G's demand for production to be an entirely voluntary request.

Defendants maintain they have no obligation to voluntarily produce any documents, or that the universe of documents requested by B&G have any relevance to deciding Defendants' Rule 11 motion. Indeed, such a production would appear contrary to one of the main inquiries of Defendants' sanctions motion – i.e., whether *B&G and/or its attorneys* conducted a reasonable and competent investigation *prior* to filing the operative complaint. In yesterday's letter, B&G regrettably confirmed Defendants' suspicion that its document request is nothing more than a "setup," designed to bolster its argument in opposition papers – i.e., that Defendants are hiding something, or that a conspiracy is afoot between Defendants and the California Attorney General's Office ("AG") and/or Defendants' laboratory. *See* B&G's Feb. 6th Letter (threatening that "if Defendants do not produce these documents, we intend to raise this issue with Judge Mueller in our opposition/counter-request for sanctions.")

February 7, 2023
*B&G Foods North America, Inc. v. Embry/EHA*
Page 2

_____

Notwithstanding the above, and reserving all rights, Defendants hereby attach two "Confirmations" from the AG concerning the Embry (AG No. 2019-00765, "SnackWell's Devil's Food Fat Free Cookie Cakes") and EHA (AG No. 2020-02646, "SnackWell's Chocolate Crème Sandwich Cookies") 60-day Notices of Violation of Proposition 65 at issue in B&G's suit. By way of background, these confirmations are sent from the AG upon the private enforcer inputting all the required information and documents as a prerequisite to initiating a private enforcement action which, as you know and as was done here, starts with the issuance a 60-day notice letter. *See* https://oag.ca.gov/prop65/add-60-day-notice (listing all the information and documents required from the AG to initiate the 60-day notice process and, once completed, results in the AG sending a confirmation of receipt).

After a reasonable search and diligent inquiry, Defendants found no correspondence from the AG (outside of these Confirmations) concerning the subject NOVs. This is unremarkable since the AG's role is primarily focused on front and back-end review of private enforcement actions – i.e., confirming the private enforcer satisfied the initial requirements to issue an NOV, and then to review any settlement. Regarding B&G's request for expert reports concerning the subject NOVs, that information and documentation is already equally available. *See* Defs' RJN iso MTD and Motion for Sanctions, Exhs. C-D. Likewise, these same documents, which are publicly available on the AG's website, contain Defendants' laboratory reports for the subject cookie products. *Id.* Finally, as it relates to B&G's inquiry into "spoliation," Defendants direct B&G to pages 7-8 of their pre-served Rule 11 Points and Authorities where this issue is discussed.

We hope B&G utilizes these next couple of days (before Defendants file their Rule 11 motion on February 9, 2023) to seriously contemplate dismissing its frivolous (and sanctionable) lawsuit, with prejudice, before any further time and expense is wasted, and before B&G and/or your firm is ordered to pay sanctions including, but not limited to, Defendants' attorneys' fees and costs.

Sincerely,
**NICHOLAS AND TOMASEVIC, LLP**

Jake W. Schulte, Esq.
Counsel for Defendants

Attachments: AG "Confirmations"

# EXHIBIT A

State *of* California Department *of* Justice        



# XAVIER BECERRA

## *Attorney General*

|  | Search |
|---|---|

Translate Website | Traducir Sitio Web

# Confirmation

---

- 60 Day Notice Record *60 Day Notice 2019-00765* has been created. ✕
- The following information was submitted and will be available to the public after review and publication by the Proposition 65 Coordinator.

  Thank you for filing online. You may print this for your record by clicking the Print button below.

---

**AG Number:** 2019-00765

**Notice PDF:** 📄 2019-00765.pdf

**Date Filed:** 04/22/2019

**Noticing Party:** Kim Embry

**Plaintiff Attorney:** Noam Glick

**Alleged Violators:** Back to Nature Foods Co., LLC

                Ralph's Grocery Company

**Chemicals:** Acrylamide

**Source:** Snack Well's Devil's Food Fat Free Cookie Cakes

# Proposition 65

Proposition 65 Home

Search 60-Day Notice

File a 60-Day Notice

AG Regulations

AG Letters

AG Litigation

Annual Settlement Reports

List of Chemicals

Electronic Service

FAQs

Contact Us

# Electronic Filing

## COMPLAINTS | SETTLEMENTS | JUDGMENTS

This electronic reporting process replaces the filing of hard copy forms to report Proposition 65 private enforcement actions to the Attorney General.

The on-line reporting system is launched from the *Search 60-Day Notice* page. Instructions are available to help you through the process.

NOTE: You must still mail all motions, supporting papers and exhibits to be served on the Attorney General 45 days prior to the date of hearing until further notice.



**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

| | Search |
|---|---|

---

**WHO WE ARE**

About AG Xavier Becerra

History of the Office

Organization of the Office

## WHAT WE DO

Public Safety

Opinions and Quo Warranto

Research

Children & Families

Civil Rights

Consumer Protection

Environment & Public Health

Tobacco Directory

Tobacco Grants

## OPEN GOVERNMENT

Ballot Initiatives

Conflicts of Interest

Criminal Justice Statistics

Meetings and Public Notices

OpenJustice Initiative

Public Records

Publications

Regulations

## Memorial

Agents Fallen in the Line of Duty

## Vote

Register to Vote

## WHAT WE'RE WORKING ON

21st Century Policing

Children's Rights

Consumer Protection and Economic Opportunity

Environmental Justice

Equality

Health Care

Immigration

OpenJustice

## MEDIA

Consumer Alerts

Press Releases

Media Library

## CAREERS

Getting a State Job

Examinations

Job Vacancies

Internships & Student Positions

Attorney General's Honors Program

Earl Warren Solicitor General Fellowship

Office of the Attorney General     Accessibility     Privacy Policy     Conditions of Use     Disclaimer

© 2019 DOJ

# EXHIBIT B

State *of* California Department *of* Justice



# **XAVIER BECERRA**

*Attorney General*

# **Confirmation**

- 60 Day Notice Record *60 Day Notice 2020-02646* has been created.
- The following information was submitted and will be available to the public after review and publication by the Proposition 65 Coordinator.

  Thank you for filing online.  You may print this for your record by clicking the Print button below.

 ✕

**AG Number:** 2020-02646

**Notice PDF:** 📄 2020-02646.pdf

**Date Filed:** 10/08/2020

**Noticing Party:** Environmental Health Advocates

**Plaintiff Attorney:** Glick Law Group, PC

**Alleged Violators:** B&G Foods North America, Inc.

       Amazon.com, Inc.

**Chemicals:** Acrylamide

**Source:** SnackWell's Chocolate Creme Sandwich Cookies

Office of the Attorney General Accessibility Privacy Policy Conditions of Use Disclaimer

© 2020 DOJ

| | |
|---|---|
| **From:** | Matt Borden |
| **To:** | Jake Schulte; Samuel Ridge; Craig Nicholas; Shaun Markley; Noam Glick |
| **Cc:** | Noah Hagey; Forrest Hainline; David Kwasniewski; Robert Petraglia |
| **Subject:** | RE: B&G Foods North America, Inc. v. Kim Embry, et al., Case No. 2:20-CV-00526-KJM-DB (E.D. Cal.) |
| **Date:** | Tuesday, February 7, 2023 8:54:35 PM |

Mr. Schulte,

We are in receipt of your February 7, 2023 letter, which responds to our February 6, 2023 and January 30, 2023 letters. However, your letter largely ignores the questions we raise and does not provide any documents showing that Defendants timely submitted complete Certificates of Merit or requested their laboratory preserve the evidence on which they predicated their lawsuits against B&G Foods.

In specific, while Defendants' letter encloses what purport to be acknowledgements from the Attorney General regarding NOVs Defendants filed against B&G Foods, these acknowledgements do not indicate what was actually included in those submissions, such as the alleged expert "reports" that Defendants repeatedly stated did not exist and then suddenly materialized approximately three years after the NOVs were filed. It could have been easy to provide evidence that such material actually existed at the time the NOVs were prepared and filed with the AG's office. Instead Defendants have elected not provide that information as well, again asking that the Court make detailed factual conclusions based on suspicious and contested factual assertions.

Your letter also fails to enclose any correspondence between Defendants and their testing laboratory regarding the preservation of evidence or even indicate that Defendants attempted to search for such documentation.  Again, given that Defendants' lab, which they have long used and which has suffered numerous and disqualifying problems, repeatedly destroyed critical evidence, is facial grounds supporting the sham nature of Defendants' unconstitutional efforts to extort our client.

We again remind you that filing this motion will result in B&G Foods' cross-motion for monetary and other sanctions. We encourage Defendants to rethink this course of conduct.

All rights reserved.

Matt

Matthew Borden
B R A U N **H A G E Y** & B O R D E N  LLP
Office:  (415) 599-0212

**From:** Jake Schulte <JSchulte@nicholaslaw.org>
**Sent:** Tuesday, February 7, 2023 6:40 PM
**To:** Samuel Ridge <ridge@braunhagey.com>; Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>; Noam Glick <noam@glicklawgroup.com>
**Cc:** Noah Hagey <hagey@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Forrest

Hainline <hainline@braunhagey.com>; David Kwasniewski <kwasniewski@braunhagey.com>; Robert Petraglia <Petraglia@braunhagey.com>
**Subject:** RE: B&G Foods North America, Inc. v. Kim Embry, et al., Case No. 2:20-CV-00526-KJM-DB (E.D. Cal.)

**\*\*\* EXTERNAL MESSAGE \*\*\***

Counsel,

Please see the attached correspondence.

Jake W. Schulte, Esq
**Nicholas & Tomasevic, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile:  (619) 325-0496
Email: **jschulte@nicholaslaw.org**

*NOTICE: This message is a PRIVATE communication, and may contain matters that are subject to privilege under the ATTORNEY-CLIENT and/or the ATTORNEY WORK PRODUCT doctrines. If you are not the intended recipient, please do not read, copy, or use it, and do not disclose it to others. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.*

---

**From:** Samuel Ridge <ridge@braunhagey.com>
**Sent:** Monday, February 6, 2023 6:39 PM
**To:** Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>; Jake Schulte <JSchulte@nicholaslaw.org>; Noam Glick <noam@glicklawgroup.com>
**Cc:** Noah Hagey <hagey@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Forrest Hainline <hainline@braunhagey.com>; David Kwasniewski <kwasniewski@braunhagey.com>; Robert Petraglia <Petraglia@braunhagey.com>
**Subject:** B&G Foods North America, Inc. v. Kim Embry, et al., Case No. 2:20-CV-00526-KJM-DB (E.D. Cal.)

[External Email]

Counsel,

Attached please find correspondence pertaining to the above-captioned matter. Hard copies to follow via first class mail.

Kind regards,
Samuel Ridge
Litigation Legal Assistant
**B R A U N HAGEY & B O R D E N** LLP
Direct:  (415) 796-0701

**San Francisco**

351 California St., 10th Floor
San Francisco, CA 94104
Tel. (415) 599-0210
Fax. (415) 276-1808

**New York**

118 W 22nd Street, 12th Floor
New York, NY 10011
Tel. (646) 829-9403
Fax. (646) 403-4089

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.