# EXHIBIT 9




April 6, 2021

Braunhagey & Borden, LLP
Attn: David H. Kwasniewski
351 California St., 10th Floor
San Francisco, CA 94104
Phone: (415)-963-4460
Email: Kwasniewski@braunhagey.com

Glick Law Group
Attn: Noam Glick
225 Broadway, Suite 1900
San Diego, California 9210
Phone: 619-382-3400
Email: noam@glicklawgroup.com

RE: *Embry v. B&G Foods North America, et al.*
Superior Court of California, County of Alameda, Case No. RG20057491
Deposition Subpoena for Production of Business Records

Counsels of Record:

Institute for Environmental Health, Inc. d/b/a IEH Laboratories & Consulting Group (IEH) received a letter from David Kwasniewski, Esq dated April 1, 2021 delivering notice of an additional litigation hold request in this case and making serious allegations of misconduct and spoliation by IEH. These points are each addressed below.

**Litigation Hold**

IEH will issue a 30 day litigation hold on documents in the following list. The hold will be extended when a valid subpoena is received. The litigation hold will cover:

- B&G Foods North America, Inc.
- Kim Embry
- Glick Law Group P.C.
- Nicholas & Tomasevic LLP
- Noam Glick
- Craig Nicholas
- Environmental Health Advocates
- Snackwell's Devil's Food Cookie Cakes
- N.Y. Flatbread
- Any testing for acrylamide on behalf or at the request of the California State Actors, including any documents or communications reflecting the accuracy or inaccuracy of such testing




- Any communications with the California State Actors regarding the lawsuit Embry v. B&G Foods North America, Inc., Case No. RG20057491, Alameda County Superior Court
- Any communications with the California State Actors regarding the lawsuit Environmental Health Advocates, Inc. v. B&G Foods North America, Inc., RG21086510, Alameda County Superior Court

**Spoliation & Misconduct**

Counsel's letter alleges:

> "At the outset, your repeated assertion that IEH is a "third party" to this litigation is not correct. IEH is paid handsomely, including by Plaintiff's lawyers, to perform tests that it knows full well are used to foment litigation in California and elsewhere. Despite knowing how its tests results are used, IEH routinely destroys the samples it receives for testing, preventing them from being retested and thereby spoliating evidence related to ongoing or anticipated litigation."
>
> "Additionally, as your letter acknowledges, prior to producing any records in this case, IEH coordinated with Plaintiff's lawyers to delay and ultimately refuse to produce the vast bulk of documents responsive to B&G Food's subpoena."

IEH will not waste time to address clear mischaracterization of facts in these statements. However, the serious nature of these allegations do compel a brief response and denial of such characterization. IEH will not tolerate specious claims that result from extreme posturing.

IEH has acted lawfully in all respects. IEH operates a network of laboratories that receive thousands of samples each week. Current storage practices are industry standard and long-term storage of samples would incur additional expense. IEH can say with confidence it was **not** paid to devote scarce laboratory storage space to these perishable samples for the nearly two years between testing and receipt of the subpoena. In fact, the subpoena received February of this year, nearly one year after litigation began, is the first notice documents and samples should be preserved in the captioned matter.

Counsel of record bear the responsibility notifying IEH of preservation requirements. IEH's position is that any issues of spoliation in this case result from case management practices of those attorneys. Further, any delays result from the unproductive conduct of the opposing counsel in this case. IEH arrived at its current posture on the production of remaining responsive documents after consultation with independent, outside counsel and intends to defend against these claims vigorously if pressed by either party. Therefore, IEH fully denies these baseless allegations.




The apparent issue to IEH is that prosecution of this case is conducted in a contentious manner. The animosity between counsels appears to prevent even brief, direct discussion on disputed matters. To IEH's knowledge, as of April 1 neither party has written or conferenced with the other about the possible dispute over the subpoena. However, both sides spared no time and expense to correspond many times with IEH about their respective, and very different, views of the law. Counsels in this case continue to waste resources forcing IEH to be a proxy for their disagreements. Such 'zealous advocacy' is wasteful gamesmanship which the court is likely to disapprove of.

Nonetheless, IEH will spend additional time and effort to extend its current litigation hold out to include more topics out of an abundance of caution. Again, IEH remains ready to produce the remaining documents, subject to any other objections it may make. IEH is disappointed it may waste these efforts because counsels of record do not promptly address each other directly.

If the parties reached a resolution and there is no objection please forward such resolution to IEH's attention so the process may move forward.

Sincerely,

*s/ Beau Backman*

Beau Backman
Junior Corporate Counsel

**cc:** Craig Nicholas, Esq (**Email**)