# EXHIBIT 11

**NICHOLAS & TOMASEVIC, LLP**
　Craig M. Nicholas (SBN 178444)
　Jake Schulte (SBN 293888)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 325-0492
Email: craig@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**GLICK LAW GROUP, PC**
　Noam Glick (SBN 251582)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 382-3400
Fax: (619) 393-0154
Email: noam@glicklawgroup.com

Attorneys for Plaintiff
Environmental Health Advocates, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> B&G FOODS NORTH AMERICA, INC., a Delaware corporation, AMAZON.COM, INC. a Delaware corporation, BERKELEY BOWL PRODUCE, INC., a California Corporation, and DOES 1-100, inclusive, <br><br> Defendants. | **Case No.:** RG21086510 <br><br> **PLAINTIFF ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)** <br><br> **Dept:**　17 <br> **Judge:**　The Honorable Frank Roesch <br><br> **Complaint Filed**: January 22, 2021 <br> **Trial Date**: Not set |

**PROPOUNDING PARTY:** DEFENDANT, B&G FOODS NORTH AMERICA, INC.

**RESPONDING PARTY:** PLAINTIFF, ENVIRONMENTAL HEALTH ADVOCATES, INC.

**SET NUMBER:** ONE (1)

Pursuant to California Code of Civil Procedure ("C.C.P.") § 2031 *et seq.*, Plaintiff ENVIRONMENTAL HEALTH ADVOCATES, INC. ("Plaintiff") provides these responses to Defendant B&G FOODS NORTH AMERICA, INC. ("Defendant") First Set of Form Interrogatories ("Requests"), as follows:

## PRELIMINARY STATEMENT

Responding Party reserves its right to amend, supplement, or otherwise modify its objections as it may hereafter discover new information. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time. However, Plaintiff does not assume any ongoing duty to amend these responses and/or objections. Each response is given subject to any protective order entered or to be entered in this case.

The objections set forth are made solely for purposes of this dispute. Objections as to relevance, materiality and admissibility, and any and all other objections and grounds which would require the exclusion of statements, if such statements were made by a witness present and testifying at court, are expressly reserved and may be interposed at the deposition or at the time of arbitration.

No admissions of any nature whatsoever are to be implied or inferred. The fact that a request here may be responded to should not be taken as an admission, or concession of the existence of any set of facts assumed by such request, or that such response constitutes evidence thus set forth or assumed.

## GENERAL OBJECTIONS

1. Plaintiff has not completed its investigation or analysis of the facts or defenses raised in and related to this action and has not yet completed preparation for trial. The following responses are given without prejudice to Plaintiff's right to produce or disclose, at a later date, subsequent information. Without in any way assuming any obligation to do so, Plaintiff reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time, including at trial, in light of facts determined to be relevant or revealed through discovery, further investigation or further legal analysis. Plaintiff also reserves the right to apply for relief to permit

///

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

the insertion into these responses of any information that has been inadvertently or unintentionally omitted or to introduce such information into evidence at the time of arbitration or trial.

2. Responding Party objects to each request to the extent it seeks the production or disclosure of any information or writing protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, including, but not limited to, the right to privacy of Plaintiff, the deponent, and/or third-parties.

3. Responding Party objects to each request to the extent they seek information, documents, or testimony containing confidential or proprietary information or trade secrets.

4. Responding Party objects to each request to the extent they are vague, overbroad, oppressive, and unreasonably burdensome, that they use terms that are not defined or that lack common meaning, and that they do not appear focused on information that may be relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Responding Party objects to each request to the extent it requests information equally available to the propounding party.

6. Responding Party objects to each request to the extent it requests information that does not exist and is not in the deponent's possession, custody, or control.

7. Responding Party objects to each request to the extent it is overbroad, unreasonably burdensome, and oppressive on the grounds that they require the deponent to produce "any and all" "documents," "communications," and "e-mails."

8. Responding Party objects to each request to the extent it is duplicative, cumulative, and/or repetitive.

9. Responding Party objects to each request to the extent it purports to impose a duty of the deponent to undertake a search for information or documents beyond a diligent search of the locations where documents or information responsive to each request would reasonably be expected to be found.

10. Plaintiff reserves the right to challenge the relevance or admissibility of any of these responses or parts thereof at the trial or other proceeding in this or any other action. All such objections are reserved and may be interposed at the time of trial, arbitration, or other proceeding.

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

11. Responding Party objects to each request to the extent it requires a compilation of documents beyond which is required under the California Code of Civil Procedure.

12. Responding Party objects to the instructions and definitions to the extent, if any, they are vague and ambiguous with respect to this specific case or go beyond the requirements of the California Code of Civil Procedure, the California Rules of Court, or the applicable rules of this Court.

## OBJECTIONS TO DOCUMENT REQUESTS

**FORM INTERROGATORY NO. 1.1:**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Noam Glick, Esq., Glick Law Group, P.C., 225 Broadway, 19th Floor, San Diego, CA, (619) 382-3400.

**FORM INTERROGATORY NO. 2.1:**

State:

(a) Your name;

(b) Every name you have used in the past;

(c) The dates you used each name.

**RESPONSE TO FORM INTERROGATORY NO. 2.1:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 2.2:**

State the date and place of your birth.

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

///

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

**FORM INTERROGATORY NO. 2.5:**

State:

(a) your present residence ADDRESS;

(b) your residence ADDRESSES for the past five years; and

(c) the dates you lived at each ADDRESS.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 2.6:**

State:

(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and

(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer self-employment you have had from five years before the INCIDENT until today.

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 2.7:**

State:

(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;

(b) the dates you attended;

(c) the highest grade level you have completed; and

(d) the degrees received.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

///

**FORM INTERROGATORY NO. 2.8:**

Have you ever been convicted of a felony? If so, for each conviction state:

(a) the city and state where you were convicted;

(b) the date of conviction;

(c) the offense; and

(d) the court and case number.

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 2.9:**

Can you speak English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 2.10:**

Can you read and write in English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.10:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 2.11:**

At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:

(a)   the name, ADDRESS, and telephone number of that PERSON: and

(b)   a description of your duties.

**RESPONSE TO FORM INTERROGATORY NO. 2.11:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

**FORM INTERROGATORY NO. 2.12:**

At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:

(a) the name, ADDRESS, and telephone number of that PERSON: and

(b) a description of your duties.

**RESPONSE TO FORM INTERROGATORY NO. 2.12:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 6.1:**

Do you attribute any physical, mental, or emotional injuries to the INCIDENT?

**RESPONSE TO FORM INTERROGATORY NO. 6.1:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 9.1:**

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

(a) the nature;

(b) the date it occurred;

(c) the amount; and

(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 9.2:**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is unintelligible as Plaintiff is not an individual.

**FORM INTERROGATORY NO. 12.1:**

State the name, ADDRESS, and telephone number of each individual:

(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;

(b) who made any statement at the scene of the INCIDENT;

(c) who heard any statements made about the INCIDENT by any individual at the scene; and

(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT

(except for expert witnesses covered by Code of Civil Procedure section 2034).

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT" in the context of this Interrogatory. Moreover, Plaintiff further objects to the extent that this request calls for attorney-client communications and/or attorney work product.

Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff is unaware of witnesses to the "INCIDENT" as the term is defined by Defendant.

**FORM INTERROGATORY NO. 12.2:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:

(a) the name, ADDRESS, and telephone number of the individual interviewed;

(b) the date of the interview; and

(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

///

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT" in the context of this Interrogatory. Secondly, Plaintiff objects to the extent that this request calls for attorney-client communications and/or attorney work product. Moreover, Plaintiff further objects to the extent that it calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 *et seq*. Plaintiff further objects on the grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving these objections, Plaintiff responds as follows: No.

**FORM INTERROGATORY NO. 12.3:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:

(a)  the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;

(b)  the name, ADDRESS, and telephone number of the individual who obtained the statement;

(c)  the date the statement was obtained; and

(d)  the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT" in the context of this Interrogatory. Secondly, Plaintiff objects to the extent that this request calls for attorney-client communications and/or attorney work product. Moreover, Plaintiff further objects to the extent that it calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 *et seq*. Plaintiff further objects on the grounds that the

///

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

request is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving these objections, Plaintiff responds as follows: No.

**FORM INTERROGATORY NO. 12.5:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the INCIDENT? If so, for each item state:

    (a)    the type (i.e., diagram, reproduction, or model);

    (b)    the subject matter; and

    (c)    the name, ADDRESS, and telephone number of each PERSON who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT" in the context of this Interrogatory. Secondly, Plaintiff objects to the extent that this request calls for attorney-client communications and/or attorney work product. Moreover, Plaintiff further objects to the extent that it calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 *et seq*. Plaintiff further objects on the grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving these objections, Plaintiff responds as follows: No.

**FORM INTERROGATORY NO. 12.6:**

Was a report made by any PERSON concerning the INCIDENT? If so, state:

    (a)    the name, title, identification number, and employer of the PERSON who made the report;

    (b)    the date and type of report made;

    (c)    the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT" in the context of this Interrogatory. Secondly, Plaintiff objects to the extent that this request calls for attorney-client communications and/or attorney work product. Moreover, Plaintiff further objects to the extent that it calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 *et seq*. Plaintiff further objects on the grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving these objections, Plaintiff responds as follows: No.

**FORM INTERROGATORY NO. 12.7:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

(b) the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT" in the context of this Interrogatory. Secondly, Plaintiff objects to the extent that this request calls for attorney-client communications and/or attorney work product. Moreover, Plaintiff further objects to the extent that it calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 *et seq*. Plaintiff further objects on the grounds that the

///

///

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

request is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving these objections, Plaintiff responds as follows: No.

**FORM INTERROGATORY NO. 14.1:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**RESPONSE TO FORM INTERROGATORY NO. 14.1:**

In addition to the General Objections, Plaintiff objects to this Interrogatory on the grounds that it is not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence relevant to any party's claim or defense. Secondly, Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible as to the meaning of the term "INCIDENT."

Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff contends that Defendants B&G Foods North America, Inc., Amazon.com, Inc., and Berkeley Bowl Produce, Inc. violated Proposition 65 and related regulations as is alleged in the Complaint.

**FORM INTERROGATORY NO. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

    a) state the number of the request;

    b) state all facts upon which you base your response;

    c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

    d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

///

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

**RESPONSE TO FORM INTERROGATORY NO. 17.1:**

a) 7

b) The formation of acrylamide in food products, to the extent discoverable in the context of this lawsuit, is within the realm of expert discovery and testimony.

c) Plaintiff's expert, whose contact information will be disclosed in the course of expert disclosures.

d) Identification of any supporting documents, to the extent discoverable in the context of this lawsuit, is premature since expert discovery has not yet commenced.

Respectfully submitted,

Dated: March 23, 2021

**GLICK LAW GROUP, P.C.**

By: *Noam Glick*
Noam Glick (SBN 251582)

**NICHOLAS & TOMASEVIC, LLP.**

Craig M. Nicholas (SBN 178444)
Jake W. Schulte (SBN 293777)

Attorneys for Plaintiff

13

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)

**VERIFICATION**
Environmental Health Advocates, Inc. v. B&G Foods North America, Inc., et al.
Alameda County Superior Court Case No. RG21086510

    I, Kim Embry, the undersigned, am Secretary of Environmental Health Advocates, Inc., Plaintiff in the above-named action. I am familiar with the contents of the foregoing Plaintiff Environmental Health Advocates, Inc.'s Responses to Defendant B&G Foods North America, Inc.'s Form Interrogatories (Set One) and declare that the matters stated in the document are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification is executed on March 23, 2021, at San Francisco, California.

By: _____
       Kim Embry

ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S FORM INTERROGATORIES (SET ONE)