# EXHIBIT 13

**NICHOLAS & TOMASEVIC, LLP**
    Craig M. Nicholas (SBN 178444)
    Jake Schulte (SBN 293888)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 325-0492
Email: craig@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**GLICK LAW GROUP, PC**
    Noam Glick (SBN 251582)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 382-3400
Fax: (619) 393-0154
Email: noam@glicklawgroup.com

Attorneys for Plaintiff
Environmental Health Advocates, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>B&G FOODS NORTH AMERICA, INC., a Delaware corporation, AMAZON.COM, INC. a Delaware corporation, BERKELEY BOWL PRODUCE, INC., a California Corporation, and DOES 1-100, inclusive,<br>    Defendants. | **Case No.:** RG21086510<br><br>**PLAINTIFF ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSE TO DEFENDANT B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**<br><br>**Dept:** 17<br>**Judge:** Hon. Frank Roesch<br><br>**Complaint Filed**: January 22, 2021<br>**Trial Date**: Not Set |

**PROPOUNDING PARTY:** DEFENDANT, B&G FOODS NORTH AMERICA, INC.

**RESPONDING PARTY:** PLAINTIFF, ENVIRONMENTAL HEALTH ADVOCATES, INC.

**SET NUMBER:** ONE (1)

Pursuant to California Code of Civil Procedure ("C.C.P.") § 2031 et seq., Plaintiff ENVIRONMENTAL HEALTH ADVOCATES, INC. ("Plaintiff") provides these responses to

Defendant B&G FOODS NORTH AMERICA, INC. ("Defendant") First Set of Requests for Production of Documents ("Requests"), as follows:

## PRELIMINARY STATEMENT

Responding Party reserves its right to amend, supplement, or otherwise modify its objections as it may hereafter discover new information. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time. However, Plaintiff does not assume any ongoing duty to amend these responses and/or objections. Each response is given subject to any protective order entered or to be entered in this case.

The objections set forth are made solely for purposes of this dispute. Objections as to relevance, materiality and admissibility, and any and all other objections and grounds which would require the exclusion of statements, if such statements were made by a witness present and testifying at court, are expressly reserved and may be interposed at the deposition or at the time of arbitration.

No admissions of any nature whatsoever are to be implied or inferred. The fact that a request here may be responded to should not be taken as an admission, or concession of the existence of any set of facts assumed by such request, or that such response constitutes evidence thus set forth or assumed.

## GENERAL OBJECTIONS

1. Plaintiff has not completed its investigation or analysis of the facts or defenses raised in and related to this action and has not yet completed preparation for trial. The following responses are given without prejudice to Plaintiff's right to produce or disclose, at a later date, subsequent information. Without in any way assuming any obligation to do so, Plaintiff reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time, including at trial, in light of facts determined to be relevant or revealed through discovery, further investigation or further legal analysis. Plaintiff also reserves the right to apply for relief to permit the insertion into these responses of any information that has been inadvertently or unintentionally omitted or to introduce such information into evidence at the time of arbitration or trial.

///

2. Responding Party objects to each request to the extent it seeks the production or disclosure of any information or writing protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, including, but not limited to, the right to privacy of Plaintiff, the deponent, and/or third parties.

3. Responding Party objects to each request to the extent they seek information, documents, or testimony containing confidential or proprietary information or trade secrets.

4. Responding Party objects to each request to the extent they are vague, overbroad, oppressive, and unreasonably burdensome, that they use terms that are not defined or that lack common meaning, and that they do not appear focused on information that may be relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Responding Party objects to each request to the extent it requests information equally available to the propounding party.

6. Responding Party objects to each request to the extent it requests information that does not exist and is not in the deponent's possession, custody, or control.

7. Responding Party objects to each request to the extent it is overbroad, unreasonably burdensome, and oppressive on the grounds that they require the deponent to produce "any and all" "documents," "communications," and "e-mails."

8. Responding Party objects to each request to the extent it is duplicative, cumulative, and/or repetitive.

9. Responding Party objects to each request to the extent it purports to impose a duty of the deponent to undertake a search for information or documents beyond a diligent search of the locations where documents or information responsive to each request would reasonably be expected to be found.

10. Plaintiff reserves the right to challenge the relevance or admissibility of any of these responses or parts thereof at the trial or other proceeding in this or any other action. All such objections are reserved and may be interposed at the time of trial, arbitration, or other proceeding.

11. Responding Party objects to each request to the extent it requires a compilation of documents beyond which is required under the California Code of Civil Procedure.

PLAINTIFF'S RESPONSE TO DEFENDANT B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

12. Responding Party objects to the instructions and definitions to the extent, if any, they are vague and ambiguous with respect to this specific case or go beyond the requirements of the California Code of Civil Procedure, the California Rules of Court, or the applicable rules of this Court.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

ALL DOCUMENTS CONCERNING the results of any test performed on YOUR behalf for the presence of acrylamide in any food product that YOU later learned was inaccurate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to the extent that this request is vague and ambiguous as to "inaccurate", "CONCERNING" (as defined), and "any food product". Plaintiff further objects to the extent that this request calls for attorney-client communications and/or attorney work product. Plaintiff further objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time and scope. Plaintiff further objects to the extent that this request calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 et seq.

**REQUEST FOR PRODUCTION NO. 2:**

ALL COMMUNICATIONS CONCERNING the results of any test performed on YOUR behalf for the presence of acrylamide in any food product that YOU later learned was inaccurate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to the extent that this request is vague and ambiguous as to what is meant by "COMMUNICATIONS" (as defined), "CONCERNING" (as defined), "any food product", and "inaccurate". Plaintiff further objects to the extent that this request calls for attorney-client communications and/or attorney work product. Plaintiff further objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time and scope. Plaintiff further objects to the extent that this request calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 et seq.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS CONCERNING any Proposition 65 Notice of Violation that YOU withdrew, including but not limited to notices you withdrew because they were based on inaccurate test results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to the extent that this request is vague and ambiguous as to what is meant by "CONCERNING" (as defined), and "inaccurate". Plaintiff further objects to the extent that this request calls for attorney-client communications and/or attorney work product. Plaintiff further objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time and scope. Plaintiff further objects to the extent that this request calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 et seq. Plaintiff further objects on the grounds that this request is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects to this request to the extent that the requested documents are equally available to Defendant.

**REQUEST FOR PRODUCTION NO. 4:**

ALL COMMUNICATIONS CONCERNING any Proposition 65 Notice of Violation that YOU withdrew, including but not limited to notices you withdrew because they were based on inaccurate test results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to the extent that this request is vague and ambiguous as to what is meant by "COMMUNICATIONS", "CONCERNING" (as defined), and "inaccurate". Plaintiff further objects to the extent that this request calls for attorney-client communications and/or attorney work product. Plaintiff further objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time and scope. Plaintiff further objects to the extent that this request calls for expert opinion, and/or the premature disclosure of experts in violation of Cal. Code of Civ. Proc. § 2034.010 et seq. Plaintiff further objects on the grounds that this request is not reasonably calculated to lead to the discovery of

evidence relevant to any party's claim or defense. Plaintiff further objects to this request to the extent that the requested documents are equally available to Defendant.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS CONCERNING the presence or absence of acrylamide in Defendant's products, including without limitation the ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the terms "Defendant's products" and "DOCUMENTS CONCERNING" as vague and ambiguous. In addition, Plaintiff also objects to this request on the grounds that it goes beyond the scope of this case and the product at issue.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff will produce any test results and related documents (including chain of custody forms) received from the laboratory used to test the products at issue in this lawsuit, upon entry of a mutually-agreeable protective order.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS CONCERNING YOUR testing of Defendant's products for acrylamide, including without limitation the ACCUSED PRODUCTS, and including without limitation all test results, laboratory documents, receipts, and complete chain of custody information for any and all samples from the time of purchase to the time of testing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff also objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request on the

grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the terms/phrases "Defendant's products", "YOUR", and "DOCUMENTS CONCERNING" as vague and ambiguous. In addition, Plaintiff also objects to this request on the grounds that it goes beyond the scope of this case and the product at issue.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff will produce any test results and related documents (including chain of custody forms) received from the laboratory used to test the products at issue in this lawsuit, upon entry of a mutually-agreeable protective order.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS CONCERNING the frequency with which consumers consume the ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the term "DOCUMENTS CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control. Plaintiff also objects that this request seeks premature disclosure of experts and expert opinion.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff directs Defendant to the publicly available data in the National Health and Nutrition Examination Survey ("NHANES") database. Other than the NHANES data, Plaintiff does not have, and has never had, responsive documents in her possession, custody or control.

///

**REQUEST FOR ADMISSION NO. 8:**

All DOCUMENTS CONCERNING the frequency with which consumers consume cakes, cookies, bars, and/or any other product that you contend is similar to the ACCUSED PRODUCTS with respect to the rate of consumption among consumers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the term "DOCUMENTS CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control. Plaintiff also objects that this request seeks premature disclosure of experts and expert opinion.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff directs Defendant to the publicly available data in the National Health and Nutrition Examination Survey ("NHANES") database. Other than the NHANES data, Plaintiff does not have, and has never had, responsive documents in her possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS CONCERNING the source of acrylamide in the ACCUSED PRODUCTS or similar products, including without limitation all DOCUMENTS regarding the formation of acrylamide during cooking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff objects to this request on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request on the

grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the terms "source" and "DOCUMENTS CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control. Plaintiff also objects that this request seeks premature disclosure of experts and expert opinion.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING whether or not acrylamide causes, or potentially causes, cancer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff also objects that this request seeks premature disclosure of experts and expert opinion. In addition, Plaintiff objects to this request on the grounds that it lacks a reasonable date range and is overly broad, vague, ambiguous, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the term "DOCUMENTS CONCERNING" as compound, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS CONCERNING whether or not acrylamide is known to the State of California to cause cancer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff also objects that this request seeks premature disclosure of experts and expert opinion. In addition, Plaintiff objects to this request on the grounds that it lacks a reasonable date range and is overly broad, vague, ambiguous, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the phrases "DOCUMENTS CONCERNING" and "known to the State of

///

California to cause cancer" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING YOUR allegation that YOU are bringing this action "in the public interest of the citizens of the State of California ("the People")"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff also objects to the extent that this request seeks premature disclosure of experts and expert opinion. In addition, Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the terms "YOUR", "YOU" and "DOCUMENTS CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff will produce all non-privileged documents in its possession, custody or control located after a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS with any STATE OFFICIAL CONCERNING Proposition 65, including without limitation all COMMUNICATIONS involving YOU and/or YOUR current or former attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff also objects that this request to the extent that it seeks confidential communication protected by settlement privilege and/or any other privileges. Plaintiff objects to this request to the extent that

PLAINTIFF'S RESPONSE TO DEFENDANT B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR
PRODUCTION OF DOCUMENTS (SET ONE)

it seeks information protected by the attorney work product doctrine. Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost, and is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and not proportional to the needs of this case. Plaintiff objects to the terms "YOUR" and "YOU" as compound, vague, ambiguous, overbroad, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS CONCERNING payments, awards, fees, assets, or other compensation YOU have received in connection with YOUR activities CONCERNING Proposition 65.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff also objects that this request to the extent that it seeks confidential communication protected by settlement privilege and/or any other privileges. Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff objects to the terms "YOUR", "YOU" and "DOCUMENTS CONCERNING" as compound, vague, ambiguous, and overbroad.

**REQUEST FOR PRODUCTION NO. 15:**

Deposition transcripts for any and all depositions given by YOU in any legal proceeding CONCERNING Proposition 65.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost, and is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and not proportional to the needs of this case. Plaintiff objects to the terms "YOU" and "CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for

///

information not in Plaintiff's possession or control Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 16:**

All responses by YOU to interrogatories, special interrogatories, requests for admission, or requests for production in any legal proceeding CONCERNING Proposition 65.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost, and is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense, and not proportional to the needs of this case. Plaintiff objects to the terms "YOU" and "CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome especially to the extent it calls for information not in Plaintiff's possession or control Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 17:**

Every out-of-court settlement agreement that YOU have agreed to CONCERNING Proposition 65.

*[Rest of page intentionally left blank]*

PLAINTIFF'S RESPONSE TO DEFENDANT B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the Preliminary Statement and General Objections, Plaintiff objects to this request to the extent that the requested documents are equally available to Defendant. Plaintiff also objects to this request on the grounds that it lacks a reasonable date range and is overly broad, oppressive, harassing, and unduly burdensome as to time, scope, and cost. Plaintiff objects to the terms "YOU" and "CONCERNING" as compound, vague, ambiguous, overbroad, and unduly burdensome.

Respectfully submitted,

Dated: March 23, 2021              **GLICK LAW GROUP, P.C.**

                        By: _____
                            Noam Glick (SBN 251582)

                        **NICHOLAS & TOMASEVIC, LLP**
                        Jake Schulte (SBN 293888)
                        Craig M. Nicholas (SBN 178444)

                        Attorneys for Plaintiff
                        Environmental Health Advocates, Inc.

# VERIFICATION

Environmental Health Advocates, Inc. v. B&G Foods North America, Inc., et al.
Alameda County Superior Court Case No. RG21086510

I, Kim Embry, the undersigned, am Secretary of Environmental Health Advocates, Inc., Plaintiff in the above-named action. I am familiar with the contents of the foregoing Plaintiff Environmental Health Advocates, Inc.'s Responses to Defendant B&G Foods North America, Inc.'s Request for Production of Documents (Set One) and declare that the matters stated in the document are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification is executed on March 23, 2021, at San Francisco, California.

By: _____
Kim Embry

PLAINTIFF'S RESPONSE TO DEFENDANT B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)