# EXHIBIT 14

**NICHOLAS & TOMASEVIC, LLP**
   Craig M. Nicholas (SBN 178444)
   Jake Schulte (SBN 293888)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 325-0492
Email: craig@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**GLICK LAW GROUP, PC**
   Noam Glick (SBN 251582)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 382-3400
Fax: (619) 393-0154
Email: noam@glicklawgroup.com

Attorneys for Plaintiff
Environmental Health Advocates, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ENVIRONMENTAL HEALTH ADVOCATES, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>B&G FOODS NORTH AMERICA, INC., a Delaware corporation, AMAZON.COM, INC. a Delaware corporation, BERKELEY BOWL PRODUCE, INC., a California Corporation, and DOES 1-100, inclusive,<br><br>          Defendants. | **Case No.:** RG21086510<br><br>**ENVIRONMENTAL HEALTH ADVOCATES, INC.'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR ADMISSION (SET ONE)**<br><br>**Dept:**   17<br>**Judge:**   The Honorable Frank Roesch<br><br>**Complaint Filed**: January 22, 2021<br>**Trial Date**: Not Set |

**PROPOUNDING PARTY:** DEFENDANT, B&G FOODS NORTH AMERICA, INC.

**RESPONDING PARTY:** PLAINTIFF, ENVIRONMENTAL HEALTH ADVOCATES, INC.

**SET NUMBER:** ONE (1)

Pursuant to California Code of Civil Procedure ("C.C.P.") § 2031 et seq., Plaintiff ENVIRONMENTAL HEALTH ADVOCATES, INC. ("Plaintiff") provides these responses to

Defendant B&G FOODS NORTH AMERICA, INC. ("Defendant") First Set of Requests for Admission ("Requests"), as follows:

## PRELIMINARY STATEMENT

Responding Party reserves its right to amend, supplement, or otherwise modify its objections as it may hereafter discover new information. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time. However, Plaintiff does not assume any ongoing duty to amend these responses and/or objections. Each response is given subject to any protective order entered or to be entered in this case.

The objections set forth are made solely for purposes of this dispute. Objections as to relevance, materiality and admissibility, and any and all other objections and grounds which would require the exclusion of statements, if such statements were made by a witness present and testifying at court, are expressly reserved and may be interposed at the deposition or at the time of arbitration.

No admissions of any nature whatsoever are to be implied or inferred. The fact that a request here may be responded to should not be taken as an admission, or concession of the existence of any set of facts assumed by such request, or that such response constitutes evidence thus set forth or assumed.

## GENERAL OBJECTIONS

1. Plaintiff has not completed its investigation or analysis of the facts or defenses raised in and related to this action and has not yet completed preparation for trial. The following responses are given without prejudice to Plaintiff's right to produce or disclose, at a later date, subsequent information. Without in any way assuming any obligation to do so, Plaintiff reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time, including at trial, in light of facts determined to be relevant or revealed through discovery, further investigation or further legal analysis. Plaintiff also reserves the right to apply for relief to permit the insertion into these responses of any information that has been inadvertently or unintentionally omitted or to introduce such information into evidence at the time of arbitration or trial.

///

2.  Responding Party objects to each request to the extent it seeks the production or disclosure of any information or writing protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, including, but not limited to, the right to privacy of Plaintiff, the deponent, and/or third-parties.

3.  Responding Party objects to each request to the extent they seek information, documents, or testimony containing confidential or proprietary information or trade secrets.

4.  Responding Party objects to each request to the extent they are vague, overbroad, oppressive, and unreasonably burdensome, that they use terms that are not defined or that lack common meaning, and that they do not appear focused on information that may be relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5.  Responding Party objects to each request to the extent it requests information equally available to the propounding party.

6.  Responding Party objects to each request to the extent it requests information that does not exist and is not in the deponent's possession, custody, or control.

7.  Responding Party objects to each request to the extent it is overbroad, unreasonably burdensome, and oppressive on the grounds that they require the deponent to produce "any and all" "documents," "communications," and "e-mails."

8.  Responding Party objects to each request to the extent it is duplicative, cumulative, and/or repetitive.

9.  Responding Party objects to each request to the extent it purports to impose a duty of the deponent to undertake a search for information or documents beyond a diligent search of the locations where documents or information responsive to each request would reasonably be expected to be found.

10. Plaintiff reserves the right to challenge the relevance or admissibility of any of these responses or parts thereof at the trial or other proceeding in this or any other action. All such objections are reserved and may be interposed at the time of trial, arbitration, or other proceeding.

11. Responding Party objects to each request to the extent it requires a compilation of documents beyond which is required under the California Code of Civil Procedure.

12. Responding Party objects to the instructions and definitions to the extent, if any, they are vague and ambiguous with respect to this specific case or go beyond the requirements of the California Code of Civil Procedure, the California Rules of Court, or the applicable rules of this Court.

## OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST FOR ADMISSION NO. 1**

Admit that YOU are not aware of any instance of acrylamide in food causing cancer in anyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects on the ground that the term "instance," in the context of this Request, is vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is informed and believes that acrylamide causes cancer, and that the Subject Products contain high levels of acrylamide. Beyond that, Plaintiff is not aware of specific instances of the Subject Products causing cancer in any specific customer.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are not aware of any scientific research, analysis, or study showing that acrylamide in food causes cancer.

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the terms "scientific research," "analysis," and "study" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested

information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff admits it has not personally reviewed any scientific research, analysis, or studies showing that acrylamide in food causes cancer, and that it instead defers to its expert on these matters.

**REQUEST FOR ADMISSION NO. 3:**

Admit that there is a controversy about whether acrylamide in food causes cancer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "controversy" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is informed and believes that acrylamide causes cancer, but admits it has not done any independent research or analysis on any purported "controversy" regarding whether acrylamide causes cancer. Instead, it defers to her expert on these matters.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the State of California does not know whether acrylamide in food causes cancer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff incorporates all General Objections as though fully set forth here. Responding objects to the term "know" as vague and ambiguous. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff

further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is informed and believes that acrylamide causes cancer, but admits it has not done any independent research or analysis into the State of California's knowledge regarding its carcinogenic effects.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, prior to filing the COMPLAINT, you did nothing to investigate the source of the alleged acrylamide in the SUBJECT PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "investigate" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, prior to filing the COMPLAINT, you did nothing to investigate how frequently consumers consume the SUBJECT PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "investigate" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question

PLAINTIFF'S RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR ADMISSION (SET ONE)

is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 7:**

Admit that acrylamide may form in food when it is baked.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the SUBJECT PRODUCT is delicious.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "delicious" as vague and ambiguous. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects that this request is unintelligible in the context of this lawsuit.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows:  Plaintiff is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that it is safe for consumers to consume foods containing up to 280 parts per billion of acrylamide.

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "safe" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request on the ground that it is an incomplete hypothetical, omitting information necessary to formulate a response. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows:  Plaintiff is informed and believes that it is not safe for consumers to consume foods containing up to 280 parts per billion of acrylamide.

**REQUEST FOR ADMISSION NO. 10:**

Admit that, prior to filing the COMPLAINT, you did nothing to investigate whether AMAZON alters or removes any Proposition 65 warning label from the SUBJECT PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects to the terms "investigate," "alters," and "removes" as vague and ambiguous. Without waiving these objections, Plaintiff denies this request.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows:  Deny.

*[Rest of page intentionally left blank]*

Respectfully submitted,

Dated: March 23, 2021                  **GLICK LAW GROUP, P.C.**

By: *(signature: Noam Glick)*

Noam Glick (SBN 251582)

**NICHOLAS & TOMASEVIC, LLP**

Craig M. Nicholas (SBN 178444)
Jake W. Schulte (SBN 293777)

Attorneys for Plaintiff

**VERIFICATION**
Environmental Health Advocates, Inc. v. B&G Foods North America, Inc., et al.
Alameda County Superior Court Case No. RG21086510

I, Kim Embry, the undersigned, am Secretary of Environmental Health Advocates, Inc., Plaintiff in the above-named action. I am familiar with the contents of the foregoing Plaintiff Environmental Health Advocates, Inc.'s Responses to Defendant B&G Foods North America, Inc.'s Requests for Admission (Set One) and declare that the matters stated in the document are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification is executed on March 23, 2021, at San Francisco, California.

By: _____
Kim Embry