# EXHIBIT 15

**NICHOLAS & TOMASEVIC, LLP**
    Craig M. Nicholas (SBN 178444)
    Jake Schulte (SBN 293888)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 325-0492
Email: craig@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**GLICK LAW GROUP, PC**
    Noam Glick (SBN 251582)
225 Broadway, Suite 1900
San Diego, California 92101
Tel: (619) 382-3400
Fax: (619) 393-0154
Email: noam@glicklawgroup.com

Attorneys for Plaintiff
Kim Embry

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

| | |
|---|---|
| KIM EMBRY, an individual,<br><br>        Plaintiff,<br>v.<br><br>B&G FOODS NORTH AMERICA, INC., a Delaware corporation, RALPHS GROCERY COMPANY, an Ohio corporation, DOES 1 through 100, inclusive,<br><br>        Defendants. | **Case No.:** RG20057491<br><br>**KIM EMBRY'S SUPPLEMENTAL RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR ADMISSION (SET ONE)**<br><br>**Dept:**    520<br>**Judge:**    The Honorable Julia Spain<br><br>**Complaint Filed**: March 6, 2020<br>**Trial Date**: November 19, 2021 |

**PROPOUNDING PARTY:** DEFENDANT, B&G FOODS NORTH AMERICA, INC.

**RESPONDING PARTY:** PLAINTIFF, KIM EMBRY

**SET NUMBER:** ONE (1)

Pursuant to California Code of Civil Procedure ("C.C.P.") § 2031 et seq., Plaintiff KIM EMBRY ("Plaintiff") provides these responses to Defendant B&G FOODS NORTH AMERICA, INC. ("Defendant") First Set of Requests for Admission ("Requests"), as follows:

///

**PRELIMINARY STATEMENT**

Responding Party reserves her right to amend, supplement, or otherwise modify her objections as she may hereafter discover new information. All objections and grounds therefore are hereby expressly reserved to be interposed, either by motion or otherwise, at a later time. However, Plaintiff does not assume any ongoing duty to amend these responses and/or objections. Each response is given subject to any protective order entered or to be entered in this case.

The objections set forth are made solely for purposes of this dispute. Objections as to relevance, materiality and admissibility, and any and all other objections and grounds which would require the exclusion of statements, if such statements were made by a witness present and testifying at court, are expressly reserved and may be interposed at the deposition or at the time of arbitration.

No admissions of any nature whatsoever are to be implied or inferred. The fact that a request here may be responded to should not be taken as an admission, or concession of the existence of any set of facts assumed by such request, or that such response constitutes evidence thus set forth or assumed.

**GENERAL OBJECTIONS**

1. Plaintiff has not completed her investigation or analysis of the facts or defenses raised in and related to this action and has not yet completed preparation for trial. The following responses are given without prejudice to Plaintiff's right to produce or disclose, at a later date, subsequent information. Without in any way assuming any obligation to do so, Plaintiff reserves the right to alter, supplement, amend or otherwise modify these responses in any way at any time, including at trial, in light of facts determined to be relevant or revealed through discovery, further investigation or further legal analysis. Plaintiff also reserves the right to apply for relief to permit the insertion into these responses of any information that has been inadvertently or unintentionally omitted or to introduce such information into evidence at the time of arbitration or trial.

2. Responding Party objects to each request to the extent it seeks the production or disclosure of any information or writing protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, including, but not limited to, the

right to privacy of Plaintiff, the deponent, and/or third-parties.

3. Responding Party objects to each request to the extent they seek information, documents, or testimony containing confidential or proprietary information or trade secrets.

4. Responding Party objects to each request to the extent they are vague, overbroad, oppressive, and unreasonably burdensome, that they use terms that are not defined or that lack common meaning, and that they do not appear focused on information that may be relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Responding Party objects to each request to the extent it requests information equally available to the propounding party.

6. Responding Party objects to each request to the extent it requests information that does not exist and is not in the deponent's possession, custody, or control.

7. Responding Party objects to each request to the extent it is overbroad, unreasonably burdensome, and oppressive on the grounds that they require the deponent to produce "any and all" "documents," "communications," and "e-mails."

8. Responding Party objects to each request to the extent it is duplicative, cumulative, and/or repetitive.

9. Responding Party objects to each request to the extent it purports to impose a duty of the deponent to undertake a search for information or documents beyond a diligent search of the locations where documents or information responsive to each request would reasonably be expected to be found.

10. Plaintiff reserves the right to challenge the relevance or admissibility of any of these responses or parts thereof at the trial or other proceeding in this or any other action. All such objections are reserved and may be interposed at the time of trial, arbitration, or other proceeding.

11. Responding Party objects to each request to the extent it requires a compilation of documents beyond which is required under the California Code of Civil Procedure.

12. Responding Party objects to the instructions and definitions to the extent, if any, they are vague and ambiguous with respect to this specific case or go beyond the requirements of

///

the California Code of Civil Procedure, the California Rules of Court, or the applicable rules of this Court.

## OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST FOR ADMISSION NO. 1**

Admit that YOU are not aware of any instance of the COOKIE CAKES causing cancer in anyone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects on the ground that the term "instance," in the context of this Request, is vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects on the ground that the term "instance," in the context of this Request, is vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is informed and believes that acrylamide causes cancer, and that the Cookie Cakes contain high levels of acrylamide.  Beyond that, Plaintiff is not aware of specific instances of the Cookie Cakes causing cancer in any specific customer.

///

///

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are not aware of any scientific research, analysis, or study showing that acrylamide in food causes cancer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the terms "scientific research," "analysis," and "study" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the terms "scientific research," "analysis," and "study" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff admits she has not personally reviewed any scientific research, analysis, or studies showing that acrylamide in food causes cancer, and that she instead defers to her expert on these matters.

**REQUEST FOR ADMISSION NO. 3:**

Admit that there is a controversy about whether acrylamide in food causes cancer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "controversy" as vague and ambiguous. Plaintiff further objects to this request

to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "controversy" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is informed and believes that acrylamide causes cancer but admits she has not done any independent research or analysis on any purported "controversy" regarding whether acrylamide causes cancer. Instead, she defers to her expert on these matters.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the State of California does not know whether acrylamide in food causes cancer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff incorporates all General Objections as though fully set forth here. Responding objects to the term "know" as vague and ambiguous. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff incorporates all General Objections as though fully set forth here. Responding objects to the term "know" as vague and ambiguous. Plaintiff further objects to this request to the

extent that the requested information is equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is informed and believes that acrylamide causes cancer but admits she has not personally done any independent research or analysis into the State of California's knowledge regarding its carcinogenic effects.

**REQUEST FOR ADMISSION NO. 5:**

Admit that, prior to filing the COMPLAINT, you did nothing to investigate the source of the alleged acrylamide in the COOKIE CAKES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "investigate" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "investigate" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

///

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that, prior to filing the COMPLAINT, you did nothing to investigate how frequently consumers consume the COOKIE CAKES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "investigate" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "investigate" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 7:**

Admit that acrylamide may form in food when it is baked.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion.

Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff understand this statement to be true, but defers to her experts as she has no personal knowledge regarding the chemical processes involved in the formation of acrylamide.

**REQUEST FOR ADMISSION NO. 8:**

Admit that cookies are baked.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "cookies" as vague and ambiguous. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "cookies" as vague and ambiguous. Plaintiff further objects to this request to the extent that the requested information is equally available to Defendant. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

///

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff admits that some cookies are baked, and others are not baked.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the COOKIE CAKES are delicious.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "delicious" as vague and ambiguous. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects that this request is unintelligible in the context of this lawsuit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "delicious" as vague and ambiguous. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense. Plaintiff further objects that this request is unintelligible in the context of this lawsuit.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff is unable to admit or deny this request because she has never eaten the Cookie Cakes.

**REQUEST FOR ADMISSION NO. 10:**

Admit that it is safe for consumers to consume foods containing up to 280 parts per billion of acrylamide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "safe" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request on the ground that it is an incomplete hypothetical, omitting information necessary to

formulate a response. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff incorporates all General Objections as though fully set forth here. Plaintiff further objects to the term "safe" as vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks premature disclosure of experts and expert opinion. Plaintiff further objects to this request on the ground that it is an incomplete hypothetical, omitting information necessary to formulate a response. Plaintiff further objects on the grounds that this question is not reasonably calculated to lead to the discovery of evidence relevant to any party's claim or defense.

Subject to and without waiving the Preliminary Statement and General Objections and the specific objections, Plaintiff responds as follows: Plaintiff defers to her experts as she has no personal knowledge regarding the information in this statement.

Respectfully submitted,

Dated: March 3, 2021                    **GLICK LAW GROUP, P.C.**

By: _/s/ Noam Glick_
Noam Glick (SBN 251582)

**GLICK LAW GROUP, PC**

Craig M. Nicholas (SBN 178444)
Jake W. Schulte (SBN 293777)

Attorneys for Plaintiff

**VERIFICATION**
Kim Embry v. B&G Foods North America, Inc., et al.
Alameda County Superior Court Case No. RG20057491

I am senior counsel for Plaintiff Kim Embry in the above-entitled action and am authorized to make this verification on her behalf. I have read to foregoing Plaintiff Kim Embry's Supplemental Responses to Defendant B&G Foods North America, Inc.'s Requests for Admission (Set One) and know the contents thereof. I am informed and believe that the matters stated therein are true and, on that ground, declare that under penalty of perjury under the laws of the State of California that the same are true and correct.

Executed on March 3, 2021, at San Francisco, California.

By: _____
Kim Embry

KIM EMBRY'S SUPPLEMENTAL RESPONSES TO DEFENDANTS B&G FOODS NORTH AMERICA, INC.'S REQUESTS FOR ADMISSION (SET ONE)