1  J. Noah Hagey, Esq. (SBN: 262331)
     hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
     borden@braunhagey.com
3  Forrest Hainline, Esq. (SBN: 64166)
     hainline@braunhagey.com
4  David H. Kwasniewski, Esq. (SBN: 281985)
     kwasniewski@braunhagey.com
5  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
6  San Francisco, CA 94104
   Telephone: (415) 599-0210
7  Facsimile: (415) 276-1808

8  ATTORNEYS FOR PLAINTIFF
   B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOOD NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **APPENDIX IN SUPPORT OF PLAINTIFF B&G FOODS'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** <br><br> Date:  March 10, 2023 <br> Time:  10:00 a.m <br> Judge:  Hon. Kimberly J. Mueller <br> Courtroom:  3 <br><br> SAC Filed:  November 23, 2022 <br> Trial Date:  None Set |

| Challenged Allegation | Support for Allegation |
|---|---|
| "B&G pleads that attorney Noam Glick's statement that he consulted with an expert to reach the belief there was a meritorious Proposition 65 case was false" (Mot. at 6 (citing SAC, ¶¶ 96-97).) | Defendants' statements in discovery confirm that "no" interview was conducted and "no" expert report was created prior to Mr. Glick filing suit:<br><br>1. Plaintiff Environmental Health Advocates, Inc.'s ("EHA") Response to Form Interrogatory (Set One) No. 12.2 ("Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT?" Response: "[General objections.] Plaintiff responds as follows: No."). **Declaration of Matthew Borden ("Borden Decl."), Ex. 11.**<br><br>2. EHA's Response to Form Interrogatory (Set One) No. 12.3 ("Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT?" Response to Form Interrogatory No. 12.3: "Plaintiff responds as follow: No."). **Borden Decl., Ex. 11**.<br><br>3. EHA's Response to Form Interrogatory (Set One) No. 12.6 ("Was a report made by any PERSON concerning the INCIDENT?" Response to Form Interrogatory No. 12.6: "Plaintiff responds as follows: No."). **Borden Decl., Ex. 11**.<br><br>4. EHA's Response to Request for Admission No. 2 ("Plaintiff admits it has not personally reviewed any scientific research, analysis, or studies showing that acrylamide in food causes cancer, and that it instead defers to its expert on these matters."). **Borden Decl., Ex. 14**. |

| | |
|---|---|
| | 5. November 13, 2020 Deposition of Kim Embry Transcript ("Embry Transcript") at 80:9-21, 82:22-83:22. **Borden Decl., Ex. 4.**<br><br>6. Embry's Supplemental Response to Request for Admission No. 2 ("Plaintiff admits she has not personally reviewed any scientific research, analysis, or studies showing that acrylamide in food causes cancer, and that she instead defers to her expert on these matters."). **Borden Decl., Ex. 15.**<br><br>B&G Foods's allegations are also supported by Plaintiff's subsequent "amendment" of their notices of violation, to add expert reports that were admittedly omitted from the original notices of violation:<br><br>1. Amended Notices of Violation. **Borden Decl., Ex. 12.**<br><br>2. Mot. at 7 (confirming that the reports attached to Defendants' "amended" certificates of merit included "additional information."). **Borden Decl., Ex. 12.** |
| "B&G pleads that 'Defendants misrepresented to the Court . . . that they filed valid certificates of merit prior to bringing suit." (Mot. at 6 (citing SAC ¶¶ 124, 127, 137-39).) | As supported by Defendants' discovery responses and deposition testimony, Defendants' certificates of merit were invalid because they did not include "factual information" demonstrating that their cases had merit:<br><br>1. EHA's Response to Form Interrogatory (Set One) No. 12.2 ("Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT?" Response: "[General objections.] Plaintiff responds as follows: No."). **Borden Decl., Ex. 11.** |

| | |
|---|---|
| | 2. EHA's Response to Form Interrogatory Form Interrogatory No. 12.3 ("Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT?" Response to Form Interrogatory No. 12.3: "Plaintiff responds as follow: No."). **Borden Decl., Ex. 11.**<br><br>3. EHA's Response to Form Interrogatory Form Interrogatory No. 12.6 ("Was a report made by any PERSON concerning the INCIDENT?" Response to Form Interrogatory No. 12.6: "Plaintiff responds as follows: No."). **Borden Decl., Ex. 11.**<br><br>4. EHA's Responses to Request for Admission No. 2 ("Plaintiff admits it has not personally reviewed any scientific research, analysis, or studies showing that acrylamide in food causes cancer, and that it instead defers to its expert on these matters."). **Borden Decl., Ex. 6.**<br><br>And Defendants' subsequent amendment of their certificates of merit to belatedly include the previously omitted factual information.<br><br>1. Amended Notices of Violation. **Borden Decl., Ex. 12.**<br><br>Failure to include this "factual information" renders the certificates of merit invalid. *DiPirro v. Am. Isuzu Motors, Inc.*, 119 Cal. App. 4th 966, 970 (2004); *In re Vaccine Cases*, 134 Cal. App. 4th 438, 456-57 (2005). |
| "B&G pleads 'Defendants misrepresented to the Court that acrylamide is 'known to the State to cause cancer'" (Mot. at 7 (citing SAC, ¶ 124).) | The State has admitted that it does not "know" acrylamide causes cancer:<br><br>1. Deposition of Martha Sandy Transcript at 175:19-25 (testifying that she was not aware of any |

| | |
|---|---|
| | governmental health organization listing acrylamide as a known human carcinogen, (b) she was not aware of any pharmacodynamic data regarding rats and humans and acrylamide, and (c) OEHHA did not actually "know" that acrylamide was a human carcinogen). **Borden Decl., Ex. 16.**<br><br>2. OEHHA, Final Statement of Reasons, Adoption of New Section 25704 Exposures to Listed Chemicals in Coffee Posing No Significant Risk. (June 7, 2019) (explaining that there is no association between coffee and risk of cancer to the average consumer, even though coffee does contain acrylamide). **Borden Decl., Ex. 17.**<br><br>3. This Court has held that the State does not "know" that acrylamide causes cancer. *Cal. Chamber of Commerce v. Becerra*, 529 F. Supp. 3d 1099, 1117-18 (E.D. Cal. 2021).<br><br>4. The Ninth Circuit has held that the State does not "know" that acrylamide causes cancer. *Cal. Chamber of Commerce v. Becerra*, 29 F. 4th 468, 479 (9th Cir. 2022). |
| "B&G makes a 'spoliation' claim that includes the following allegation about a laboratory that conducted tests of B&G's products: IEH stated that it had destroyed the samples at Ms. Embry's instruction on or about 30 days after it tested the sample—approximately My 4, 2019, after Plaintiff initiated the litigation by filing her April 19, 2019, Notice of Violation." (Mot. at 7-8 (citing SAC ¶ 80).) | B&G's claim that Defendants spoliated evidence is supported by:<br><br>1. The lab's response to B&G's subpoena, which stated that "IEH can say with confidence that it was **not** paid to devote scarce laboratory storage space to these perishable samples . . . In fact, the subpoena received February of [2021] is the first notice documents and samples should be preserved in the captioned matter. Counsel of record bear the responsibility notifying [sic] IEH of preservation requirements." (April 6, 2021 Letter From IEH Laboratories & |

| | |
|---|---|
| | Consulting Group RE: *Embry v. B&G Foods North America*, *et al*. Superior Court of California, County of Alameda, Case No. RG20057491, Deposition Subpoena for Production of Business Records) (emphasis in the original). **Borden Decl., Ex. 10.**<br><br>B&G Foods's claim that samples were destroyed at Embry's instruction is also supported by:<br><br>1. The standard intake form used by the lab which allows customers to select whether samples should be stored, returned to the customer, or destroyed. **Borden Decl., Ex. 11** ("Sample Disposal ☐ Hold ☐ Dispose ☐ Return").<br><br>B&G Foods's claim that samples were destroyed by Embry is further supported by Defendants' repeated claims that it is their chosen lab's policy to destroy samples after testing. There is no distinction under the law between destroying samples oneself, expressly requesting that they be destroyed, or giving them to a third party with knowledge that they will be destroyed as a matter of policy. *William v. Russ*, 167 Cal. App. 4th 1215, 1225 (2008). |
| B&G Foods alleges that Defendants' claims are barred by an affirmative defense, and that Noam Glick falsely certified that no affirmative defense was proven by his pre-suit investigation. (Mot. at 8 (citing SAC ¶¶ 91-94, 100, 103).) | B&G Foods's allegations are supported by:<br><br>1. Defendants' admissions that acrylamide forms when cooked. *See* Embry Tr. at 61:11-22, **Borden Decl., Ex. 4.**<br><br>2. Defendants' July 26, 2022 Certificate of Merit, and August 17, 2022 Certificate of Merit. **Borden Decl., Ex. 12.** |

| | |
|---|---|
| | 3. EHA's Response to Requests for Admission No. 7 (admitting that it understands acrylamide may form in food when it is baked). **Borden Decl., Ex. 14.**<br><br>4. Embry's Supplemental Response to Request for Admission No. 7 (admitting she understands that acrylamide may form in food when it is baked; that Proposition 65's NSRL for acrylamide does not apply when it is the product of cooking (Cal. Code Regs. § 25703(b)(1)); and that Defendants did no investigation into an alternative NSRL for acrylamide that forms when foods are cooked). **Borden Decl., Ex. 15.**<br><br>5. EHA's Responses to Form Interrogatory (Set One) Nos. 12.2, 12.3, 12.6. **Borden Decl., Ex. 11.**<br><br>6. EHA's Response to Request for Admission No. 2. **Borden Decl., Ex. 6.**<br><br>Instead, Defendants based their claim on the NSRL for acrylamide that does *not* apply to acrylamide that is formed when foods are cooked.<br><br>1. July 26, 2022 Certificate of Merit, and August 17, 2022 Certificate of Merit. **Borden Decl., Ex. 12.**<br><br>In short, Defendants applied the one NSRL they know as a matter of law is improper, did no further investigation, and represented that they completed an investigation that did not prove an affirmative defense despite no such investigation having been conducted. |
| "B&G pleads that Defendants' Proposition 65 lawsuits were shams because the products did not exceed the No Significant Risk Level." (Mot. at 9 (citing SAC ¶¶ 103, 105).) | B&G Foods's allegation is based on:<br><br>1. Testing of the products at issue. **Borden Decl., Ex. 18.** |

6

Case No.: 2:20-cv-00526-KJM-DB

APPENDIX

| | |
|---|---|
| | Defendants did not conduct any consumption analysis, therefore they never had any basis for claiming that the NSRL was exceeded:<br><br>1. EHA's Response to Form Interrogatory (Set One) No. 12.2 ("Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT?" Response: "[General objections.] Plaintiff responds as follows: No."). **Borden Decl., Ex. 11.**<br><br>2. EHA's Response to Form Interrogatory No. 12.3 ("Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT?" Response to Form Interrogatory No. 12.3: "Plaintiff responds as follow: No."). **Borden Decl., Ex. 11.**<br><br>3. EHA's Response to Form Interrogatory No. 12.6 ("Was a report made by any PERSON concerning the INCIDENT?" Response to Form Interrogatory No. 12.6: "Plaintiff responds as follows: No."). **Borden Decl., Ex. 11.**<br><br>4. EHA's Responses to Request for Admission No. 2 ("Plaintiff admits it has not personally reviewed any scientific research, analysis, or studies showing that acrylamide in food causes cancer, and that it instead defers to its expert on these matters.") **Borden Decl., Ex. 15.**<br><br>Defendants did not conduct, and were not aware of any interviews, testing, or analysis. EHA consulted NHANES data, which shows people eat cookies infrequently. |

| | |
|---|---|
| | 1. July 26, 2022 Certificate of Merit, and August 17, 2022 Certificate of Merit. **Borden Decl., Ex. 12** (basing entire analysis on the amount of acrylamide in one serving of the product). |
| "B&G alleges that the cooking regulation provides an affirmative defense that defeats the Proposition 65 lawsuits." (Mot. at 10 (citing SAC ¶¶ 91-93, 99).) | B&G Foods's allegation that "cooking regulation" provides a complete affirmative defense is supported by: <br><br> 1. B&G Foods's testing of the products, and analysis of the consumption of the products, which show that they are below the statutory NSRL. **Borden Decl., Ex. 18.** <br><br> 2. The undisputed fact that the products are cooked. Embry Tr. at 61:11-22, **Borden Decl., Ex. 4.** <br><br> 3. July 26, 2022 Certificate of Merit, and August 17, 2022 Certificate of Merit. **Borden Decl., Ex. 12.** <br><br> 4. EHA's Responses to Request for Admission No. 7 (admitting that it understands acrylamide may form in food when it is baked). **Borden Decl., Ex. 6.** <br><br> 5. Embry's Supplemental Response to Request for Admission No. 7 (admitting she understands that acrylamide may form in food when it is baked). **Borden Decl., Ex. 16.** <br><br> Therefore any "alternative NSRL" is higher than the statutory NSRL—which is already higher than the actual level of acrylamide in the products. This is sufficient to allege Defendants cases are shams. *See B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 541 (9th Cir. 2022) ("[a] reasonable factfinder could infer . . . that Defendants' suit was objectively baseless because they knew (or should have known) that B&G was not violating Prop. 65 but filed suit anyway" if B&G "could allege that Cookie Cakes 'unquestionably qualif[y] |

| | |
|---|---|
| | for [an affirmative defense],' and that Defendants made no effort to investigate their claims and filed without regard to the merits.") |
| | B&G's allegation is also based on fact that the cooking exception either excludes all acrylamide that forms during cooking from the NSRL, or it is unconstitutionally vague. Defendants' agree with the latter interpretation, attesting that the permissible amount of acrylamide that will not result in statutory penalties can only be ascertained during litigation. (Mot. at 10.) This would render the statute unconstitutional as applied (*see F.C.C. v Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012))—but Defendants sued anyway. |
| "B&G pleads that the Proposition 65 lawsuits are shams because the products at issue do not cause cancer." (Mot. 11 (citing SAC ¶ 146.)) And "the Proposition 65 lawsuits are shams based on the defense that they would require unconstitutional forced speech" (Mot. 11 (SAC ¶¶ 189-214.)) | This Court and the Ninth Circuit have concluded that lawsuits such as Defendants' which seek to force companies to claim their products cause cancer when it is not true are unconstitutional and therefore unlawful. *California Chamber of Com. v. Becerra*, 529 F. Supp. 3d 1099, 1117-18 (E.D. Cal. 2021); *California Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 478 (9th Cir. 2022.) Lawsuits are shams if they are brought for an unlawful purpose. *B&G Foods*, 29 F.4th at 537. Therefore, Defendants' lawsuits are shams because they have been brought for the unlawful purpose of violating B&G Foods's constitutional rights. Defendants have not dismissed their claims following these decisions. |
| | To the extent the Court or the Ninth Circuit believes that a lawsuit with a purpose that is legal under state law, but not legal under the U.S. or California Constitution, is not "brought for an unlawful purpose" such that it is a sham, B&G disagrees and is entitled to advocate for a reasonable modification or extension of the sham pleading rule to prevent the *Noerr-Pennington* doctrine from becoming a shield for unconstitutional state action. *See* F.R.C.P. 11(b)(2). |