J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Forrest Hainline, Esq. (SBN: 64166)
  hainline@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Robert Petraglia (SBN: 264849)
  petraglia@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

CRAIG M. NICHOLAS (Bar No. 178444)
  cnicholas@nicholaslaw.org
SHAUN MARKLEY (Bar No. 245598)
  smarkley@nicholaslaw.org
JAKE W. SCHULTE (Bar No. 293777)
  jschulte@nicholaslaw.org
NICHOLAS & TOMASEVIC, LLP 225
Broadway, 19th Floor
San Diego, California 92101
(619) 325-0492 (Tel)
(619) 325-0496 (Fax)

NOAM GLICK (Bar No. 251582)
  noam@glicklawgroup.com
GLICK LAW GROUP, P.C.
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400
Fax: (619) 615-2193
Attorneys for Defendants
KIM EMBRY and ENVIRONMENTAL
HEALTH ADVOCATES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOOD NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **STIPULATED ESI PROTOCOL** <br><br><br> Judge:   Hon. Kimberly J. Mueller |

# I. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

# II. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

# III. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

# IV. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between April 2018 and until the resolution of this matter will be preserved;

b) The parties will exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved.

# V. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is

subject to production in discovery and filter out ESI that is not subject to discovery.

### VI. PRODUCTION FORMATS

The parties agree to produce documents in ☐ PDF and/or ☒ native or a combination thereof file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

### VII. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### VIII. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 11, 2023            /s/ *David Kwasniewski*

                                Attorney for Plaintiffs

DATED: July 11, 2023            /s/ *Jake W. Schulte*

                                Attorney for Defendants

### ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: July 17, 2023            /s/ DEBORAH BARNES
                                UNITED STATES MAGISTRATE JUDGE