CRAIG M. NICHOLAS (Bar No. 178444)
cnicholas@nicholaslaw.org
JAKE W. SCHULTE (Bar. No. 293777)
jschulte@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496

NOAM GLICK (Bar No. 251582)
noam@glicklawgroup.com
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400
Fax: (619) 615-2193

Attorneys for Defendants
KIM EMBRY and
ENVIRONMENTAL HEALTH ADVOCATES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | Case No. 2:20-CV-00526-KJM-DB <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND THE FIRST-TO-FILE DOCTRINE** <br><br> **Hearing Date**: August 11, 2023 <br> **Hearing Time**: 10:00 a.m. <br> **Courtroom**: 3 (15th Floor) <br><br> **District Judge**: Hon. Kimberly J. Mueller <br> **Magistrate Judge**: Hon. Deborah Barnes <br><br> **SAC Filed**: November 23, 2022 <br> **Trial Date**: None Set |

## **TABLE OF CONTENTS**

I. **INTRODUCTION** ............................................................................................................... 1

II. **NEW DEVELOPMENT** .................................................................................................... 3

    A. **The Underlying State Courts Actions Have Been Dismissed with Prejudice** ............................................................................................. 3

III. **ARGUMENT** ...................................................................................................................... 5

    A. **The Court May Consider Defendants' First-To-File Motion** ............................... 5

    B. **The First-To-File Rule Factors Are Satisfied** ........................................................ 6

        1. *The Parties Are Substantially Similar.* ............................................................ 7

        2. *The Issues Are Substantively Identical.* .......................................................... 8

    C. **No Equitable Reasons Exist to Disregard the First-To-File Rule** ....................... 10

IV. **CONCLUSION** ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Adoma v. Univ. of Phoenix, Inc.,*
   711 F. Supp. 2d 1142 (E.D. Cal. 2010) .................................................................................. 8

*AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.,*
   2013 WL 211196 (E.D. Cal. Jan. 9, 2013) ............................................................................. 5

*Amaretto Ranch Breedables, LLC. v. Ozimals, Inc.,*
   2011 WL 2690437 (N.D. Cal. July 8, 2011) .......................................................................... 5

*Behring Reg'l Ctr. LLC v. Wolf,*
   2021 WL 1164839 (N.D. Cal. Mar. 26, 2021) ....................................................................... 7

*Cf., Lacey v. Maricopa Cnty.,*
   693 F.3d 896 (9th Cir. 2012) .................................................................................................. 9

*In re Apple iPhone Antitrust Litigation,*
   846 F.3d 313 (9th Cir. 2017) ............................................................................................. 1, 6

*K.J.P. v. Cnty. of San Diego,*
   621 F. Supp. 3d 1097 (S.D. Cal. 2022) .................................................................................. 9

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 (9th Cir. 2015) ........................................................................................ 6, 7, 8

*Murphy v. Viad Corp.,*
   2022 WL 3137720 (C.D. Cal. May 13, 2022) ....................................................................... 5

*Narvaez v. Mouseflow, Inc.,*
   No. 2:20-cv-02305-TLN-KJN, Dkt. No. 20 (E.D. Cal. Feb. 16, 2021) .................................. 6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ................................................................................................ 7, 9

*PETA, Inc. v. Beyond the Frame, Ltd.,*
   2011 WL 686158 (C.D. Cal. Feb. 16, 2011) ....................................................................... 7, 8

*Quidel Corp. v. Siemens Med. Sols. USA, Inc.,*
   612 F. Supp. 3d 1131 (S.D. Cal. 2020) .................................................................................. 9

*Rumble, Inc. v. Google LLC,*
   2022 WL 3018062 (N.D. Cal. July 29, 2022) ........................................................................ 5

*Variscite, Inc. v. City of Los Angeles,*
   2023 WL 3493557 (C.D. Cal. Apr. 11, 2023) ........................................................................ 7

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   976 F. Supp. 2d 1289 (N.D. Cal. 2013) ........................................................................ 5, 8

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................... 5

**Regulations**

Cal. Code Regs. tit. 27, § 25903 ............................................................................................ 3

## I.  INTRODUCTION

Defendants' motion satisfies the factors necessary to dismiss or stay this action under the first-to-file rule.  Although the doctrine does not require mechanical application or exact parallelism of parties or issues, that is precisely what B&G advocates in contrast with the rule's stated goal "to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Unwield Prods., Inc.,* 946 F.2d 623, 628 (9th Cir. 1991) (citation omitted).  In considering all the factors, and the purpose of the first-to-file rule, Defendants' motion should be granted.

As an initial matter, an important development has occurred since the filing of this motion. Namely, Embry and EHA's underlying Proposition 65 enforcement actions against B&G (i.e., the entire genesis of B&G's federal suit) have been dismissed with prejudice based on a disputed legal issue concerning whether certain provisions of the Act's pre-suit notice requirements require strict or substantial compliance. Further, an injunction in the *Cal. Chamber* case prevents the refiling of further acrylamide actions – against B&G or any other entity. Therefore, a justiciable "case" or "controversy" no longer exists.  In short, B&G faces no current, ongoing, or future threat of prosecution under Proposition 65 related to its cookies.

As to this motion, B&G starts with a procedural attack claiming Defendants' first-to-file argument is "waived" because it was not raised in a prior motion to dismiss.  B&G is wrong.  The Court may properly consider Defendants' first-to-file motion under Rule 12(b)(1) or, alternatively, exercise its discretion to consider it on the merits (notwithstanding any perceived delay) because Plaintiff is not prejudiced, it will promote judicial economy, and there is no evidence it was filed for an improper purpose. *In re Apple iPhone Antitrust Litigation,* 846 F.3d 313, 320 (9th Cir. 2017).

B&G fundamentally misconstrues the nature of its later-filed derivative action vis-à-vis *Cal. Chamber*.  Both cases (1) have the same claims; (2) are premised on the same allegations that Proposition 65's acrylamide warning constitutes impermissible compelled speech under the First Amendment; and (3) seek an injunction to prevent the enforcement of Proposition 65's cancer warning for acrylamide.  B&G's case is entirely subsumed by *Cal. Chamber*, in that if the Chamber prevails in obtaining a permanent injunction, the defendants in both cases (the Attorney General and

private enforcers like Embry and EHA) will be barred from bringing future enforcement actions (against B&G or anyone else) related to acrylamide in food products.

B&G attempts to distance its case from *Cal. Chamber* by pointing to its request for an additional, separate form of relief – i.e., § 1983 damages related to alleged losses it suffered because of Defendants' "sham litigation." Because Proposition 65 literally *mandates* a pre-suit investigation before filing suit, with supporting factual materials reviewed by the Attorney General, B&G's "sham" allegations strain credulity and are bogus. Regardless, this Circuit regularly applies the first-to-file rule where (like here) two actions differ as to the remedy sought.

B&G's alleged "damages" only become relevant if it establishes liability for a deprivation of a constitutional right. The purported constitutional violation here has nothing to do with Defendants' "sham litigation" related to an implied abuse or process or malicious process (which B&G has not and could not plead). Rather, it has to do with whether Proposition 65's acrylamide warning violates the First Amendment – i.e., the same analysis being undertaken in *Cal. Chamber* would have to occur here as well. Properly understood, the differences between B&G's suit and *Cal. Chamber* are superficial, ancillary, and born out of necessity to plead an exception to the *Noerr-Pennington* doctrine.

The three factors to determine whether the first-to-file rule applies are satisfied. B&G does not dispute that the *Cal. Chamber* suit predates its action (the first factor) nor that the first-to-file rule can be applied to cases filed in the same District. Rather, B&G takes issue with the second and third factors concerning whether the parties and issues are substantially similar.

Contrary to B&G's rigid interpretation, courts in this Circuit do *not* require identical parties when applying the first-to-file rule. It is enough for the parties to represent the same interests, which is exactly what we have here. The issues also need not be identical, only substantially similar. The cases are nearly indistinguishable, and B&G's separate "damages" prayer is not a hinderance to applying the first-to-file rule. All the requirements for applying the first-to-file rule are satisfied and B&G ignores Defendants' argument that no exceptions apply.

Dismissal is the proper remedy under the first-to-file rule when the earlier-filed action provides adequate remedies, otherwise a stay is warranted. If the Court finds that dismissal is

unwarranted given B&G separate "damages" claim, Defendants respectfully request a stay pending resolution of *Cal. Chamber*. If a stay is not ordered, party and judicial resources would be wasted litigating B&G's "sham" allegations, which are ancillary and only relevant if a deprivation of a constitutional right is established in the first instance – i.e., the precise issue being litigated in *Cal. Chamber*. In sum, applying the first-to-file rule would further the doctrine's purpose by avoiding unnecessary and duplicative litigation by allowing the *Cal. Chamber* case to decide the threshold issue in B&G's copycat action.

## II.  NEW DEVELOPMENT

### A.  The Underlying State Courts Actions Have Been Dismissed with Prejudice

On July 12, 2023 (i.e., *after* Defendants filed this motion [Dkt. No. 85, filed 6/26/23] and *after* B&G filed its opposition [Dkt. No. 93, filed 7/10/23]) the Hon. Evelio Grillo of the Superior Court of California, County of Alameda, dismissed, with prejudice, Defendants' underlying Proposition 65 enforcement actions against B&G. *See* Defendants' Supplemental Request for Judicial Notice ("Supp. RJN"), Ex. J.  Embry and EHA's actions were <u>not</u> dismissed based on any finding of "sham litigation."[1]  Rather, the actions were dismissed based on a disputed legal issue concerning whether two sub-provisions of Proposition 65's pre-suit notice requirements (Cal. Code Regs. tit. 27, § 25903) require strict or substantial compliance.[2]

B&G, along with several of other food companies, argued – via a consolidated motion for judgment on the pleadings – that Defendants did not strictly comply with two sub-provisions of the Act's notice requirements: (1) § 25903(b)(1), which requires that each notice include, as an attachment, a copy of OEHHA's "Appendix A" (a basic summary of the Act); and (2) § 25903(b)(2)(A)(1), which requires that each notice identify contact information of the noticing individual or a responsible individual within the noticing entity.  As to the former, B&G argued

---

[1] B&G's representation to the Court stating otherwise is false. *See* Dkt. No. 99 (claiming the MJOP order "shows that Defendants have filed meritless acrylamide lawsuits.").  Contrary to B&G's misrepresentation, the MJOP order does *not* address the merits of Defendants' lawsuits, but rather a procedural and disputed legal issue concerning whether the pre-suit notices require strict or substantial compliance.  Supp. RJN, Ex. J.

[2] Prior to Judge Grillo's decision, EHA had twice won on the same procedural issue brought by other Proposition 65 defendants. *See* Supp. RJN, Exhs. K-N.

1  Defendants did not strictly comply by using an older version of Appendix A in some of the disputed
2  notices. As to the latter, B&G argued Defendants did not strictly comply by providing their attorneys'
3  contact information in lieu of a principal's information. Embry and EHA argued the substantial
4  compliance doctrine applied and that they, in turn, substantially complied with these sub-provisions
5  of the Act's pre-suit notice requirements.

6  Ultimately, Judge Grillo held that, even though Defendants substantially complied in part, a
7  strict compliance standard applied to the sub-provisions at issue. And since Judge Grillo determined
8  that Defendants' 60-day notices did not strictly comply with the Act's notice requirements, the court
9  ordered dozens of jointly-managed acrylamide actions dismissed with prejudice, including
10 Defendants' underlying state court actions against B&G – i.e., Alameda Case Nos. RG20057491
11 (*Embry v. B&G*), RG21086510 (*EHA v. B&G*).

12 As a result of (1) Defendants' underlying state court actions being dismissed; (2) the *Cal.*
13 *Chamber* injunction prohibiting future prosecution against B&G (by Defendants are anyone else)
14 related to its cookies; and (3) B&G's admission that it no longer makes or sells the cookie products at
15 issue,³ a justiciable "case" or "controversy" does not exist. B&G filed this federal action seeking to
16 enjoin "further unconstitutional threats and lawsuits against [it] regarding the acrylamide in its Cookie
17 Cakes and Sandwich Cookies products." Dkt. No. 57, Prayer for Relief. Simply put, there is no
18 current, ongoing, or future threat of prosecution under Proposition 65 against B&G related to its
19 *discontinued* cookies. To the extent a "controversy" remains surrounding the constitutionality of
20 Proposition 65's acrylamide warning, *Cal. Chamber* is addressing that issue. If the Court has similar
21 concerns regarding B&G's Article III standing to maintain this action, Defendants invite further
22 briefing on the issue.

23 / / /
24 / / /
25 / / /
26 / / /

---

³ *See* Dkt. No. 93 at 2:24 ("In 2022, B&G Foods retired the Snackwell's brand and stopped making the Cookies.").

## III. ARGUMENT

### A. The Court May Consider Defendants' First-To-File Motion[4]

B&G contends that Defendants' first-to-file argument is "waived" because it was not raised in a prior motion to dismiss. *See* Dkt. No. 93 at 5-8. Defendants anticipated this procedural attack. *See* Dkt. No. 85-1 at fn. 2. For several reasons, the Court should consider Defendants' motion on the merits.

Rule 12(g) governs the timeliness of Rule 12 motions. It states, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(3) provides that a court must dismiss a case if it determines at any point that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "The first to file rule is not one of the enumerated bases for dismissal in Rule 12 of the Federal Rules of Civil Procedure." *AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.*, 2013 WL 211196, at *2 (E.D. Cal. Jan. 9, 2013) (Mueller, K.). Some courts adopt the view that first-to-file motions resemble motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).[5] *Id.* (citing cases). Here, Defendants brought their first-to-file motion under Rule 12(b)(1). Thus, if the Court accepts Defendants' motion as filed under Rule 12(b)(1), the "waiver" analysis ends. Fed. R. Civ. P. 12(h)(3).

Even assuming Defendants' motion is outside the ambit of Rule 12(b)(1) and the first-to-file doctrine could have been raised in a prior motion to dismiss, courts enjoy wide discretion to consider such "delayed" arguments in the interest of judicial economy. *Amaretto Ranch Breedables, LLC. v. Ozimals, Inc.*, 2011 WL 2690437, at *2 n. 1 (N.D. Cal. July 8, 2011) ("[C]ourts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy."); *Rumble, Inc. v. Google LLC,* 2022 WL 3018062, at *3 n. 3 (N.D. Cal. July 29, 2022)

---

[4] B&G does not refute Defendants' argument that the first-to-file rule equally applies to cases (such as the case at bar and *Cal. Chamber*) filed in the same District. *See* Dkt. No. 85-1, § IV(A); *Wallerstein v. Dole Fresh Vegetables, Inc.,* 976 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) ("[T]he first-to-file rule is not limited to cases brought in different districts.").

[5] B&G cites *Murphy v. Viad Corp.*, 2022 WL 3137720, at *3 (C.D. Cal. May 13, 2022) to note that other courts disagree that a first-to-file motion constitutes a Rule 12(b)(1) motion. *See* Dkt. No. 93 at 6. But the *Murphy* court did "not determine whether Defendant's motion is properly construed as a Rule 12(b)(1) motion" since "the Court conclude[d] that, even if untimely, Defendant's motion fail[ed] on the merits." *Murphy,* 2022 WL 3137720, at *3.

("[T]o the extent Defendant could have raised its arguments in a prior motion, the Court nonetheless exercises its discretion to consider those arguments in the interest of judicial economy."). In the first-to-file context, judicial economy is the utmost consideration because the rule is primarily concerned with maximizing economy, consistency, and comity. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Hence, the Court's evaluation of whether the first-to-file rule applies serves to promote judicial economy.

The Court also has discretion to consider a successive motion to dismiss where the motion does not prejudice the plaintiff, expedites resolution of the case, and was not filed for any strategically abusive purpose. *In re Apple iPhone Antitrust Litigation,* 846 F.3d at 320. B&G makes no claim of prejudice. *See* Dkt. No. 93 at 5-8. Nor could it since Defendants promptly filed their first-to-file motion before discovery commenced and shortly after the last motion to dismiss based on *Noerr-Pennington* was denied. B&G only speculates about Defendants' true motivation – i.e., to forum shop "in the hopes of getting more favorable rulings from another judge." Not so. If this case is reassigned to the *Cal. Chamber* judge, that simply is "the regular practice of this Court [for] related cases[.]" *See* Related Case Order, *Narvaez v. Mouseflow, Inc.,* No. 2:20-cv-02305-TLN-KJN, Dkt. No. 20 (E.D. Cal. Feb. 16, 2021) (Nunley, T.) (ordering later-filed action reassigned to the district judge and magistrate judge of the earlier-filed action). B&G's conjecture as to Defendants' motivation holds no weight.[6]

In sum, the Court may consider Defendants' first-to-file motion under Rule 12(b)(1) or, alternatively, exercise its discretion to consider it because Plaintiff is not prejudiced, it will promote judicial economy, and there is no evidence it was filed for an improper purpose.

**B.  The First-To-File Rule Factors Are Satisfied**

In determining whether the first-to-file rule applies, courts consider three factors: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Pacesetter*

---

[6] B&G's "form shopping" claim is also nonsensical. Forum shopping occurs when a party attempts to move its case to another courthouse. That is not the case here. Instead, an earlier filed lawsuit (*Cal. Chamber*) already substantially covers the issues before this Court. The situation at bar isn't which judge would decide the issues – it is whether two courts would, in parallel, make competing and potentially conflicting decisions on the application of the First Amendment.

*Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).  B&G does not address the first factor, thereby conceding its action was filed <u>after</u> *Cal. Chamber*.  Accordingly, the first factor is satisfied.  As discussed below, the second and third factors are likewise satisfied.  B&G's attempts to rewrite the first-to-file rule to create exacting standards that do not apply and should be disregarded.  *Pacesetter Sys., Inc.*, 678 F.2d at 95 (the first-to file rule is not to be mechanically, rigidly, or inflexibly applied, but "rather is to be applied with a view to the dictates of sound judicial administration."); *PETA, Inc. v. Beyond the Frame, Ltd.,* 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) ("Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of parties and issues.").

          1.     *The Parties Are Substantially Similar.*

B&G argues the first-to-file rule does not apply "because there is no overlap among the parties in this case and *Cal. Chamber*."  See Dkt. No. 93 at 8-9.  While it is true the parties are not identical, the rigid interpretation advanced by B&G is wrong as a matter of law and conflicts with the very purpose of the first-to-file rule: to avoid duplicative litigation.  Indeed, "the first-to file rule does not require exact identity of the parties," it is enough that the parties are substantially similar.[7] *Kohn Law Grp., Inc.*, 787 F.3d at 1240.  When parties are not identical in two related actions, courts have found they are "substantially similar" under the first-to-file doctrine if they represent the same interests.  *Variscite, Inc. v. City of Los Angeles,* 2023 WL 3493557, at *11 (C.D. Cal. Apr. 11, 2023) (citing cases).

B&G ignores Defendants' detailed analysis concerning why the parties on either side of the "v." in both actions share the same interests.[8]  *See* Dkt. 85-1, § IV(C).  Instead, B&G concludes the

---

[7] *Behring Reg'l Ctr. LLC v. Wolf,* 2021 WL 1164839 (N.D. Cal. Mar. 26, 2021) is distinguishable.  The *Behring* court, in declining to apply the first-to-file rule, noted the unrelated plaintiffs in the earlier-filed and later-filed cases did not share a common interest because they did "business in different states and thus [were] impacted by the [Department of Homeland Security] Rule change in different ways."  Not so here.  B&G and the Chamber members conduct business in California by selling food products containing acrylamide in the State.  Above all, both plaintiffs will be equally impacted by the ultimate finding regarding the constitutionality of Proposition 65's acrylamide warning.

[8] To summarize, B&G's interests are the same as the Chamber's interests – i.e., to ensure a finding that Proposition 65's warning for cancer, as applied to acrylamide in food products, violates the First Amendment.  Notably, B&G does not disclaim membership in the California Chamber of Commerce.

first-to-file rule does not apply because no party is the same among the related actions. *See* Dkt. No. 93 at 8-9. This rigid application simply isn't the law notwithstanding the normal course of having at least one identical party. *See PETA, Inc.,* 2011 WL 686158, at *2 (noting how courts in this Circuit adopt a "flexible approach in evaluating the similarity of the parties[.]").

For example, in the context of class actions, courts typically examine the similarity among the proposed classes rather than the named plaintiffs. *Adoma v. Univ. of Phoenix, Inc.,* 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010). Thus, the parties are sufficiently similar when the proposed class in the second suit is subsumed by the proposed class in the first action. *Wallerstein,* 967 F. Supp. 2d at 1296. Here, Embry and EHA are impacted in the same way as the Attorney General – i.e., they both will be enjoined from prosecuting acrylamide litigation if the *Cal. Chamber* injunction becomes permanent. The *Cal. Chamber* suit (if successful) would provide not only all the relief B&G seeks in this case related to its two discontinued cookie products, but protection for **all** its food products containing acrylamide. Therefore, the parties are substantially similar.

### 2. The Issues Are Substantively Identical.

For the first-to-file rule to apply, "[t]he issues in both cases need not be identical, only substantially similar. *Kohn Law Grp., Inc.*, 787 F.3d at 1240-41. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is 'substantial overlap' between the two suits." *Id.* B&G attempts to portray its case as vastly different in kind than *Cal. Chamber*. *See* Dkt. No. 93 at 9-12. Not so. The cases are basically indistinguishable.

To start, both cases have the same claims: (1) Violation of the First Amendment [42 U.S.C. § 1983]; (2) Declaratory Judgment [28 U.S.C. § 2201]. Both cases are premised on Proposition 65's acrylamide warning constituting impermissible compelled speech under the First Amendment. Both cases seek an injunction to prevent the enforcement of Proposition 65 as it relates to the cancer warning for acrylamide. This case is entirely subsumed by *Cal. Chamber*, in that if the Chamber prevails in

---

*See generally,* Dkt. No. 93. Regardless, the Chamber represents its interests in the *Cal. Chamber* litigation. The Attorney General and private enforcers' interests align given B&G and the Chamber's own allegations, the inherent nature of the statutory scheme and the fact that both entities would be permanently enjoined from pursuing new acrylamide-in-food litigation should the Chamber succeed on the merits. B&G leaves these common interests unaddressed and undisputed.

obtaining a permanent injunction, the defendants in both cases (the Attorney General and private enforcers like Embry and EHA) will be barred from bringing future Proposition 65 enforcement actions (against B&G or anyone else) related to acrylamide in food products.

Notwithstanding the above, B&G's tries to distance its case from *Cal. Chamber* based on its request for an additional, separate form of relief – i.e., § 1983 damages related to alleged losses suffered from Defendants' "sham litigation." Yet, B&G avoids discussion of the fact that to procure § 1983 damages, a plaintiff is required to make a prerequisite finding of liability for deprivation of constitutional rights – i.e., the central issue at play in *Cal. Chamber,* whether Proposition 65's acrylamide warning constitutes impermissible compelled speech under the First Amendment. *See, e.g., K.J.P. v. Cnty. of San Diego,* 621 F. Supp. 3d 1097, 1153 (S.D. Cal. 2022) ("A plaintiff who establishes liability for deprivation of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations.").

This is the only constitutional violation at issue here contrary to B&G's efforts to make this case about "sham litigation" to overcome (at the pleadings stage) a separate ground for dismissal under *Noerr-Pennington.* B&G implies – but does not plead – that Defendants abused process or maliciously prosecuted the (now dismissed) underlying state court actions. *Cf., Lacey v. Maricopa Cnty.,* 693 F.3d 896, 919 (9th Cir. 2012) (a claim of malicious prosecution is generally not cognizable under § 1983 "if process is available within the state judicial systems" to provide a remedy); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.,* 612 F. Supp. 3d 1131, 1139-40 (S.D. Cal. 2020) ("Simply filing or maintaining a lawsuit – even with an improper purpose – is not actionable [to state an abuse of process claim]."). Stated differently, the purported constitutional violation here is not the filing of a lawsuit (for an improper purpose or otherwise), it is the State (through private enforcers such as Embry and EHA) seeking to compel false commercial speech in violation of the First Amendment. B&G fundamentally misses this distinction.

In any event, the Ninth Circuit has found "the first to file rule is applicable" where (like here) "two actions differ only as to the remedy sought." *Pacesetter Sys., Inc.*, 678 F.2d at 95-96 (upholding district court's application of first-to-file rule where earlier-filed action sought "injunctive relief and

damages" and later-filed action sought "declaratory judgment"). Hence, the additional relief of damages sought by B&G is not the panacea it thinks it is.

Moreover, the "damages" claim only becomes relevant if B&G establishes an underlying constitutional violation (which has nothing to do with Defendants' implied abuse of process and everything to do with whether the Act's acrylamide warning violates the First Amendment) – i.e., the same analysis being undertaken in *Cal. Chamber* would have to occur here as well. Properly understood, the differences between B&G's suit and *Cal. Chamber* are superficial and born out of necessity to plead an exception to the *Noerr-Pennington* doctrine.

In sum, the issues, claims, and relief in both matters are based on the same common nucleus of alleged facts related to the constitutionality of Proposition 65's warning requirement as applied to exposure to acrylamide in food products. *Accord,* Dkt. No. 82 at 3 ("Concurrently, while this case has unfolded, the California Chamber of Commerce pursued **similar claims and relief** in this court."). All three factors are satisfied.

### C. No Equitable Reasons Exist to Disregard the First-To-File Rule[9]

Lastly, B&G contends "it would be inequitable to strip [it] of its right to obtain damages through the unilateral activities of others." *See* Dkt. No. 93 at 12-13. As detailed above, B&G's damages claim is entirely derivative of whether Proposition 65's cancer warning for acrylamide violates the First Amendment, which is being litigated in *Cal. Chamber*. Thus, at a minimum, a stay pending final resolution in *Cal. Chamber* is warranted. If a stay were not ordered, on the other hand, party and judicial resources may be wasted litigating B&G's "sham" allegations, and potentially conflicting decisions on the First Amendment issue, which are ancillary and only relevant if B&G establishes liability for deprivation of a constitutional right in the first place. This is the duplicative nature of B&G's case vis-à-vis *Cal. Chamber* and why sound judicial administration, comity, and regard to conservation of judicial resources favors application of the first-to-file doctrine.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that their motion be granted.

---

[9] B&G ignores Defendants' argument that no exceptions the first-to-file rule apply. *See* Dkt. No. 85-1, § IV(E).

Respectfully submitted,

Dated: July 20, 2023                         **NICHOLAS & TOMASEVIC, LLP**

By:    */s/ Jake W. Schulte*
CRAIG M. NICHOLAS (Bar No. 178444)
cnicholas@nicholaslaw.org
JAKE W. SCHULTE (Bar. No. 293777)
jschulte@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492 | Fax: (619) 325-0496

NOAM GLICK (Bar No. 251582)
noam@glicklawgroup.com
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400 | Fax: (619) 615-2193

Attorneys for Defendants
KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC.