August 10, 2023

**VIA ECF AND EMAIL**

Magistrate Judge Deborah Barnes
United States District Court for the Eastern District of California
Robert T. Matsui United States Courthouse–Courtroom 27, 8th Floor
501 I Street
Sacramento, CA 95814
dborders@caed.uscourts.gov

          RE:    Subpoena to IEH Laboratories & Consulting Group; *B&G Foods North America, Inc. v. Embry et al,* No. 2:20-cv-00526-KJM-DB

Dear Honorable Judge Barnes,

      Pursuant to this Court's standing orders, B&G Foods and third party IEH Laboratories & Consulting Group ("IEH") respectfully submit this joint letter brief with respect to B&G Foods's subpoena directed to IEH. Counsel for parties have conferred in an attempt to resolve the disputes set forth herein without success.

## B&G FOODS'S POSITION

      B&G Foods seeks an order compelling third party IEH to comply with a duly served subpoena. This lawsuit concerns Defendants' serial filing of sham litigation against B&G Foods. The purported basis for some of these lawsuits were tests performed by IEH, Defendants' captive laboratory. After providing Defendants with inaccurate test data, IEH then spoliated the tested products so B&G Foods could not re-test them. B&G Foods served a subpoena on IEH on June 16, 2023 seeking information regarding its testing of B&G Foods's products and subsequent spoliation.

      Rather than respond to the subpoena, IEH has taken the position that it has no duty to respond because the subpoena was served prior to the parties' Rule 26(f) Conference. That is not correct. The parties conducted a Rule 26(f) conference on June 13, 2023. During the conference, Defendants stated they would not discuss any of the Rule 26(f) topics because they intended to file a motion to dismiss. The parties thereafter submitted a joint report on the Rule 26(f) conference. (ECF 83.) On June 29, the Court held a Scheduling Conference, admonished Defendants for their attempt to obstruct discovery, and issued a Scheduling Order with deadlines for the completion of discovery. (ECF 87.)

      B&G Foods served its subpoena on June 16, after the Rule 26(f) conference. Despite the fact the Rule 26(f) conference occurred, and notwithstanding the Court's admonishment of Defendants and Scheduling Order, IEH has still refused to respond to B&G Foods's subpoena. B&G Foods repeatedly met and conferred with IEH in an effort to obtain their voluntary compliance, and offered to extend the deadline for compliance, but IEH declined this offer.

Instead, IEH, which is beholden to Defendants, elected to stand on its objection in order to obstruct discovery.[1]

Accordingly, because IEH does not dispute that B&G Foods's subpoena was validly served and seeks relevant and discoverable information, it should be ordered to comply within five days and produce a witness within ten days.

## THIRD PARTY IEH'S POSITION

IEH provides laboratory testing services. IEH has been engaged by both plaintiff and defendants to provide services. IEH has no interest in this litigation beyond complying with a **_valid_** subpoena. It is not "beholden" to defendants. Plaintiff's attacks against it are unwarranted.

On June 16, IEH was contacted by defendants and notified it would receive plaintiff's subpoena. Defendants told IEH that there had been no Rule 26(f) conference. IEH reviewed the docket and joint status report filed on June 15 which stated plaintiff had "attempted to meet and confer" and that defendants had "refused to discuss topics set forth in Rule 26(f) and Local Rule 240(a)". Dkt. 83:2:19-24. Plaintiff argued that defendants' refusal to conduct a 26(f) conference was made to create a "unilateral stay." *Id*. at 3:11-14. The report states "there are no current discovery disputes to raise with the Court." *Id*. at 8:22-25. Defendants stated they would request a stay of discovery – a request which is now pending before the Court. *Id*. at 4:14-17; Dkt. 85 (plaintiff's motion to dismiss or stay). On June 16, IEH notified plaintiff that without a 26(f) conference, "discovery from any source" is not allowed. Fed. R. Civ. Proc. Rule 26(d)(1); *see also Olson v. Puckett,* 2022 U.S. Dist. LEXIS 151120 * 2 (E.D. Cal. Aug. 16, 2022) (quashing subpoena as it was served prior to Rule 26(f) conference being had); *Franco v. Doe*, 2020 U.S. Dist. LEXIS 229556 * 3-4 (C.D. Cal. Sept. 14, 2020) (explaining service of subpoena prior to a discovery conference to be premature and reason to excuse third party from compliance). Defendants stated numerous times no 26(f) conference took place prior to June 16. Plaintiff initially argued that its obligation to meet and confer was somehow "discharged" and later argued that a 26(f) conference occurred on June 13.

Given the subpoena demanded documents by June 29 (the same date as a Scheduling Conference), IEH requested to meet and confer. This was done on June 28. IEH proposed that this issue be raised during the Scheduling Conference as there obviously was a discovery dispute. IEH stated it would promptly comply with the subpoena if the Court agreed discovery was open. Plaintiff refused. IEH also stated that once the discovery window was open, via the 26(f) conference being held or otherwise, it would accept service of a subpoena via email and respond promptly. Plaintiff refused this approach too, arguing that serving another subpoena was an "empty formality." Both parties informed IEH defendants were admonished by the Court on June 29 for not conferring pursuant to Rule 26(f). The June 30 minute order ordered the parties to confer on discovery issues. *See* Dkt. 87. It seems the parties did so by July 11. *See* Dkts. 94 & 95. Rather than serving a subpoena after the parties conferred on discovery issues, plaintiff moved forward on July 12 and scheduled this conference for August 14.

Plaintiff should not have issued a subpoena (including 34 document requests and topics for deposition) when it had yet "to discuss topics set forth in Rule 26(f)". Moreover, plaintiff's conduct in threatening to "hold [IEH] accountable" for "Defendants efforts to obstruct [its] discovery," is inappropriate. Plaintiff's gamesmanship, in issuing the subpoena at the time it did, is obvious. Plaintiff should not have placed IEH in the middle of the parties' discovery dispute.

---

[1] IEH's suggestion that B&G Foods could have raised the "dispute" at the June 29 Scheduling Conference makes little sense and is contrary to the Local Rules. B&G Foods did not even receive IEH's formal response to the subpoena until after the Scheduling Conference.

## MEET AND CONFER ATTESTATION

As discussed above, and pursuant to this Court's Standing Order, David H. Kwasniewski attests that the parties complied with the Court's Standing Order's requirement to meet and confer. The parties conferred via phone on June 28 and July 3, 2023.

Dated:  August 10, 2023                     /s/ David H. Kwasniewski

                                            David H. Kwasniewski
                                            BraunHagey & Borden LLP

                                            *Attorneys for B&G Foods North America, Inc.*

Dated:  August 10, 2023                     /s/ David Crowe

                                            David Crowe
                                            *Attorney for IEH Laboratories & Consulting Group*

## ATTESTATION

Counsel for B&G Foods hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for IEH Laboratories & Consulting Group.

Dated:  August 10, 2023                     Respectfully submitted,

                                            BRAUNHAGEY & BORDEN LLP


                                            /s/ David H. Kwasniewski

                                            David H. Kwasniewski
                                            BraunHagey & Borden LLP

                                            *Attorneys for B&G Foods North America, Inc*