J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Robert Petraglia, Esq. (SBN: 264849)
  petraglia@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>        Defendants. | **Case No. 2:20-cv-00526-KJM-DB**<br><br>**B&G FOODS NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           August 25, 2023<br>Time:           10:00 AM<br><br>Magistrate Judge:  Hon. Deborah Barnes<br>Courtroom:      27<br><br>SAC Filed:      November 23, 2022<br>Trial Date:     None Set |

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on August 25, 2023 in Courtroom 27 of the above-entitled Court, Defendant B&G Foods North America, Inc. ("B&G Foods") will and hereby does move the Court for an order to compel and for sanctions. The Motion will be based upon the accompanying Memorandum of Points and Authorities, the Declaration of David H. Kwasniewski, the Court's files and records in this action, and upon any further evidence and argument that the Court may receive at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure Rule 37, B&G Foods hereby respectfully moves for monetary sanctions against Defendants.

Dated: August 10, 2023

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
Matthew Borden

*Attorneys for Defendant*
*B&G Foods North America, Inc.*

1

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

    A.    Defendants' Refusal to Participate in Discovery..................................................... 2

    B.    B&G Foods' Efforts to Secure Defendants' Compliance with Discovery ............. 3

    C.    Defendants' Refuse to Respond to Discovery or Appear for Deposition............... 3

    D.    Defendants' Obstruct B&G Foods' Effort to Provide a Joint Statement............... 3

ARGUMENT...................................................................................................................... 4

I.    DEFENDANTS SHOULD BE COMPELLED TO RESPOND TO THE
WRITTEN DISCOVERY AND APPEAR FOR DEPOSITIONS.................................... 4

    A.    Defendants Should Be Compelled to Respond to the Outstanding Discovery....... 4

    B.    Defendants Should Be Sanctioned......................................................................... 5

II.    DEFENDANTS' REQUEST TO STAY DISCOVERY AFTER THEIR
DISCOVERY WAS DUE SHOULD BE DENIED ......................................................... 5

    A.    Defendants Fail to Show Good Cause for a Stay ................................................... 5

    B.    Defendants' Improper Forum-Shopping Should Be Rejected................................ 8

CONCLUSION.................................................................................................................... 9

1   Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully submits this

2   Memorandum in support of its Motion to Compel.

3   **<u>INTRODUCTION</u>**

4   B&G Foods brought this case on March 06, 2020 because Defendants had serially filed

5   sham litigation against B&G Foods, which included falsifying documents and destroying lab tests.

6   After Defendants' first motion to dismiss was granted, the Ninth Circuit reversed. *B&G Foods N.*

7   *Am., Inc. v. Embry*, 29 F.4th 527, 532 (9th Cir.), cert. denied, 143 S. Ct. 212, 214 L. Ed. 2d 83

8   (2022). Thereafter, the Court granted, then denied Defendants' iterative motions to dismiss. (ECF

9   56, 82.) All the while, discovery was stayed. When Judge Mueller denied Defendants' last motion

10  to dismiss, she set a scheduling conference for June 29, 2023. (ECF 82.) Prior to the scheduling

11  conference, Defendants refused to discuss any of the Rule 26 topics to try to impede discovery. In

12  their scheduling conference statement (ECF 83), they informed the Court that they intended to file

13  a motion to stay discovery. At the scheduling conference, Judge Mueller explained that the case

14  was not stayed and that Defendants could not unilaterally help themselves to a stay by refusing to

15  participate in discovery. (Declaration of David Kwasniewski ("Kwasniewski Decl."), ¶ 15, Ex. 2

16  (Transcript of July 29, 2023 Scheduling Conference), 3:19–4:1 ("You didn't ask the Court if you

17  were relieved of the obligation to join in the Rule 26 conference. I think you got it backwards. I'm

18  chiding you now, but meet and confer is a real obligation in this Court. And even if you think

19  you've got a viable motion to dismiss, you should seek leave of Court and seek to continue the

20  Rule 26 conference, not refuse to meet and confer when another party approaches you,

21  understood?. . . At this point I'm going to go ahead and schedule the case because I don't think

22  there's a good reason not to before me.")).

23  After B&G Foods propounded discovery, Defendants informed B&G Foods they intended

24  to serve boilerplate objections but ultimately neglected to furnish any responses. (Kwasniewski

25  Decl., ¶ 15, Ex. 4; *id.*, ¶ 19.) Defendants also failed to appear at their own depositions. (*Id.*, ¶ 20.)

26  They also contacted a third-party witness and instructed them to refuse to respond to B&G Foods's

27  subpoena. (*Id.*, ¶¶ 5–6, Ex. 1.)

28

Defendants should be compelled to immediately respond to the pending discovery, appear for depositions within 10 days, and desist from obstructing third-party discovery. The Court should also impose sanctions on Defendants because their conduct lacked any, much less a substantial justification, and contravened the Court's direct instructions at the recent status conference—by refusing to engage in discovery, Defendants effectively helped themselves to a unilateral stay even though there has been no Court Order staying discovery.

The Court should also deny Defendants' request for a discovery stay. Judge Mueller already rejected Defendants' efforts to stay discovery. (ECF 88 (Scheduling Order).) The request, itself, is premised on the pendency of a motion to dismiss that verges on frivolous. The motion to dismiss turns on arguments that Defendants waived by failing to include them in their many other motions to dismiss and seeks to assert the first-to-file rule based on a case in which neither B&G Foods nor Defendants are parties. The discovery stay has finally been lifted despite Defendants' efforts to delay these proceedings. Defendants have not come close to demonstrating the type of compelling exigency that would necessitate depriving B&G Foods of its right to take discovery. Just the opposite is true. As Judge Mueller, herself, has ruled, the mere pendency of a dispositive motion is generally not grounds for a discovery stay. *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (Mueller, J.) (courts "have generally rejected parties' requests for a stay of discovery while a dispositive motion is pending."). This is especially true when the underlying motion straddles Rule 11.

## **BACKGROUND**

### A.    **Defendants' Refusal to Participate in Discovery**

After denying Defendants' previous motion to dismiss, Judge Mueller set a status conference for June 29, 2023. On June 6, B&G Foods began trying to meet and confer with Defendants. (Kwasniewski Decl. ¶ 2.) When Defendants finally agreed to do so, they refused to answer questions about retention of ESI, an ESI protocol and the other routine meet-and-confer topics for a Rule 26(f) conference. (*Id.* ¶ 3.) At the status conference, Judge Mueller chided Defendants for their refusal to meet and confer and ordered them to agree to a protective order and ESI protocol. (*Id.*, Ex. 1.)

Following the conference, B&G Foods again sought to meet and confer with Defendants, who again tried to delay discussing the ESI protocol and protective order. (*Id*. ¶ 7.) The materials were successfully submitted on July 11, twelve days after the status conference. (ECF 94, 95.)

On June 30, B&G Foods propounded document requests. (Kwasniewski Decl., Exs. 2–3.) After repeatedly trying to obtain dates from Defendants, B&G Foods noticed the depositions of key witnesses. (*Id*. ¶¶ 12–14.)

**B.    B&G Foods's Efforts to Secure Defendants' Compliance with Discovery**

On July 17, 2023, the parties had a call. B&G Foods informed Defendants that if they did not respond to discovery or make their witnesses available for deposition that B&G Foods would seek appropriate relief. (Kwasniewski Decl. ¶ 15.) Defendants stated that they would not comply and, if they did respond to the requests, they would limit their response to boilerplate objections. (*Id.*; *see also id.,* Ex. 4 (Defendant's July 11, 2023 Correspondence) ("We [Defendants] will plan on serving objections-only responses to the written discovery in the meantime.").) Defendants stated that they intended to file a motion for protective order staying discovery pending resolution of the Motion to Dismiss. (Kwasniewski Decl. ¶ 17.)  B&G Food's counsel did not agree to any stay. (*Id.*)

**C.    Defendants' Refuse to Respond to Discovery or Appear for Deposition**

As of the date of this filing, Defendants have not provided any responses to written discovery. Those responses were due by August 3, 2023. (Kwasniewski Decl. ¶¶ 8–9.) Defendants also refused to appear for their scheduled depositions, nor did they propose alternate deposition dates in the event they were unavailable. (Kwasniewski Decl. ¶ 18.) Defendants additionally stifled third-party discovery by telling a non-party laboratory that it did not have to respond to a subpoena. (Kwasniewski Decl. ¶ 20, Ex. 5 (June 28, 2023 Correspondence Memorialization Meet and Confer) (Defendants misinformed third-party that the subpoena was not valid and not to be compiled with).)

**D.    Defendants' Obstruct B&G Foods's Effort to Provide a Joint Statement**

B&G Foods sought to provide the Court with a joint statement as required by the Court's Standing Order. Defendants, however, further delayed the process by moving around sections of

the brief and insisting upon editing B&G Foods's sections. A copy of the relevant correspondence is attached as Exhibit 6 to the Kwasniewski Declaration.

## **ARGUMENT**

**I.      DEFENDANTS SHOULD BE COMPELLED TO RESPOND TO THE WRITTEN DISCOVERY AND APPEAR FOR DEPOSITIONS**

Defendants have refused to respond to duly noticed discovery and failed to appear for their depositions. The Federal Rules do not permit parties to shirk their discovery obligations because they have filed a dispositive motion. *See* Gray *v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (Mueller, J.); *Gottesman v. Santana*, No. 16-cv-2902 JLS (JLB), 2017 WL 5889765, at *6 n.5 (S.D. Cal. Nov. 29, 2017); *Mlejnecky v. Olympus Imaging Am., Inc*., No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). Defendants accordingly should be ordered to respond to B&G Foods's discovery immediately and appear for their depositions within 10 days.

Defendants' belated efforts to seek a stay of discovery are also meritless for three reasons. First, Judge Mueller already ordered discovery to commence despite Defendants' pending Motion to Dismiss. Second, the mere pendency of a dispositive motion is not ground for staying discovery absent good cause, which does not exist here. Third, Defendants already requested, and were denied, this same relief from Judge Mueller, and their Motion attempts to force this Court to opine on the Motion to Dismiss, which is already being decided by Judge Mueller.

**A.      Defendants Should Be Compelled to Respond to the Outstanding Discovery**

The Court should order Defendants to immediately comply with the pending discovery. "Defendants are not relieved from their obligation to respond to plaintiff's [discovery requests] solely because a motion to dismiss [is] pending." *Dean v. Gonzales*, 2013 WL 4647968, at *2 (E.D. Cal. Aug. 29, 2013); *Brown v. Hain Celestial Grp., Inc*., No. C 11-03082 LB, 2013 WL 5800566, at *6 (N.D. Cal. Oct. 28, 2013) (granting motion for fees where discovery stay was "substantially justified" but defendant failed to move and instead "dragged its feet and delayed discovery"); *Holmes v. McMillan*, 2009 WL 10673424, at *3 (D. Ariz. Nov. 24, 2009) (granting

plaintiff's motion to compel discovery despite defendant's pending motion to dismiss because defendant never sought to stay discovery and district courts have discretion to stay discovery pending a motion to dismiss) (citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993)); *accord Rago v. Select Comfort Retail Corp.*, 2020 WL 6162798, at *3 (C.D. Cal. Sept. 8, 2020) (observing that a stay of discovery is a case management issue reserved for the district judge, requiring any request to stay discovery be filed with the district judge).

### B.   Defendants Should Be Sanctioned

Rule 37 (a)(5)(A) Fed. R. Civ. P. provides as follows:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require . . . the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) The opposing party's nondisclosure, response, or objection was substantially justified;
>
> (iii) or other circumstances make an award of expenses unjust.

As demonstrated herein, the dilatory and stonewalling tactics employed by Defendants in denying Plaintiff its entitlement to reasonable discovery requests are not justified. B&G Foods, therefore, requests the Court to allow the parties to be heard on an award of costs and attorney's fees incurred in making this motion.

## II.   DEFENDANTS' REQUEST TO STAY DISCOVERY AFTER THEIR DISCOVERY WAS DUE SHOULD BE DENIED

Leaving aside that the Court already denied Defendants' request to stay discovery, ordered them to submit an ESI protocol, and required them to provide a protective order, Defendants' motion fails for at least two reasons. First, Defendants fail to show that extraordinary circumstances warranting a stay exist. Second, Defendants' motion seeks to have a new judge weigh in the motion to dismiss that the Judge Mueller has under submission after vacating oral argument.

### A.   Defendants Fail to Show Good Cause for a Stay

Defendants' request fails to meet the high bar necessary to stay discovery. Stays of discovery are an exception to the Federal Rules of Civil Procedure, *Optronic Tech., Inc. v. Ningbo*

1    *Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018),

2    because they "undercut[] 'the Federal Rules['] liberal discovery provisions,'" *Adams v.*

3    *AllianceOne, Inc.*, No. 08-CV-0248 JAH (LSP), 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22,

4    2008), and are "at odds with the need for expeditious resolution of litigation." *Skellerup Ind., Ltd.,*

5    *v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995).

6        "Had the Federal Rules contemplated that a motion to dismiss. . .would stay discovery, the

7    Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the

8    need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40

9    (N.D. Cal. 1990). Accordingly, courts "have generally rejected parties' requests for a stay of

10   discovery while a dispositive motion is pending." *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No.

11   2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (Mueller, J.);

12   *Gottesman*, 2017 WL 5889765, at *6 n.5 (S.D. Cal. Nov. 29, 2017) (Ninth Circuit district courts);

13   *see Mlejnecky*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("[D]istrict courts look

14   unfavorably upon such blanket stays of discovery."). That is because "delaying or prolonging

15   discovery can create unnecessary litigation expenses and case management problems." *Salazar v.*

16   *Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28,

17   2015) (Mueller, J.).

18       A few Courts have entertained a stay of discovery while a motion to dismiss is pending, but

19   only when the movant presents "clear and convincing evidence[] that it will prevail on the merits

20   of its dispositive motion[]" *Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.*, No. CIV. S-

21   070142LKKGGH, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007). Defendants cannot do so

22   here. For the reasons set forth in B&G Foods's Opposition to Defendants' Motion to Dismiss (ECF

23   93), which is incorporated by reference, the Motion is unlikely to succeed.

24       First, Defendants waived the basis for their Motion to Dismiss—their first-to-file

25   argument—by failing to raise it in any of their prior motions to dismiss as required by Rule 12(g).

26   (ECF 93 at 6–9.)

27       Second, the first-to-file rule does not apply because the supposedly "first-filed" case, *Cal.*

28   *Chamber of Commerce v. Bonta*, No. 2:19-cv-02019-DJC-JDP (E.D. Cal.) ("*Calchamber*"), does

1   not involve the same parties, the same claims, or seek the same relief. (*Id*. at 9–10.) The parties in

2   that case are the California Chamber of Commerce and the State of California, whereas the parties

3   here are B&G Foods, Kim Embry and a fake environmental organization called EHA. That is a

4   separate and independent reason why the first-to-file rule cannot apply.

5          Third, the supposed first-filed case does not assert claims against Defendants for sham

6   litigation. (*Id*. at 10–13.) Thus, regardless of the results in *Calchamber*, this case will still need to

7   be resolved, and B&G Foods will be entitled to take discovery into whether Defendants have

8   engaged in sham litigation, destroyed evidence, and misused the legal system for their own

9   economic gain.

10         In sum, this case and *Calchamber* involve different facts, require different discovery, and

11  their results do not depend on one another. Far from showing clear and convincing evidence that

12  they are likely to succeed, Defendants' Motion is borderline sanctionable.

13         Finally, a stay is particularly inappropriate under the facts of this case, where discovery

14  was stayed for the last three years, and the stay was just lifted. Granting a stay of discovery would

15  only lead to further delays in this already three-year-old case proceeding to trial. Such a stay is

16  contrary to the just and speedy resolution contemplated by Rule 1.

17         Under the Federal Rules, "'expeditious resolution of cases is, as a general matter,

18  preferable to delay of the Court's docket.'" *Apothio, LLC v. Kern Cnty.*, No.

19  120CV00522NONEJLT, 2021 WL 75243, at *6 (E.D. Cal. Jan. 8, 2021) (quoting *SEC v.*

20  *Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010)).

21  "Unnecessary stays delay litigation. They encourage dilatory motions. They frustrate the purposes

22  of Federal Rule of Civil Procedure 1 'to secure the just, speedy and inexpensive determination of

23  every action.'" *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. CIV. A. 97-2391-GTV,

24  1999 WL 681482, at *1 (D. Kan. Aug. 12, 1999) (discussing stays based on pending dispositive

25  motions). "[T]he court has an interest in clearing its docket" that weighs in favor of denying

26

27

28

1  Defendants' request to stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir.

2  1989).[1]

3          For the foregoing reasons, Defendants respectfully request the Court deny Defendant's

4  request to stay discovery pending Defendants' Motion to Dismiss, and permit discovery to

5  proceed.

6          **B.     Defendants' Improper Forum-Shopping Should Be Rejected**

7          This Court has already decided that discovery should proceed while Defendants' Motion is

8  pending. Defendants now seek to have a different Judge order a stay of discovery when Judge

9  Mueller expressly refused to do so at the Scheduling Conference. After the Scheduling

10 Conference, Defendants' response was to file a purported notice of related cases (ECF 89) three

11 years into the case, seeking to have a new Judge take over the case. They followed by now asking

12 this Court to prejudge the merits of the motion to dismiss that is now pending before Judge

13 Mueller. This transparent effort to Judge shop and waste the resources of the federal judiciary by

14 having multiple federal Judges resolve the same issues is improper and inequitable. To the extent

15 that Defendants want a second (or now a third) opinion on whether discovery should be stayed and

16 whether their Motion to Dismiss arguments are meritorious, they should present such theories to

17 Judge Mueller.

18

19  _____

20 [1] A stay also would be unjust because witnesses' memories fade. *See Walker v. Higher Educ. Loan Auth. of the State of Missouri*, No. 121CV00879DADSAB, 2022 WL 1460021, at *6 (E.D. Cal.

21 May 9, 2022). These concerns are not abstract here. Since the commencement of this case, key witnesses are no longer employed by Defendant Environmental Health Advocates and experts,

22 consultants, and attorneys who assisted Defendants in their investigative efforts have collaborated on at least another 1400 other Notices of Violation. State of California Department of Justice, *60-*

23 *Day Notice Search available at* https://oag.ca.gov/prop65/60-day-noticesearch (search Plaintiff or Plaintiff's attorney for "Environmental Health Advocates" and "Embry"). Moreover, many of the

24 records B&G Foods seeks are in the possession of third-party vendors contracted by Defendants to assist in conducting investigations. This evidence will not be maintained indefinitely by third parties

25 absent procedural safeguards. *Cf. Walker,* 2022 WL 1460021, at *6 (concerns relating to third-party document preservation are "well-taken"); (ECF 82 at 9 [Defendants have admitted to routinely

26 destroying product samples that formed the bases of their Prop 65 lawsuits against B&G Foods]). Additional delay will only further complicate B&G Foods' ability to conduct depositions, engage

27 in in-depth discovery, and adequately prepare the case for trial.

28

## <u>CONCLUSION</u>

For the foregoing reasons, B&G Foods respectfully requests that the Court order Defendants to respond to B&G Foods's discovery immediately and appear for their depositions within 10 days, and that Defendants bear the costs of the propounded discovery, noticed depositions, the ordered further deposition, and for the attorneys' fees B&G Foods was forced to incur in bringing this dispute before the Court.

Dated: August 10, 2023

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
        Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*