J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Robert Petraglia, Esq. (SBN: 264849)
  petraglia@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **B&G FOODS NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE RE: CONTEMPT AND ISSUANCE OF MONETARY SANCTIONS AGAINST THIRD-PARTY INSTITUTE FOR ENVIRONMENTAL HEALTH, INC. D/B/A IEH LABORATORIES & CONSULTING GROUP** <br><br> Date: September 29, 2023 <br> Time: 10:00 a.m. <br> Magistrate Judge: Hon. Deborah Barnes <br> Courtroom: 27 <br><br> SAC Filed: November 23, 2022 <br> Trial Date: None Set |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 29, 2023 in Courtroom 27 of the above-entitled Court, Defendant B&G Foods North America, Inc. ("B&G Foods") will and hereby does move this Court, pursuant to Fed. R. Civ. P. 45 and Local Rule 251, for an order compelling Institute for Environmental Health, Inc. d/b/a IEH Laboratories & Consulting Group ("IEH") to produce documents and testimony in response to B&G Foods's subpoena served on June 15, 2023, and for an order to appear before this Court to show cause why it should not be held in contempt and sanctioned in the amount of at least $5,913.00, due to its deliberate disregard of its discovery obligations.

The motion will be based upon this Notice and the accompanying Memorandum of Points and Authorities, the Declaration of David H. Kwasniewski, the Court's files and records in this action, and upon any further evidence and argument that the Court may receive at or before the hearing.

Pursuant to the Court's Standing Order, this Court's Standing Order, and Local Rule 251(b), B&G Foods hereby certifies that meet-and-confer efforts have been exhausted with respect to this Motion. On June 28 and July 3, 2023, B&G Foods convened a telephonic meet-and-confer call with IEH. Despite the fact the Rule 26(f) conference occurred, and notwithstanding the Court's admonishment of Defendants Kim Embry and Environmental Health Advocates Inc. (collectively "Defendants") during the June 29, 2023 Status Conference, IEH continues to refuse to respond to B&G Foods's subpoena. On August 14, 2023, B&G Foods and IEH convened before this Court to address the ongoing dispute. Although IEH had consented to this Court's jurisdiction, it introduced jurisdictional issues for the first time. As a result, the Court directed continued meet and confer efforts to resolve this jurisdictional dispute. IEH continues to refuse to comply with B&G Foods subpoena forcing B&G Foods to initiate this Motion.

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated: August 25, 2023 | Respectfully submitted, |
| | BRAUNHAGEY & BORDEN LLP |
| | By: _____ |
| | Matthew Borden |
| | *Attorneys for Defendant* |
| | *B&G Foods North America, Inc.* |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................... 3

      A.    The Parties ................................................................................................... 3

      B.    B&G Foods Discovery Efforts .................................................................. 4

ARGUMENT .......................................................................................................................... 5

I.    THE SUBPOENA WAS SERVED AFTER THE RULE 26(F) CONFERENCE ................................................................................................. 6

II.   IEH CONSENTED TO THIS COURT'S JURISDICTION ............................................ 7

III.  DEFENDANTS' PENDING MOTION TO DISMISS DOES NOT STAY DISCOVERY ............................................................................................... 9

IV.  THE COURT SHOULD ORDER IEH TO SHOW CAUSE WHY MONETARY SANCTIONS IN THE AMOUNT OF $5,913.00 SHOULD NOT ISSUE .................................................................................................... 10

CONCLUSION ....................................................................................................................... 11

Plaintiff B&G Foods North America, Inc. respectfully submits this Memorandum in Support of its motion to compel compliance with its subpoena to Institute for Environmental Health, Inc. d/b/a IEH Laboratories & Consulting Group ("IEH").

**INTRODUCTION**

IEH should be compelled to comply with B&G Foods' subpoena. IEH is a laboratory that provided the testing upon which the underlying action is based. The underlying lawsuit seeks to hold a fake environmental organization accountable for filing sham Prop 65 lawsuits against B&G Foods. The claimed basis for some of these lawsuits were tests performed by IEH, Defendants' captive laboratory. B&G Foods is entitled to substantiate its claim that IEH supplied Defendants with inaccurate test data and spoliated the products it tested at Defendants' request so that B&G Foods could not re-test them—claims that Judge Mueller relied upon in denying Defendants' most recent motion to dismiss. (ECF 82).

B&G Foods served a subpoena on IEH on June 16, 2023, seeking information regarding IEH's testing of B&G Foods's products and spoliation of evidence. (Declaration of David Kwasniewski ("Kwasniewski Decl."), Ex. C.) Instead of responding, IEH asserted a series of meritless objections. (Kwasniewski Decl., Exs. D, G.) Its refusal to provide obviously relevant evidence is part of broader pattern of Defendants obstructing discovery that includes refusing to respond to written discovery, refusing to appear for depositions, and counseling third parties to resist participating in discovery—all of this in direct contravention of Judge Mueller's oral admonition that Defendants cannot unilaterally decide not to participate in discovery and written scheduling Order setting a discovery cutoff and ordering Defendants to submit and ESI protocol and protective order. (Kwasniewski Decl., Ex. H; ECF 87 (Minutes), 88 (Scheduling Order).)

None of IEH's objections has merit, and IEH should be ordered to produce documents in response to B&G Foods's subpoena within five days and make a witness available for a deposition within ten days for at least the following reasons:

First, IEH has taken the position that it has no duty to respond because the subpoena was served prior to the parties' Rule 26(f) Conference. (ECF 103 (Joint Letter re Subpoena).) This argument lacks substantial justification. The parties conducted a Rule 26(f) conference more than

1    Case No. 2:20-cv-00526-KJM-DB
B&G FOODS'S MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE

eight weeks ago, on June 13, 2023. (*Id*.; Kwasniewski Decl. ¶ 8.) IEH was not present at the parties' Rule 26(f) Conference. At Defendants' urging, IEH asserts that because Defendants refused to discuss many of the Rule 26(f) topics in an effort to impede discovery, no Rule 26(f) Conference occurred. (Kwasniewski Decl., Ex. E.) This is incorrect, and at the parties' scheduling conference, the District Court admonished Defendants for refusing to discuss some of the topics during the parties' Rule 26(f) Conference. (Kwasniewski Decl., Ex. H.)

Second, at the informal discovery conference ("IDC")—which should have resolved this dispute without further expense and delay—IEH suggested for the first time that the Court lacks jurisdiction to hear this dispute. This argument lacks substantial justification. IEH expressly agreed in writing to submit to this Court's jurisdiction. (Kwasniewski Decl., Ex. J.) It submitted a joint brief in advance of the IDC, and attended the IDC on August 14, 2023. (ECF 103, 107 (Minutes for Informal Discovery Conference).) IEH raised this objection to the Court's jurisdiction for the first time at the IDC to prevent the Court from resolving the parties' dispute and further obstruct B&G Foods's discovery. (Kwasniewski Decl. ¶ 21.) It is well-settled that a non-party may consent to the jurisdiction of the court which issues a subpoena, and IEH expressly and repeatedly consented. *Edwards v. City of Vallejo*, No. 2:18-CV-2434 MCE AC, 2019 WL 3564168, at *7 (E.D. Cal. Aug. 6, 2019).

Third, at the IDC, IEH also suggested that Defendants' pending motion to dismiss excuses its failure to respond to B&G Foods's subpoena. (Kwasniewski Decl., Exs. D–G, I.) This argument also lacks substantial justification for the same reasons addressed by the Court at the scheduling conference and in B&G Foods's pending motion to compel—namely, that the pendency of a potentially dispositive motion does not excuse a party's obligation to respond to discovery. (Kwasniewski Decl., Ex. H.) The Court has not issued a one-way stay of this case in favor of Defendants, even though they have unilaterally helped themselves to one.

IEH's dilatory objections to B&G Foods's subpoena are part of a broader campaign by Defendants to thwart B&G Foods's efforts to obtain discovery in this case. Accordingly, the Court should hold IEH in contempt and award B&G Foods the reasonable attorney's fees that it has incurred in bringing this motion, $5,913.00 to date. (Kwasniewski Decl. ¶¶ 24–33.)

# BACKGROUND

### A. The Parties

B&G Foods is a food company that has brought an array of shelf-stable and frozen packaged foods to America's tables for 130 years. B&G Foods portfolio includes both time-honored legacy brands and newer, innovative offerings. B&G Foods has been trusted by consumers for generations, reflecting its commitment to quality, health and safety standards, and consistency.

Defendant Environmental Health Advocates, Inc. ("EHA") was formed by a group of lawyers. Despite its name, EHA has not pursued any environmental activities. The only thing that it has done since its inception three years ago is to act as a "plaintiff" in over 1700 Proposition 65 claims, the majority of which target small, out-of-state companies. *60-Day Notice Search*, STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, https://oag.ca.gov/prop65/60-day-notice-search (search Plaintiff or Plaintiff's attorney for "Environmental Health Advocates, Inc." and "Embry"). Defendant Kim Embry is the former secretary of one of those lawyers.

B&G Foods filed this action against Defendants because they had targeted B&G Foods (and many others) with factually baseless Prop 65 litigation aimed at coercing settlements—including a suit against B&G Foods in Alameda Superior Court, which the State Court recently dismissed[1]—rather than creating any public benefit. (ECF 57 (SAC).) The operative pleading alleges that Defendants fuel their sham litigation by using fraudulent laboratory tests, spoliating product samples to prevent retesting, and submitting false certifications to the relevant authorities, among other things. (*Id.*, *see id.* 82 (Order Denying Defendants' Third Motion to Dismiss).)

IEH is a laboratory that provides Prop 65 testing for private enforcers, such as Defendants. IEH uses improper testing methodologies to produce skewed results showing unusually high levels of acrylamide in foods. (Kwasniewski Decl. ¶ 3). Defendants select IEH because it uses non-standard testing procedures that create inflated test results. (Kwasniewski Decl. ¶ 4). After being subpoenaed in the case in Alameda Superior Court, IEH admitted that it had destroyed samples

---

[1] *Kim Embry v. B&G Foods North America, Inc.,* Case No. RG20057491 (Alameda Super. Ct.) (July 12, 2023 Order re: Case Management Conference; Hearing on Motion for Judgment on the Pleadings).

3    Case No. 2:20-cv-00526-KJM-DB
B&G FOODS'S MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE

1  under Ms. Embry's directive shortly after she commenced the underlying state court actions. (ECF
2  57 ¶¶ 77, 80.) [2]

### B. B&G Foods Discovery Efforts

On June 1, 2023, the Court denied Defendants' third motion to dismiss and set a case management conference. (ECF 82.) On June 13, 2023, B&G Foods met and conferred with Defendants to discuss the topics of Rule 26(f) and Local Rule 240(a). (Kwasniewski Decl. ¶ 8). Defendants refused to address many of the Rule 26(f) topics, asserting that they intended to file yet another a motion to dismiss. (*Id*.)

On June 29, 2023, the Court held a scheduling conference. (Kwasniewski Decl. ¶ 15). The Court admonished Defendants for their behavior during the Rule 26(f) Conference, and declined Defendants' invitation to stay the case pending their motion to dismiss. (*Id*.) The Court thereafter issued its scheduling Order, which set the discovery cutoff for February 23, 2024 and required Defendants to submit an ESI protocol and protective order. (ECF 87). Thereafter, the parties did so, and the Court entered both. (ECF 97, 98.)

On June 16, B&G Foods subpoenaed IEH. That day, IEH contested the subpoena, alleging no Rule 26(f) conference took place. (Kwasniewski Decl., Ex. D). B&G Foods clarified the conference had indeed occurred. (Kwasniewski Decl., Ex. E).

IEH and B&G Foods met and conferred on June 28, 2023. (Kwasniewski Decl. ¶ 12). B&G Foods offered IEH an extension but IEH declined unless B&G Foods agreed that the conference did not occur. (Kwasniewski Decl. ¶ 13). On June 29—the subpoena deadline—IEH reiterated its position in a letter, objecting to deposition topics and objecting to B&G Foods' document requests with three identical objections. (Kwasniewski Decl., Ex. G).

When another conference on July 3, 2023 did not yield resolution (Kwasniewski Decl. Ex. I), IEH requested an informal discovery conference, and the parties jointly contacted the Court thereafter. (Kwasniewski Decl. ¶ 18, Ex. J). The parties jointly drafted and submitted a letter brief on August 10, 2023. (ECF 103.)

---

[2] (Kwasniewski Decl. Ex. A (ECF 57-10, Ex. 4); *see also id*., Ex. B (*CalSafe Research Center v. Earthly Treats, Inc.*, Orange County Super. Ct., November 11, 2021 Transcript of Deposition of Eric Fairon 24:4–7, 25:1–7, No. 30-2021-01193600-CU-TT-CXC).)

1     IEH and B&G Foods both attended the IDC on August 14. But before the Court could resolve the parties' dispute, IEH claimed for the first time that the Court did not have jurisdiction to resolve this dispute. (Kwasniewski Decl. ¶ 21). The Court directed both parties to resolve the jurisdictional matter through further discussions and file a motion if needed. (*Id.*).

    On August 24, 2023, this Court denied Defendants' Motion for Protective Order (ECF 104) and ordered them to show cause by sanctions should not be issued due to their failure to comply with Local Rules. (ECF 109). That day, B&G Foods again reached out to IEH to see if it would agree to produce documents voluntarily to avoid burdening the Court and the parties with further motion practice. IEH declined to do so. (Kwasniewski Decl., Ex. K.)

## ARGUMENT

    Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). This includes discovery from third parties via properly-issued subpoenas. Fed. R. Civ. P. 45. "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Morguita-Johnson v. City of Fresno*, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015); *see HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22CV1440-LL-MDD, 2022 WL 17345784, at *4 (S.D. Cal. Nov. 29, 2022) (same); Fed. R. Civ. P. 45, Advisory Committee notes for 1991 Amendment [3] ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Accordingly, the Court has authority to impose contempt sanctions against a third party for its abject failure to respond to a properly served subpoena. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[A]subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions.").

    B&G Foods's subpoena is valid and seeks relevant evidence regarding the testing of its products which formed the basis of Defendants' lawsuits, as well as the subsequent spoliation of the tested products by IEH. and relevant mandating IEH's compliance. IEH's objections to the subpoena lack merit because the subpoena was served after the Rule 26(f) conference, the Court

---

[3] Rule 45 has not been substantively changed since 1991. Fed. R. Civ. P. 45 (1991).

has jurisdiction, and Defendants' pending motion does not stay discovery. IEH's serial assertion of frivolous objections to avoid compliance with a valid subpoena warrants the sanction of contempt.

I.      THE SUBPOENA WAS SERVED AFTER THE RULE 26(F) CONFERENCE

IEH's principal objection is that the parties had not had a Rule 26(f) conference before B&G Foods served its subpoena. As a threshold matter, the fact that IEH, which did not attend the Rule 26(f) Conference (or the subsequent scheduling conference at which Defendants were admonished for their behavior at the Conference) would raise this objection underscores that it is beholden to and receiving instructions from Defendants.

In any event, IEH's objection has no merit. Rule 26(f) only requires the parties meet and confer and discuss the relevant topics before discovery commences. Fed.R.Civ.P. 26(d)(1). It does not require the parties reach agreements, stipulations, or even discuss all of the topics listed in the Rule. *Babare v. Sigue Corp.*, No. C20-0894-JCC, 2021 WL 5910466 (W.D. Wash. July 22, 2021) (finding that Rule 26(f) conference had occurred when parties "consider[ed] "at least some" of the topics and that it was irrelevant whether the parties reached agreements or even discussed all the topics).

Here, on June 13, 2023, the parties convened to address the subjects of Rule 26(f) and Local Rule 240(a). (Kwasniewski Decl. ¶ 8). Some of the topics were discussed; and others the Defendants refused to discuss on the ground that they planned to file another motion to dismiss. (*Id*.). As the District Court since explained, Defendants' behavior was improper. (Kwasniewski Decl., Ex. H). Following the Scheduling Conference, the District Court ordered Defendants to submit a joint ESI protocol, a stipulated protective order, and ordered discovery to conclude by February 23, 2024. (ECF 87, 88.) There can be no question that the Rule 26(f) Conference occurred, and discovery has commenced. Indeed, not even Defendants take the position that discovery has not commenced in their recently denied motion for a protective order. (ECF 109 (Order Denying Defendants' Motion for Protective Order and Ordering Them to Show Cause Why Sanctions Should Not Issue).) Accordingly, this objection to the subpoena lacks any legitimate basis.

## II. IEH CONSENTED TO THIS COURT'S JURISDICTION

IEH's belated objection to jurisdiction is equally meritless. The "district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *AngioScore, Inc. v. TriRemeMed.*, Inc., No. 12-CV-03393-YGR JSC, 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014) Thus, upon nonparties' consent, district courts readily invoke their inherent authority to adjudicate subpoena-related motions even where the motions should have been initially filed in another district. *Edwards v. City of Vallejo*, No. 2:18-CV-2434 MCE AC, 2019 WL 3564168, at *7 (E.D. Cal. Aug. 6, 2019) (upon nonparty's consent to litigate the action in the issuing court "deciding the motion will not subvert the interests of [] Rule 45"); *AngioScore, Inc.*, 2014 WL 6706873, at *2 (same).

There are a "variety of legal arrangements" by which a litigant may give implied consent to jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, n.14 (1985). An individual may submit to jurisdiction by appearance. *McDonald v. Mabee*, 243 U.S. 90, 91 (1917). Jurisdictional objections with regard to subpoenas may also be implicitly waived when a party seeks relief in the issuing court. *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277-JAD-NJ, 2015 WL 4918065, at *4 (D. Nev. Aug. 18, 2015) (invoking the court's jurisdiction to challenge the same subpoena in motion to quash in issuing court and motion to compel in compliance court). ("[I]t violates fundamental principles of both fairness and efficient judicial case management to allow a [non]party challenge the same subpoena twice…." *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1169 (D. Or. 2015) (untimely consent insufficient for transferring motion to compel to issuing court). "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

Courts have held that far less explicit waivers were tantamount to consent to have a subpoena enforced by the issuing court. For example, in *Edwards*, the Honorable Allison Claire held that a third party's "lack of participating in the objections to the subpoena, and resulting lack of appearance to argue the instant motion," was "consent to the motion being heard and decided by this Court." 2019 WL 3564168 at *7; *see also In re Shoot the Moon, LLC*, 2019 WL 248860, at * 3

n.3 (Bankr. D. Mont. May 20, 2019) (a non-party's participation in a discovery proceeding waived objection to jurisdiction).

Accordingly, this Court possesses the authority to enforce compliance with B&G Foods's subpoena. IEH has submitted to the jurisdiction of this Court through several actions: firstly, by suggesting the parties submit to the Court's Informal Discovery Conference procedure on July 3, 2023; by jointly requesting a conference from the Court on July 5, 2023 (Kwasniewski Decl., Ex. J);, by jointly submitting a letter to the Court addressing the dispute on August 10, 2023 (ECF 103); and finally, by appearing before this Court to seek resolution for the same dispute during the August 14, 2023 Informal Discovery Conference (ECF 107).

IEH asserts that Judge Oberto's decision in *Pizana v. Basic Rsch., LLC*, No. 1:18-cv-00644-DAD-SKO, 2022 WL 1693317, at *2 (E.D. Cal. May 26, 2022), precludes this Court from exercising jurisdiction over B&G Foods's subpoena. But that case did not involve a party who repeatedly and expressly consented to appear before this Court, such as by suggesting the parties attend an IDC, submitting discovery filings, and voluntarily appearing at an informal discovery conference. To hold that, after first availing itself the procedures of this Court, IEH could then object to its jurisdiction to avoid an unfavorable result would "violate[] fundamental principles of both fairness and efficient judicial case management . . . ." *Argento*, 2015 WL 4918065, at *4 (declining to transfer subpoena enforcement proceeding to court where compliance was required after subpoenaed party had previously filed a motion to quash in the issuing court, because parties should not be permitted "to challenge the same subpoena twice in two difference courts.").

Fairness and efficient judicial case management is certainly implicated here, where IEH has now obtained for itself a two-month extension for compliance with the subpoena by first requesting the parties attend an IDC, and then objecting to the very same proceeding. Accordingly, IEH's jurisdictional objection should be deemed waived and it should be ordered to compel with the subpoena immediately.

/ / /

/ / /

/ / /

### III. DEFENDANTS' PENDING MOTION TO DISMISS DOES NOT STAY DISCOVERY

IEH's discovery obligations also do not turn on Defendants' motion to dismiss. As this Court recently held in denying Defendants' motion for a protective order, Judge Mueller already declined to stay this case pending their motion to dismiss. (ECF 109 at 2.) The same is true for IEH. A party is "not relieved from their obligation to respond to [discovery requests] solely because a motion to dismiss [is] pending." *Dean v. Gonzales*, 2013 WL 4647968, at *2(E.D. Cal. Aug. 29, 2013); *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Espineli v. Toyota Motor Sales*, U.S.A., Inc., No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (Mueller, J.). Stays of discovery are an exception to the Federal Rules of Civil Procedure, *Optronic Tech., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018), because they "undercut[] 'the Federal Rules['] liberal discovery provisions,'" *Adams v. AllianceOne, Inc.*, No. 08-CV-0248 JAH (LSP), 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008), and are "at odds with the need for expeditious resolution of litigation." *Skellerup Ind., Ltd.,v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995).

"Had the Federal Rules contemplated that a motion to dismiss. . .would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Accordingly, courts "have generally rejected parties' requests for a stay of discovery while a dispositive motion is pending." *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (Mueller, J.); *Gottesman*, 2017 WL 5889765, at *6 n.5 (S.D. Cal. Nov. 29, 2017) (Ninth Circuit district courts); *see Mlejnecky*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("[D]istrict courts look unfavorably upon such blanket stays of discovery."). A few Courts have entertained a stay of discovery while a motion to dismiss is pending, but only when the movant presents "clear and convincing evidence[] that it will prevail on the merits of its dispositive motion[]" *Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.*, No. CIV. S-070142LKKGGH, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007).

1    Defendants' motion to dismiss does not warrant a stay of IEH's discovery obligations.
2 First, Defendants' Motion to Dismiss is borderline frivolous. It asserts that this case should be
3 dismissed under the first-to-file defense. But that defense could have been raised in their prior
4 motion to dismiss, and accordingly is waived. Fed. R. Civ. P 12. (ECF 93 at 6–9.) The alleged
5 "first-filed" case, *Cal. Chamber of Commerce v. Bonta*, No. 2:19-cv-02019-DJC-JDP (E.D. Cal.)
6 ("*Calchamber*"), does not have any overlap of parties, does not involve the same claims, and does
7 not seek the same relief. Irrespective of *Calchamber's* outcome, this case will need to be resolved
8 and B&G Foods will maintain its right to discover information relevant to its sham litigation claim,
9 including information withheld by IEH.

10   Second, a stay of discovery would prejudice B&G Foods because discovery has already
11 been stayed for three years. A stay be contrary to the speedy resolution contemplated by Rule 1
12 (*Apothio, LLC v. Kern Cnty.*, No. 120CV00522NONEJLT, 2021 WL 75243, at *6 (E.D. Cal. Jan.
13 8, 2021) ("'[E]xpeditious resolution of cases is, as a general matter, preferable to delay of the
14 Court's docket.'") (quoting *SEC v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *5
15 (N.D. Cal. Dec. 22, 2010))). IEH has already destroyed highly relevant evidence in this case, and
16 further delays pose a real risk that more evidence may be lost or not preserved.

17 **IV.   THE COURT SHOULD ORDER IEH TO SHOW CAUSE WHY MONETARY SANCTIONS IN THE AMOUNT OF $5,913.00 SHOULD NOT ISSUE**
18

19   The court "may hold in contempt a person who, having been served, fails without adequate
20 excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also Pennwalt*
21 *Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[A]subpoena duces tecum
22 is itself a court order, and noncompliance may warrant contempt sanctions."). Proper subpoenas
23 issued by attorneys on behalf of the court are treated as orders of the Court. *Moore v. Chase, Inc.*,
24 No. 1:14-cv-01178-SKO, 2015 WL 5732805, at *2 (E.D. Cal. Sept. 29, 2015).

25   The Ninth "Circuit's rule with regard to contempt has long been whether the defendants
26 have performed 'all reasonable steps within their power to ensure compliance.'" *Stone v. City and*
27 *Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). Contempt is meant to compel
28 obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting

from the non-compliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "Contempt proceedings are instituted by the issuance of an Order to Show Cause why a contempt citation should not issue and a notice of a date for the hearing." *Alcade v. NAC Real Estate Invs. & Assignments*, 580 F. Supp. 2d 969, 971 (C.D. Cal 2008). To obtain the OSC, the subpoenaing party must be able to demonstrate that the subpoenaed party: (1) was served with a subpoena, and (2) failed to obey the subpoena. Fed. R. Civ. P. 45; *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999). A court may also reward costs and fees to a party who prevails on a motion for contempt sanctions. *See e.g. Francois v. Blandford*, No. CIV.A. 10-1330, 2012 WL 777273, at *3 (E.D. La. Mar. 7, 2012); *In re Faiella*, 2008 WL 1790410, at *5-8 (Bankr. D.N.J. Apr. 18, 2008); *Int'l Bhd. of Elec.Workers*, 2007 WL 622504, at *1, *5; *Tranchant v. Envt'l Monitoring Svc., Inc.*, 2001 WL 1160864, at *1-2 (E.D. La. Oct. 2, 2001); *Bulkmatic Transport Co., Inc. v. Pappas*, 2001 WL 504839, at *3 (S.D.N.Y. May 11, 2001).

There is no dispute that IEH was served with a subpoena (Kwasniewski Decl. ¶ 9, Ex. C) and, as mentioned above, IEH failed to comply with its subpoena obligations by not responding to B&G Foods's requests and not appearing for its scheduled deposition. In an effort to avoid compliance, IEH has interposed a series of meritless objections, at the behest of Defendants and as part of their campaign to obstruct discovery in this case at every turn. Accordingly, the Court should order IEH to show cause why it should not be sanctioned at least $5,913.00. (Kwasniewski Decl. ¶ 24–33.)

## CONCLUSION

For the foregoing reasons, B&G Foods respectfully requests that the Court order IEH to produce all responsive documents within five days, appear for its deposition within ten days, and pay sanctions in the amount of $5,913.00.

/ / /

/ / /

/ / /

/ / /

/ / /

1 | Dated: August 25, 2023

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
　　　　Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*