CRAIG M. NICHOLAS (Bar No. 178444)
cnicholas@nicholaslaw.org
JAKE W. SCHULTE (Bar No. 293777)
jschulte@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496

NOAM GLICK (Bar No. 251582)
noam@glicklawgroup.com
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400
Fax: (619) 615-2193

R. JEFFREY NEER (Bar No. 190417)
jeff@forumllp.com
**FORUM LAW PARTNERS, LLP**
803 Deep Valley Dr.
Rolling Hills Estates, California 90274
Tel: (310) 974-8800
Fax: (310) 974-8801

Attorneys for Defendants
KIM EMBRY and
ENVIRONMENTAL HEALTH ADVOCATES, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | Case No.: 2:20-cv-00526-KJM-DB <br><br> **DEFENDANTS' RESPONSE AS TO WHY SANCTIONS SHOULD <u>NOT</u> BE IMPOSED (DKT. NO. 109, ¶ 3)** <br><br> **Judge**: Hon. Kimberly J. Mueller <br> **Magistrate**: Hon. Deborah Barnes |

**TO THE HONORABLE MAGISTRATE JUDGE DEBORAH BARNES:**

Pursuant to Dkt. No. 109, ¶ 3, Defendants Kim Embry and Environmental Health Advocates, Inc. (together, "Defendants") file the following response as to why sanctions should <u>not</u> be imposed stemming from the parties' recent discovery dispute filings (i.e., Defendants' Motion for Protective Order, Dkt. No. 104; Plaintiff B&G's Motion to Compel, Dkt. No. 106).

## I.  INTRODUCTION

Defendants' Motion for Protective Order was inadvertently calendared with 14 days' notice, based upon the presumption that Plaintiff B&G would participate in a Joint Statement considering the four-week effort to meet and confer. When B&G backed out of participating in a joint filing, Defendants should have re-noticed the hearing for a date more than 21 days out but failed to do so. This was not some malicious or intentional breach of the Court's rules, but rather a simple mistake. Based upon this response and the corresponding papers, Defendants respectfully ask this Court to issue no sanctions.

## II.  RELEVANT BACKGROUND

On <u>June 26, 2023</u>, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction. Dkt. No. 85-1. In short, Defendants seek dismissal or, alternatively, a stay of this action, under the first-to-file rule, pending resolution of an earlier-filed matter that completely subsumes Plaintiff B&G's suit. *See generally, id.* Defendants' Motion to Dismiss is fully briefed and currently under submission with the Court. Dkt. No. 101.

A few days after Defendants filed their Motion to Dismiss, on <u>June 29, 2023</u>, B&G began to serve discovery on Defendants. Dkt. No. 105-1, ¶ 11, Exhs. G, H.

After the extended July 4th holiday break, on <u>July 5, 2023</u>, Defendants' counsel contacted B&G's counsel asking to schedule a call, pursuant to Local Rule 251(b), to meet and confer regarding Defendants' belief that B&G's discovery was premature in light of their pending Motion to Dismiss. Defendants' counsel also previewed that Embry and EHA planned (if necessary) to file a Motion for Protective Order staying discovery pending resolution of their Motion to Dismiss. Dkt. No. 105-1, ¶ 2, Ex. A.

Having heard nothing from B&G's counsel, Defendants' counsel followed-up on July 10, 2023. Dkt. No. 105-1, ¶ 3, Ex. B.

On July 11, 2023, B&G's counsel responded noting their earliest availability for a telephone call was July 17, 2023. Dkt. No. 105-1, ¶ 4, Ex. C.

On July 17, 2023, a call transpired between counsel. Defendants' counsel explained their clients' position that discovery is premature given the pending Motion to Dismiss which, at that point, was set for a hearing on August 11, 2023. B&G's counsel promised a response as to whether B&G would stipulate to staying discovery in lieu of having to proceed with formal motion practice, but was non-committal on a time frame. Dkt. No. 105-1, ¶ 5; Dkt. No. 105-2, ¶ 7; Dkt. No. 105-3, ¶ 3.

At no point during the July 17, 2023, call did B&G's counsel say or suggest that B&G wished to meet-and-confer regarding any anticipated Motion to Compel. After all, Defendants' responses to Plaintiff B&G's outstanding written discovery (first served on June 29, 2023) were not even due as of the date of the call. Dkt. No. 105-2, ¶ 8; Dkt. No. 105-3, ¶ 4.

The week of July 17-21, 2023, passed without any response from B&G's counsel. Accordingly, on July 28, 2023, Defendants' counsel followed-up again, requesting a decision from B&G regarding a potential stipulation. Dkt. No. 105-1, ¶ 6, Ex. D. In addition, Defendants also served timely objections to the B&G discovery requests.

Also on July 28, 2023, Defendants' counsel sent B&G's counsel a draft Joint Statement concerning the *sole* issue in dispute regarding whether to briefly stay discovery pending resolution of the Motion to Dismiss, and requesting that B&G insert its position and revert the revised Joint Statement in seven days, or by August 4, 2023. Dkt. No. 105-1, ¶ 7, Ex. E.

On August 7, 2023, having not heard from B&G's counsel, Defendants' counsel followed up noting, in relevant part:

> "Defendants – having been unable to secure B&G's cooperation notwithstanding a good faith meet and confer effort – intend to exercise their option to file a unilateral statement. However, as a last ditch effort to secure B&G's cooperation, and so that the Court has the benefit of reviewing both sides' arguments, Defendants will permit B&G an additional two days, or until close of business **Tuesday, August 8th**, to forward its position. Should we not receive B&G's portion by then, Defendants will proceed with filing a unilateral statement pursuant to ED LR 251(d)." (emphasis in original).

Dkt. No. 105-1, ¶ 8, Ex. F.

After business hours, on August 8, 2023, B&G forwarded its portion of the Joint Statement. However, rather than limit its response as to why a brief stay of discovery is unwarranted in its view (i.e., limiting itself to the parameters of the parties' weeks-long confer process), B&G purported to seek its own Motion to Compel related to, among other things, Defendants' recently served objections to B&G's first set of discovery. Dkt. No. 105-1, ¶ 8; Dkt. No. 106.

Still further, even though Defendants initiated the discovery dispute process and sent B&G the first draft of the Joint Statement, which put the Defendants' argument first-in-order, B&G insisted that its argument precede Defendants' argument, and any formatting to the contrary would be a dealbreaker to filing jointly. Defendants' counsel explained to B&G's counsel that it is standard practice for the movant's argument to precede the opposing party's argument. Defendants' counsel also observed that if B&G were to initiate a discovery dispute in the future, which led to the filing of a Joint Statement, B&G's argument would go first in such a scenario. Undeterred, B&G's counsel reiterated that B&G would only file jointly if its (i.e., the non-moving/opposing party's) argument was first-in-line. Hence, in addition to a substantive disagreement regarding the scope of the Joint Statement, this non-sensical formatting hurdle also contributed to the lack of a joint filing. Dkt. No. 105-1, ¶ 10.

Given the breakdown in Defendants' counsel's month-long effort to facilitate a joint filing, Defendants filed their Motion for Protective Order, in a unilateral fashion pursuant to LR 251(d), on August 10, 2023. Dkt. No. 105. Later that day, B&G filed its own Motion to Compel. Dkt. No. 106. Both Defendants' Motion for Protective Order and B&G's Motion to Compel were noticed for August 25, 2023. Dkt. Nos. 104, 106.

On August 24, 2023, the Hon. Magistrate Judge Deborah Barnes issued an Order regarding the parties' respective discovery motions (Dkt. No. 109):

(1) denying Defendants' Motion for Protective Order, without prejudice, finding that Defendants failed to comply with Local Rule 251(a) which requires notice of "at least twenty-one (21) days" prior to the hearing of the motion. Judge Barnes also observed that since Defendants' motion seeks a stay of discovery pending resolution of their Motion to Dismiss before the Hon. District Judge Kimberly J. Mueller, "the decision of whether to stay discovery is not for [Judge Barnes but rather for Judge Mueller]."

(2) continuing B&G's Motion to Compel to October 13, 2023, so that the parties could meet and confer regarding the motion, and on or before October 6, 2023, for B&G to either withdraw its Motion to Compel or for the parties to file a Joint Statement regarding same.

(3) ordering Defendants to "show cause in writing as to why [Defendants] should not be sanctioned for failing to comply with the Local Rules."

## III.   LEGAL STANDARD RE: SANCTIONS FOR VIOLATING LOCAL RULES

Under Local Rule 110, the failure of counsel, or of a party, to comply with any local rule or with any order of the Court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  The power to issue sanctions under local rules has two sources: (1) the court's inherent authority; and (2) Congress's delegation to district courts to promulgate their own rules. *Zambrano v. City of Tustin,* 885 F.2d 1473, 1478-80 (9th Cir. 1989).  Because "inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express Inc. v. Piper,* 447 U.S. 752, 764 (1980).  To ensure that restraint is properly exercised, this Circuit requires a finding of bad faith before sanctions may be imposed under the court's inherent power. *Zambrano,* 885 F.2d at 1478 (citing cases).  The "imposition of financial sanctions for mere negligent violations of local rules is [not] consistent with the intent of Congress or with the restraint required of the federal courts in sanction cases." *Id.* at 1480.  "[B]efore approving the imposition of monetary sanctions under local rules … courts have required conduct amounting to recklessness, gross negligence, repeated – although unintentional – flouting of court rules, or willful misconduct." *Id.*

## IV.   SANCTIONS ARE NOT WARRANTED

### A.   Any Violation of Local Rules Was Inadvertent.

As shown above, Defendants, and their counsel, engaged in a weeks-long campaign to file a Joint Statement concerning the issue of whether a brief stay of discovery is warranted on the grounds that it will promote efficiency and conserve resources pending the Court's ruling on threshold issues presented in Defendant's Motion to Dismiss, which is fully briefed and under submission with the Court. Notwithstanding Defendants' counsel's best efforts, Defendants could not secure B&G's cooperation in filing jointly.  Instead, the parties went their separate ways in filing different motions.  This is where

Defendants' counsel made an inadvertent error. Instead of noticing Defendants' Motion for Protective Order at least 21-days out per Local Rule 251(a), Defendants' counsel unintentionally relied on the timeline permitted for "joint" filings and mistakenly set the hearing for less than 21-days out. This was clearly unintentional since Defendants' counsel had (for over a month) planned on filing jointly and, thus, inadvertently relied on the shorter period allowed for joint filings. When Defendants became aware of their mistake, they re-noticed the Motion for Protective Order, before Judge Mueller, at least 21-days out. Dkt. No. 110.

Defendants did not file a "response" to Plaintiff's Motion to Compel for several reasons. First, B&G never conferred regarding its filing. Dkt. No. 105-2, ¶ 8; Dkt. No. 105-3, ¶ 4. The only meet-and-confer conference between the parties occurred *before* Defendants' responses to B&G's discovery were even due. *Id.* That call solely concerned Defendants' request to stay discovery pending their Motion to Dismiss. *Id.* Moreover, Defendants did not fail to respond to B&G's discovery within the meaning of Local Rule 251(e) ("when there has been a complete and total failure to respond to a discovery request"). There was no "total failure" to respond here. By each respective discovery deadline, Defendants served responses to preserve their objections.[1] Declaration of Jake W. Schulte iso Resp. ("Schulte Dec."), ¶ 2. To the extent Local 251(e) can be read to include situations where (like here) objection-only responses are timely served, sanctions should nonetheless not be imposed since Defendants – as discussed below – have agreed to fully supplement their responses and produce all the witnesses B&G seeks to depose.

In sum, there is no bad faith – or repeated violation of local rules – that would support imposition of sanctions under the circumstances. The Court should also take into consideration that Defendants are acting swiftly to provide supplemental responses and produce every witness B&G seeks to depose notwithstanding their pending Motion to Dismiss and open question as to whether the Court will eventually stay discovery pending resolution of same.

---

[1] Defendants also relied on Local Rule 251(g), which provides that a request for protective order automatically stays any obligation to respond to a discovery request pending resolution of the motion for protective order.

### B. Defendants Are Supplementing Their Responses and Producing Witnesses for Deposition; Vitiating the Need for B&G's Motion to Compel.

Judge Barnes provided until September 14, 2023, for the parties to meet and confer regarding B&G's Motion to Compel and until October 6, 2023, for B&G to withdraw its Motion to Compel or for the parties to submit a Joint Statement regarding same. Dkt. No. 109. In accordance with Judge Barnes' Order, the parties held a conference call on September 6, 2023. Schulte Dec., ¶ 3. Defendants' counsel informed B&G's counsel that Defendants would supplement their responses to B&G's first set of discovery by September 29, 2023 – i.e., one week before the October 6, 2023, deadline for B&G to withdraw its Motion to Dismiss or to file a Joint Statement re same. *Id.* Defendants' counsel also provided available dates in October for the three witnesses that B&G has sought to depose to date.[2] *Id.* In other words, B&G's Motion to Compel will soon become moot, and should be withdrawn forthwith upon receipt of Defendants' supplemental responses.

### V. CONCLUSION

For the foregoing reasons, the Court should not impose sanctions for any inadvertent or unintentional violation of Local Rules by Defendants or their counsel.

Respectfully submitted:
DATED: August 8, 2023

NICHOLAS & TOMASEVIC, LLP

By: /s/ Jake W. Schulte
Craig M. Nicholas (SBN 178444)
cnicholas@nicholaslaw.org
Jake Schulte (SBN 293777)
atomasevic@nicholaslaw.org
225 Broadway, 19th Floor
San Diego, California 92101
Tel: 619-325-0492

**GLICK LAW GROUP, PC**
Noam Glick (SBN 251582)
noam@glicklawgroup.com
225 Broadway, 19th Floor
San Diego, California 92101
Tel: 619-382-3400

**FORUM LAW PARTNERS, LLP**
R. Jeffrey Neer (SBN 190417)

---

[2] B&G's most recent deposition notices sought to depose these witnesses in October. Hence, Defendants' proffer of dates in October is wholly consistent with when B&G sought to take these depositions. Schulte Dec., ¶ 4.

jeff@forumllp.com
803 Deep Valley Dr.
Rolling Hills Estates, California 90274
Tel: 310-974-8800

Attorneys for Defendants
KIM EMBRY and ENVIRONMENTAL
HEALTH ADVOCATES, INC.