1  J. Noah Hagey, Esq. (SBN: 262331)
     hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
     borden@braunhagey.com
3  David H. Kwasniewski, Esq. (SBN: 281985)
     kwasniewski@braunhagey.com
4  Robert Petraglia, Esq. (SBN: 264849)
     petraglia@braunhagey.com
5  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
6  San Francisco, CA 94104
   Telephone: (415) 599-0210
7  Facsimile: (415) 276-1808

8  ATTORNEYS FOR PLAINTIFF
   B&G FOODS NORTH AMERICA, INC.

9

10

11                **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13

14  B&G FOODS NORTH AMERICA, INC.,

15          Plaintiff,

16          v.

17  KIM EMBRY and ENVIRONMENTAL
    HEALTH ADVOCATES, INC., acting as
18  enforcement representatives under California
    Proposition 65 on behalf of the State of
19  California,

20          Defendants.

21

**Case No. 2:20-cv-00526-KJM-DB**

**B&G FOODS NORTH AMERICA, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Date:            October 13, 2023
Time:            10:00 AM

Magistrate Judge:  Hon. Kimberly J. Mueller
Courtroom:       3

SAC Filed:        November 23, 2022
Trial Date:       None Set

22

23

24

25

26

27

28

1

2

# **TABLE OF CONTENTS**

3   INTRODUCTION ................................................................................................................... 1

4

5   BACKGROUND .................................................................................................................... 2

6          A.      The Parties ........................................................................................................ 2

7          B.      B&G Foods' Claims .......................................................................................... 3

8
           C.      Defendants Refuse to Participate in Discovery ................................................ 4
9

10         D.      B&G Foods' Efforts to Secure Defendants' Compliance with Discovery ............ 4

11

12  ARGUMENT......................................................................................................................... 5

13  I.      DEFENDANTS' MOTION IS PROCEDURALLY IMPROPER ..................................... 6

14
    II.     DEFENDANTS' PENDING DISPOSTIVE MOTION DOES NOT
15
            WARRANT STAY......................................................................................................... 7
16

17  III.    DEFENDANTS HAVE FAILED TO OFFER ANY OTHER BASIS TO

18          STAY DISCOVERY, AND FURTHER DELAYS WILL PREJUDICE B&G

19          FOODS ........................................................................................................................ 9

20  CONCLUSION...................................................................................................................... 9
21

22

23

24

25

26

27

28

Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully submits this Opposition to Defendants' Motion for Protective Order (ECF 110 (Motion).)

## **INTRODUCTION**

On June 29, 2023, the Court ordered discovery to commence, ordered Defendants to submit an ESI protocol, ordered Defendants to agree to a protective order, and admonished Defendants for refusing to participate in discovery up to that point. Defendants have nonetheless disregarded this Court's and the Magistrate's Orders and helped themselves to a unilateral, three-month stay. Defendants failed to appear for noticed depositions, did not respond to B&G Foods' discovery requests beyond emailing boilerplate objections, and advised third parties to evade their own discovery obligations. (Declaration of David Kwasniewski ("Kwasniewski Decl.") ¶¶ 8–18.) Defendants then filed a motion for a protective order asking United States Magistrate Judge Deborah Barnes to overrule this Court's determination that discovery should proceed. After Judge Barnes denied their improper motion, Defendants refiled the instant motion before this Court, seeking the same relief they requested (and were denied) twice before. The Court should deny their motion again for at least three reasons.

**First,** Defendants' motion is procedurally improper for innumerable reasons. To the extent it is an objection to the Court's Scheduling Order, it is untimely. (ECF 88.) It asks this Court to rule on a discovery matter despite this Court referring all discovery matters to Judge Barnes. And to the extent Defendants seek to object to Judge Barnes's denial of their prior, identical motion, Defendants' motion violates the local rules and procedures for lodging such an objection. (ECF 3-1.) L.R. 303(c).

**Second**, as this Court previously held at the Scheduling Conference, a pending dispositive motion does not warrant a stay of discovery except in exceptional circumstances. (Kwasniewski Decl. ¶ 4, Ex. A (Transcript of July 29, 2023 Scheduling Conference), 3:19–4:1 ("You didn't ask the Court if you were relieved of the obligation to join in the Rule 26 conference. I think you got it backwards. I'm chiding you now, but meet and confer is a real obligation in this Court. And even if you think you've got a viable motion to dismiss, you should seek leave of Court and seek to continue the Rule 26 conference, not refuse to meet and confer when another party approaches

B&G FOODS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1   you, understood?. . . At this point I'm going to go ahead and schedule the case because I don't

2   think there's a good reason not to before me.")). *See also Espineli v. Toyota Motor Sales*, U.S.A.,

3   Inc., No. 2:17-cv-00698-KJM-CKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) (Mueller,

4   J.) (courts "have generally rejected parties' requests for a stay of discovery while a dispositive

5   motion is pending."). Here, Defendants' sought-after stay relies on a motion to dismiss that borders

6   on frivolous. (ECF 85.) Defendants seek dismissal based on the first-to-file defense, a defense not

7   raised in their prior Rule 12 motion and thus waived. (ECF 93 at 6–9 (B&G Foods' Opposition to

8   Motion to Dismiss).) Nor can the first-filed rule apply, since the allegedly first-filed case does not

9   involve the same parties, claims, or forms of relief, and the cases involve distinct legal issues. (*Id*.

10   at 9–13.)

11          ***Third,*** Defendants also fail to show any other basis for staying discovery. Defendants

12   cannot show good cause for a stay because they would suffer no legitimate harm. Their only qualm

13   is that they would expend additional costs if their motion prevails. But this is true whenever a

14   motion to dismiss gets filed; if a party could simply stop discovery in this manner, civil litigation

15   would grind to a halt. *See, e.g.*, *United States v. Dynamic Med. Sys., LLC*, No. 1:17-cv-01757-

16   NONE-SAB, 2020 WL 3035219, at *3 (E.D. Cal. June 5, 2020) ("Idle speculation does not satisfy

17   Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any

18   reasonably large civil litigation."). Defendants' judicial economy claims also lack merit. Discovery

19   has been stayed for three years and any continuation would contradict efficient resolution. Further

20   delay complicates B&G Foods' trial preparation, as time erodes memories and jeopardizes

21   preservation of third-party documents. *Johnson v. Starbucks Corp*., No. 2:18-CV-02956-JAM-AC,

22   2019 WL 4034479, at *2 (E.D. Cal. Aug. 27, 2019) ("'even a fair possibility'" of harm to the

23   opposing party overrides interest in judicial economy.)

24          For these reasons, Defendants' motion should be denied.

25                                         **<u>BACKGROUND</u>**

26          **A.     The Parties**

27          B&G Foods is a food company that has brought an array of shelf-stable and frozen

28   packaged foods to America's tables for 130 years. B&G Foods' portfolio includes both time-

honored legacy brands and newer, innovative offerings. B&G Foods has been trusted by consumers for generations, reflecting its commitment to commitment to quality, health and safety standards, and consistency.

Defendant Environmental Health Advocates, Inc. ("EHA") was formed by a group of lawyers. Despite its name, EHA has not pursued any environmental activities. The only thing that it has done since its inception three years ago is to act as a "plaintiff" in over 1700 Prop 65 claims, the majority of which target small, out-of-state companies. *60-Day Notice Search*, STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, https://oag.ca.gov/prop65/60-day-notice-search (search Plaintiff or Plaintiff's attorney for "Environmental Health Advocates, Inc." and "Embry"). Defendant Kim Embry, who resides in Barcelona, Spain, is the former secretary of one of those lawyers.

### B. B&G Foods' Claims

B&G Foods filed this action against Defendants because they had targeted B&G Foods (and many others) with factually baseless Prop 65 lawsuits aimed at coercing settlements—including a suit against B&G Foods in Alameda Superior Court, which the California State Court recently dismissed[1]—rather than protecting the public interest. (ECF 57 (SAC).) B&G Foods alleges that Defendants fuel their sham litigation by using fraudulent laboratory tests, spoliating product samples to prevent retesting, and submitting false certifications to the relevant authorities, among other things. (*Id*. at 82.)

On June 1, 2023, this Court denied Defendants' third motion to dismiss, finding that B&G Foods "could prove the underlying litigation was a sham because it was predicated on misrepresentations" alleged in the Second Amended Complaint (ECF 82 at 7).[2]

---

[1] *Kim Embry v. B&G Foods North America, Inc.,* Case No. RG20057491 (Alameda Super. Ct.) (July 12, 2023 Order re: Case Management Conference; Hearing on Motion for Judgment on the Pleadings).
[2] These claims include Defendants' use of fraudulent laboratory test results, the spoliation of tested samples, the false certification that Defendants had consulted with an expert prior to filing its suit as required by Prop 65, and other concerns relating to Defendants' mandatory pre-suit investigation.

**C.  Defendants Refuse to Participate in Discovery**

On June 13, 2023, B&G Foods met and conferred with Defendants to discuss the topics of Rule 26(f) and Local Rule 240(a). (Kwasniewski Decl. ¶ 2). Defendants refused to address many of the Rule 26(f) topics, asserting that they intended to file yet another a motion to dismiss based on the first-to-file rule. (*Id.*)

On June 29, 2023, this Court held a scheduling conference. The Court admonished Defendants for their behavior during the Rule 26(f) Conference, and declined Defendants' invitation to stay the case pending their motion to dismiss. (*Id*.) The Court thereafter issued its Scheduling Order, which set the discovery cutoff for February 23, 2024 and required Defendants submit an ESI protocol and protective order. (ECF 87). The parties did so and the Court entered both. (ECF 97, 98.) Defendants did not file any objection to the Scheduling Order. (Kwasniewski Decl. ¶ 5).

**D.  B&G Foods' Efforts to Secure Defendants' Compliance with Discovery**

On June 29, B&G Foods propounded document and admission requests and interrogatories. (Kwasniewski Decl., Ex. 8.) After repeatedly trying to obtain dates from Defendants, B&G Foods noticed the depositions of key witnesses. (*Id*. ¶¶ 12–14.) Rather than respond to B&G Foods discovery requests, on July 17, 2023, Defendants stated that they would not comply and, if they did respond to the requests, they would limit their response to boilerplate objections. (*Id.* ¶ 19; *see also id.*, Ex. D (Defendant's July 11, 2023 Correspondence) ("We [Defendants] will plan on serving objections-only responses to the written discovery in the meantime.").) Defendants further informed B&G Foods that they intended to file a motion for protective order staying discovery pending resolution of the Motion to Dismiss. (Kwasniewski Decl. ¶ 22.) B&G Food's counsel did not agree to any stay. (*Id.*)

On July 28, 2023, Defendants responded to all B&G Foods' requests with identical objection-only responses. (Kwasniewski Decl. ¶ 9.) As of the date of this filing, Defendants have not furnished any substantive responses to written discovery, which were due by August 3, 2023. (Kwasniewski Decl. ¶ 8.) Further, Defendants did not appear for their depositions.  (Kwasniewski Decl. ¶ 15.)

Accordingly, on August 10, 2023, B&G Foods moved to compel. Defendants also filed a motion for a protective order on the same day, requesting that Judge Barnes stay all discovery, notwithstanding this Court's Scheduling Order. On August 24, 2023, Judge Barnes denied Defendants' improper motion, ordered them to show cause why they should not be sanctioned, and ordered them to meet and confer with B&G Foods to attempt to resolve the issues raised in B&G Foods' motion. (ECF 109 ("[D]efendant has failed to comply with the Local Rules." "[T]he assigned District Judge has issued a schedule in this action permitting discovery. In this regard, the decision of whether to stay discovery is not for the undersigned." "With respect to plaintiff's motion to compel, . . .defendant has not filed a response." "With fourteen days of the date of this order defendant shall show cause in writing as to why defendant should not be sanctioned for failing to comply with Local Rules[.]") (citations omitted).)

B&G Foods promptly requested a meet and confer, but Defendants refused to do so for two weeks, until September 6, 2023. (Kwasniewski Decl. ¶ 27.)  A couple hours before the meet and confer, Defendants sent B&G Foods an email stating that they intended to supplement their written discovery by September 29, 2023 and that their witnesses would be available in October. (Kwasniewski Decl., Ex. F.)  On the meet and confer, B&G Foods asked Defendants what they had done to identify potentially responsive ESI, custodians, search terms, or other methods for collecting and producing documents, as required by the ESI protocol prior to the production of documents. Defendants were unable to answer any of these questions. (Kwasniewski Decl., Ex. G) Defendants agreed to reconvene on September 8, 2023, to discuss these questions, but subsequently cancelled that meet and confer. (*Id*. ¶ 33, Ex. H.)

## **ARGUMENT**

The Federal Rules do not permit parties to shirk their discovery obligations because they have filed a dispositive motion. *See Espineli*, 2019 WL 3080808, at *1 (Mueller, J.); *Gottesman v. Santana*, No. 16-cv-2902 JLS (JLB), 2017 WL 5889765, at *6 n.5 (S.D. Cal. Nov. 29, 2017); *Mlejnecky v. Olympus Imaging Am., Inc*., No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). Rather, stays of discovery are an exception to the Federal Rules of Civil Procedure, *Optronic Tech., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2018 WL

1569811, at *1 (N.D. Cal. Feb. 16, 2018), because they "undercut[] 'the Federal Rules['] liberal discovery provisions,'" *Adams v. AllianceOne, Inc.*, No. 08-CV-0248 JAH (LSP), 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008), and are "at odds with the need for expeditious resolution of litigation." *Skellerup Ind., Ltd., v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995).

## I.  DEFENDANTS' MOTION IS PROCEDURALLY IMPROPER

Defendants' motion is procedurally improper because it is either an untimely objection to the Court's Scheduling Order, an improper attempt to litigate a discovery matter before this Court instead of Judge Barnes, or an improper appeal of Judge Barnes' Order denying their identical motion. Each of these procedural defects requires denial of Defendants' motion.

First, this Court's Scheduling Order expressly provided that any objection must be made within fourteen days, after which the Order "will become final." (ECF 87.) Defendants did not submit any objection to the Scheduling Order within fourteen days of its issuance. Accordingly, to the extent Defendants' motion is a belated objection, it is untimely.

Second, all discovery matters in this case were referred to Judge Barnes from the outset. (ECF 3-1.) A motion for a protective order is a discovery motion, and Defendants' attempt to present it to this Court is a violation of the Court's referral order. *See Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (The district judge referred the summary judgment motion to the magistrate, who denied it, prompting the plaintiff to refile it with the district court. This "frustrate[s] the purpose of the Magistrates Act. . .the Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."); *Nilon v. Nat.-Immunogenics Corp.*, No. 3:12-CV-00930-LAB, 2015 WL 456437, at *2 (S.D. Cal. Feb. 3, 2015) (admonishing party for "improperly" filing "discovery motion masked as a motion for contempt and imposition of sanctions directly with the District Judge" and denying motion "for failure to follow the Court's discovery motion procedures").

/ / /

/ / /

/ / /

Third, to the extent Defendant's motion is an appeal of Judge Barnes' denial of their identical prior motion, it is improper.[3] Under Local Rule 303(c), within fourteen days of service of the Magistrate's ruling, a party seeking reconsideration of the ruling must file a request for reconsideration by the District Court Judge and serve the Magistrate Judge and all parties. (ECF 3-1 (timing).) Defendants did not file a request for reconsideration. Instead, they improperly refiled the same denied motion for the Court's review. This is a separate and independent reason to deny their motion.

## II.   DEFENDANTS' PENDING DISPOSTIVE MOTION DOES NOT WARRANT STAY

Even if Defendants' motion were permissible, they have not proven that they are entitled to the extraordinary relief of a discovery stay. "Defendants are not relieved from their obligation to respond to plaintiff's [discovery requests] solely because a motion to dismiss [is] pending." *Dean v. Gonzales*, No. 2:10-cv-01355 MCE JFM (PC), 2013 WL 4647968, at *2 (E.D. Cal. Aug. 29, 2013); *Brown v. Hain Celestial Grp., Inc*., No. C 11-03082 LB, 2013 WL 5800566, at *6 (N.D. Cal. Oct. 28, 2013) (granting motion for fees where discovery stay was "substantially justified" but defendant failed to move and instead "dragged its feet and delayed discovery"); *Holmes v. McMillan*, No. C 11-03082 LB, 2009 WL 10673424, at *3 (D. Ariz. Nov. 24, 2009) (granting plaintiff's motion to compel discovery despite defendant's pending motion to dismiss because defendant never sought to stay discovery and district courts have discretion to stay discovery pending a motion to dismiss) (citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp*., 5 F.3d 378, 383 (9th Cir. 1993)); *accord Rago v. Select Comfort Retail Corp*., No. ED CV 19-2291-FMO (SPx), 2020 WL 6162798, at *3 (C.D. Cal. Sept. 8, 2020) (observing that a stay of discovery is a case management issue reserved for the district judge, requiring any request to stay discovery be filed with the district judge).

"Had the Federal Rules contemplated that a motion to dismiss. . .would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990). Accordingly, courts "have generally rejected parties' requests for a stay of discovery while a

---

[3] Defendants also do not explain why they would be permitted to seek reconsideration of Judge Barnes' Order either.

1 dispositive motion is pending." *Espineli*, 2019 WL 3080808, at *1(Mueller, J.); *Gottesman*, 2017

2 WL 5889765, at *6 n.5 (Ninth Circuit district courts); *see Mlejnecky*, 2011 WL 489743, at *6

3 ("[D]istrict courts look unfavorably upon such blanket stays of discovery."). That is because

4 "delaying or prolonging discovery can create unnecessary litigation expenses and case management

5 problems." *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 6537813, at *1

6 (E.D. Cal. Oct. 28, 2015) (Mueller, J.).

7         A few Courts have entertained a stay of discovery while a motion to dismiss is pending, but

8 only when the movant presents "clear and convincing evidence[] that it will prevail on the merits of

9 its dispositive motion[]" *Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp.*, No. CIV. S- 07-0142

10 LKK GGH, 2007 WL 1146607, at *2 (E.D. Cal. Apr. 18, 2007). Defendants cannot do so here. For

11 the reasons set forth in B&G Foods' Opposition to Defendants' Motion to Dismiss (ECF 93), which

12 is incorporated by reference, the Defendants' dispositive motion is unlikely to succeed.

13         First, pursuant to Rule 12(g), Defendants forfeited the first-to-file defense on which its

14 motion to dismiss relies by neglecting to raise it in any of their preceding motions to dismiss. Fed.

15 R. Civ. P. 12(g). (ECF 93 at 6–9.)

16         Second, the first-to-file rule does not apply because the supposedly "first-filed" case, *Cal.*

17 *Chamber of Commerce v. Bonta*, No. 2:19-cv-02019-DJC-JDP (E.D. Cal.) ("*Calchamber*"), does

18 not involve the same parties, the same claims, or seek the same relief. (*Id*. at 9–10.) The parties in

19 that case are the California Chamber of Commerce and the State of California, whereas the parties

20 here are B&G Foods, Kim Embry and a fake environmental organization called EHA. That is a

21 separate and independent reason why the first-to-file rule cannot apply. Further, the supposed first-

22 filed case does not assert claims against or relief from Defendants for sham litigation. (*Id*. at 10–13.)

23 Thus, regardless of the results in *Calchamber*, this case will still need to be resolved, and B&G

24 Foods will be entitled to take discovery into whether Defendants have engaged in sham litigation,

25 destroyed evidence, and misused the legal system for their own economic gain.

26         In sum, this case and *Calchamber* involve different facts, require different discovery, and

27 their results do not depend on one another. Far from showing clear and convincing evidence that

28 they are likely to succeed, Defendants' motion is borderline sanctionable.

**III.    DEFENDANTS HAVE FAILED TO OFFER ANY OTHER BASIS TO STAY DISCOVERY, AND FURTHER DELAYS WILL PREJUDICE B&G FOODS**

Other than their motion to dismiss, Defendants offer no other grounds for the extraordinary relief that they seek. In contrast, under the facts of this case, the stay Defendants are seeking would prejudice B&G Foods.

This case was filed over three years ago. Since it was initiated, key witnesses, like the former CEO of the Defendant, have changed jobs. Further delay risks witness' memories fading. *Walker v. Higher Educ. Loan Auth. of the State of Missouri,* No. 1:21-CV-00879-DAD-SAB, 2022 WL 1460021, at *6 (E.D. Cal. May 9, 2022). Defendants have also previously destroyed evidence and have yet to confirm they preserved relevant evidence in connection with the discovery pending in this case. Accordingly, further delay risks the loss or destruction of evidence that might impair B&G Foods' ability to prosecute its claims.

A delay also runs counter to the policy of the Federal Rules favoring "'expeditious resolution of cases . . . .'" *Apothio, LLC v. Kern Cnty.*, No. 1:20-CV-00522-NONE-JLT, 2021 WL 75243, at *6 (E.D. Cal. Jan. 8, 2021) (quoting *SEC v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010)). "Unnecessary stays delay litigation. They encourage dilatory motions. They frustrate the purposes of Federal Rule of Civil Procedure 1 'to secure the just, speedy and inexpensive determination of every action.'" *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. CIV. A. 97-2391-GTV, 1999 WL 681482, at *1 (D. Kan. Aug. 12, 1999) (discussing stays based on pending dispositive motions). "[T]he court had an interest in clearing its docket" that weighs in favor of denying Defendants' request to stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

<u>**CONCLUSION**</u>

For the foregoing reasons, B&G Foods respectfully requests the Court deny Defendants' request to stay discovery pending Defendants' Motion to Dismiss, and permit discovery to proceed.

/ / /

/ / /

/ / /

1 │ Dated:  August 10, 2023

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
          Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*

B&G FOODS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER