CRAIG M. NICHOLAS (Bar No. 178444)
cnicholas@nicholaslaw.org
JAKE W. SCHULTE (Bar. No. 293777)
jschulte@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496

NOAM GLICK (Bar No. 251582)
noam@glicklawgroup.com
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400
Fax: (619) 615-2193

R. JEFFREY NEER (Bar No. 190417)
jeff@forumllp.com
**FORUM LAW PARTNERS, LLP**
803 Deep Valley Dr.
Rolling Hills Estates, California 90274
Tel: (310) 974-8800
Fax: (310) 974-8801

Attorneys for Defendants
KIM EMBRY and
ENVIRONMENTAL HEALTH ADVOCATES, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>Defendants. | Case No.: 2:20-cv-00526-KJM-DB<br><br>**"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)**<br><br>**Hearing Date**: October 13, 2023<br>**Time**: 10:00 a.m.<br>**Location:** Courtroom 3, 15th Floor<br><br>**Judge**: Hon. Kimberly J. Mueller<br>**Magistrate**: Hon. Deborah Barnes |

## I.      INTRODUCTION[1]

Discovery is open.  That is not in dispute.  Defendants are engaging in the discovery process and have proffered dates for all the witnesses B&G seeks to depose.  The sole question presented by Defendants' Motion for Protective Order is whether a brief stay of discovery is warranted to promote efficiency and conserve resources pending the Court's ruling on threshold issues presented in Defendants' Motion to Dismiss.  *See* Dkt. No. 85.  Defendants' Motion to Dismiss, brought under Rule 12(b)(1) and the first-to-file doctrine, seeks dismissal of the entire action or, alternatively, a stay of the action pending resolution of the earlier-filed *Cal. Chamber* matter[2] involving substantially similar parties and issues – namely, the constitutionality of Proposition 65's acrylamide warning for cancer in food products.

Defendants' Motion to Dismiss is fully briefed and currently under submission with the Court.  Dkt. No. 101.  Like other defendants similarly situated often do, Defendants are simply asking for a brief pause in discovery pending resolution of their Motion to Dismiss.  Importantly, no discovery is needed for resolution of Defendants' Motion to Dismiss.  A ruling in Defendants' favor would either dispose of this matter entirely or stay this action pending resolution of *Cal. Chamber*.  Still further, a recent development concerning the dismissal, with prejudice, of Defendants' underlying state court Proposition 65 enforcement actions raises questions of B&G's Article III standing to maintain this action (which is premised entirely on Defendants' – now dismissed – state court actions), providing additional support for a brief stay of discovery.

---

[1] For unknown reasons, B&G filed an "opposition" to this Motion when Defendants' Notice of Motion clearly stated that pursuant "to Local Rule 251, the Parties will file a Joint Statement re: Discovery Disagreement at least 14 days before the scheduled hearing date." Dkt. No. 110 at 1:24-25. Ignoring the Notice and Local Rules, B&G filed a rogue "opposition" presumably in response to Defendants' initial Motion filed before the Hon. Magistrate Judge Deborah Barnes. Dkt. No. 105. Judge Barnes denied Defendants' initial Motion, without prejudice, finding that Defendants did not set the hearing out at least 21-days and, as relevant here, because "the decision of whether to stay discovery is not for [Judge Barnes, but rather] … the assigned District Judge[.]" Dkt. No. 109. Accordingly, Defendants re-noticed their Motion before the Hon. Kimberly J. Barnes – as instructed – at least 21-days before the scheduled hearing date. Dkt. No. 110. B&G's counsel refused Defendants' counsel's request that B&G withdraw its "opposition" so that the parties could file jointly pursuant to the Notice and Local Rule 251. Schulte Dec., ¶ 2, Ex. A.

[2] *California Chamber of Com. v. Bonta,* E.D. Cal., No. 2:19-cv-DJC-JDP (the "*Cal. Chamber*" suit).

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)

A few days after Defendants filed their Motion to Dismiss, B&G began to serve discovery. Because Defendants believe their Motion to Dismiss has substantial merit, Defendants' counsel immediately sought to confer with B&G's counsel regarding stipulating to stay discovery pending resolution of their potentially dispositive motion. B&G refused, leading Defendants to commence the Court's discovery dispute process. *See* Dkt. No. 105 at § 1 (Conference of Counsel). To be clear, Defendants welcome discovery. It will only help to elucidate the speciousness of B&G's claims. However, given their pending Motion to Dismiss, which may vitiate the need for conducting discovery in the first instance, Defendants respectfully request an Order from the Court briefly staying discovery to promote efficiency and conserve resources.

## II.  **LEGAL STANDARD**

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (same). To this end, courts may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(2).

Courts within this Circuit regularly find that a discovery stay is appropriate where a pending motion to dismiss, "if meritorious, will dispose of the entire case," and "any discovery request would be moot." *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010); *see also, Garraway v. Ciufo,* 2019 WL 1438529, at *1 (E.D. Cal. Apr. 1, 2019) ("A stay of discovery pending the resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants.") (citing *Little,* 863 F.2d at 685). In this regard, the Eastern District has articulated the following two-part test for evaluating a requested discovery stay pending the disposition of a motion to dismiss:

> First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order.

*Lopez v. Krieg*, 2014 WL 3615643, at *10 (E.D. Cal. July 21, 2014) *report and recommendation adopted*, 2014 WL 4930674 (E.D. Cal. Sept. 29, 2014) (internal citations omitted) (citing *Lowery v.*

1   *F.A.A.,* 1994 WL 912632, at *3 (E.D. Cal. Apr. 11, 1994)). "In applying the two-factor test, the court

2   deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive

3   motion to assess whether a stay is warranted." *Suarez v. Beard*, 2016 WL 10674069, at *1 (N.D. Cal.

4   Nov. 21, 2016).

5   **III.    ARGUMENT**

6   A brief stay of discovery is warranted on the grounds that it will promote efficiency and

7   conserve resources pending the Court's ruling on threshold issues presented in Defendant's Motion to

8   Dismiss, which is fully briefed and under submission with the Court.  A ruling in Defendants' favor

9   would either (1) dispose of this entire matter and eliminate the need for any discovery; or (2) stay this

10   matter pending resolution of *Cal. Chamber*, halting discovery and, thus, the need for the parties to

11   expend significant resources on same.

12   **A.    Defendants' Motion is Procedurally Proper.**

13   As discussed in the Introduction, Defendants initially attempted to file their Motion before

14   Judge Barnes believing that discovery matters were to be referred to the Magistrate.  Dkt. No. 105.

15   However, Judge Barnes held that "the decision of whether to stay discovery is not for [the Magistrate

16   Judge, but rather] … the assigned District Judge[.]" Dkt. No. 109 at 2:3-5.  Notwithstanding Judge

17   Barnes' clear statement, B&G argues that "Defendants' attempt to present it to [the District Judge] is a

18   violation of the Court's referral order."  Dkt. No. 116 at 6:15-16 (citing Dkt. No. 3-1).  Not so.  A close

19   examination of the Court's referral order reveals that the District Judge may hear a discovery matter if

20   it "implicate[s] the schedule of the case."  *See* Dkt. No. 3-1 at 1:26-28.  Thus, considering Judge Barnes'

21   order and the nuanced language of the Court's referral order, Defendants' Motion is properly before

22   Judge Mueller since the requested stay of discovery would impact the schedule of the case.

23   Pursuant to Local Rule 251(a), a hearing on a motion for protective order "may be had by filing

24   and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at

25   least twenty-one (21) days from the date of filing and service."  L.R. 251(a).  Indeed, "[n]o other

26   documents need be filed at this time" as long as the Joint Statement is "filed at least fourteen (14) days

27   before the scheduled hearing date.  (*Id.*)  That is exactly what Defendants did in filing their Notice on

28   August 25, 2023, setting the hearing on October 13, 2023, and noting a Joint Statement would be filed

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)

14-days in advance of the hearing – i.e., by September 29, 2023.  Dkt. No. 110.   Then, out of nowhere, on September 8, 2023, B&G, disregarding the Notice and Local Rules, filed a rogue "opposition."  *See* Dkt. No. 116.   B&G's counsel refused Defendants' counsel's request that B&G withdraw its "opposition" so that the parties could file jointly pursuant to the Notice and Local Rule 251.  Schulte Dec., ¶ 2, Ex. A.

Lastly, B&G claims that Defendants' Motion should be interpreted as an appeal or motion for reconsideration of Judge Barnes' denial order.  Dkt. No. 116 at 7:1-7.  This is non-sensical considering Judge Barnes specifically held that "the decision of whether to stay discovery is not for [the Magistrate Judge, but rather] … the assigned District Judge[.]" Dkt. No. 109 at 2:3-5.  In other words, there is nothing of substance to "reconsider" from Judge Barnes' order.  The only maneuver left for Defendants was to do exactly as they did – i.e., reset the hearing before the District Judge as instructed.

**B.     A Stay of Discovery is Warranted Pending Resolution of Threshold Issues Presented in Defendants' Motion to Dismiss.**

As discussed at length in Defendants' Motion to Dismiss (Dkt. No. 85-1 at § II), the case at bar arises from state court lawsuits Defendants Embry and EHA brought against B&G under Proposition 65 for failing to warn consumers about exposures to acrylamide in two of its cookie products.  During the pendency of the Motion to Dismiss, Defendants' underlying state court actions (i.e., the entire genesis of B&G's lawsuit) were dismissed with prejudice based on a disputed legal issue concerning whether certain provisions of Proposition 65's pre-suit notice requirements require strict or substantial compliance.  *See* Dkt. No. 100 at § II(A).  As a result of: (1) Defendants' underlying state court actions being dismissed; (2) the *Cal. Chamber* injunction prohibiting future prosecution against B&G (by Defendants or anyone else); and (3) B&G's admission that it no longer makes or sells the cookie products at issue,[3] a justiciable "case" or "controversy" does not exist.  This is yet another reason to stay discovery as the Court may order further briefing to ascertain B&G's current standing to maintain this action.  *See* Dkt. No. 100 at 20-22 ("If the Court has similar concerns regarding B&G's Article III standing [], Defendants invite further briefing on the issue.")

---

[3] *See* Dkt. No. 93 at 2:24 ("In 2022, B&G Foods retired the Snackwell's brand and stopped making the Cookies.")

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)

The crux of B&G's suit is premised on the allegation that Defendants' (now dismissed) enforcement actions violate its constitutional rights since, according to B&G, the Act's acrylamide warning constitutes an unconstitutional compelled speech requirement.  In making this claim, B&G copied the California Chamber of Commerce's playbook making the same or similar: (1) claims about how acrylamide warnings are false, misleading, and not supported by science; and (2) prayer for relief seeking a declaration that the acrylamide warning is unconstitutional and an injunction against future prosecution against its *discontinued* cookie products.  Accordingly, Defendants have filed their Motion to Dismiss, based upon the first-to-file rule, which is designed to avoid the waste of party and judicial resources this action represents.

*1.      Defendants' Motion to Dismiss is Potentially Dispositive of B&G's Claims.*

In evaluating whether to stay discovery, courts must determine whether a pending motion to dismiss is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.  A motion is "potentially dispositive" if, based on a "preliminary peek" at the merits of the pending motion, the Court concludes that the motion, if granted, would dispose of the entire action." *Cellwitch, Inc. v. Tile, Inc.,* 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019); *see also, Suarez*, 2016 WL 10674069, at *1. Here, the requested stay is warranted given the strength of Defendants' potentially dispositive motion pending before the Court.

As noted herein, Defendants' Motion to Dismiss is predicated upon the first-to-file rule, a generally recognized, judicially created "doctrine of federal comity." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-94 (9th Cir. 1982). The rule provides the district court with the discretion to dismiss or "stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.,* 787 F.3d 1237, 1239 (9th Cir. 2015). The rule is meant to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments," and "should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin*., 836 F.3d 987 (9th Cir. 2016). When determining whether the first-to-file rule applies, courts consider three factors: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Pacesetter,* 678 F.2d at 95.

Here, a "preliminary peek" at Defendants' Motion to Dismiss reveals that each of the above factors are satisfied.

*First,* the case in question must be filed later in time than the comparator case. *Kohn Law Grp., Inc.,* 787 F.3d at 1240; *Wallerstein*, 976 F. Supp. 2d at 1294 (the "first-to-file rule simply requires a chronology of the actions"). This case was filed on March 6, 2020, roughly 5 months after the *Cal. Chamber* suit filed on October 7, 2019. *See* Dkt. No. 85-1 at § IV(B).

*Second*, the parties in this action and *Cal. Chamber* are substantially similar. *Kohn,* 787 F.3d at 1240 (noting how this factor does not require the parties to be identical; substantial similarity is enough). Briefly, the Chamber brought its complaint in the interests of its food members doing business in California who are impacted by Proposition 65's acrylamide warning requirement for food products. B&G's interests are the same as the Chamber's interests – i.e., to ensure a finding that Proposition 65's warning for cancer, as applied to acrylamide in food products, violates the First Amendment. This is true irrespective of B&G's membership status. The Attorney General and private enforcers' interests align given B&G and the Chamber's own allegations, the inherent nature of the statutory scheme and, notably, the fact that both defendants would be permanently enjoined from pursuing new arylamide-in-food litigation should the Chamber succeed on the merits.  The parties are substantially similar.  *See* Dkt. No. 85-1 at § IV(C); Dkt. No. 100 at § III(B)(1).

*Third*, the issues in both matters are substantively *identical*.  Both cases (1) have the same claims; (2) are premised on the same allegations that Proposition 65's acrylamide warning constitutes impermissible compelled speech under the First Amendment; and (3) seek an injunction to prevent the enforcement of Proposition 65's cancer warning for acrylamide.  B&G's case is entirely subsumed by *Cal. Chamber*, in that if the Chamber prevails in obtaining a permanent injunction, the defendants in both cases (the Attorney General and private enforcers like Embry and EHA) will be barred from bringing future enforcement actions (against B&G or anyone else) related to acrylamide in food.  B&G's separate "damages" claim is not a hindrance to applying the first-to-file rule because (a) the underlying constitutional violation still needs to be established in the first place; and (b) courts may apply the doctrine even when the remedies sought are different. *See* Dkt. No. 85-1 at § IV(D); Dkt. No. 100 at §

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)

III(B)(2); and *see* Dkt. No. 82 at 3. ("Concurrently, while this case has unfolded, the California Chamber of Commerce pursued similar claims and relief in this court.").

**Finally**, none of the limited exceptions (i.e., bad faith, anticipatory suit, forum shopping) to the first-to-file rule apply. Indeed, B&G does not even claim that an exception applies.  *See* Dkt. No. 100 at fn. 9.

Therefore, a "preliminary peek" at the merits of Defendants' Motion to Dismiss reveals a viable prima facie showing of success which, if granted, will lead to either this case being dismissed outright or stayed under the first-to-file rule. Thus, the Court should exercise its broad discretion to temporarily stay all discovery.

2.      *No Discovery is Needed or Warranted to Decide Defendants' Motion to Dismiss.*

The second prong of the two-prong test articulated above contemplates whether a pending motion can be decided absent additional discovery. Here, Defendants' Motion raises a threshold legal issue – namely, whether Plaintiff's suit should be dismissed under the first-to-file rule. This can be accomplished by examining the four corners of each operative complaint.  Moreover, neither party or the Court has requested discovery to decide the fully briefed and submitted Motion to Dismiss.  Thus, discovery is not necessary for the Court to determine whether Defendants' motion should be granted, and consequently, this factor weighs in favor of granting a stay.

3.      *Defendants' Request for a Brief Stay of Discovery is Supported by Good Cause and B&G Will Not Be Harmed.*

Finally, the Court must also consider whether Defendants sufficiently established that good cause exists to stay discovery by demonstrating harm or prejudice that will result from the discovery. *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004). Requiring the parties to engage in discovery prior to the Court's decision on the pending Motion to Dismiss would be inefficient and costly, resulting in substantial hardship to Defendants Embry and EHA. Responding and conferring over Plaintiff's numerous discovery requests is likely to result in extensive motion practice, and in any case, those efforts may shortly prove to have been needless and ultimately a wasted effort if the Motion to Dismiss is granted in Defendants' favor. *See Minor v. FedEx*, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009)

1  (explaining "while going forward does not impose inequity [upon defendants], it certainly appears to be

2  a hardship to conduct pointless discovery that may well be moot . . . .").

3        B&G briefly mentions that the Court should ignore Defendants' litigation costs from its

4  consideration. Dkt. No. 116 at 2:11-18.  But where, as here, a stay will cause no harm, "courts have

5  considered the moving party's burden in litigating the case to be a legitimate form of hardship." *Arris*

6  *Sols., Inc. v. Sony Interactive Entm't LLC*, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017) (citation

7  omitted); *see also, Bitzer v. Ocwen Fin. Corp.*, 2018 WL 6164775, at *3 (C.D. Cal. Mar. 14, 2018)

8  (similar).  As such, staying discovery pending the Court's ruling on Defendants' Motion to Dismiss will

9  serve the goal of efficiency for the Court and the parties. *See Little,* 863 F.2d at 685 (9th Cir. 1988) (stay

10  of discovery pending decision on case-dispositive issue "furthers the goal of efficiency for the court and

11  litigants").

12        Conversely, the possible harm to B&G from a brief stay is miniscule or nonexistent.  The only

13  "harm" B&G claims relates to further delay in prosecuting its claims and, thus, recovering purported

14  money "damages" under § 1983.  Dkt. No. 116 at 9.  However, that argument is misplaced for at least

15  four reasons.

16        *First,* "the Ninth Circuit has made clear that monetary recovery cannot serve as the foundation

17  for the denial of a stay."  *Robledo v. Randstad US, L.P.,* 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1,

18  2017) (citing *Lockyer,* 398 F.3d at 1110); *see also, e.g., Ludlow v. Flowers Foods, Inc.,* 2020 WL

19  773253, at *2 (S.D. Cal. Feb. 18, 2020) ("Mere delay in receiving damages is an insufficient basis to

20  deny a stay.").  For that reason, "a number of courts have imposed stays" despite complaints about a

21  delay in possibly recovering damages. *Alter v. Walt Disney Co.*, 2016 WL 9455627, at *2 (C.D. Cal.

22  Oct. 31, 2016) (citing cases).

23        *Second*, though B&G seeks declaratory and injunctive relief, it has sought no preliminary

24  injunction. Nor could B&G do so – it faces no irreparable harm since the underlying state court actions

25  have been dismissed and the *Cal. Chamber* injunction forecloses Defendants (or anyone else) from

26  bringing another enforcement action against B&G related to its *discontinued* cookies. So again, a short

27  stay will not prejudice B&G. *See Goro v. Flowers Foods, Inc.*, 2020 WL 804841, at *2 (S.D. Cal. Feb.

28  18, 2020) (explaining that because plaintiffs did not move for a preliminary injunction, there was less

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)

1   concern about harm to the plaintiffs); *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at \*3 (N.D. Cal. Dec.

2   10, 2014) (same).

3           *Third*, this case (although several years old) is in its infancy considering the prior motions to

4   dismiss and appeal, and "[a] (relatively) young case, at least from the standpoint of litigation efforts, if

5   not time alone, favors staying [an] action." *Sensibaugh v. EF Educ. First, Inc.*, 2020 WL 3455641, at

6   \*2 (C.D. Cal. May 7, 2020) (citation omitted). A scheduling order has only recently been issued. *See*

7   Dkt. No. 87 (dated 6/30/23). Because a stay would not undo litigation that has already happened, there

8   is no harm in a short stay at the start of this case. *See, e.g.*, *Tovar v. Hosp. Housekeeping Sys., Inc.*, 2009

9   WL 10672526, at \*4 (C.D. Cal. Nov. 2, 2009) (explaining that when a case was "in its early stages," its

10  posture "weigh[ed] against a finding of prejudice").

11          *Fourth*, Defendants seek only a temporary stay of discovery, not an "indefinite" stay. It is likely

12  Defendants' Motion to Dismiss, which is fully briefed and under submission, will be resolved

13  reasonably soon. Thus, the Court should find that a stay will not cause any harm to B&G.

14                  *4.      A Stay Will Serve the Interest of Judicial Economy.*

15          Courts – and the public as a whole – have an interest in conserving scarce judicial resources.

16  *See, e.g., UMG Recordings, Inc. v. Am. Home Assurance Co.,* 2009 WL 10675585, at \*3 (C.D. Cal. Feb.

17  17, 2009). Here, a brief stay would serve the interest of judicial economy by sparing the Court from

18  discovery battles emanating from B&G's discovery when there is a real possibility the entire case will

19  soon be dismissed or stayed. There is no risk of any documents or evidence becoming unavailable by

20  the imposition of a stay, nor does B&G's operative complaint allege dire or irreparable injury warranting

21  immediate action. This is especially true in the context of B&G discontinuing production of the subject

22  cookies, as well as the underlying state court actions being dismissed with prejudice with zero possibility

23  of re-filing by Defendants or anyone else. In short, as soon as the Motion to Dismiss has been

24  adjudicated, which should in all likelihood occur within the next several months, the case will either

25  end or can proceed.

26          A short stay under these circumstances unquestionably serves the goal of the orderly

27  administration of justice, particularly in light of the ongoing judicial emergency in the Eastern District

28  of California, and will conserve the resources of the parties and the Court. *Johnson v. Starbucks Corp.*,

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)

No. 2:18-CV-02956-JAM-AC, 2019 WL 4034479, at *3 (E.D. Cal. Aug. 27, 2019) ("Under the orderly course of justice factor, the question before the Court is simple: would a stay simplify or complicate the case at hand?").  For the foregoing reasons, Defendants respectfully request the Court enter an order staying discovery pending Defendants' Motion to Dismiss.

Respectfully submitted:

DATED:   August 8, 2023

**NICHOLAS & TOMASEVIC, LLP**

By:   _/s/  Jake W. Schulte_
Craig M. Nicholas (SBN 178444)
cnicholas@nicholaslaw.org
Jake Schulte (SBN 293777)
atomasevic@nicholaslaw.org
225 Broadway, 19th Floor
San Diego, California 92101
Tel: 619-325-0492

**GLICK LAW GROUP, PC**
Noam Glick (SBN 251582)
_noam@glicklawgroup.com_
225 Broadway, 19th Floor
San Diego, California 92101
Tel: 619-382-3400

Attorneys for Defendants
KIM EMBRY and ENVIRONMENTAL
HEALTH ADVOCATES, INC.

"REPLY" IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS (DKT. NO. 85)