UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br>Plaintiff, <br><br>v. <br><br>KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC., <br><br>Defendant. | No. 2:20-cv-0526 KJM DB <br><br><br><br>ORDER |

On August 10, 2023, plaintiff filed a motion to compel defendant's responses to discovery requests. (ECF No. 106.) On August 25, 2023, plaintiff filed a motion to compel compliance as to third-party Institute for Environmental Health, Inc. d/b/a IEH Laboratories & Consulting Group ("IEH."). Both motions are noticed for hearing before the undersigned on October 13, 2023, pursuant to Local Rule 302(c)(1). Review of the parties' filings finds that plaintiff has failed to comply with the Local Rules with respect to each motion.

With respect to the motion to compel defendant's responses the parties filed a Joint Statement re Discovery Disagreement pursuant to Local Rule 251 on October 6, 2023. (ECF No. 123.) Plaintiff makes vague reference to various discovery requests, for example, "RFP No. 16," "RFPD No. 9", etc. (JS (ECF No. 123) at 17.) And plaintiff makes vague reference to defendants' discovery responses such as that "Defendants have agreed to respond to discovery"

1

but "only within their self-imposed constraints." (Id. at 18.) What exactly these "self-imposed constraints" are is not stated.

Such statements do not explain what discovery responses defendants withheld based on what objection. Local Rule 251(c) requires that within the Joint Statement "[e]ach specific interrogatory, deposition question or other item objected to . . . shall be reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection."

With respect to plaintiff's motion to compel as to IEH, IEH asserts that the "parties have not substantively conferred on any of IEH's other objections or responses to the substance of the subpoena." (ECF No. 122 at 5.) Pursuant to Local Rule 251(b) a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]"

In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) Additionally, the undersigned's Standard Information re discovery disputes set forth on the court's web page explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

If, after meeting and conferring, the moving party remains dissatisfied, that party shall draft and file a "Joint Statement re Discovery Disagreement." Local Rule 251(c). The failure to file a Joint Statement may result in the hearing being dropped from calendar. Local Rule 251(a). Here, no Joint Statement was filed in connection with plaintiff's motion to compel as to IEH.

It is true that Local Rule 251(e) provides, in relevant part, that a Joint Statement is not required "when there has been a complete and total failure to respond to a discovery request or order[.]" Here, however, there was not a complete and total failure to respond. (ECF No. 111-8 at 2-14.)

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 10, 2023 motion to compel (ECF No. 106) is denied;

2. Plaintiff's August 25, 2023 motion to compel (ECF No. 111) is denied; and

3. The October 13, 2023 hearing is vacated;

Dated:  October 10, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/b&g0526.mtc.den2.ord

3