J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com
Robert Petraglia, Esq. (SBN: 264849)
   petraglia@braunhagey.com
H. Chelsea Tirgardoon, Esq. (SBN: 340119)
   tirgardoon@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOOD NORTH AMERICA, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>   Defendants. | Case No. 2:20-cv-00526-KJM-DB<br><br>**PLAINTIFF B&G FOODS'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER**<br><br>Date: December 8, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Kimberly J. Mueller<br>Courtroom: 3<br><br>SAC Filed: November 23, 2022<br>Trial Date: None Set |

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 2

    A.    The Parties .................................................................................................. 2

    B.    The Action .................................................................................................. 3

    C.    Defendants' Relevant Bad-Faith Discovery Tactics................................... 4

ARGUMENT ........................................................................................................................ 5

I.    DEFENDANTS LACK GOOD CAUSE UNDER RULE 16 ........................................... 5

II.    DEFENDANTS' PROPOSED AMENDMENTS ARE SEPARATELY IMPROPER BECAUSE THEY WOULD PREJUDICE B&G FOODS AND BE FUTILE .................................................................................................................. 8

    A.    B&G Foods Would Be Unduly Prejudiced by Defendants' Failure to Timely Raise Elementary Affirmative Defenses ........................................ 8

    B.    Defendants' Amendments are Futile ......................................................... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
  465 F.3d 946 (9th Cir. 2006) ............................................................................................... 7
*Ashcroft v. Iqbal*,
  556 U S. 662 (2009) .............................................................................................................. 9
*Barahona v. Union Pac. R.R. Co.*,
  881 F.3d 1122 (9th Cir. 2018) ............................................................................................. 9
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 9
*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ................................................................................................ 9
*Conley v. Gibson*,
  355 U.S. 41 (1957) ............................................................................................................... 9
*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ........................................................................................... 8
*Forty Niner Truck Plaza, Inc. v. Shank*,
  No. CIV S-11-00860 KJM, 2012 WL 2872800 (E.D. Cal. July 11, 2012) ................. 5
*Howey v. United States*,
  481 F.2d 1187 (9th Cir. 1973) ........................................................................................... 8
*In re Circuit Breaker Litig.*,
  175 F.R.D. 547 (C.D. Cal. 1997) ....................................................................................... 8
*Jackson v. Laureate, Inc.*,
  186 F.R.D. 605 (E.D. Cal. 1999) ................................................................................... 5, 7
*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) .............................................................................. 1, 5, 6, 7
*Kowalow v. Corr. Servs. Corp.*,
  35 F. App'x 344 (9th Cir. 2002) ......................................................................................... 7
*Kuschner v. Nationwide Credit, Inc.*,
  256 F.R.D. 684 (E.D. Cal. 2009) ....................................................................................... 6
*Lennar Mare Island, LLC v. Steadfast Ins. Co.*,
  No. 2:12-CV-02182-KJM, 2015 WL 4910468 (E.D. Cal. Aug. 17, 2015) ................. 6
*M/V Am. Queen v. San Diego Marine Const. Corp.*,
  708 F.2d 1483 (9th Cir. 1983) ........................................................................................... 7
*Marks v. Salvatore Lanzilotti*,
  230 F.3d 1367 (9th Cir. 2000) ........................................................................................... 7
*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ............................................................................................. 8
*B&G Foods N. Am., Inc. v. Embry*,
  29 F.4th 527 (9th Cir. 2022) .............................................................................................. 3
*Qarbon.com, Inc. v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ......................................................................... 10
*Sako v. Wells Fargo Bank, Nat. Ass'n*,
  No. 14CV1034-GPC JMA, 2015 WL 5022326 (S.D. Cal. Aug. 24, 2015) ................. 7

*Schwerdt v. Int'l Fidelity Ins. Co.*,
  28 F. App'x 715 (9th Cir. 2002) .................................................................................................. 7
*Stonebrae, L.P. v. Toll Bros.*,
  No. C-08-0221 EMC, 2010 WL 114010 (N.D. Cal. Jan. 7, 2010) ................................................. 9
*Tenerelli v. Lockheed Martin Space Sys. Co.*,
  No. 15-CV-00012-BLF, 2015 WL 5610011 (N.D. Cal. Sept. 24, 2015) ....................................... 8
*Trans Bay Cable LLC v. M/V Ocean Life*,
  No. 14-CV-04854-JD, 2015 WL 7075618 (N.D. Cal. Nov. 13, 2015) .......................................... 9
*United States v. California*,
  No. 2:06-CV-2649-GEB-GGH, 2007 WL 3341670 (E.D. Cal. Nov. 8, 2007) .............................. 6

Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully submits this opposition to Defendants' Motion for Leave to Amend Their Answer. (ECF 126, "Motion").

## INTRODUCTION

Defendants' Motion for Leave to Amend should be denied because the Court's June 30, 2023 Scheduling Order does not permit further amendment of the pleadings. (ECF 88.) Defendants fail to prove that they meet the good cause standard for introducing new legal defenses into this case three and a half years after it was filed. The touchstone of the good cause analysis is diligence. Rather than being diligent, Defendants have sought to impede this litigation at every turn—from refusing to participate in the Rule 26(f) conference to helping themselves to a one-way discovery stay in their favor until this Court intervened. It is especially inappropriate for Defendants to claim they meet the diligence standard when their whole defense of this case has been to intentionally delay.

One main form of delay, in fact, has been Defendants' iterative motions to dismiss, each one more tenuous than the last. Their currently pending motion claims that this case is barred by the "first filed rule" even though there is no first-filed case involving any of the same parties—an argument that they waived by failing to include it in any of the other motions to dismiss they have filed over the last three and half years. Similarly, Defendants could have raised the purported "good faith" and qualified immunity defenses they now seek to add in any of their four motions to dismiss or their answer and offer no valid reason for why they refused to do so. Adding these purported defenses now would prejudice B&G Foods because discovery is well underway, result in needless motion practice, and feed Defendants' strategy of delay.

Defendants claim that they failed to add these defenses because they are unfamiliar with Section 1983. (Mot. at 7.) That is no excuse. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

Nor could Defendants come close to proving diligence, even if they had not intentionally tried to impede this case. Defendants filed their Answer on June 26, 2023—more than three years after B&G Foods filed the original Complaint, and more than seven months after B&G Foods filed

the operative Second Amended Complaint. (ECF 57.) Defendants did not attempt to amend their Answer as of right after they filed it, or lodge any objection to the Court's June 30, 2023 Scheduling Order, despite the Order's express proviso for making such objections within two weeks of its issuance. (ECF 88.) Defendants then waited four months to file the instant Motion. They do not even cite to, much less discuss, the standard for modifying a scheduling order, because they cannot satisfy it.

Further, Defendants' undue delay in asserting these defenses would prejudice B&G Foods. The parties have been engaged in discovery for four months now, including written discovery, depositions, and third-party discovery. Adding new defenses at this late stage would require serving new discovery requests, re-deposing witnesses, and potentially re-serving subpoenas, further delaying this three-and-a-half-year-old case. And there is no evidence that the asserted defenses have any merit or even apply to the facts of this case. To the contrary, in denying Defendants' motion to dismiss, the Court found that the pleaded facts, if proven true, would amount to "sham litigation," which cannot be subject to good faith or qualified immunity. Thus, Defendants' purported theories would add nothing to the case beyond enabling them to try to engineer an interlocutory appeal to further delay this proceeding for years.

For the reasons above and below, Defendants' Motion should be denied.

## FACTUAL BACKGROUND

### A.     The Parties

B&G Foods is a food company that has brought an array of shelf-stable and frozen packaged foods to America's tables for 130 years. The B&G Foods portfolio includes both time-honored legacy brands and newer, innovative offerings. B&G Foods has been trusted by consumers for generations, reflecting its commitment to quality, health and safety standards, and consistency.

Defendant Environmental Health Advocates, Inc. ("EHA") was formed by a group of lawyers. Despite its name, EHA has not pursued any environmental activities. The only thing that it has done since its inception three years ago is to act as a "plaintiff" in over 1,700 Proposition 65

claims, the majority of which target small, out-of-state companies. *60-Day Notice Search*, STATE OF CALIFORNIA DEPARTMENT OF JUSTICE, https://oag.ca.gov/prop65/60-day-notice-search (search Plaintiff or Plaintiff's attorney for "Environmental Health Advocates, Inc." and "Embry"). Defendant Kim Embry, who resides in Barcelona, Spain, is the former secretary of one of EHA's founding attorneys. EHA's attorneys previously used Ms. Embry to serve as a "plaintiff" in other Proposition 65 lawsuits.

### B. The Action

On March 6, 2020 and again on January 22, 2021, Defendants filed suit against B&G Foods in Alameda Superior Court, alleging that its Snackwell-brand cookies violated Prop 65. Defendants' allegations were based on falsified records, spoliated evidence, and cherry-picked test results. Thus, the court ultimately dismissed Defendants' claims due to their noncompliance with Prop 65 enforcement requirements. (Declaration of David Kwasniewski ("Kwasniewski Decl."), Ex. A (July 12, 2023 Order re: in *Kim Embry v. B&G Food North America, Inc. et al*, Alameda County Super. Ct., Case No. RG20057491).)

Also on March 6, 2020, B&G Foods filed the instant complaint against Defendants, bringing First Amendment claims predicated on Defendants' abuse of their deputized authority to unconstitutionally compel speech through shakedown lawsuits, which serve to extract settlements rather than protect the public interest.

Defendants moved to dismiss B&G Foods's original complaint on May 1, 2020. (ECF 18.) That motion did not raise a defense of good faith or qualified immunity.

On October 7, 2020, this Court granted Defendants' motion to dismiss the original complaint without leave to amend. (ECF 33.) On March 17, 2022, the Ninth Circuit reversed, *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 541 (9th Cir. 2022), and on July 7, 2022, B&G Foods filed its First Amended Complaint. (ECF 45.)

Defendants filed their second motion to dismiss on August 22, 2022. (ECF 52.) That motion did not raise a defense of good faith or qualified immunity.

On November 3, 2022, the Court granted Defendants' second motion to dismiss but allowed B&G Foods to amend. (ECF 56 at 16.) B&G Foods filed its Second Amended Complaint

on November 23. (ECF 57.) Defendants filed a third motion to dismiss on January 19, 2023. (ECF 66.) That motion to dismiss also did not raise a defense of good faith or qualified immunity.

On June 1, 2023, the Court denied Defendants' third motion to dismiss. (ECF 82.)

On June 26, 2023, Defendants filed a fourth motion to dismiss, along with their Answer. (ECF 85 (Fourth Motion to Dismiss); ECF 86 (Answer).) Neither pleading asserted a defense of good faith or qualified immunity.

Following a June 29 status conference, this Court issued a Scheduling Order that bars further amendments to the pleadings absent a showing of good cause. (ECF 88.) The Order further provided that the parties could object to any provision within fourteen days, after which the Order would become final. (*Id.*) Defendants did not raise any objection.

**C.     Defendants' Relevant Bad-Faith Discovery Tactics**

Instead of diligently seeking leave to alter the Scheduling Order so they could file an amended answer, Defendants have spent the past four months engaging in all manner of delay tactics. On June 6, 2023, B&G Foods contacted Defendants to meet and confer regarding the topics required by Rule 26(f). When the parties met, Defendants refused to fully engage. Thus, during the June 29 status conference, the Court admonished Defendants for refusing to meet and confer and ordered them to agree to a protective order and ESI protocol. (Kwasniewski Decl., Ex. B (Transcript of July 29, 2023 Scheduling Conference), 3:19–4:1 ("I'm chiding you now, but meet and confer is a real obligation in this Court. And even if you think you've got a viable motion to dismiss, you should seek leave of Court and seek to continue the Rule 26 conference, not refuse to meet and confer when another party approaches you, understood?").)

Separately, on June 29, B&G Foods propounded discovery requests, and on July 12, it issued deposition notices after Defendants refused to provide availability for their deponents. (Kwasniewski Decl., ¶¶ 11–12.) When the parties met and conferred on July 17, Defendants informed B&G Foods that they were unwilling to comply with the deposition notices or discovery requests and intended to file a motion for protective order staying discovery pending their latest motion to dismiss. On July 28, Defendants responded with identical boilerplate objection-only responses.

After meeting and conferring, B&G Foods informed Defendants that it would submit a joint statement regarding Defendants' discovery misconduct. In response, Defendants insisted on editing B&G Foods's section of the brief, and when B&G Foods would not agree to those edits, Defendants filed a motion for protective order. (ECF 104.) On August 24, Judge Deborah Barnes denied Defendants' motion and ordered them to show cause why they should not be sanctioned. (ECF 109.)

On September 6, Defendants sent B&G Foods an email stating that they intended to "supplement their responses and produce documents on or before September 29" and that their witnesses would be available in October after their document production was completed. (Kwasniewski Decl., Ex. C.)

As of this filing, Defendants have not collected ESI, agreed to B&G Foods's proposed custodians or search terms, provided substantive discovery responses, or produced any documents beyond those already provided in the underlying state court actions.

## **ARGUMENT**

After entry of a Scheduling Order, any request to amend a pleading must satisfy the requirements of Rule 16. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (ending inquiry after movant failed to satisfy Rule 16). It is only then that the court may consider if the movant satisfied Rule 15. *Id*. As the Ninth Circuit has explained:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15.

*Johnson*, 975 F.2d at 610 (citations omitted). Defendants' Motion ignores Rule 16's "good cause" requirement entirely.

**I.   DEFENDANTS LACK GOOD CAUSE UNDER RULE 16**

Defendants must establish good cause for their proposed amendment under Rule 16(b) before demonstrating the propriety of that amendment under Rule 15. *Forty Niner Truck Plaza,*

*Inc. v. Shank*, No. CIV S-11-00860 KJM, 2012 WL 2872800, at *2 (E.D. Cal. July 11, 2012) (Mueller, J.). The Rule 16 "bar is higher than that" of Rule 15. *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-CV-02182-KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) "If [the requesting] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Defendants' motion makes no effort to show these elements or otherwise establish "good cause."

If a party anticipates an amendment to the pleadings, it is obliged to alert a court to the nature of the possible amendment and its probable timing so that a court may structure the schedule of other litigation tasks. *Lennar Mare Island* 2015 WL 4910468, at *4 (Mueller, J.). Here, Defendants never raised the defenses of qualified immunity or good faith at any time in the past three-and-half years this case has been pending. During that time, they filed four motions to dismiss and an answer, none of which raised either defense.

Although B&G Foods's prior complaints were dismissed on other grounds, Defendants still had seven months to identify all potential defenses to the operative SAC. Even after they filed their answer, Defendants could have, and "should have asked . . . that amendment to pleading be allowed" if they believed there were grounds to do so. *United States v. California*, No. 2:06-CV-2649-GEB-GGH, 2007 WL 3341670, at *2 (E.D. Cal. Nov. 8, 2007). "Carelessness" in failing to do so "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Even after the Court issued its June 30, 2023 Scheduling Order, Defendants were given an additional fourteen days to object and could have during that time asked for leave to amend their answer. (ECF 87.) Defendants did not do so and their Motion offers no excuse for their decision to wait four months after the Scheduling Order issued to seek leave to amend. Courts routinely reject

requests to amend pleadings for delays much shorter than three months. *See, e.g.*, *Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (one month delay); *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14CV1034-GPC JMA, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (two-month delay).

Nor do Defendants suggest their belated proposed amendment is warranted by any newly discovered facts or evidence. B&G Foods's SAC arises out of the same sham litigation as its original complaint. Yet Defendants never raised the defenses of good faith and qualified immunity until July 28, 2023, when they notified B&G Foods for the first (and only) time that they intended to amend their Answer. (Kwasniewski Decl., Ex. D.) They did not explain then what new facts or evidence warranted such a belated amendment. Nor do Defendants offer such an explanation in their Motion, inexplicably filed three months after Defendants first stated their intent to seek leave to amend. Defendants' failure to identify any new facts or evidence supporting their amendment is separately fatal to their Motion. *See Kowalow v. Corr. Servs. Corp.*, 35 F. App'x 344, 347 (9th Cir. 2002) (good cause could not be established where movant could not point to newly discovered evidence).

The only excuse Defendants offer for their delay is their unfamiliarity with Section 1983 cases. (Mot. at 6–7.) Setting aside that Defendants filed four motions to dismiss B&G Foods's Section 1983 claim, argued an appeal of the claim before the Ninth Circuit, and have been otherwise litigating this case for three-and-a-half years, "carelessness" is no excuse. *Johnson*, 975 F.2d at 609.

Because Defendants have not met, nor even addressed, any of the Rule 16 diligence requirements, the Court should deny their motion without further inquiry.[1]

---

[1] Even under Rule 15, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Marks v. Salvatore Lanzilotti*, 230 F.3d 1367 (9th Cir. 2000); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial after motion was filed 1.5 years after case was filed and "[n]o facts, newly discovered in that period, were alleged."). "In assessing timeliness," the court "inquire[s] 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting Jackson,

## II. DEFENDANTS' PROPOSED AMENDMENTS ARE SEPARATELY IMPROPER BECAUSE THEY WOULD PREJUDICE B&G FOODS AND BE FUTILE

Even if Defendants could meet the threshold requirement of diligence, their motion separately and independently fails because it would be highly prejudicial to allow amendment at this late stage, and because amendment would be futile.

### A. B&G Foods Would Be Unduly Prejudiced by Defendants' Failure to Timely Raise Elementary Affirmative Defenses

Even under Rule 15, Courts deny leave where an amendment would unduly prejudice the non-moving party. *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). Undue prejudice may be established where the opposing party is required to conduct "extensive" "further discovery" if the amendment were allowed. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Notably, where undue delay is severe, "less of a showing of prejudice is needed for denial of [a] motion" for leave to amend. *In re Circuit Breaker Litig*., 175 F.R.D. 547, 550 (C.D. Cal. 1997).

Here, with only four months left until the close of fact discovery, B&G Foods finds itself deprived of ESI—because Defendants refuse to name themselves as custodians, agree to search terms, collect documents, or produce additional documents beyond what was provided in the state court proceedings. Allowing Defendants to add two *additional* affirmative defenses, nearly four years after the initiation of this action and following four motions to dismiss, would only compound the issue and further prejudice B&G Foods. *See McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 809 (9th Cir. 1988) (opposing party is "entitled to rely on a timely close of discovery and a near-term trial date"). Specifically, B&G Foods would be required to make a last-minute push for the production of additional materials regarding Defendants' motives in bringing litigation (including by broadening its requests to seek materials about other acrylamide actions brought by Defendants) and status as a state actor (including by requesting correspondence with the Attorney General's office, records of disbursement of funds to the AG, and any consent

---

902 F.3d 1385, at 1388.) A moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Tenerelli v. Lockheed Martin Space Sys. Co*., No. 15-CV-00012-BLF, 2015 WL 5610011, at *3 (N.D. Cal. Sept. 24, 2015).

judgments or settlements reviewed by the AG). It would also require B&G Foods to re-depose witnesses and potentially re-serve subpoenas.

### B. Defendants' Amendments are Futile

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile if it cannot meet the pleading standard. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).[2]

Defendants' affirmative defenses are "subject to the same pleading standards that govern complaints as set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U S. 662 (2009). *Trans Bay Cable LLC v. M/V Ocean Life*, No. 14-CV-04854-JD, 2015 WL 7075618, at *4 (N.D. Cal. Nov. 13, 2015) ("affirmative defenses should be subject to the same pleading standards that govern complaints"). "What is required under those cases is to allege 'enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555.

Defendants' newly introduced affirmative defenses fall far short of the *Iqbal* and *Twombly* standard. Defendants fail to provide even a "formulaic recitation of the elements" opting instead for nearly identical, bare statements:

> 21. B&G's claims are barred, in whole or in part, including any recovery "damages," by Defendants invoking the Good Faith Defense to § 1983 liability.
>
> . . .
>
> 22. B&G's claims are barred, in whole or in part, including any recovery "damages," by Defendants invoking the Qualified Immunity defense to § 1983 liability.

---

[2] The Ninth Circuit had recently held that leave to amend should be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona*, 881 F.3d at 1134. But several district courts have held that because *Twombly* and *Iqbal* repudiated *Conley v. Gibson*, 355 U.S. 41 (1957), which provided that language, "the futility test can no longer be framed using the 'no set of facts' language." *Stonebrae, L.P. v. Toll Bros.*, No. C-08-0221 EMC, 2010 WL 114010, at *1 (N.D. Cal. Jan. 7, 2010) (collecting cases). This difference is immaterial because, as discussed below, Defendants cannot meet either standard.

(Mot., Ex. 1 at 31.) An affirmative defense that simply refers to a theory or cites a statute should be stricken as insufficient to identify the basis of the defense and provide fair notice to the plaintiff. *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (in the context of leave to amend).

Nor does Defendants' motion attempt to identify any facts or evidence that support the applicability of either defense. In denying Defendants' third motion to dismiss, the Court held that B&G Foods had plausibly alleged Defendants engaged in sham litigation. Sham litigation is obviously not litigation made in "good faith" or protected by the doctrine of qualified immunity.

Defendants' conclusory allegations fail to provide B&G Foods with notice of facts about the applicability of the defense, and Defendants identify no other facts or evidence to support their claimed defenses. This is precisely what *Iqbal* and *Twombly* aimed to prevent; the Court should thus deny leave to amend.

## **CONCLUSION**

For the foregoing reasons, Plaintiff B&G Foods respectfully requests that the Court deny Defendants' Motion for Leave to Amend Their Answer.

Dated:  October 31, 2023                                        Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*