UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., | No. 2:20-cv-0526 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC., | |
| Defendants. | |

This matter came before the undersigned on August 18, 2023, for hearing of plaintiff's motion to compel pursuant to Local Rule 302(c)(1). (ECF No. 130.) Attorneys Matthew Borden and Hedyeh Tirgardoon appeared via Zoom on behalf of plaintiff. Attorneys Ronald Neer and Jake Schulte appeared via Zoom on behalf of defendants. Oral argument was heard, and plaintiff's motion was taken under submission. For the reasons explained below, plaintiff's motion will be granted in part and denied in part.

In this regard, plaintiff's motion attempts to address five discovery items in a single Joint Statement: (1) interrogatory responses; (2) request for production responses; (3) request for admission responses; (4) ESI issues; and (5) 30(b)(6) deposition topics. Several, of these matters would properly be subject to a separate motion.

////

1

1   Compounding this challenge, plaintiff's briefing is entirely vague and conclusory.  For
2   example, with respect to plaintiff's RFP Nos. 14-15, plaintiff asserts "B&G Foods is entitled to
3   documents and information that allow it to determine if Defendants' expert knew or considered"
4   the "cooking exception" affirmative defense "including if he analyzed whether acrylamide
5   created during the baking process causes cancer."  (JS (ECF No. 132) at 14.)  This assertion is not
6   supported by a citation to any legal authority nor is it followed by legal argument and analysis.
7   Plaintiff simply moves on to discussing "Search terms."  (Id.)

8   Plaintiff's briefing throughout the Joint Statement continues in this manner.  Plaintiff's
9   briefing fails to provide the necessary articulation and support to resolve the numerous and varied
10  discovery disputes raised in the Joint Statement.  See generally Valenzuela v. City of Calexico,
11  No. 14-cv-481 BAS PCL, 2015 WL 926149, at *1 (S.D. Cal. Mar. 4, 2015) ("the moving party
12  carries the burden of informing the court: (1) which discovery requests are the subject of his
13  motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are
14  deficient; (4) the reasons defendants' objections are without merit; and (5) the relevance of the
15  requested information to the prosecution of his action"); Soto v. City of Concord, 162 F.R.D. 603,
16  610 (N.D. Cal. 1995) ("the party seeking to compel discovery bears the burden of showing that
17  his request satisfies the relevance requirement of Rule 26").

18  At the December 15, 2023 hearing, plaintiff's counsel offered to address why the
19  discovery sought was "relevant," to give "context," and to "talk through the objections."  In doing
20  so, counsel made reference to the inadequacy of defendants' proposed "random sample," the
21  necessity of "Rule 404(b) evidence," and how such evidence might support a request for
22  injunctive relief.  This is precisely the argument that should have been found in the Joint
23  Statement and supported by citation to legal authority and/or case law and an analysis of that
24  authority to the disputes at issue here.  It should not be raised for the first time at a hearing.

25  At the December 15, 2023 hearing counsel for plaintiff asserted that plaintiff's briefing
26  was limited because Local Rule 251(c) requires each specific discovery item be reproduced in full
27  while the undersigned has a 25-page limit to Joint Statements.  However, Local Rule 251(c)
28  provides that "arguments and briefing need not be repeated" when the same objection is raised to

a number of items.  Moreover, difficulty meeting the 25-page limit is often a sign that a discovery dispute should be broken up into more than one motion.  That is certainly true here.

However, with respect to plaintiff's RFP No. 3, there is no dispute that defendants have withheld documents pursuant to a privilege but failed to produce a privilege log.  (JS (ECF No. 132) at 9-10.)  Defendants will be ordered to produce a privilege log forthwith.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 20, 2023 motion to compel (ECF No. 130) is granted as to defendants' failure to produce a privilege log;

2. Defendants shall produce a privilege log within fourteen days of the date of this order; and

3. Plaintiff's November 20, 2023 motion to compel (ECF No. 130) is denied without prejudice to renewal in all other respects.[1]

Dated:  December 18, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/b&g0526.oah.1215

---

[1] If plaintiff elects to renew the motion to compel, plaintiff must satisfy the meet and confer requirements of the Local Rules and the undersigned.  Moreover, multiple discovery motions should be noticed for hearing on separate dates so that each motion is heard on a distinct date.