J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Robert Petraglia, Esq. (SBN: 264849)
  petraglia@braunhagey.com
H. Chelsea Tirgardoon, Esq. (SBN: 340119)
  tirgardoon@braunhagey.com
Eric Schlabs, Esq. (*pro hac vice*)
  schlabs@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **B&G FOODS NORTH AMERICA, INC.'S EX PARTE APPLICATION TO AMEND CASE SCHEDULE** <br><br> *[Filed concurrently with Declaration of H. Chelsea Tirgardoon]* <br><br> Judge: Hon. Kimberly J. Mueller <br> Courtroom: 3 <br><br> SAC Filed: November 23, 2022 <br> Trial Date: None Set |

# NOTICE OF EX PARTE APPLICATION

PLEASE TAKE NOTICE that Plaintiff B&G Foods North America, Inc. ("Plaintiff" or "B&G Foods") hereby applies ex parte for an order to amend the case schedule. In particular, B&G Foods seeks an order amending the case schedule as follows (*i.e.*, pushing all deadlines back by twelve weeks):

| Event | Current Deadline (ECF 87-1) | New Deadline |
|---|---|---|
| Close of Fact Discovery | February 23, 2024 | May 17, 2024 |
| Last day to disclose expert witnesses and serve expert reports | April 5, 2024 | June 28, 2024 |
| Last day to serve rebuttal expert reports | April 26, 2024 | July 19, 2024 |
| Close of Expert Discovery | May 24, 2024 | August 16, 2024 |
| Last day for dispositive motions to be heard | July 19, 2024 | October 11, 2024 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully requests that the Court amend the Scheduling Order (ECF 87-1) to move all case deadlines back by twelve weeks.

This modification is necessary because Defendants have obstructed fact discovery to prevent it from being completed by February 23. B&G Foods has diligently sought discovery from Defendants, fact witnesses, and their expert witness over the past seven months, but Defendants have dragged their feet, interfered with third party discovery, and still have not produced any ESI despite signing the Court-ordered ESI protocol nearly six months ago.

Since B&G Foods served discovery requests in June 2023, Defendants have produced just *eight* documents, consisting of five irrelevant email threads and three mail slips, apart from copies of the documents they previously produced to B&G Foods three years ago in the underlying state court actions. (Tirgardoon Decl. ¶ 59.) Defendants are withholding numerous documents that are critical to B&G Foods's case, including documents they *concede* are relevant but are holding hostage until Judge Barnes fully adjudicates their discovery obligations.

B&G Foods has sought to come to an agreement without involving the Court on a near-constant basis since last summer, but Defendants have refused. The Parties have met at least eight times for a total of over 15 hours, and Defendants have ignored seven additional requests to meet and confer, despite this Court and Judge Barnes's orders for them to do so. (ECF 109, 136.) During the latest meeting on January 5, 2024, which spanned nearly two hours, Defendants persisted in their refusal to produce documents.

Defendants have also impeded B&G Foods's efforts to raise these issues with Judge Barnes, including most recently by refusing to cooperate in the joint statement process. (Declaration of H. Chelsea Tirgardoon ("Tirgardoon Decl.") ¶¶ 60-66.) As a result of Defendants' refusal to produce documents, B&G Foods has *four* motions to compel Defendants' production of documents currently pending and set to be heard by Judge Barnes in February, *one* motion to compel pending against Defendants' expert witness in the Eastern District of Michigan, and *four* subpoenas to Defendants' state court attorneys that are the subject of motions to quash pending in this district without a briefing schedule. Because B&G Foods can only litigate one discovery motion per week

(ECF 136 at 3 n.1), the last of those motions is set for hearing on February 23, the same day fact discovery is scheduled to close.

For the foregoing reasons, B&G Foods requests a modest extension of all case deadlines, so the Court can adjudicate the pending discovery motions, B&G Foods can complete the remaining case discovery in an orderly fashion, and the Court can resolve this case on the merits on a complete and proper record. *See Applied Underwriters Inc. v. Lichtenegger*, No. 2:15-CV-02445-TLN-CKD, 2018 WL 6271796, at *3 (E.D. Cal. Nov. 30, 2018) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)) ("Public policy strongly favors resolution of a case on its merits.").

## I. BACKGROUND

### A. The State Court Litigation

On March 6, 2020 and again on January 22, 2021, Defendants filed suit against B&G Foods in Alameda Superior Court, alleging that its Snackwell brand cookies violated Prop 65 because they contained "trace amounts of a substance called acrylamide, which inevitably forms during the baking process." Because Defendants' allegations were based on falsified records, spoliated evidence, and cherry-picked test results, the state court ultimately dismissed Defendants' claims due to their noncompliance with Prop 65 enforcement requirements. (Tirgardoon Decl. Ex. MM (July 12, 2023 Order in *Kim Embry v. B&G Food North America, Inc. et al*, Alameda County Super. Ct., Case No. RG20057491).)

### B. The Instant Litigation

Also on March 6, 2020, B&G Foods filed its complaint in this action against Defendants, bringing First Amendment claims predicated on Defendants' abuse of their deputized authority to unconstitutionally compel speech through shakedown lawsuits, which serve to extract settlements rather than protect the public interest. On November 23, 2022, B&G Foods filed the operative Second Amended Complaint. (ECF 57.) On June 1, 2023, the Court denied Defendants' third motion to dismiss. (ECF 82.)

### C. B&G Foods's Diligent Efforts to Obtain Discovery from Defendants

Defendants have obstructed discovery for nearly seven months. On June 6, 2023, B&G Foods contacted Defendants to discuss the topics required by Rule 26(f) and Local Rule 240(a). (Tirgardoon Decl. ¶ 6.) When the parties met on June 13, Defendants refused to discuss the ESI protocol because they planned to file a motion to dismiss based on the first-to-file rule. (*Id*. ¶ 7.)

At the Scheduling Conference on June 29, the Court admonished Defendants for refusing to engage. (Tirgardoon Decl., Ex. A (Transcript), 3:19–4:1 ("I'm chiding you now, but meet and confer is a real obligation in this Court. And even if you think you've got a viable motion to dismiss, you should seek leave of Court and seek to continue the Rule 26 conference, not refuse to meet and confer when another party approaches you, understood?"). It then set the close of fact discovery for February 23, 2024. (ECF 87-1 (Minutes for Scheduling Order).

On June 29 and 30, B&G Foods propounded written discovery. On July 11, Defendants stated they "plan[ned] on serving objections-only responses," claiming their pending motion relieved them of any obligations. (Tirgardoon Decl., Ex. B.) Defendants sought relief by unilaterally sending B&G Foods a Joint Statement and demanding a response by August 4. (*Id*., Ex. D.) Defendants refused to file the Joint Statement unless they could alter B&G Foods's sections, and when B&G Foods declined, they filed a Motion for Protective Order, and B&G Foods filed a motion to compel. (ECF 105, 106.) The Court denied Defendants' motion on August 24 and ordered them to show cause as to why they should not be sanctioned. (ECF 109.) It also ordered the parties to confer further by September 14. (*Id*.)

On October 11, the Court denied B&G Foods's motion to compel (ECF 106), citing the meet and confer requirement, but said that "[i]f, after meeting and conferring, the moving party remains dissatisfied, that party shall draft and file a 'Joint Statement.'" (ECF 125.) Following B&G Foods's extensive efforts to meet and confer with Defendants, Defendants refused to change any of their positions on November 9. (Tirgardoon Decl., Exs. N, O, P.) B&G Foods filed a motion to compel (ECF 130) and the Parties filed a Joint Statement (ECF 132) on November 21, 2023.

On December 19, the Court granted B&G Foods's motion to compel (ECF 130) with respect to its request for a privilege log and denied its motion "without prejudice to renew[] in all

1  other respects." (ECF 136). The Court stated that it preferred that the "discovery dispute . . . be
2  broken up into more than one motion" so it could include more "authority" and detail. (*Id.* at 3.)
3  The Court further specified that "multiple discovery motions should be noticed on separate hearing
4  dates so that each motion is heard on a distinct date." (ECF 136 at 3 n.1.)

5        When the Parties met the next day, on December 20, Defendants simply reiterated their
6  prior positions. (Tirgardoon Decl., Ex. S.) The Parties met again for nearly two hours on January 3,
7  2024, but Defendants did the same thing. (Tirgardoon Decl., Ex. T.) Accordingly, B&G Foods sent
8  sections of three new Joint Statements on January 5 that fleshed out the existing issues, per the
9  Court's instruction. It labeled them "Joint Statement No. 1," "Joint Statement No. 2," and "Joint
10 Statement No. 3" because they built upon one another and because Joint Statement No. 2
11 specifically incorporated Joint Statement No. 1 by reference. (Tirgardoon Decl., Ex. U.)

12       On January 11, Defendants responded with inserts to Joint Statement No. 2—and not Joint
13 Statement No. 1. (Tirgardoon Decl. Ex. V.) Accordingly, B&G Foods was forced to forego filing
14 by one week. It has re-noticed its motions to compel for the earliest dates available on Judge
15 Barnes's calendar: February 2 (for Joint Statement No. 1), February 9 (for Joint Statement No. 2),
16 and February 16 (for Joint Statement No. 3.) The last of those hearings falls just ***one week*** before
17 the close of fact discovery.

18     **D.**    **The Parties' Meet and Confers**

19       B&G Foods has been diligent in trying to obtain the discovery at issue. It has met with
20 Defendants eight times (over 15 hours) and unsuccessfully requested seven more meetings:

21 - **June 13, 2023** – B&G Foods met with Defendants to discuss ESI, including repositories,
22   search terms, and custodians. Defendants refused to participate. (Tirgardoon Decl., ¶ 7.)
23 - **July 10, 2023** – B&G Foods met with Defendants to discuss the ESI protocol and
24   Protective Order. Defendants maintained that discovery was stayed. (Tirgardoon Decl., ¶
25   13.)
26 - **July 17, 2023** – B&G Foods met with Defendants to discuss Defendants' refusal to appear
27   for depositions or substantively respond to discovery. Defendants asked B&G Foods to
28   formally stipulate to a stay of discovery pending their motion to dismiss. *(Id.*, ¶ 16, Ex. C.)

- **August 3, 2023** – B&G Foods requested the parties meet and confer after receiving Defendants' substance-less discovery responses. Defendants did not respond. (*Id.*, Ex. E.)
- **September 6, 2023** – The court ordered the parties to meet by September 14. (ECF 109.) Defendants said they would supplement their production by September 29. (*Id.*, Ex. F.)
- **September 8/13, 2023** – Defendants cancelled agreed meetings. (*Id.*, Exs. G–H.)
- **September 22, 2023** – B&G Foods was finally able to arrange a meeting, and Defendants (1) stated they would not supplement their production; (2) disclosed that they began collecting documents "in earnest" only three weeks prior; (3) proposed six search terms, limited to the names of the parties and products; (4) proposed three custodians, none of them being Defendants; (5) refused to collect ESI; and (6) claimed to have found the products they previously stated were destroyed. (*Id.*, Ex. I.) Defendants then supplemented their responses and produced only documents previously produced in the state court actions.
- **September 25, September 29, October 2, and October 5, 2023** – Defendants declined and/or ignored invitations to reconvene. *(Id.*, Ex. J, K.)
- **November 3, 2023 –** At B&G Foods's request, the parties met. B&G Foods learned that Defendants had made no effort to resolve any of the outstanding issues and would not designate a corporate deponent for 13 noticed topics. (*Id.*, Ex. M.)
- **November 9, 2023 –** The Parties met. Defendants were not prepared to answer questions about supposedly newly found products or evidence preservation. (Tirgardoon Decl. ¶ 42.)
- **December 20, 2023 –** The Parties met, but Defendants remained unwilling to change their positions or make any further productions. (*Id.* ¶ 55, Ex. S.)
- **January 3, 2024 –** During a nearly two-hour phone call, Defendants' positions remained unchanged. They confirmed their obligation to make additional productions but stated they would not make any productions until the Court resolved their obligations pursuant to B&G Foods's outstanding motions to compel. (*Id.* ¶ 57, Ex. T.)

E. **Other Pending Discovery**

Three other categories of discovery remain outstanding.

*First*, on November 28, 2023, B&G Foods served a subpoena on Dr. John Meeker, ScD, a Professor at the University of Michigan School of Public Health who serves as the exclusive expert for the hundreds of Proposition 65 claims brought by EHA and Embry. (Tirgardoon Decl. Ex. W.) He was Defendants' expert in the underlying state court cases against B&G Foods.

On December 5, Dr. Meeker responded to the subpoena, agreeing to a deposition, but refusing to produce most of the requested documents. (Tirgardoon Decl. Ex. X.) Dr. Meeker refused to produce agreements with Defendants, documents relating to his compensation and knowledge of acrylamide, and any of his erroneous or inaccurate opinions. He also restricted the scope of his production to documents regarding the B&G Foods subject products. (*Id*.) On December 8, B&G Foods served an Amended Notice of Subpoena, which contained identical substance but a new date for compliance. (Tirgardoon Decl. Ex. Y.) On December 20, Dr. Meeker produced thirteen documents and maintained his prior objections. (Tirgardoon Decl. ¶ 69.)

Accordingly, on January 4, 2024, B&G Foods filed a motion to compel in the Eastern District of Michigan, where Dr. Meeker resides and is therefore the court of compliance. (Tirgardoon Decl. Ex. Z.) Defendants have indicated their intent to transfer that motion back to this district but have not taken any action to do so thus far. (Tirgardoon Decl. ¶ 72.) On January 17, 2024, the Michigan court entered a scheduling order, setting Dr. Meeker's opposition for January 31 and B&G Foods's reply for February 7. (*Id.* Ex. QQ.)

*Second*, given the fast approaching close of fact discovery, B&G Foods issued subpoenas on December 14, 2023 to each of Defendants' attorneys who file the baseless acrylamide Prop 65 litigation on Defendants' behalf: Noam Glick, Jake Schulte, Craig Nicholas, and Shaun Markley. (Tirgardoon Decl. Exs. AA, BB, CC, DD.) The Parties conferred on December 20, 2023. (*Id.* ¶ 77.) B&G Foods explained that the subpoenas easily satisfy the factors required by *Shelton v. Am. Motors*, 805 F.2d 1323 (8th Cir. 1986) to seek discovery from opposing counsel, including both non-privileged information and information that is subject to the crime-fraud exception to the attorney-client privilege because B&G Foods has stated a prima facie case of sham litigation. (*Id.*)

Each attorney filed a motion to quash in the Southern District of California on December 29, 2023, and served the motion on B&G Foods on January 2, 2024. (Tirgardoon Decl. Exs. EE,

1  GG, II, KK.) By January 9, 2024, all four motions were transferred to this district. (*Id.* Exs. FF,
2  HH, JJ, LL.) Each remains pending, without a briefing schedule or hearing date.
3        *Third*, on December 29, 2023, Defendants told B&G Foods that a spreadsheet produced by
4  third-party IEH contains their privileged information. (*Id.* Ex. NN.) Specifically, they said that "the
5  spreadsheet . . . unequivocally constitutes Mr. Glick's work-product including confidential
6  settlement discussions on a multitude of pre/post-litigation enforcement actions" and that "Mr.
7  Glick intended to send an entirely different spreadsheet dealing with the subject matter of the
8  email." (*Id.*) B&G Foods quarantined the spreadsheet and confirmed that it has not sent it to
9  anyone. (*Id.* Ex. OO.) However, B&G Foods strongly disagrees with the assertion of privilege and
10 has filed a motion to compel *in camera* review. (*Id.* Ex. PP.) Because B&G Foods has noticed
11 other motions for February 2, 9, and 16, the earliest it can notice that motion is February 23—the
12 last day fact discovery closes.

13 **II.      ARGUMENT**

14       There is good cause to amend the operative Scheduling Order to extend the close of fact
15 discovery by twelve weeks and move back all ensuing deadlines accordingly. Fed. R. Civ. P.
16 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

17       This "good cause" standard "primarily considers the diligence of the party seeking the
18 amendment," as well as "the moving party's reasons for seeking modification." *Johnson*, 975 F.2d
19 at 609. The Court "'may modify the pretrial schedule if it cannot reasonably be met despite the
20 diligence of the party seeking the extension.'" *See Stoddart v. Express Servs.*, No. 2:12-cv-01054-
21 KJM-CKD, 2017 WL 3333994, at *2 (E.D. Cal. Aug. 4, 2017) (citing *Johnson*, 975 F.2d at 609).
22 The Court may also take into account the moving party's reasons for seeking modification,
23 including the interest of justice and public policy of adjudicating cases on the merits, and any
24 possible undue prejudice to the non-moving party that would be occasioned by the modification.
25 *Johnson*, 975 F.2d at 609-10; *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL
26 2119278 (N.D. Cal. June 11, 2012).

27
28

### A. The Close of Fact Discovery Should be Continued in Light of B&G Foods's Diligence

Given Defendants' continued resistance to producing documents critical to this case, all current deadlines should be continued by twelve weeks to allow for adjudication of the eight pending motions and subsequent document production and depositions.

To date, Defendants have produced only *five* irrelevant email threads and *three* mail slips, aside from copies of the materials already produced to B&G Foods in the underlying state court action in 2020. (Tirgardoon Decl. ¶ 59.)

Even Defendants admit that they owe B&G Foods far more material. While B&G Foods believes it is entitled to materials related to *all* of Defendants' acrylamide Notices of Violation, Defendants concede that they must *at least* produce "all non-privileged, pre-suit investigative documents for a random sampling of 10 or so acrylamide NOVs." (ECF 132 at 10.) However, Defendants have refused to produce even those materials, holding them hostage until the Court fully resolves the scope of their discovery obligations. No authority supports the idea that Defendants can withhold relevant materials pending resolution of an unrelated motion to compel. *See EVO Brands, LLC v. Al Khalifa Grp. LLC*, No. 2:22-CV-03909-AB-MAR, 2023 WL 5506883, at *20 (C.D. Cal. Aug. 17, 2023) ("Defendants have not demonstrated why they should be able to unilaterally withhold their production; to the extent Defendants are withholding any responsive documents to these request—including materials related to their witnesses—they may and should begin to produce the documents on a rolling basis, as soon as possible.").

As detailed above, B&G Foods has exhaustively tried to resolve the Parties' disputes on a near-continuous basis since July. *Supra* at pages 3-5. It has met with Defendants on eight separate occasions totaling fifteen hours, with the latest meeting earlier this month lasting nearly two hours. *Id.* Yet through all that time, Defendants have refused to provide B&G Foods even part of a single item it is seeking or to produce the documents they have acknowledged are relevant.

Accordingly, B&G Foods had no choice but to file four motions to compel, whose forthcoming joint statements will list the materials B&G Foods is entitled to and explain their relevance. (ECF 137–139.) Those materials include documents related to Defendants' other acrylamide Prop 65 cases, which will establish a pattern of filing sham litigation; documents

showing that Defendants did not bring their litigation in the "public interest," as required by Prop 65; documents related to Defendants' insufficient effort to investigate affirmative defenses before filing suit; documents identifying and describing persons who helped Defendants bring their litigation; and documents showing Defendants' preservation (or lack of preservation) of the product test samples. (*Id.*) Separately, the Parties reached an impasse regarding Defendants' clawback of a supposedly privileged spreadsheet in early January, requiring B&G to file a *fourth* motion to compel. *Supra* at page 7.

Further, given Defendants' effort to run out the clock, B&G Foods was left with no choice but to seek discovery from Defendants' expert (Meeker) and their counsel (Glick, Schulte, Nicholas, and Markley) in parallel with discovery from Defendants themselves. *Supra* at pages 6-7. Defendants have admitted that they have no responsive documents because they were not involved in litigating the underlying cases, but that the attorneys do; in fact, Defendants have refused to name themselves as custodians altogether. (ECF 132 at 26.) B&G Foods had hoped to pursue that discovery only after Judge Barnes crystallized the scope of Defendants' obligations, so the Parties could avoid making repetitive arguments, but Defendants' stall tactics have made that impossible.

**B.     The Quantity of Discovery That Defendants Have Refused to Produce Warrants a Continuance**

In light of Defendants' conduct, B&G Foods has an impossible amount of discovery to complete in the 37 days between now and the February 23 close of fact discovery.

*First*, Judge Barnes needs to resolve B&G Foods's four motions to compel (and accompanying Joint Statements), the fourth of which covers Defendants' clawed back spreadsheet. B&G Foods scheduled its motions to be heard on the earliest possible dates—February 2, February 9, February 16, and February 23, 2024. The last of those hearings falls on the final day of fact discovery.

And after Judge Barnes issues her Orders, Defendants will need to make their production (which could range from hundreds of documents to tens of thousands, depending on what is ordered), and B&G Foods will need to review them and take a number of depositions. Specifically,

1  it still needs to depose Defendant EHA's only board member and employee (Fred Duran),
2  Defendant Embry, and Defendants' laboratory IEH.

3        Twelve additional weeks will allow the Court to resolve the pending discovery disputes,
4  permit Defendants to conduct a careful and thorough document collection and production, give
5  B&G Foods adequate time to parse the production and prepare for depositions, and ensure the case
6  is adjudicated "on its merits." *Applied Underwriters*, 2018 WL 6271796, at *3; *Johnson*, 975 F.2d
7  at 609-10.

8        *Second*, the Court also needs to resolve B&G Foods's motion to compel the production of
9  documents from Defendants' expert, Dr. Meeker. (Tirgardoon Decl. Ex. Z.) That motion is
10 currently pending in the Eastern District of Michigan, and on January 17, 2024, the Michigan court
11 entered a scheduling order, setting Dr. Meeker's opposition for January 31 and B&G Foods's reply
12 for February 7. *Supra* at page 6. Defendants have indicated that they plan to transfer it here (which
13 B&G Foods will agree to), but have taken no steps to make that happen, presumably to run out the
14 clock. Following transfer, Judge Barnes will need to set a briefing schedule, Meeker will need to
15 file an opposition, and B&G Foods will need to file a reply. If *any* portion of the motion is granted,
16 Meeker's attorneys (who are also Defendants' attorneys) will then need to collect and produce
17 documents. B&G Foods also still needs to depose Meeker, who has agreed that he must submit to a
18 deposition. (Tirgardoon Decl. Ex. X.)

19       *Third*, the Court needs to resolve Defendants' lawyers' four motions to quash subpoenas
20 issued by B&G Foods in December, which were recently transferred from the Southern District of
21 California and still have no briefing schedule. *Supra* at pages 6-7. Following a decision, there will
22 be just days to carry out discovery, at most.

23       B&G Foods is seeking not just to depose the four attorneys on non-privileged issues related
24 to their scheme of bringing sham acrylamide litigation to pocket unwarranted settlements, but also
25 an order requiring Defendants to produce a privilege log so the Court can review documents *in*
26 *camera* and determine whether the crime-fraud exception applies. That process will take far more
27 than a handful of days. B&G Foods should not be precluded from the mere opportunity to pursue
28 this discovery on account of Defendants' (and their attorneys') delay.

III.  **CONCLUSION**

For the foregoing reasons, B&G Foods respectfully requests that the Court grant its Ex Parte Application to amend the case schedule as follows:

| Event | Current Deadline (ECF 87-1) | New Deadline |
| --- | --- | --- |
| Close of Fact Discovery | February 23, 2024 | May 17, 2024 |
| Last day to disclose expert witnesses and serve expert reports | April 5, 2024 | June 28, 2024 |
| Last day to serve rebuttal expert reports | April 26, 2024 | July 19, 2024 |
| Close of Expert Discovery | May 24, 2024 | August 16, 2024 |
| Last day for dispositive motions to be heard | July 19, 2024 | October 11, 2024 |

Dated:  January 17, 2024

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*