1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   B&G Foods North America, Inc.,                  No. 2:20-cv-00526-KJM-DB

12                  Plaintiff,                        ORDER

13        v.

14   Kim Embry and Environmental Health
15   Advocates, Inc., acting as enforcement
     representatives under California Proposition 65
16   on behalf of the State of California,

17                  Defendants.

18

19          Plaintiff B&G Foods North America, Inc. applies ex parte for an order amending the case

20   schedule and extending the discovery and dispositive motion deadlines by twelve weeks.  For the

21   following reasons, the court **grants** plaintiff's application.

22          The court incorporates by reference the facts and procedural history of this case from its

23   prior order.  Prior Order, ECF No. 82.  Plaintiff has four pending motions to compel before the

24   Magistrate Judge in this case.  *See* First Mot. Compel, ECF No. 137; Second Mot. Compel, ECF

25   No. 138; Third Mot. Compel, ECF No. 139; Fourth Mot. Compel, ECF No. 143.  The last hearing

26   on the motions to compel is currently scheduled for March 1, 2024.  *See* ECF No. 150.  Plaintiff

27   also represents it has a "motion to compel pending against Defendants' expert witness in the

28   Eastern District of Michigan" and "four subpoenas to Defendants' state court attorneys that are

1

1  the subject of motions to quash pending in this district without a briefing schedule."  *See* Ex Parte

2  Mem. at 1, ECF No. 144 (emphasis omitted).  Fact discovery in this case is scheduled to end by

3  February 23, 2024.  Scheduling Order, ECF No. 87.

4       Plaintiff argues "[d]efendants have produced just *eight* documents, consisting of five

5  irrelevant email threads and three mail slips, apart from copies of the documents they previously

6  produced to B&G Foods three years ago in the underlying state court actions."  Ex Parte Mem. at

7  1 (emphasis in original).  Plaintiff also argues "[d]efendants have ignored seven additional

8  requests to meet and confer."  *Id.*  Plaintiff now applies ex parte to amend the case schedule and

9  extend each deadline by twelve weeks to account for the pending motions related to discovery

10  and defendants' alleged unresponsiveness.  Ex Parte Appl., ECF No. 144; Ex Parte Mem.

11  Defendants oppose, Opp'n, ECF No. 145, and plaintiff has replied, Reply, ECF No. 147.

12       A party seeking to amend the Rule 16 scheduling order must first satisfy the "good cause"

13  standard of Rule 16(b)(4).  *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 608–09 (9th Cir.

14  1992).  A moving party may demonstrate "good cause" by (1) diligently assisting the court in

15  creating a workable Rule 16 order, *see Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.

16  1999); (2) explaining why circumstances beyond that party's control prevented compliance, *see*

17  *Johnson*, 975 F.2d at 609; or (3) promptly and diligently seeking to amend the scheduling order,

18  *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).  Prejudice to

19  another party may reinforce the court's decision to deny leave to amend, but Rule 16's standard

20  "primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.3d at

21  609.  The court's decision is one of discretion.  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369

22  (9th Cir. 1985).

23       Plaintiff has diligently pursued discovery by regularly requesting meet and confers with

24  defendants, routinely communicating with defendants regarding discovery requests and filing

25  motions to compel.  *See generally* Ex Parte Mem.  The pending matters in this case related to

26  discovery pose genuine barriers to timely discovery.  Moreover, the extension plaintiff requests—

27  twelve weeks—is modest and defendants do not suggest any reason why the extension would be

28  prejudicial.  *See* Ex Parte Appl. at i; *see generally* Opp'n.  Plaintiff has also provided a reasonable

1    explanation for the timing of this application, which was filed after changes in hearing dates, after

2    plaintiff received defendants' motions to quash and after the parties met and conferred.  *See*

3    Reply at 2.

4          In opposition, defendants argue: plaintiff has served "wildly overly broad discovery

5    requests" that negate diligence, Opp'n at 1; some of plaintiff's previous motion to compels were

6    dismissed, *id* .at 1–2, 7; there is no need for the extension if plaintiff does not prevail on its

7    pending motions, *id.* at 7; and the ex parte application was an improper means of raising this

8    issue, *id.* at 7–8.  Defendants also take issue with plaintiff's "six (6) deposition and document

9    subpoenas directed at Defendants' counsel."  *Id.* at 3 (emphasis omitted).  Defendants appear to

10   challenge the merits of plaintiffs' discovery motions and requests for production.  In opposing

11   plaintiff's application, the only relevant argument defendants raise is whether the ex parte

12   application is procedurally improper under the Local Rules and the court's standing order.  *See id.*

13   at 7–8.  Plaintiff did not state it could not obtain a stipulation for the issuance of this order, as

14   counsel should have, but the motion is fully briefed.  The application was accompanied by a

15   declaration that otherwise satisfies the requirements outlined in the court's standing order, *see*

16   Decl. Chelsea Tirgardoon ¶¶ 2–5, ECF No. 144-1; Chief Judge Kimberly J. Mueller Standing

17   Order for Civil Cases.  The court finds it may consider the ex parte application, although counsel

18   is cautioned to exhaust meet and confer in the future.

19         Without assessing the merits of plaintiff's allegations regarding defendants'

20   unresponsiveness to discovery, the court finds plaintiff has been sufficiently diligent and has

21   shown good cause.  For these reasons, the court **grants plaintiff's ex parte application to**

22   **amend the case schedule**.  The amended deadlines are as follow:

23   • Fact Discovery: May 17, 2024;

24   • Disclosure of Expert Witnesses and Service of Expert Reports: June 28, 2024;

25   • Rebuttal Expert Reports: July 19, 2024;

26   • Expert Discovery: August 16, 2024; and

27   • Dispositive Motions: October 11, 2024.

28   /////

1      All other provisions of the Rule 16 Scheduling Order remain in effect.

2      This order resolves ECF No. 144.

3      IT IS SO ORDERED.

4  DATED:  January 29, 2024.

5

CHIEF UNITED STATES DISTRICT JUDGE