UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., | No. 2:20-cv-0526 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC., | |
| Defendants. | |

This matter came before the undersigned on February 9, 2024, for hearing of plaintiff's motions to compel pursuant to Local Rule 302(c)(1). (ECF No. 158.) Attorneys Matthew Borden and Chelsea Tirgardoon appeared on behalf of plaintiff. Attorney Jeff Neer appeared on behalf of defendants. Oral argument was heard, and plaintiff's motions were taken under submission. For the reasons explained below, and at the February 9, 2024 hearing, plaintiff's motions will be granted in part and denied in part.

**I.     Plaintiff's Motion to Compel Discovery Related to Defendants' Sham Litigation**

Plaintiffs are proceeding on a second amended complaint filed on November 23, 2022. (ECF No. 57.) The second amended complaint alleges that plaintiff sells and distributes cookies under the Snackwell brand around the nation. (Id. at 4.[1]) Defendants Kim Embry and

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF

Environmental Health Advocates ("EHA") allegedly engaged in sham litigation by suing plaintiff pursuant to California Proposition 65.  (Id. at 1-5.)

In the parties' Joint Statement plaintiff addresses two categories of discovery requests: (1) "Materials Related to B&G Food's Allegation that Defendants Orchestrated Sham Prop 65 Litigation" which consists of "RFP No. 17-23, 25" (JS (ECF No. 146) at 8-18);  (2) and "Materials Related to the Public Interest" which consists of "RFP No. 16, Topic Nos, 11–15, 17, 21–22, 24."  (Id. at 18-23).  Contained within these two categories are 18 unique discovery requests, which defendants have asserted are vague, ambiguous, and overbroad.  Review of the discovery requests finds defendants' argument well-taken.

For example, plaintiff's discovery requests seek "ALL DOCUMENTS RELATING TO YOUR relationship with [defendant] Kim Embry[.]"  (Id. at 11.)  What qualifies as a document relating to a relationship is unclear.  Nor is it clear why all such documents would be relevant.  "All DOCUMENTS RELATING TO YOUR relationship with YOUR legal representation[.]" (Id. at 12.)  Putting aside the obvious implications of privilege, again what qualifies as a document relating to a relationship and their relevance is unclear.

"All DOCUMENTS RELATING TO YOUR representation that YOU file PROPOSITION 65 cases . . for the benefit of the public."  (Id. at 18.)  Aside from the complaint in a lawsuit, it is entirely unclear what would constitute a document relating to a representation one files lawsuits for the benefit of the public.  Plaintiff's deposition Topic No. 24 seeks to discuss "Any and all work that YOU represent to be to better (sic) environment that YOU conducted June 2019, through present[.]  (Id. at 20.)  The precise meaning of this topic is entirely unclear.

It is possible that plaintiff could articulate how a specific discovery request is not vague, ambiguous, or overbroad.  However, rather than addressing each individual request with argument and analysis in support of why defendants' objections are without merit, plaintiff has simply provided global and general arguments.  From this vague and conclusory briefing, the

---

system and not to page numbers assigned by the parties.

2

undersigned cannot find that plaintiff's motion should be granted.[2] See generally Valenzuela v. City of Calexico, No. 14-cv-481 BAS PCL, 2015 WL 926149, at *1 (S.D. Cal. Mar. 4, 2015) ("the moving party carries the burden of informing the court: (1) which discovery requests are the subject of his motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are deficient; (4) the reasons defendants' objections are without merit; and (5) the relevance of the requested information to the prosecution of his action"); Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26").

Presented with this briefing alone the undersigned would have denied plaintiff's motion to compel in its entirety. However, in the Joint Statement defendants acknowledge having offered plaintiff "multiple reasonable compromises" including "to produce all non-privileged, pre-suit investigative documents for a random sampling of . . .70" Violation of Proposition 65 ("NOV") actions defendants have initiated. (JS (ECF No. 146) at 4.) Because, as defendants acknowledge, if presented with a motion to compel based on adequate briefing plaintiff "may be permitted some leeway to vet its" claims, the undersigned will order defendants to produce documents consistent with the offered compromise.[3] Defendants, therefore, will be ordered to produce a random sampling of 70 NOVs.

## II. Plaintiff's Motion to Compel Discovery Related to Defendants' Investigation

As with the motion addresses above, plaintiff has taken multiple distinct discovery items and combined them into just three groups. Before addressing those three groups of discovery below, the undersigned will note that while there are circumstances in which such briefing is permissible, even preferable, this is not one of them. The discovery items and arguments are sufficiently unique such that plaintiff should have addressed each individual request at issue separately. Or at a minimum grouped the discovery items into smaller groups for which the same argument and analysis could apply.

////

---

[2] This is not the first-time plaintiff's briefing has been insufficient. See ECF No. 136 at 2.
[3] The undersigned would encourage the parties to continue to seek compromise.

3

**1. Materials Related to Defendants' Failure to Investigate Affirmative Defenses**

At issue here are RFP Nos. 14-15 and Deposition Topic No. 5 (JS (ECF No. 152) at 8-12). Defendants have objected to this discovery as vague, ambiguous, and overbroad. And defendants' argument is well-taken. In this regard, plaintiff seeks "all DOCUMENTS RELATING TO YOUR representation that the State of California knows ACRYLAMIDE causes cancer." (Id. at 8.) Plaintiff also seeks "All DOCUMENTS RELATING TO YOUR knowledge that ACRYLAMIDE causes cancer[.]" (Id.) What constitutes a document relating to a representation or knowledge is unclear.

As to deposition Topic No. 5, plaintiff seeks a deposition as to "YOUR representations RELATED TO ACRYLAMIDE causing cancer[.]"[4] (Id. at 9.) Defendants state:

> Cal. Health & Safety Code § 25249.8 governs the listing of chemicals under Proposition 65. This section requires the Governor to publish annually "a list of those chemicals known to the state to cause cancer or reproductive toxicity[.]" Acrylamide was listed as a carcinogen in 1990 and a reproductive toxin in 2011. Cal. Code Regs. tit. 27, § 27001(b) and (c). It is entirely reasonable — if not expected— of a private enforcer to rely on the State's list of implicated chemicals, which have been carefully researched and curated. Further, having conducted pre-suit investigations in the underlying state court actions, which indicated acrylamide was present in the subject cookie products at detectable levels proscribed under the Act, Defendants could rely in good faith that clear and reasonable warnings on B&G's cookie products were required.

(Id. at 12.)

While this may be true, if plaintiff wishes to depose defendants' designated witness as to Acrylamide and cancer, that would be relevant and not vague, ambiguous, or overbroad. Plaintiff's motion, therefore, will be granted as to this request.

**2. Materials Identifying Who Assisted Defendants in Bringing Their Claims**

At issue here are Interrogatory No. 5, Deposition Topic No. 18 and Topic No. 20 (JS (ECF No. 152) at 13-18.) Defendants have also objected to these discovery requests as vague, ambiguous, and overbroad. Again, defendants' argument is well-taken. For example, plaintiff

---

[4] As noted by defendants Acrylamide was listed in 1990 as a carcinogen pursuant to California's Proposition 65. See generally https://www.p65warnings.ca.gov/sites/default/files/downloads/factsheets/acrylamide_fact_sheet.pdf

4

(EHA's principal) possess ESI," and note that plaintiff "can ask Ms. Embry and Mr. Duran at their depositions" about "their futile efforts to locate ESI." (JS (ECF No. 152) at 18.)

"Relatively little legal authority exists on the standards a court should apply when parties are unable to agree on designated ESI custodians and a party seeks to compel another party to designate an additional ESI custodian or custodians." In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation, Case No. 17-md-2785 DDC TJJ, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018).  However, "the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information and to search the files of those individuals." Id.  "Good cause to compel designation of additional document custodians generally requires a showing that the disputed custodians possess uniquely relevant information that is not available from the sources already designated." In re Facebook, Inc. Consumer Privacy User Profile Litigation, JAMS REF. NO: 1200058674, 2021 WL 10282213, at *14 (N.D. Cal. Nov. 14, 2021).

Here, plaintiff has made no showing that the defendants possess uniquely relevant information.  Plaintiff's motion will, therefore, be denied as to this issue.

## CONCLUSION

Accordingly, for the reasons stated above and at the February 9, 2024 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's January 5, 2024 motion to compel (ECF No. 137) is granted in part and denied in part;

2. Plaintiff's January 5, 2024 motion to compel (ECF No. 139) is granted in part and denied in part;

3. Within fourteen days defendants shall produce all non-privileged, pre-suit investigative documents from a random sampling of 70 NOVs defendants have initiated;

////

////

////

////

      4. Within fourteen days defendants shall designate a witness in response to plaintiff's deposition Topic No. 5; and

      5. Plaintiff's motions are denied in all other respects.[5]

DATED:  February 13, 2024             /s/ DEBORAH BARNES
                                                   UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/b&g0526.oah.0209

---

[5] The undersigned has previously heard discovery disputes in this action.  And many more are already noticed for hearing.  The parties are cautioned that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court."  Sali v. Corona Regional Medical Center, 884 F.3d 1218, 1219 (9th Cir. 2018).  "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions."  Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 311 (C.D. Cal. 2020).  In the future, a party that presents an unmeritorious discovery motion should be prepared for an award of monetary sanctions.