UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., | No. 2:20-cv-0526 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC., | |
| Defendants. | |

On February 9, 2024, plaintiff filed a notice of request to seal. (ECF No. 161.) Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information." In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material must normally meet the high threshold of

1

showing that "compelling reasons" support secrecy.  Id.  (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause."  Id. at 1097-1101.

  Here, the motion to seal fails to address all the requirements of Local Rule 141.  Moreover, plaintiff's proposed order contemplates that the document would "be sealed on a provisional basis for three (3) days" and if no party sought to maintain the sealing during that time plaintiff would "file on the public docket the unredacted versions of the provisionally-sealed documents[.]"  (ECF No. 161-1 at 2.)  Such a procedure is not permitted by the Local Rules.  Nor does the undersigned intend to grant any such request.

  Accordingly, IT IS HEREBY ORDERED that plaintiff's February 9, 2024 notice of request to seal (ECF No. 161) is denied without prejudice to renewal.[1]

DATED:  February 20, 2024    /s/ DEBORAH BARNES
              UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/b&g0526.seal.den.ord

---

[1] To be clear, this order reflects plaintiff's failure to comply with the Local Rules and should not be interpreted as authority to file the document without first obtaining a sealing order.

2