UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G Foods North America, Inc., | No. 2:20-cv-00526-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Kim Embry, et al., | |
| Defendants. | |

Plaintiff B&G Foods North America, Inc. (B&G) brings this action under 42 U.S.C. § 1983 against defendants Kim Embry and Environmental Health Advocates, Inc. (EHA). Plaintiff alleges defendants violated its First Amendment rights by bringing sham private enforcement actions under California chemical disclosure rules commonly known as "Proposition 65." Defendants now move to dismiss or, in the alternative, to stay proceedings under the first-to-file doctrine. Defendants also move for a protective order staying discovery pending resolution of the motion to dismiss. The court **denies** defendants' motion to dismiss and, accordingly, **denies** the motion for a protective order.

I.   **BACKGROUND**

The court incorporates by reference the factual and procedural history of this case from its prior order. *See* Prior Order, ECF No. 82. Defendants now move to dismiss or, in the alternative, to stay this case under the first-to-file doctrine, Mot., ECF No. 85; Mem. ECF No. 85-1, arguing

1

this is a copycat action based on *California Chamber of Commerce v. Bonta*, No. 19-02019 (E.D. Cal. Oct. 17, 2019).  Another judge of this court is presiding over that case, in which the California Chamber of Commerce is suing Attorney General Rob Bonta on similar claims and seeking similar relief, with the Council for Education and Research on Toxics as defendant-intervenors.  *See* Order, *Cal. Chamber*, No. 19-02019, ECF No. 263.  Plaintiff opposes the pending motion to dismiss, Opp'n, ECF No. 93, and defendants have replied, Reply, ECF No. 100.  Defendants also have moved to stay discovery pending resolution of their motion to dismiss.  Mot. Stay, ECF No. 110.  That motion is fully briefed.  Mot. Stay Opp'n, ECF No. 116; Mot. Stay Reply, ECF No. 118.  Both motions were submitted without a hearing.  Min. Orders, ECF Nos. 101, 121.

## II.   LEGAL STANDARD

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *see Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (explaining first-to-file rule can also be applied to cases filed in same district).  "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'"  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)).  Thus, the district court in the later-filed action has discretion to "transfer, stay, or dismiss" that action.  *Id.* at 623.  This rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled in part on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) (per curiam) (en banc).  And the rule "should not be disregarded lightly."  *Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology*, 611 F.2d at 750).  The court in the later-filed

case considers the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

### III.   ANALYSIS

#### A.   Timeliness of Defendant's Motion

Plaintiff argues defendants waived their new first-to-file argument as grounds for dismissal because defendants did not raise it in their first three motions to dismiss. *See* Opp'n at 5. In general, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Despite that general prohibition, district courts often exercise their discretion to consider new arguments in the interest of judicial economy. *Hamman v. Cava Grp., Inc.*, No. 22-593, 2023 WL 8374747, at *2 (S.D. Cal. Dec. 4, 2023). The Ninth Circuit has reasoned similarly, citing the "general policy of the Federal Rules of Civil Procedure, expressed in Rule 1," which "directs that the Federal Rules 'be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) (quoting Fed. R. Civ. P. 1). "Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2)"—i.e., Rule 7 answers, motions for judgment on the pleadings, and arguments at trial—"can produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* The repeat-motion bar in Rule 12(g) thus generally applies only to successive motions whose sole purpose is delay. *Id.* at 319. While defendants could have raised their new argument in the prior three motions, the court proceeds to considering the merits of defendants' motion in the interest of efficient resolution.

#### B.   First-to-File

##### 1.   Chronology

There is no dispute the *Chamber of Commerce* action was filed first, and thus this factor is satisfied but is not dispositive. *See* Mem. at 13; *compare* Compl., ECF No. 1, *and* Compl., *Cal. Chamber*, No. 19-02019, ECF No. 1.

3

## 2. Similarity of Parties

Similarity of parties requires all parties in a subsequent action to be "substantially similar" to the parties in a prior action. *Kohn Law*, 787 F.3d at 1240. "The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (citations omitted). Here, there is no overlap among the parties. In this case, plaintiff is B&G and defendants are Kim Embry and EHA. *See* Second Am. Compl., ECF No. 57. In *California Chamber*, the plaintiff is the California Chamber of Commerce, the defendant is Rob Bonta, and the defendant-intervenor is the Council for Education and Research on Toxics. Here, the plaintiffs are "wholly separate and unrelated entities" and "impacted by [the issues] in different ways." *Behring Reg'l Ctr. LLC v. Wolf*, No. 20-09263, 2021 WL 1164839, at *2 (N.D. Cal. Mar. 26, 2021). The court finds the similarity of parties requirement is not met. *See id.* ("Defendants have not identified any case, and the Court is not aware of any, where a court transferred a case under the first-to-file rule when there was no overlap in parties on one side of the 'v'.").

Because this requirement is not met, the court need not reach the similarity of the issues, and the court declines to dismiss or stay the case. *See, e.g.*, *id.* (declining to exercise discretion under first-to-file rule because there was no overlap among the parties).

## IV. CONCLUSION

The court **denies the motion to dismiss without prejudice** and **denies the motion to stay discovery as moot**.

This order resolves ECF Nos. 85 and 110.

IT IS SO ORDERED.

DATED: March 29, 2024.

CHIEF UNITED STATES DISTRICT JUDGE