UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G Foods North America, Inc., | No. 2:20-cv-00526-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Kim Embry, et al., | |
| Defendants. | |

Plaintiff B&G Foods North America, Inc. brings this action under 42 U.S.C. § 1983 against defendants Kim Embry and Environmental Health Advocates, Inc. Plaintiff alleges defendants violated its First Amendment rights by bringing sham private enforcement actions under California chemical disclosure rules commonly known as "Proposition 65." Defendants move for leave to amend their answer. The court **denies** the motion.

The court incorporates by reference the factual and procedural history of this case from its prior order. *See* Order (June 1, 2023), ECF No. 82. The court most recently dismissed defendants' fourth motion to dismiss and denied their motion to stay discovery as moot. *See* Order (Mar. 29, 2024), ECF No. 176. The motion for leave to amend defendants' answer is fully briefed. Mot., ECF No. 126; Opp'n, ECF No. 127; Reply, ECF No. 128. The matter was submitted without a hearing. Min. Order, ECF No. 133.

As an initial matter, defendants are incorrect in arguing Federal Rule of Civil Procedure 16 does not apply here. *See* Reply at 1–3. Defendants' motion must satisfy Rule 16's good cause standard, as set forth in the standing scheduling order. *See* Scheduling Order at 1–2, ECF No. 88 ("[N]o further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." (citing Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992))). Because an answer is considered a pleading, *see* Fed. R. Civ. P. 7(a)(2), the court interprets defendants' motion as an implicit request to both modify the court's scheduling order and for leave to amend their answer. *See, e.g.*, *Johnson*, 975 F.2d at 608–09; *Lara v. Sutter Davis Hosp.*, No. 12-2407, 2014 WL 28817, at *1 n.1 (E.D. Cal. Jan. 2, 2014).

Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." Under Rule 16, a pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet the order's deadlines. *See Johnson*, 975 F.2d at 609. When a party requests changes to the scheduling order, the court's inquiry focuses on that party's honest attempt to comply; the party must demonstrate its "diligence." *See, e.g.*, *id.*; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999). Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source. *See, e.g.*, *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008). Prejudice to another party may reinforce a decision to deny a motion, but whether a scheduling order will be amended "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The court's decision is one of discretion. *Id.* at 607.

As plaintiffs point out, defendants have "had seven months to identify all potential defenses to the operative [Second Amended Complaint]," even if they were unable to identify the defenses in response to original complaint, which was filed over four years ago, or the first amended complaint, which was filed almost two years ago. Opp'n at 6; *see* Original Compl., ECF No. 1 (filed Mar. 6, 2020); First Am. Compl., ECF No. 45 (filed July 7, 2022). Defendants have not shown any new facts or evidence warrant amendment seven months after the operative

2

complaint was filed and over five months after defendants filed their answer. *See generally* Mot.; Reply; Answer, ECF No. 86 (filed June 26, 2023). Instead, defendants' only explanation is they "simply did not know of the[] potential defenses [they seek to include in the amended answer] at the time of drafting the [operative Answer]." Mot. at 7. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609; *see, e.g.*, *Forty Niner Truck Plaza, Inc. v. Shank*, No. 11-00860, 2012 WL 2872800 (E.D. Cal. July 11, 2012) (finding defendant did not demonstrate diligence and, in turn, did not establish good cause for the court to grant defendant leave to amend his answer). The court finds defendants have not demonstrated they were diligent and **denies** their motion for leave to amend their answer.

This order resolves ECF No. 126.

IT IS SO ORDERED.

DATED: April 23, 2024.

CHIEF UNITED STATES DISTRICT JUDGE