1  J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
3  David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com
4  Tracy O. Zinsou, Esq. (SBN: 285985)
   zinsou@braunhagey.com
5  H. Chelsea Tirgardoon, Esq. (SBN: 340119)
   tirgardoon@braunhagey.com
6  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
7  San Francisco, CA 94104
   Telephone: (415) 599-0210
8  Facsimile: (415) 276-1808

9  ATTORNEYS FOR PLAINTIFF
   B&G FOODS NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, <br><br> Defendants. | **Case No. 2:20-cv-00526-KJM-DB** <br><br> **B&G FOODS NORTH AMERICA, INC.'S EX PARTE APPLICATION TO AMEND CASE SCHEDULE** <br><br> *[Filed concurrently with Declaration of H. Chelsea Tirgardoon]* <br><br> Judge: Hon. Kimberly J. Mueller <br> Courtroom: 3 <br><br> SAC Filed: November 23, 2022 <br> Trial Date: None Set |

# NOTICE OF EX PARTE APPLICATION

PLEASE TAKE NOTICE that Plaintiff B&G Foods North America, Inc. ("Plaintiff" or "B&G Foods") hereby applies ex parte for an order to amend the case schedule. B&G Foods seeks an order amending the case schedule as follows (*i.e.*, pushing all deadlines back by six months):

| Event | Current Deadline (ECF 153-1) | New Deadline |
|---|---|---|
| Last day to disclose expert witnesses and serve expert reports | June 28, 2024 | December 30, 2024 |
| Last day to serve rebuttal expert reports | July 19, 2024 | January 20, 2025 |
| Close of Expert Discovery | August 16, 2024 | February 17, 2025 |
| Last day for dispositive motions to be heard | October 11, 2024 | April 11, 2025 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff B&G Foods North America, Inc. ("B&G Foods") respectfully requests that the Court amend the Scheduling Order (ECF 153) to move all case deadlines back by six months.

B&G Foods requests this modification because Defendants have refused to produce key discovery. B&G Foods is unable to resolve these discovery issues because United States Magistrate Judge Deborah Barnes, who was handling discovery matters in this case, has retired.

This case concerns Defendants' sham litigation to force B&G Foods to place a false cancer warning on its product. The complaint alleges that Defendants are a fake environmental organization and a captive plaintiff who failed to conduct a meaningful investigation before suing B&G Foods, knowingly had the labs they used destroyed the samples that they tested for purposes of bringing their claims, and brought the claims as part of a pattern of trying to leverage payments without proof of wrongdoing. After the Court denied Defendants' motion to dismiss, B&G Foods promptly sought discovery relating to, among other things, Defendants' spoliation of evidence, Defendants' pre-suit investigations, and the distribution of settlement proceeds from lawsuits Defendants represented that they brought to serve the public interest of California. Over the past year, Defendants have refused to produce evidence relating to these issues. They refused to produce any ESI, refused to produce relevant documents, refused to provide a 30(b)(6) witness on many key topics. Defendants, themselves, testified that Defendants' lawyers were the only individuals who had relevant evidence. But when B&G Foods attempted to obtain discovery from the lawyers, they refused to comply, which is one of the many unresolved discovery issues that needs to be addressed by the new Magistrate Judge.

B&G Foods has diligently attempted to resolve these discovery issues in good faith, including by filing 21 motions and conferring with Defendants for over 75 hours. But Defendants have still not produced countless relevant documents and ESI, are in violation of Orders issued by the Honorable Deborah Barnes, and continue to ignore discovery requests from B&G Foods. During the parties' most recent conference on June 24, 2024, Defendants agreed for the first time to produce load files and related ESI by June 28—the expert disclosure deadline. (ECF 97 (ESI Protocol); ECF 164 ("Within fourteen days defendants shall produce all non-privileged, pre-suit

investigative documents from a random sampling of 70 NOVs defendants have initiated.").) Defendants have refused to provide a prepared Rule 30(b)(6) witness to testify to 19 noticed topics despite failing to seek a protective order prior to the deposition. B&G Foods has been trying to resolve these discovery issues but has been unable to do so because United States Magistrate Judge Deborah Barnes, who was handling discovery matters in this case, has retired.

If the scheduling order is not amended, B&G Foods will be prejudiced as its experts do not have crucial documents and information that are exclusively in Defendants' possession.

When B&G Foods discussed this application, Defendants did not claim that the extension would be prejudicial. Instead, they emphasized that they were prepared with their expert reports because B&G Foods had produced all the discovery they requested. The only party that will be prejudiced if this extension is denied is B&G Foods.

B&G Foods requests an extension of six months on all case deadlines so that it may resolve all outstanding discovery disputes while it awaits a new Magistrate Judge to be assigned, accurately prepare its expert reports, and ensure that the Court can resolve this case on the merits based on a complete and proper record. *See Applied Underwriters Inc. v. Lichtenegger*, 2018 WL 6271796, at *3 (E.D. Cal. Nov. 30, 2018) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)) ("Public policy strongly favors resolution of a case on its merits.").

## **BACKGROUND**

On March 6, 2020, and again on January 22, 2021, Defendants filed suit against B&G Foods in Alameda Superior Court, alleging that its Snackwell-brand cookies violated Proposition 65. Defendants' allegations were based on falsified records, spoliated evidence, and cherry-picked test results. Thus, the court ultimately dismissed Defendants' claims due to their noncompliance with Prop. 65 enforcement requirements. (Declaration of H. Chelsea Tirgardoon ("Tirgardoon Decl."), Ex. A (July 12, 2023 Order re: in *Kim Embry v. B&G Food North America, Inc. et al*, Alameda County Super. Ct., Case No. RG20057491).)

Also on March 6, 2020, B&G Foods filed the instant complaint against Defendants, bringing First Amendment claims predicated on Defendants' abuse of their deputized authority to unconstitutionally compel speech through shakedown lawsuits, which serve to extract settlements

1  rather than protect the public interest. On June 29, 2023, the Parties appeared for a Scheduling
2  Conference. During the Conference, the Court admonished Defendants for not participating in the
3  Rule 26(f) conference. (Tirgardoon Decl., Ex. B ("I'm chiding you now, but meet and confer is a
4  real obligation in this Court. And even if you think you've got a viable motion to dismiss, you
5  should seek leave of Court and seek to continue the Rule 26 conference, not refuse to meet and
6  confer when another party approaches you, understood?").)

7  The Court then set the close of fact discovery on February 23, 2024. (ECF 87.)

8  Over the next six months, Defendants served objection-only responses to discovery
9  because they claimed their pending motion to dismiss relieved them of any obligations (Tirgardoon
10 Decl., Ex. C), refused to collect any ESI from any parties (Tirgardoon, Ex. D), declined to confer
11 about destroyed testing samples (ECF 132), produced only five documents (*id*.), refused to provide
12 a privilege log despite objecting to every request based on privilege (*id*.), instructed third-parties to
13 ignore B&G Foods' subpoenas (ECF 103), and refused to make themselves or their expert
14 available for depositions (ECF 132).

15 B&G Foods was forced to file ten discovery motions. Prior to each motion, B&G Foods
16 met with Defendants for at least one hour. By January 17, 2024, Defendants had failed to comply
17 with B&G Foods' subpoena of percipient expert witnesses (issued on November 28, 2023),
18 produced only five documents and no ESI (responsive to discovery requests issued on June 29,
19 2023), would not make Defendant Kim Embry nor EHA's board members available for
20 depositions (subpoenas and deposition notices issued on September 1, 2023) and refused to make
21 its attorneys—who Defendants admit have the only information and documents relevant to this
22 dispute—available for depositions (subpoenas issued December 14, 2023). This forced B&G
23 Foods to file an ex parte application to amend the scheduling order.

24 The Court granted B&G Foods' request and set the close of discovery on May 17, 2024
25 with the last day to disclose expert witnesses on June 28, 2024. (ECF 153 ("The pending matters in
26 this case related to discovery pose genuine barriers to timely discovery. Moreover, the extension
27 plaintiff requests—twelve weeks—is modest and defendants do not suggest any reason why the
28 extension would be prejudicial.").)

1    B&G Foods has since filed another 11 discovery motions and anticipates that it will file at least four more in order to obtain discovery necessary to prove its claims.

B&G Foods has not received two forms of discovery: ESI and testimony. Since September 2023, B&G Foods has requested that Defendants produce ESI and load files (ECF 132). Defendants refused to search their own ESI and only agreed to search their attorneys' files for overly general or impractically specific search terms (*id*.). Judge Barnes ordered Defendants to produce all documents relating to 70 randomly selected Notices of Violation. (ECF 164). Eight months later, Defendants produced corrupt, unusable documents that lacked or had limited metadata. (Tirgardoon Decl. Ex. E.) Defendants would not provide them in usable format unless B&G Foods paid their vendor costs. (Tirgardoon Decl., Ex. F.) On June 24, Defendants finally agreed to produce ESI by June 28, the expert disclosure deadline. (Tirgardoon Decl., Ex. M.) Because Defendants have not produced *any* ESI, B&G Foods remains unaware of what Defendants' ESI production includes.

B&G Foods has also faced resistance in deposing Defendant Embry and EHA's corporate designee. Despite issuing deposition notices in July 2023, B&G Foods could not take these depositions until May 7 (EHA) and May 14, 2024 (Embry), just days before the close of fact discovery on May 17. Over the past year, Defendants have refused to testify about their allegation that acrylamide in B&G Foods' products causes cancer, which is the only allegation Defendants have raised against B&G Foods; the use of settlements meant for the State and EHA's environmental advocacy efforts, revealing a profit motive behind their Prop 65 cases; and the extent of their pre-suit investigation, which is a requirement of Prop 65.

During the depositions of EHA's former and current CEOs, B&G Foods learned that EHA's board was not involved in these cases. Instead, Defendants' attorneys handled all aspects, including reviewing test results, selecting products, drafting complaints, and agreeing to settlements. (*Id.*, Ex. G (Elhaiesahar Dep.) at 60:13–62:13 (Former CEO "had no role in litigating" Prop 65 cases brought on Defendant EHA's behalf); 63:14–65:24 (Former CEO never engaged in discussions regarding strategic decisions, product investigations, testing, or expert opinions); 20:5–6, 60:13–62, 116: 9–10, 143:19–146:9 (neither Embry nor EHA's board was ever cued in on strategy

1  decisions, informed about the outcome of hearings or depositions, or involved in determining which
2  products to pursue)); Ex. H (Duran Dep.) at 51:15 –18 (Current CEO has no clue "not even a general
3  one of what EHA's attorneys do when a Proposition 65 lawsuit is filed"); 87:10–24 (Current CEO's
4  only meetings with attorneys are over lunch or on the golf course).) This was corroborated by
5  Defendant Embry's testimony in the state court action. (Tirgardoon Decl., Ex. I (Embry State Court
6  Dep.) at 75:23–76:1, *see also id*., at 76:16–23 (Q: "You don't have any percipient knowledge about the
7  facts of this case, right?" A: "So I don't have any perceived facts?" Q: "Correct." A: "I know what is
8  shown to me when I talk with my attorney, and again, I trust what they're advising me."); 23:1–9 (Q:
9  "So how do you decide which products to submit NOVs on?" A: "I trust my attorney's advice.")).

10       Because Defendants have testified that they possess little to no knowledge of their own
11  claims and rely exclusively on their lawyers for identifying products that allegedly violate Prop.
12  65, investigating claims, filing pleadings and motions, and entering into settlements, B&G Foods
13  subpoenaed Defendants' attorneys. Judge Barnes granted Defendants' motion to quash, but
14  instructed B&G Foods to re-depose Defendant Embry before she would order Defendants'
15  attorneys to comply with their subpoenas to exhaust their discovery efforts before hauling
16  attorneys into the matter. *B&G Foods North America, Inc. v. Kim Embry, et al*., Misc. Case No.
17  2:24-mc-00002-KJM-DB (E.D. Cal. 2024) (ECF 23).

18       When B&G Foods deposed Defendant Embry, her testimony mirrored the testimony she
19  had given prior in the state action. She was not involved with any of the matters filed on her
20  behalf. (*Id.*, Ex. J (Embry Federal Court Dep.) at 67–68:16–14 ("Q. So your attorneys were the
21  decision makers of EHA; is that correct? A I -- yes."); 121:1–17 "Q. When EHA pockets an
22  overwhelming amount of the settlement funds -- here 92 percent -- and the state is given a mere 8
23  percent, do you think that EHA has conferred a significant benefit on the public?...A. I don't know
24  where all those funds are going. So I don't know. Q. Okay. Who would know? A. My attorneys.")
25  Defendant EHA's corporate designee similarly testified that Defendants' attorneys exclusively
26  possessed the information responsive to B&G Foods' discovery. (*Id*., Ex. K (EHA 30(b)(6) Dep.) at
27  26–27:20–13 ("Q. You testified earlier that EHA would not want to file a complaint that contains false
28  allegations, but you also testified that no one at EHA reviews these complaints to ensure the allegations

are truthful. So in fact, you don't know if any of the allegations in the complaint are true or not; correct?...A. The attorneys at Entorno Law review all of the complaints. Q. But no one at EHA reviews the complaints; correct? A. Not that I'm aware of."; 24–25:13–25 ("Q. Does EHA review complaints before they are filed? A. I don't know. Q. Did EHA review this complaint before it was filed? A. I don't know…Q. [I]s there any person at EHA who reviewed this complaint before it was filed? A. I'm unaware of that.). On May 17, 2024, after complying with Judge Barnes' order and determining that "no other means exist[ed] to obtain" the necessary information for litigating its claims, B&G Foods reissued subpoenas to Defendants' attorneys. Defendants have ignored the subpoenas (*id*., Ex. L) and intend to continue doing so (*id*., Ex. M).

On June 11, 2024, B&G Foods moved to enforce the subpoenas. (ECF 183.) On June 12, 2024, Judge Barnes informed B&G Foods she was retiring and instructed it to wait until a new magistrate is assigned in August to re-notice the hearing. (*Id*., Ex. N).

## CONFERENCE OF COUNSEL

On June 24, 2024, B&G Foods met with Defendants to discuss its ex parte request to amend the scheduling order. (Ex. O.) On June 25, the Parties reached an impasse.

## ARGUMENT

The Court can always modify its own scheduling orders. Such modifications are generally governed by a good cause standard. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607–08 (9th Cir. 1992). This "good cause" standard "primarily considers the diligence of the party seeking the amendment," as well as "the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. The Court "'may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *See Stoddart v. Express Servs*., 2017 WL 3333994, at *2 (E.D. Cal. Aug. 4, 2017) (citing *Johnson*, 975 F.2d at 609).

The Court may also consider the moving party's reasons for seeking modification, including the interest of justice and public policy of adjudicating cases on the merits, and any possible undue prejudice to the non-moving party that would be occasioned by the modification.

*Johnson*, 975 F.2d at 609–10; *Woodard v. City of Menlo Park*, 2012 WL 2119278 (N.D. Cal. June 11, 2012).

The good cause standard is easily met here.

**A.   Good Cause Exists to Extend the Expert Disclosure Deadline**

B&G Foods first issued discovery requests on June 29, 2023. Now, a year later, and after 16 hours of conferences, Defendants have agreed for the first time to produce load files and ESI. The same hindrance is true for the testimony that Defendants continue to withhold from B&G Foods. All case deadlines should be continued by twelve weeks to allow for the resolution of all pending or future discovery motions.

**1.   Electronically Stored Information**

The Court has mandated that ESI be produced, but Defendants withheld it until three days before the expert disclosure deadline without any valid basis (ECF 97 (ESI Protocol); ECF 164 ("Within fourteen days defendants shall produce all non-privileged, pre-suit investigative documents from a random sampling of 70 NOVs defendants have initiated.").)

The Parties began conferring about Defendants' ESI production in September 2023. On April 1, 2024, B&G Foods mistakenly believed that the Parties had reached a resolution when it received Defendants' re-production through an email link. But, on April 9, B&G Foods informed Defendants that their ESI was incomplete and unusable. After B&G Foods did not receive a response, it followed up on April 23, and the parties met on May 10. During the conference, Defendants stated they did not know how to produce ESI but were willing to remedy these issues and provide all metadata. At Defendants' request, B&G Foods provided vendor recommendations. On May 20, Defendants refused to rectify their ESI production unless B&G Foods covered their costs.

Federal Rule of Civil Procedure 34 requires that productions be made "in a reasonably usable form" and makes clear that metadata is a subpart of "electronically stored information." Accordingly, courts routinely require production of load files that contain complete metadata, regardless of whether the parties' ESI protocol explicitly calls for it. *See, e.g., D.M. v. Cnty. of Merced*, 2022 WL 705621, at *9 (E.D. Cal. Mar. 9, 2022) (ordering production of a "sufficient load

file containing the relevant metadata that would allow the files to be loaded into an e-discovery platform" because "load files are commonplace in discovery"). When specifically producing PDFs, a party must provide accompanying ".tiff" or "text and load files" to ensure the production is in a "reasonable usable form." *Venture Corp. Ltd. v. Barrett*, 2014 WL 5305575, at *3 (N.D. Cal. Oct. 16, 2014) ("there is no serious question that a grab-bag of PDF and native files is neither how the Ventures ordinarily maintained the documents and ESI nor is 'in a reasonably usable form'").

This ESI is necessary to understand a production, but is especially relevant here, where B&G Foods has alleged backdating of mandatory pre-suit investigation documents. (ECF 57 at ¶ 97, 152.) Now, nearly a year later, Defendants have agreed to produce ESI by June 28, 2024—the deadline for expert disclosures. Defendants' untimely ESI production has prejudiced B&G Foods, preventing it from providing this information to their experts and obtaining expert reports that reflect the information therein.

### 2. Deposition Testimony and Attorney Subpoenas

On July 13, 2023, B&G Foods noticed the deposition of Defendant Environmental Health Advocates, Inc.'s ("EHA") corporate deponent. The deposition took place on May 7, 2024, during which Defendant EHA designated James Roy Holliday, a recent college graduate who had worked for EHA for less than six months, as its corporate designee. Mr. Holliday stated on the record that he was unprepared to testify to the following topics:

- **Topic No. 4**: The reliability of the test results used by EHA;
- **Topic No. 6**: Information regarding EHA's claim that acrylamide in food is carcinogenic;
- **Topics Nos. 12–18, 22–23, 25–26, 28**: Information supporting EHA's claim that it files Prop 65 cases for the benefit of the public, including how settlements are allocated;
- **Topics Nos. 19–21, 29**: Information regarding the legitimacy of EHA and its business structure; and
- **Topic No. 27**: EHA's efforts to preserve evidence.

Without a protective order or any justification, Defendants refuse to provide a prepared corporate deponent to testify to these topics and will not acknowledge the subpoenas that B&G

Foods issued to Defendants' attorneys, who are the only other persons who can testify to these topics.

After multiple conferences, Defendants will not provide B&G Foods with this information, leaving B&G Foods with no recourse but to seek court intervention to obtain relevant testimony to which it is entitled.

Without testimony on 19 topics, B&G Foods has an incomplete record of evidence. Defendants do not deny this. The withheld testimony could reveal key discovery that would prejudice B&G Foods if it was forced to go to trial without.

An expert opines based on the information available in the case. Without key testimony, an expert cannot draw reliable inferences and his or her report cannot reflect the complete record of evidence. B&G Foods should not be forced to rely on expert reports that do not consider information and documents exclusively in Defendants' possession.

### B. The Court Should Continue All Dates by Six Months

B&G Foods requests six months to bring the Defendants into compliance and obtain the documents and information it has been seeking since June 2023. This timeline is necessary because Judge Barnes is retiring, and instructed the Parties to revisit in August 2024 to request new hearing dates. During this six-month period, B&G Foods will also need to notice the depositions of Defendants' attorneys should the Court grant its motion and review the produced ESI. Afterward, this new information must be provided to B&G Foods' experts so that they may prepare a report(s) reflective of all evidence in the Parties' possession. The reports prepared by B&G Foods' experts will be incomplete if a continuance is not granted.

Twelve additional weeks will allow the Court to resolve the pending discovery disputes, permit B&G Foods to review Defendants' production to ensure its completeness, give B&G Foods the opportunity to obtain testimony regarding topics directly relevant to its claims, and allow both parties' experts to prepare accurate reports and ensure the case is adjudicated "on its merits." *Applied Underwriters*, 2018 WL 6271796, at *3; *Johnson*, 975 F.2d at 609–10.

B&G Foods cannot complete this process the same day as Defendants' ESI production and without testimony of Defendant EHA. B&G Foods should not be precluded from the mere opportunity to pursue this discovery on account of Defendants' (and their attorneys') delay.

## **CONCLUSION**

For the foregoing reasons, B&G Foods respectfully requests that the Court grant its Ex Parte Application to amend the case schedule as follows:

| Event | Current Deadline (ECF 153-1) | New Deadline |
|---|---|---|
| Last day to disclose expert witnesses and serve expert reports | June 28, 2024 | December 30, 2024 |
| Last day to serve rebuttal expert reports | July 19, 2024 | January 20, 2025 |
| Close of Expert Discovery | August 16, 2024 | February 17, 2025 |
| Last day for dispositive motions to be heard | October 11, 2024 | April 11, 2025 |

Dated:  June 25, 2024                                    Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
     Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*