CRAIG M. NICHOLAS (Bar No. 178444)
cnicholas@nicholaslaw.org
JAKE W. SCHULTE (Bar. No. 293777)
jschulte@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496

NOAM GLICK (Bar No. 251582)
noam@glicklawgroup.com
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400
Fax: (619) 615-2193

R. JEFFREY NEER (Bar No. 190417)
jeff@forumllp.com
**FORUM LAW PARTNERS, LLP**
803 Deep Valley Dr.
Rolling Hills Estates, California 90274
Tel: (310) 974-8800
Fax: (310) 974-8801

Attorneys for Defendants
KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>Defendants. | Case No. 2:20-CV-00526-KJM-DB<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR AN ORDER PERMITTING LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT EXCEEDING 20 PAGES**<br><br>**Hearing Date**: None.<br>Submitted without hearing per L.R. 233(c)<br><br>**Judge**: Hon. Kimberly J. Mueller<br>**Magistrate**: Hon. Deborah Barnes |

TO THE HONORABLE COURT, PLAINTIFF, AND ITS COUNSEL OF RECORD:

Defendants Kim Embry and Environmental Health Advocates, Inc. ("Defendants"), by and through their respective counsel, hereby move for administrative relief under Local Rule 233 for leave to file a memorandum of points and authorities in support of their planned motion for summary judgment under Federal Rules of Civil Procedure 56 that exceeds, by five (5) pages, the 20-page limit imposed by this Court's Civil Standing Order.

## I.     INTRODUCTION

Defendants believe good cause exists for the requested limited page extension to reasonably detail, in their planned motion for summary judgment, the relevant background and their two main legal arguments: (1) no "sham" litigation; and (2) no state action.  Each of these legal arguments contain multiple prongs and myriad allegations from Plaintiff B&G, which Defendants intend to rebut by demonstrating, through citation to the record or otherwise, that no triable issue of material fact exists.

Pursuant to Local Rule 233(a)(5), Defendants have informed B&G of their intention to file this motion for administrative relief.  B&G would not stipulate to permit Defendants five (5) additional pages of briefing.  Defendants' motion is based on this application, the supporting Declaration of Jake Schulte, the [Proposed] Order filed herewith, the pleadings and papers on file herein, and such other matters the Court may consider.

## II.    DEFENDANTS' LIMITED PAGE EXTENSION REQUEST IS WARRANTED

### A.     The Request for Five Additional Pages is Reasonable

This Court's Civil Standing Order provides in relevant part:

> Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty (20) pages.  Replies shall not exceed ten (10) pages.  Only in rare instances and for good cause shown will the court grant an application to extend these page limitations.  All requests for page limit increases must be made in writing at least fourteen (14) days prior to the filing of the motion.[1]

---

[1] Defendants do not intend to file their motion for summary judgment until at least 14-days after filing this motion for administrative relief.  Declaration of Jake Schulte ("Schulte Dec."), ¶ 2.

1   Civil Standing Order at ¶ 4(B),  https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-
2   judges/5020/civil-standing-order/.

3          The Court also has broad discretion to manage its docket, including the consideration of
4   overlength briefs.  *See, e.g., MacDowell v. Kijakazi,* 2023 WL 2602228, at *4, fn. 4 (E.D. Cal.,
5   Mar. 22, 2023) ("Counsel for plaintiff improperly submitted an overlength [summary judgment]
6   brief without permission from the court.  Though the court will consider the brief in full on this
7   occasion, counsel for plaintiff is cautioned that the court may not be so generous if future
8   overlength briefs are submitted."); *Board of Trustees of IBEW Local Union No. 100 Pension Trust
9   Fund v. Power Design Electric, Inc.,* 2019 WL 4274093, at *4 (E.D. Cal., Sept. 10, 2019) (court
10  exercising discretion in denying motion to strike overlength summary judgment brief 9 pages
11  longer than permitted); *Kong Company, LLC v. VIP Products, LLC,* 2011 WL 13217666, at *1
12  (C.D. Cal., Jan. 3, 2011) ("the Court exercises its discretion to allow the 21-page brief" in granting
13  retroactive application to file overlength summary judgment brief).

14         Defendants have determined that in order to adequately demonstrate that no triable issue
15  of material fact exists as to the claims raised in B&G's operative Second Amended Complaint,
16  they will need to exceed the page limitation set out in this Court's standing order by five pages, or
17  from 20 pages to 25 pages.  Schulte Dec., ¶ 3.  The need for additional pages is due to the following
18  topics Defendants intend to address in their motion for summary judgment:

19         Procedural History: While Defendants intend be as concise as possible in noting the
20  procedural history, it is vast and includes: (1) Defendants' two underlying state court Proposition
21  65 actions, including their pre-suit 60-day Notices of Violation ("NOV"), against B&G regarding
22  acrylamide found in its subject cookie products; (2) B&G's retaliatory federal action and dismissal
23  with prejudice of the original complaint under the *Noerr-Pennington* doctrine; (3) the Ninth Circuit
24  affirming this Court's decision, but remanding to permit B&G limited amendment regarding the
25  sham exception to the *Noerr-Pennington* doctrine; (4) B&G's filing of a First Amended Complaint
26  (FAC) removing Mr. Noam Glick and adding a new defendant (EHA), and this Court's subsequent
27  dismissal of the FAC, with leave to amend, finding B&G's claims again barred by the *Noerr-
28  Pennington* doctrine; and (5) B&G's filing of the operative Second Amended Complaint, and this

1   Court's holding – at the pleadings stage – that B&G plausibly pled the sham litigation exception

2   and state action.  Schulte Dec., ¶ 4.

3       <u>Relevant Background</u>: The relevant background will include, among other things, (1)

4   Proposition 65 and its built-in mechanism to prevent frivolous suits; (2) Defendants' rigorous pre-

5   suit investigation concerning acrylamide found in the subject B&G cookie products; (3) the

6   Attorney General's review of Defendants' factual support and determination that there was merit

7   to the actions.  Also, discovery issues colorable to summary judgment include:

8       (1) Magistrate Judge Deborah Barnes denying B&G's motion to compel production of pre-

9   suit investigative materials for all of Defendants' 700+ acrylamide Notices of Violation/lawsuits,

10  but instead ordering production of 10% of materials, or information pertaining to 70 random

11  acrylamide NOVs;

12      (2) Defendants' subsequent production of over 1,400 pages of investigative materials from

13  a randomized sample of 70 acrylamide NOVs demonstrating (as Defendants had already done for

14  the  B&G NOVs) – that for each NOV – (a) the product was purchased in California, (b) the

15  product was sent for acrylamide testing to an accredited third-party laboratory, (c) an analysis was

16  performed by a qualified expert, and (d) if the expert opined the consumer product contained

17  acrylamide in excess of the acceptable level of exposure permitted under Proposition 65, (e) then

18  the supporting factual materials were supplied to the Attorney General as part of certifying the

19  merit of the NOV and initiating an enforcement action;

20      (3) Judge Barnes granting Motions to Quash subpoenas issued by B&G to Defendants'

21  counsel; and

22      (4) B&G's 30(b)(6) corporate representative's failure to provide an evidentiary or factual

23  basis to support any of its "sham" litigation allegations.  Schulte Dec., ¶ 5(a)-(d).

24      <u>Legal Argument # 1 – No "Sham" Litigation</u>:  The Ninth Circuit has identified three

25  circumstances in which the sham exception to the *Noerr-Pennington* doctrine might apply in the

26  litigation context: (1) where the lawsuit is objectively baseless and the defendant's motive in

27  bringing it was unlawful; (2) where the conduct involves a series of lawsuits brought pursuant to

28  a policy of starting legal proceedings without regard to the merits and for an unlawful purpose;

1  and (3) if the allegedly unlawful conduct consists of making intentional misrepresentations to the

2  court, litigation can be deemed a sham if a party's knowing fraud upon, or its intentional

3  misrepresentations to, the court deprive the litigation of its legitimacy. *B&G Foods North*

4  *America, Inc. v. Embry,* 29 F.4th 527, 537-538 (9th Cir. 2022), *cert. denied,* 143 S.Ct. 212 (2022).

5      B&G's "sham" litigation allegations in the operative SAC touch on all three prongs and

6  occupy <u>144 paragraphs of allegations over 22 pages</u>. *See* Dkt. 57 at pp. 12-34. B&G's allegations

7  generally revolve around four categories of alleged sham litigation: (1) Defendants chose a

8  laboratory to test samples based on the lab's unreliable methods, which in fact produced false

9  results, then destroyed those samples so they could not be retested [*Id.,* ¶¶ 75-85]; (2) Defendants

10 made false statements in their certificates of merit, including by falsely stating they had consulted

11 with experts [*Id.,* ¶¶ 86-102]; (3) Defendants did not conduct the required pre-lawsuit investigation

12 [*Id.,* ¶¶ 103-123]; and (4) Defendants knowingly made false or misleading statements in their state

13 court complaints [*Id.,* ¶¶ 124-145].

14     Discovery in this action has revealed that each of the material allegations within these

15 categories to be demonstrably false. Yet, given the breadth of allegations, it will require significant

16 bandwidth (and page space) to meticulously address each allegation to demonstrate no triable issue

17 of material fact exists as to application of the sham litigation exception to the *Noerr-Pennington*

18 doctrine, which this Court and the Ninth Circuit has already ruled is an absolute bar to B&G's

19 claims otherwise proceeding. Defendants intend to cite to ample examples from the record (e.g.,

20 Defendants' document production, affidavit from the Attorney General's Office, deposition

21 testimony, etc.) to refute B&G's claims of "sham" litigation. In short, good cause exists to permit

22 Defendants five extra pages to accomplish this task. Schulte Dec., ¶ 6.

23     <u>Legal Argument # 2 – No State Action:</u>

24     Courts typically employ four tests to identify state action: (1) public function; (2) joint

25 action; (3) governmental compulsion or coercion; and (4) governmental nexus. Dkt. 82 at 12.

26 B&G alleges Defendants are state actors under each test. Dkt. 69 at 17-20. This Court twice

27 assumed without deciding that if Defendants are state actors who can be sued under 42 U.S.C. §

28 1983, they would be entitled to the protections of the *Noerr-Pennington* doctrine. Dkt. 82 at 6 (in

1   dismissing the original complaint and FAC).  The Ninth Circuit made the same assumption when

2   resolving the appeal of this Court's first dismissal order.  *Id.*

3   When this Court eventually analyzed the state action inquiry in Defendants' motion to

4   dismiss the SAC, it said "the question makes for a close call."  Dkt. 82 at 13.  The Court further

5   noted "it seems unlikely California courts have knowingly benefitted from defendants'

6   unconstitutional sham litigation if it was unaware of the sham, which would undermine an

7   attempted showing of joint action."  *Id.* at 16, fn. 6.  Ultimately, the Court noted the state action

8   inquiry was "fact-intensive," but that "B&G plausibly pleads state action by tracing the outlines

9   of defendants' exercise of a traditionally exclusive public function and joint action with

10  California."  *Id.* at 17-18.

11  Defendants concisely addressed the state action question in five pages in their motion to

12  dismiss the SAC.  Dkt. 66-1 at 15-20.  However, addressing each of the four tests in their planned

13  motion for summary judgment will take more space given that Defendants' burden is to refute

14  B&G's state action allegations with citation to the record, demonstrating that no triable issue of

15  fact remains as to whether private enforcers of Proposition 65 (including Defendants Embry and

16  EHA) act under color of law.  Schulte Dec., ¶ 7.

17  While Defendants have whittled initial drafting down as much as possible, counsel believe

18  25 pages are the bare minimum that would allow essential capturing of the above-mentioned

19  topics.  Schulte Dec., ¶ 8.

20  **B.**   **B&G Would Not Stipulate to Defendants' Request**

21  Defendants' counsel sought B&G's counsel's stipulation to exceed the page limitation.

22  Schulte Dec., ¶ 9.  To not unfairly benefit Defendants, Defendants' counsel offered B&G's counsel

23  the same 25-page limitation for its opposition.  *Id.*  B&G's counsel refused to stipulate and

24  indicated they would oppose Defendants' request.  *Id.*

25  **III.**   **CONCLUSION**

26  For the foregoing reasons, Defendants respectfully request the Court issue an order

27  granting Defendants leave to exceed the page limitation on their planned motion for summary

28  judgment by five pages, from 20 pages to 25 pages.

Dated: June 19, 2024

By:    /s/ Jake W. Schulte
CRAIG M. NICHOLAS (Bar No. 178444)
cnicholas@nicholaslaw.org
JAKE W. SCHULTE (Bar No. 293777)
jschulte@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492 | Fax: (619) 325-0496

NOAM GLICK (Bar No. 251582)
noam@glicklawgroup.com
**GLICK LAW GROUP, P.C.**
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: (619) 382-3400 | Fax: (619) 615-2193

R. JEFFREY NEER (Bar No. 190417)
jeff@forumllp.com
**FORUM LAW PARTNERS, LLP**
803 Deep Valley Dr.
Rolling Hills Estates, CA 90274
Tel: (310) 974-8800 | Fax: (310) 974-8801

Attorneys for Defendants KIM EMBRY and
ENVIRONMENTAL HEALTH ADVOCATES,
INC.