J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
Tracy O. Zinsou, Esq. (SBN: 285985)
  zinsou@braunhagey.com
H. Chelsea Tirgardoon, Esq. (SBN: 340119)
  tirgardoon@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
B&G FOODS NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>Defendants. | **Case No. 2:20-cv-00526-KJM-DB**<br><br>**B&G FOODS NORTH AMERICA, INC.'S OPPOSITION TO DEFENDANTS KIM EMBRY AND ENVIRONMENTAL HEALTH ADVOCATES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF FOR AN ORDER PERMITTING LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT EXCEEDING 20 PAGES**<br><br>Judge: Hon. Kimberly J. Mueller<br>Courtroom: 3<br><br>SAC Filed: November 23, 2022<br>Trial Date: None Set |

# OPPOSITION

Defendants' motion to exceed the page limit on their motion for summary judgment should be denied. They have not proven any type of exceptional circumstance that would justify consuming judicial and party resources in this manner. To the contrary, this case is relatively simple—it arises from Defendants filing sham Prop 65 acrylamide lawsuits in which they intentionally spoliated evidence, doctored the samples they submitted to labs, and made allegations knowing that they had no chance of success. Defendants' request to exceed the page limit is especially unwarranted because they are moving for summary judgment while at the same time withholding critical evidence in violation of their discovery obligations. The existing discovery issues need to be decided before Defendants could ever seek such relief.

As the Court explained in its Standing Orders, "[o]nly in rare instances and for good cause will the court grant an application to extend page limitations." (Dkt. 3-1 at 3.) Defendants do not explain why they need to file a longer brief than a defendant in an antitrust case, a patent case or a CERCLA case, for example. Nor have Defendants identified any complex legal issues or substantial factual developments that would warrant an extended brief. They have already filed numerous motions, including iterative motions to dismiss, which the Court denied. They have ample room to present whatever remaining theories they think would somehow extenuate their conduct within the standard page limit.

Accordingly, Defendants' request for an enlarged brief should be denied.

Dated: July 8, 2024

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: _____
Matthew Borden

*Attorneys for Plaintiff*
*B&G Foods North America, Inc.*