1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12    B&G Foods North America, Inc.,              No. 2:20-cv-00526-KJM-DB [1]

13                 Plaintiff,                      ORDER

14         v.

15    Kim Embry and Environmental Health
      Advocates, Inc., acting as enforcement
16    representatives under California Proposition 65
      on behalf of the State of California,
17

18                 Defendants.

19         Plaintiff B&G Foods North America, Inc. applies ex parte for an order amending the case

20    schedule and extending each deadline by six months.  For the following reasons, the court **grants**

21    plaintiff's application.

22         The court incorporates by reference the facts and procedural history of this case from its

23    prior orders.  Order (June 1, 2023), ECF No. 82; Order (Jan. 29, 2024), ECF No. 153.  Defendants

24    currently have filed a motion to strike and plaintiffs have filed a motion to compel, both of which

25    are unresolved on the docket.  *See* Mot. Strike, ECF No. 181; Mot. Compel, ECF No. 183.  The

---

[1] Magistrate Judge Barnes retired on July 31, 2024, and the court is in the process of reassigning this case to her successor appointed August 1, 2024, Magistrate Judge Sean C. Riordan.

1  previously assigned magistrate judge, who has retired, issued minute orders identifying both

2  motions defective as filed, and no new motions have been filed to replace the original motions.

3  *See* Min. Order Mot. Strike, ECF No. 182; Min. Order Mot. Compel, ECF No. 184.  Fact

4  discovery in this case closed on February 23, 2024.  Scheduling Order, ECF No. 87.  The

5  application to extend dates suggests the parties met and conferred.  *See* Ex Parte Appl. at 2, ECF

6  No. 186.

7       Plaintiff "requests an extension of six months on all case deadlines so that it may resolve

8  all outstanding discovery disputes while it awaits a new Magistrate Judge to be assigned,

9  accurately prepare its expert reports, and ensure that the Court can resolve this case on the merits

10  based on a complete and proper record."[2]  *See* Ex Parte Appl. at 2 (citations omitted).  It argues

11  "[d]efendants have refused to produce key discovery" and have created several long delays, and

12  plaintiff is "unable to resolve these discovery issues because United States Magistrate Judge

13  Deborah Barnes, who was handling discovery matters in this case, has retired." *Id.* at 1, 7.

14  Plaintiff specifically argues defendants "refused to produce any ESI [electronically stored

15  information], refused to produce relevant documents, [and] refused to provide a 30(b)(6) witness

16  on many key topics." *Id.* at 1.  As a result, if the scheduling order is not amended, plaintiff argues

17  it "will be prejudiced as its experts do not have crucial documents and information that are

18  exclusively in Defendants' possession." *Id.* at 2.  After plaintiff moved to enforce several

19  subpoenas, Magistrate Judge Barnes notified them on June 12, 2024 "she was retiring and

20  instructed [plaintiff] to wait until a new magistrate is assigned in August to re-notice the hearing."

21  *See id.* at 6.

22       A party seeking to amend the Rule 16 scheduling order must first satisfy the "good cause"

23  standard of Rule 16(b)(4). *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 608–09 (9th Cir.

24  1992).  A moving party may demonstrate "good cause" by (1) diligently assisting the court in

25  creating a workable Rule 16 order, *see Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.

---

[2] The court notes plaintiff appears to have repurposed language from its prior ex parte application to amend the schedule and extend deadlines by twelve weeks, as some excerpts in the instant application request an extension by twelve weeks again as opposed to six months. *See, e.g.*, Ex Parte Appl. at 7, 9.  The court understands the current request is for six months.

1   1999); (2) explaining why circumstances beyond that party's control prevented compliance, *see*

2   *Johnson*, 975 F.2d at 609; or (3) promptly and diligently seeking to amend the scheduling order,

3   *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). Prejudice to

4   another party may reinforce the court's decision to deny leave to amend, but Rule 16's standard

5   "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.3d at

6   609. The court's decision is an exercise of discretion. *Miller v. Safeco Title Ins. Co.*, 758 F.2d

7   364, 369 (9th Cir.1985). The court previously granted plaintiff's request to amend the scheduling

8   order, extending the relevant deadlines by twelve weeks. *See* Order (Jan. 29, 2024). Since the

9   last amendment to the scheduling order, plaintiff has "filed another 11 discovery motions and

10  anticipates that it will file at least four more in order to obtain discovery necessary to prove its

11  claims." Ex Parte Appl. at 4.

12          In opposition, defendants argue plaintiff has failed to establish good cause and diligence

13  because it has been deficient in ensuring the timely execution of discovery. *See* Opp'n at 8.

14  Defendants also challenge whether the ex parte application was properly brought to the court.

15  *See* Opp'n at 2. The local rules require counsel provide an affidavit explaining "that a stipulation

16  extending time cannot reasonably be obtained, explaining the reasons why such a stipulation

17  cannot be obtained and the reasons why the extension is necessary." E.D. Cal. L.R. 144(c). This

18  court's standing scheduling order also requires the application to "indicate whether or not an

19  opposition will be filed" and explaining: (1) "the need for the issuance of such an order," (2) "the

20  inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or

21  parties in the action, and" (3) "why such request cannot be noticed on the court's motion calendar

22  as provided by Local Rule 230." *See* Standing Scheduling Order, ECF No. 88. Here, plaintiff's

23  counsel H. Chelsea Tirgardoon provided a declaration stating the application is necessary because

24  of the challenges and delays defendants have posed in the discovery process as well as Magistrate

25  Judge Barnes's retirement, both of which have prevented plaintiff from obtaining "full and

26  complete discovery" on the current timeline. Tirgardoon Decl. ¶¶ 2–6, ECF No. 186-1.

27  Ms. Tirgardoon explained an ex parte application was necessary because of the time-sensitive

3

1    nature of the discovery requests and that plaintiff "expects an opposition will be filed."

2    *Id.* ¶¶ 7, 9.  The court finds the ex parte application was brought properly.

3          Plaintiff persuasively argues it has diligently pursued discovery by regularly requesting

4    meet and confers with defendants, routinely communicating with defendants regarding discovery

5    requests and filing motions to compel.  *See Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, No.

6    17-01515, 2022 WL 36994, at *3 (E.D. Cal. Jan. 4, 2022); *see generally* Ex Parte Appl.  The

7    pending matters in this case related to discovery as well as the recent retirement of Magistrate

8    Judge Barnes have posed barriers to timely discovery.  Without assessing the merits of plaintiff's

9    allegations regarding defendants' unresponsiveness to discovery, the court finds plaintiff has

10   been sufficiently diligent and has shown good cause under all the circumstances.  *See Miller*, 758

11   F.2d 364.  For these reasons, the court **grants plaintiff's ex parte application to amend the**

12   **case schedule**.  The amended deadlines are as follow:

13   • Disclosure of Expert Witnesses and Service of Expert Reports: December 30, 2024;

14   • Rebuttal Expert Reports: January 20, 2025;

15   • Expert Discovery: February 17, 2025; and

16   • Dispositive Motions: April 11, 2025.

17   All other provisions of the initial scheduling order remain in effect.  *See* Order (Jan. 29, 2024),

18   ECF No. 153; Scheduling Order, ECF No. 87.

19         This order resolves ECF No. 186.

20         IT IS SO ORDERED.

21    DATED:  August 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE