UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G Foods North America, Inc., | No. 2:20-cv-00526-KJM-SCR |
| Plaintiff, | ORDER |
| v. | |
| Kim Embry and Environmental Health Advocates, Inc., acting as enforcement representatives under California Proposition 65 on behalf of the State of California, | |
| Defendants. | |

Defendants Kim Embry and Environmental Health Advocates, Inc. request the court seal a document in support of their motion for summary judgment. *See generally* Seal Req. Notice, ECF No. 194. Plaintiff has not opposed the request.

There is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For documents filed with a dispositive motion, such as a motion for summary judgment, a request to seal can be granted only if the moving party offers a "compelling reason" to keep the information in question from the public. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179); *see also Xie v. De Young Properties*

1

1    *5418, LP*, No. 16-01518, 2018 WL 3241068, at *2 (E.D. Cal. July 2, 2018).  The party seeking to

2    seal must "articulate compelling reasons supported by specific factual findings, that outweigh the

3    general history of access and the public policies favoring disclosure, such as the public interest in

4    understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (internal marks and citations

5    omitted).  The compelling-reasons standard applies even if a document was previously filed under

6    seal or was covered by a generalized protective order, including a discovery phase protective

7    order.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

8           Here, defendants seek to seal, in its entirety, a document that contains excerpts of a

9    deposition transcript.  Defendants do not argue the deposition excerpts are confidential, but

10   plaintiff does.  Seal Req. Notice at 2.  The court previously denied defendants' request to seal

11   without prejudice to a renewed request that specified why sealing was warranted.  *See* Prior Order

12   (July 29, 2024), ECF No. 193.  Now, in this renewed request, defendants include a supporting

13   declaration from plaintiff's counsel.  *See* David H. Kwasniewski Decl. (submitted for review in

14   camera).  According to plaintiff's counsel, the compelling-reasons standard is met, and the entire

15   document should be sealed, because the "testimony reveals commercially sensitive and trade

16   secret information." *Id*. ¶ 7 (on file with court).  Specifically, plaintiff's counsel states the

17   deposition reveals information such as "the formulation or ingredients in B&G Foods'

18   products[.]" *Id.* ¶ 6.

19          While the status of information as trade secret is generally found to constitute a

20   compelling reason to seal, *see Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns,

21   Inc.*, 435 U.S. 589, 598 (1978)), here the court finds the request is overbroad.  The request seeks

22   to place a blanket seal on approximately fifty pages of deposition transcript, much of which does

23   not appear to contain any "commercially sensitive and trade secret information."  Accordingly,

24   the request to seal is denied without prejudice.  *See, e.g.*, *Clay v. CytoSport, Inc.*, No. 15-00165,

25   2017 WL 10604136, at *2 (S.D. Cal. Mar. 8, 2017) (denying request to seal in part because "large

26   portions do not include any potentially trade secret information"); *Bunsow De Mory LLP v. N.

27   Forty Consulting LLC*, No. 20-04997, 2020 WL 7872197, at *2 (N.D. Cal. Aug. 7, 2020) (finding

28   similarly).  Any renewed request to seal shall be filed within seven (7) days and specify which

                                                        2

1   pages and line numbers a party believes should be redacted and why.  *See Berlanga v. Polaris*

2   *Indus., Inc.*, No. 21-00949, 2023 WL 2752483, at *2 (E.D. Cal. Mar. 31, 2023) ("It is not the job

3   of this court to laboriously examine documents and connect the dots to provide specific reasons

4   supporting requests to seal.").

5          This order resolves ECF No. 194.

6          IT IS SO ORDERED.

7    DATED:  August 14, 2024.

8

_____
CHIEF UNITED STATES DISTRICT JUDGE