UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G Foods North America, Inc., | No. 2:20-cv-00526-KJM-SCR |
| Plaintiff, | ORDER |
| v. | |
| Kim Embry and Environmental Health Advocates, Inc., acting as enforcement representatives under California Proposition 65 on behalf of the State of California | |
| Defendants. | |

Defendants Kim Embry and Environmental Health Advocates, Inc. move for summary judgment against plaintiff B&G Foods North America, Inc. ("B&G"). B&G has opposed the motion. The court **denies the motion**.

The court incorporates by reference the factual background and procedural history of this case from its prior orders. *See* Order (June 1, 2023), ECF No. 82; Order (Jan. 29, 2024), ECF No. 153; Order (Aug. 5, 2024), ECF No. 199. The court most recently granted B&G's request to amend the case schedule and extend discovery, *see* Order (Aug. 5, 2024), after B&G persuasively argued it has been unable to obtain "full and complete discovery" despite diligent efforts in the face of defendants' "refus[al] to produce key discovery" and their long delays in producing discovery, with some additional delay associated with the previous magistrate judge's retirement

1

and transfer of the case to the new magistrate judge, now installed. *See* Order (Aug. 5, 2024) at 2. Prior to the court's order, defendants moved for summary judgment. *See* Mot. Summ. J, ECF No. 190; Summ. J. Mem., ECF No. 190-1. B&G opposes, arguing in part the court should deny the motion under Federal Rule of Civil Procedure 56(d) to allow time for B&G to complete discovery and attempt to obtain evidence it says is missing. *See* Opp'n, ECF No. 195. Defendants have replied. *See* Reply, ECF No. 200. In their reply, defendants argue B&G's opposition was late by a matter of hours and should not be considered because it was untimely. *See* Reply at 1–2. Because defendants were able to respond to the opposition, the court exercises its discretion and, in the interest of resolving this matter on the merits, considers the opposition.

Under Rule 56(d), "[i]f a movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To justify a continuance or denial of summary judgment under Rule 56(d), a party must satisfy the following requirements "(1) it has set forth in affidavit form the specific facts it hopes to elicit through further discovery; (2) the facts sought exist; and (3) the sought after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'" *Emps. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir. 2004) (quoting and citing *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)). The party seeking the continuance or denial must also show that it diligently pursued previous opportunities for discovery. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994); *see also Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980) (motion improperly denied when party had "no previous opportunity to develop evidence . . . crucial to material issues in the case[.]"). In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (E.D. Cal. Feb. 28, 2014); *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).

B&G's counsel, David H. Kwasniewski, has provided a declaration in support of the opposition and request for relief under Rule 56(d). *See generally* Kwasniewski Decl., ECF No. 196. Mr. Kwasniewski has outlined specific facts B&G seeks to obtain in discovery. *See id.* ¶¶ 2–63. For example, B&G seeks a corporate representative deposition under Federal Rule of Evidence 30(b)(6) related to a broad list of topics relevant to the motion for summary judgment, including whether Environmental Health Advocates ("EHA") acts in the public interest and the reliability of the test results EHA uses. *See id.* ¶¶ 30–43. B&G was unable to elicit 30(b)(6) deposition testimony related to the list of relevant topics because the 30(b)(6) witness EHA produced, a recent college graduate, admitted he was not knowledgeable about more than half of topics included in the deposition notice and EHA refused to produce a knowledgeable 30(b)(6) deponent. *See id*. Moreover, the court already has recognized the existence and necessity of some of the missing evidence in a court order directing defendants to "produce 'all non-privileged, pre-suit investigative documents from a random sampling of 70 NOVs ["Notices of Violation"] defendants have initiated.'" *Id.* ¶ 12 (quoting Order (Feb. 14, 2024), ECF No. 164). The totality of the record allows the court to conclude B&G has sought—and continues to seek—discovery diligently. This conclusion extends to motion practice to address the lapse at deposition. Whatever the merits of the parties' discovery disputes,[1] which this court will not address in this motion, B&G has shown it has pursued discovery diligently and further discovery may lead to information essential to its fully responding to defendants' motion for summary judgment so as to allow the court to resolve the motion fairly on the merits. *See* Order (Aug. 5, 2024) (finding B&G has diligently pursued discovery); Kwasniewski Decl. ¶¶ 2–6; *Sacramento*

---

[1] The following motions are pending before the magistrate judge: defendants' motion to strike plaintiff's errata/sham affidavit, *see* Mot. Strike, ECF No. 181, a motion to compel with respect to defendants' Rule 30(b)(6) corporate deponent, *see* Mot. Compel., ECF No. 183, and plaintiff's renewed motion to compel defendants' rule 30(b)(6) corporate deponent, *see* Renewed Mot. Compel, ECF No. 202.

*Reg'l Pub. Safety Commc'ns Ctr. v. Tyler Techs., Inc.*, No. 18-1792, 2019 WL 1255252, at *6 (E.D. Cal. Mar. 19, 2019).

For the reasons above, the court **denies** defendants' motion for summary judgment without prejudice to resubmission after completion of the discovery B&G identifies in its Rule 56(d) request. The court sets a new fact discovery cutoff date of December 6, 2024 for completion of discovery covered by the 56(f) request and any other discovery to be ordered by the magistrate judge assigned to this case. The court confirms the disclosure of expert witnesses and service of expert reports deadline is December 30, 2024, the rebuttal expert reports deadline is January 20, 2025, the expert discovery deadline is February 17, 2025 and the dispositive motions deadline is April 11, 2025. *See* Order (Aug. 6, 2024).

This order resolves ECF No. 190.

IT IS SO ORDERED.

DATED: September 9, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE