UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC., | No. 2:20-cv-00526-KJM-SCR |
| Plaintiff, | |
| v. | ORDER |
| KIM EMBRY, et al., | |
| Defendants. | |

Before the court are three discovery motions: 1) Defendants' Motion to Strike (ECF No. 181); 2) Plaintiff's Motion to Compel a Rule 30(b)(6) deponent (ECF No. 183); and 3) Plaintiff's renewed Motion to Compel a Rule 30(b)(6) deponent (ECF No. 202). As the two motions to compel are duplicative, ECF No. 183 will be denied as moot as it has been superseded by ECF No. 202. The parties submitted Joint Statements (ECF Nos. 206 & 208) setting forth their positions as to the Motion to Strike (ECF No. 181) and Motion to Compel (ECF No. 202). The Court heard argument for approximately 90 minutes on September 12, 2024. The Court now grants the Motion to Strike and grants in part, and denies in part, the Motion to Compel.

**Introduction**

Plaintiff brought this action under 42 U.S.C. § 1983 alleging violation of its First Amendment rights. Plaintiff claims that California's Proposition 65 labeling requirements would force it to engage in compelled speech. *See* Second Amended Complaint ("SAC") at ECF No.

1

57, ¶¶ 239-249.  Plaintiff contends that Defendants sued to "force [Plaintiff] to falsely label Snackwell's Devil's Food Cookie Cakes and Chocolate Crème Sandwich Cookies … as causing cancer."  SAC at ¶ 1.

The action was dismissed initially on the basis of the *Noerr-Pennington* doctrine, and then reinstated by the Ninth Circuit Court of Appeals.  *See* Ninth Circuit Court of Appeals Opinion at ECF No. 40.  The Circuit stated "[t]he district court properly concluded that B&G's § 1983 suit is barred by the *Noerr-Pennington* doctrine … But the district court erred in denying leave to amend."  ECF No. 40 at 25.  The Circuit also observed that while the district court had not decided the question of state action, "a determination that Defendants are not state actors would be dispositive."  ECF No. 40 at 8 n.3.  On remand, Plaintiff filed a First Amended Complaint ("FAC"), which was dismissed with leave to amend.  ECF No. 56.  In dismissing the FAC, the district court gave leave to amend "only with respect to the sham exception to the *Noerr-Pennington* doctrine and only to advance factual allegations to support its claim that the underlying lawsuits are a sham."  ECF No. 56 at 16.

Plaintiff then filed the operative SAC.  Judge Mueller's Order (ECF No. 82) denying Defendants' motion to dismiss the SAC found that Plaintiff had sufficiently pled state action and the application of the sham exception—that Defendants' Proposition 65 litigation is a sham.  Judge Mueller described the SAC as adding four new categories of allegations concerning the sham exception:

> First, it alleges defendants chose a laboratory to test samples based on the lab's unreliable methods, which in fact produced false results, then destroyed those samples so they could not be retested. *Id.* ¶¶ 75–85.  Second, it alleges defendants made false statements in their certificates of merit, including by falsely stating they had consulted with experts. *Id.* ¶¶ 86–102.  Third, it alleges defendants did not conduct the required pre-lawsuit investigation, including investigating whether an affirmative defense would block the action. *Id.* ¶¶ 103–23.  Fourth, it alleges defendants knowingly made false or misleading statements in their state court complaint. *Id.* ¶¶ 124–45.

ECF No. 82 at 4.

///

///

Most recently, Judge Mueller denied Defendants' motion for summary judgment without prejudice in order to allow Plaintiff the opportunity to pursue further discovery related to the sham exception. ECF No. 210 at 3-4. Judge Mueller extended the fact discovery cutoff to December 6, 2024. *Id*.

In opposing summary judgment, Plaintiff contends that "there is already overwhelming evidence from which a jury could conclude that Defendants engaged in sham litigation." ECF No. 195 at 1. Plaintiff argues that Defendants "spoliated evidence, failed to investigate their claims before filing suit, submitted false complaints and pleadings before the state courts, and claimed to have brought their cases in the public interest when in fact Defendants are shills that file suits solely to enrich their lawyers." ECF No. 195 at 1. Plaintiff contends that sufficient evidence exists to support these claims, but that Defendants are withholding material evidence concerning lab testing, spoliation of evidence, and pre-suit investigation. ECF No. 195 at 2.

The instant discovery motions both pertain to Rule 30(b)(6) depositions. One concerns Plaintiff's corrections to the deposition of Plaintiff's Rule 30(b)(6) designee, Juvenal Marchisio. The other seeks to compel Defendant Environmental Health Advocates ("EHA") to designate an individual on certain topics related to proving that EHA engaged in sham litigation.

**Analysis**

**A.   Motion to Strike (ECF No. 181)**

Defendants seek to strike the 34-page errata sheet of Plaintiff's Rule 30(b)(6) designee, Mr. Marchisio, which includes 69 corrections, many of which change a "yes" response to a "no" or vice-versa. ECF Nos. 181, 206-1. Defendants contend that contradictory substantive changes are not allowed by Ninth Circuit precedent, and cite to *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217 (9th Cir. 2005). Defendants also contend the errata is procedurally defective because Mr. Marchisio did not request on the record of the deposition an opportunity to review the transcript, and did not make the corrections within 30 days, as required by Federal Rule of Civil Procedure 30(e)(1). ECF No. 206 at 1-2. Plaintiff contends that Mr. Marchisio "struggled to remember facts," that it "de-designated" him as a Rule 30(b)(6)

////

representative, and that the errata "attempted to complete the factual record." ECF No. 206 at 2-3.

After considering the parties' Joint Statement and oral argument, the court finds it is appropriate to grant the motion to strike. The function of an errata is not to substantively rewrite deposition answers. In *Hambleton Bros. Lumber Co.*, the Ninth Circuit affirmed the district court's striking of deposition corrections, holding that "Rule 30(e) is to be used for corrective, not contradictory, changes." 397 F.3d at 1226. On the meaning of Rule 30(e), the Circuit stated: "While the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment."[1] *Id.* at 1225. However, the Court need not determine Plaintiff's intentions when it comes to the summary judgment record to conclude that the errata sheet should be stricken. That is because the ostensible corrections were extensive, material, and contradictory, going beyond what Rule 30(e) permits.

"In determining whether a deposition errata constitutes a sham, courts consider circumstances including the number of corrections, whether the corrections fundamentally change the prior testimony, the impact of the corrections on the cases (including whether they pertain to dispositive issues), the timing of the submission of corrections, and the witness's qualifications to testify." *Karpenski v. American General Life*, 999 F.Supp.2d 1218, 1224 (W.D. Wa. 2008). Here, the corrections are extensive. *See Norelus v. Denny's Inc.*, 638 F.3d 1270, 1281 (11th Cir. 2010) (finding the "submission of the novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper"). The corrections are also material and contradictory relative to the answers provided during the deposition. For example:

> Q: Did someone at B&G Foods inform you that its brand was being tarnished based on my clients notices of violation?

---

[1] Mr. Marchisio's correction was made on May 30, 2024 (ECF No. 206-1 at 39), and Defendants moved for summary judgment on July 19, 2024 (ECF No. 190). The timing of the errata is not dispositive. *See Greer v. Pacific Gas and Elec. Co.*, 2017 WL 2389567 at *6 n.5 (E.D. Cal. June 1, 2017) (striking errata that were filed "well in advance" of the motion for summary judgment and noting "they were prepared very likely with those motions in mind").

A:  No.

Amended Answer:  Yes, after reviewing my files, I recalled that I was informed that the sales of the products dropped off shortly after Defendants published their false NOVs.[2]

ECF No. 206-1 at 8-9.  The original answer, "no," conveys that Plaintiff was not aware of any tarnishing of its brand caused by the NOVs.  The contradictory amended answer, "yes," offers additional information about sales dropping off and states that the notices of violation were "false."  This is precisely the kind of "lawyerly fixing of potentially problematic testimony" to "comport" testimony with a party's legal theory that is impermissible, in particular in the context of a Rule 30(b)(6) deposition.  *Weyth v. Lupin Ltd.*, 252 F.R.D. 295, 297 (D. Md. 2008).

The Ninth Circuit's reasoning in *Hambleton Bros*. illustrates why deposition responses cannot be rewritten and contradicted.  397 F.3d at 1225-26.  In prohibiting vast rewrites of deposition testimony, the Circuit cited favorably to *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002) ("The Rule cannot be interpreted to allow one to alter what was said under oath.  If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.  Depositions differ from interrogatories in that regard.  A deposition is not a take home examination."), and *Thorn v. Sunstrand Aerospace Corp*., 207 F.3d 383, 389 (7th Cir. 2000) ("We also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition, that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'").  The reasoning in these cases suggests that the extensive, contradictory errata sheets the present case should be stricken.

Plaintiff argues that the solution to all of this is to allow Defendant to take the deposition of a re-designated Rule 30(b)(6) witness.  In this scenario, Mr. Marchisio would be de-designated as Plaintiff's 30(b)(6) witness and the newly designated witness's testimony would then be authoritative and binding on Plaintiff.[3]  It is true that a designating party should designate another

---

[2] Notice of Violation

[3] Plaintiff's counsel sought to "de-designate" Mr. Marashisio as a Rule 30(b)(6) witness during

Rule 30(b)(6) witness when its originally designated witness is unprepared to provide meaningful testimony. *See, e.g., Kress v. Pricewaterhouse Coopers*, 2013 WL 2421704 at *2 (E.D. Cal. June 3, 2013) (finding that if an organization produces a witness "it believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee is unable to respond to relevant areas of inquiry," then the party has a duty to designate an additional knowledgeable deponent). However, there are several reasons why the Court rejects Plaintiff's de-designation/re-designation proposal.

First, there appears to be no authority compelling the party that took the initial Rule 30(b)(6) deposition to subsequently depose a re-designated Rule 30(b)(6) deponent. The *Kress* case that Plaintiff relies upon does not indicate such a requirement, and it would be odd to *mandate* the taking party to expend further time and resources to prepare for and to take another Rule 30(b)(6) deposition. Rather, the rule articulated in *Kress* is best understood to require the designating party to make another Rule 30(b)(6) deponent available, but to allow the taking party the choice of whether to depose that new designee.

Second, there appears to be no authority to de-designate a Rule 30(b)(6) deponent. Plaintiff cited no cases allowing de-designation in their briefing, and offered *Kress* as their best authority at the hearing. But *Kress* says nothing about de-designation. And at least one court has said there is no authority to be found for this concept. *See Slot Speaker Tech., Inc. v. Apple, Inc.*, 2017 WL 386345 (N.D. Cal. 2017) ("In an attempt to avoid the effects of Vasay's 30(b)(6) testimony, Slot Speaker seeks to unbind itself from Vasay's testimony. Slot Speaker did not cite any cases in support of its extraordinary request, and conceded at the hearing that it could not find any case in which a court permitted a party to de-designate 30(b)(6) deposition testimony. Since there is no authority to support Slot Speaker's request, the court denies it.").

Third, permitting a party to simply de-designate and re-designate might encourage problematic gamesmanship in Rule 30(b)(6) practice. For example, it would allow a designating party to spend little time preparing a Rule 30(b)(6) deponent, knowing another officer could then

---

his deposition. *See* ECF No. 207-1 at 7 (page 229 of deposition transcript).

be designated mid-stream should the initial deponent's testimony be unfavorable. While the Court has no reason to believe that Plaintiff engaged in such tactical conduct with respect to Mr. Marchisio, there is evidence in the record that Mr. Marchisio may not have been adequately prepared. Mr. Marchisio testified that he met with counsel over Zoom for "a little over an hour," in preparation for the deposition. ECF No. 206-1 at 48. And several of the proposed corrections state they were made "after reviewing my files," and after consulting other of Plaintiff's officers, such as Rick Drummond, head of B&G Foods' regulatory team. *See for example* ECF 206-1 at 5 to 14. In any event, the Court does not believe it wise to open the door to practices that would undermine the purpose of Rule 30(b)(6) depositions by allowing designating parties to simply re-do an unfavorable deposition.[4]

Plaintiff argued at the hearing that granting the Motion to Strike would effectively be an issue sanction. The Court disagrees. While Judge Mueller will ultimately decide admissibility questions, Plaintiff is not precluded from seeking to offer other evidence concerning the deposition topics. *See Greer v. Pacific Gas and Elec. Co.*, 2017 WL 2389567 (E.D. Cal. June 1, 2017) (granting a motion to strike deposition errata and stating: "If there are legitimate reasons for correcting or clarifying deposition witness testimony, the parties may introduce other testimony or ask witnesses to explain their testimony. But the parties should not feel free to revise whatever testimony they deem inconvenient or unpalatable."). But "[t]o allow" wholesale "changes would eliminate the purpose of deposition testimony, which is to elicit a witness's testimony under oath, in a recorded setting, subject to questioning without coaching from any other person." *Id.* at *7. If the files that Mr. Marchisio reviewed to prepare his errata contain information relevant to the claims and defenses in this action, then presumably that information was properly disclosed pursuant to Rule 26(a)(1) and can be offered in some fashion other than via the errata.

---

[4] A situation where a Rule 30(b)(6) deponent does not know the answers to many or most questions—and thus cannot answer them—would likely require a different outcome than the one the Court reaches here. Here, Mr. Marchisio was able to answer most questions but subsequently sought to contradict a substantial number of his answers, often in a "lawyerly" fashion. *See Weyth*, 252 F.R.D. at 297.

Defendants also seek to strike the errata sheet on account of Plaintiff's alleged failure to comply with Rule 30(e)'s procedural requirements. While some courts have held parties to strict compliance with regard to those requirements, *see Rios v. Bigler*, 67 F.3d 1543 (10th Cir. 1995), the Ninth Circuit has suggested a somewhat more flexible approach. *See Hambleton Bros. Lumber, Co.*, 397 F.3d at 1224 ("Missing the thirty day deadline by a mere day or two might not alone justify excluding the corrections in every case."). Here, Plaintiff substantially complied with Rule 30(e)'s procedural requirements. While the parties dispute the exact time the transcript was available for review, the correction was at most one day late.[5] And while Mr. Marchisio did not request on the record an opportunity to review and correct his deposition transcript, he was advised at the beginning of the deposition by defense counsel that he would have that opportunity. ECF No. 207-1 at 5. Any procedural deficiencies with the corrections to the deposition transcript accordingly play no part in the Court's decision to strike those corrections.

However, the expansive attempted rewriting of the deposition responses and numerous contradictory answers are impermissible under Rule 30(e). Defendant's Motion to Strike is granted.

**B. Motion to Compel (ECF No. 202)**

Plaintiff brought this Motion seeking to compel EHA to designate a knowledgeable, prepared Rule 30(b)(6) deponent on 19 contested topics. ECF No. 208 at 1. EHA had previously objected to 19 of the 29 topics and produced J.R. Holliday to testify as to the other 10 topics on May 7, 2024. At that time, the deadline for fact discovery was May 17, 2024. ECF No. 153. Plaintiff first filed this Motion to Compel (ECF No. 183) on June 11, 2024, and EHA objected in part asserting that the time for fact discovery had closed. Subsequently, Judge Mueller extended the deadline for fact discovery to December 6, 2024. ECF No. 210.

The Court does not write on a blank slate as to this dispute. The parties have contested the scope of discovery in several prior motions. As to one of those motions, Judge Barnes ruled on

---

[5] The parties appear to dispute whether the email informing the transcript was available for review was received on April 29, 2024 at 7:16 p.m. (ECF No. 206-1 at 56), or not until the early morning hours of April 30, 2024 at 3:16 a.m. (ECF No. 207-2 at 2).

disputed requests for production that are similar in substance to the 19 deposition topics at issue here. *See* Order at ECF No. 164 (discussing discovery requests submitted at ECF Nos. 146 and 152). Judge Barnes found some of Plaintiff's requests "vague, ambiguous, and overbroad." ECF No. 164 at 2. But Judge Barnes also stated that it was "possible that Plaintiff could articulate how a specific discovery request" was not vague or overbroad. *Id.* Judge Barnes also approved of the parties' compromise for Defendants to produce a random sampling of 70 NOV actions. *Id.* at 3. The Court has considered and is informed by Judge Barnes' prior rulings, but is not bound by it, and has considered the parties' arguments on the instant Motions and the current posture of the case.

Rule 26(b)'s proportionality requirement features heavily in the Court's analysis of this dispute. *See* Fed. R. Civ. P. 26(b)(1) (providing in relevant part that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense **and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy …") (emphasis added). The parties have had years to engage in discovery and the discovery cut-off is now mere months away. They have already amassed a significant record relevant to the issues in the case. Defendants' motion for summary judgment is supported by over three thousand pages of exhibits. ECF No. 190. Plaintiff's opposition to that motion includes hundreds of pages of exhibits, including from several deposition transcripts, correspondence from the California Attorney General, laboratory reports, scientific articles, and written discovery. ECF No. 196.

The "issues at stake in the action," Fed. R. Civ. P. 26(b), have also changed over the past several years. The injunctive relief sought in the SAC has already been granted in another case, at least as a preliminary matter. *See Cal. Chamber of Commerce v. Council for Education and Research*, 29 F.4th 468 (9th Cir. 2022). At the hearing, Plaintiff confirmed that the SnackWell's brand cookies at issue in the SAC have been discontinued. The claims for declaratory and injunctive relief in the SAC thus appear moot. Plaintiff's counsel agreed this is a "damages case."

It is against this background that the Court now considers the scope of the 19 topics at

issue. The deposition topics and objections are contained in the record at ECF No. 208-2. As indicated in the specific rulings below, the Court denies Plaintiff the ability to question EHA as to *each and every* action, event or occurrence covered by a particular topic, which would require EHA to manually review many hundreds of files beyond the 70 NOV files already disclosed. *Cf. Ricotta v. Allstate Ins. Co.,* 211 F.R.D. 622, 526 (S.D. Cal. 2002) (finding plaintiff's request for "every report" that defendant's expert witness had ever prepared for defendant to be overly broad, as it would require manual review of tens of thousands of claim files). Such broad discovery would be disproportionate relative to Plaintiff's need to further develop the record on EHA's purported sham litigation. However, as to those topics relevant to the *Noerr-Penington* doctrine's sham exception, *see* ECF Nos. 82 at 4; 195 at 2; 210 at 3, the Court generally grants Plaintiff the opportunity to depose EHA on its general practices, broadly construed, and on the 70 NOV files already disclosed. The court's specific rulings on relevance, scope, and other pertinent issues are as follows:

**Topic 4** – The Motion is granted, but the scope is limited to EHA's *knowledge* about the reliability of test results.

**Topic 6** – The Motion is denied. Judge Barnes previously authorized a Rule 30(b)(6) deposition on this subject (ECF No. 164 at 4), EHA designated Dr. John Meeker (ECF No. 208-4), and Plaintiff deposed Dr. Meeker. Plaintiff apparently did not ask Dr. Meeker questions on this topic. EHA should not have to designate another Rule 30(b)(6) deponent on this topic.

**Topic 12** – The Motion is granted, but the scope is limited to general practices, broadly construed, and on the 70 NOV files already disclosed.

**Topics 13, 14, 15 & 16 (which are grouped together based on their similar subject matter)** – The Motion is granted, but the scope is limited to general practices, broadly construed, and on the 70 NOV files already disclosed.

**Topic 17** – The Motion is granted, but limited in temporal scope to October 2019 to present, and limited to persons who generally contributed to Proposition 65 actions during that period and persons who contributed to actions captured by the 70 NOV files already disclosed. EHA need not review all of its files to identify any and all persons involved in any Proposition 65

action during the relevant time frame.

**Topic 18** – The Motion is granted, but the scope is limited to general practices, broadly construed, concerning the generation of attorneys' fees and costs and to fees and costs in actions captured by the 70 NOV files already disclosed.

**Topic 19** – The Motion is granted in part and denied in part. EHA shall produce someone to testify as to only this portion of the topic: "Your relationship with Kim Embry, including but not limited to communications relating to your complaint."

**Topic 20** – The Motion is granted without limitation.

**Topic 21** – The Motion is granted in part and denied in part. As Judge Barnes recognized, a request about legal representation obviously implicates privileges. ECF No. 164 at 2. To the extent the inquiry does not intrude on the attorney client privilege or work product, Plaintiff may inquire.[6] The scope is further limited to general practices, broadly construed, and to the 70 NOV files already disclosed.

**Topic 22** – The Motion is granted, but the scope is limited to general practices, broadly construed, and on the 70 NOV files already disclosed.

**Topic 23** – The Motion is granted as to total amount of fees and costs, but denied to the extent it seeks information about detailed billing records.

**Topic 25** – The Motion is granted as modified: "Any and all work that YOU represent to have the purpose of bettering the environment that YOU conducted June 2019, through present, including YOUR facts and bases that allegedly support YOUR belief."

**Topic 26** – The Motion is granted in part, but is overbroad as to "PERSONS." The topic is limited to general practices, broadly construed, concerning compensation for attorneys, legal professionals, consultants, laboratory representatives, experts, and laboratories.

**Topics 27 & 28** – The Motion is granted.

**Topic 29** – The Motion is denied as the requested topic is grossly overbroad.

---

[6] Plaintiff indicated during the hearing that it intends to seek to pierce EHA's attorney-client privilege on the basis of the crime-fraud exception. However, Plaintiff did not brief that exception in the context of this dispute. The Court will rule on that issue if and when it is squarely presented.

### C. Sanctions

Pursuant to Federal Rule of Civil Procedure 37(a)(5), when a motion to compel is granted, the court must award to the moving party reasonable expenses, including attorney's fees, unless certain exceptions apply. One of those exceptions is where the opposing party's response or objection was substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii). Here, the Motion to Compel was granted in part, and denied in part. In such circumstances the court may still apportion fees. Fed. R. Civ. P. 37(a)(5)(c). In the Joint Statement (ECF No. 208) each party contends it should be awarded sanctions. The Court finds sanctions should not be imposed because the parties' respective positions were substantially justified, particularly given that the deadline for fact discovery had run at the time they briefed this dispute.

However, the parties should bear in mind Judge Barnes's admonition:

> The parties are cautioned that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1219 (9th Cir. 2018). "When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions." *Infanzon v. Allstate Insurance Company*, 335 F.R.D. 305, 311 (C.D. Cal. 2020). In the future, a party that presents an unmeritorious discovery motion should be prepared for an award of monetary sanctions.

ECF No. 164 at 7 n.5. The parties should strive to work cooperatively and to complete discovery in a manner that does not require formal intervention of the Court.

IT IS HEREBY ORDERED:

1. Defendants' Motion to Strike (ECF No. 181) is GRANTED.

2. Plaintiff's Motion to Compel (ECF No. 202) is GRANTED IN PART and DENIED IN PART as set forth herein.

3. Plaintiff's Motion to Compel (ECF No. 183) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: September 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE